Colin R. Kass (*pro hac vice*)
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 416-6890
ckass@proskauer.com

Robert C. Goodman (Bar No. 111554)
Lauren Kramer Sujeeth (Bar No. 259821)
ROGERS, JOSEPH, O'DONNELL, PC
311 California Street, 10th Floor
San Francisco, CA 94104
(415) 956-2828
rgoodman@rjo.com
lsujeeth@rjo.com

*Attorneys for Defendant Bright Data Ltd.*
*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| X Corp., <br><br> Plaintiff, <br><br> v. <br><br> BRIGHT DATA LTD., <br><br> Defendant | Case No. 23-cv-03698-WHA <br><br> Time: February 22, 2024, 8:00 a.m. <br> Court: Courtroom 12 <br> Judge: Hon. William Alsup |

**<u>BRIGHT DATA'S MOTION TO STAY DISCOVERY</u>**

## NOTICE OF MOTION

PLEASE TAKE NOTICE that the hearing on Bright Data's Motion to Stay Discovery will take place on Thursday, February 22, 2024 at 8:00 a.m. The motion seeks to stay discovery pending the resolution of (i) Bright Data's pending Partial Motion to Dismiss the Amended Complaint, and (ii) Bright Data's proposed, forthcoming Motion for Summary Judgment.

## STATEMENT OF ISSUE TO BE DECIDED

Should discovery be stayed for a limited period until Bright Data's Motions to Dismiss and for Summary Judgment are decided, where a decision on those motions could eliminate the need for large portions of discovery and significantly narrow the scope of discovery in the case?

**TABLE OF CONTENTS**

I.   INTRODUCTION. ........................................................................................................ 1

II.  A STAY SHOULD BE GRANTED IF IT FURTHERS THE JUST, SPEEDY, AND EFFICIENT RESOLUTION OF THE MATTER. .................................................. 2

III. A PRELIMINARY PEEK AT BRIGHT DATA'S THRESHOLD MOTIONS SHOW THAT A STAY OF DISCOVERY IS APPROPRIATE. ..................................... 3

IV.  A STAY OF DISCOVERY IS EFFICIENT AND JUST. .................................................. 6

    A.  There Should Be No Discovery While Bright Data's Personal Jurisdiction Challenge is Pending .................................................................................................. 6

    B.  Bright Data's Dispositive Motions Resolve Entire Claims and The Majority of the Case .................................................................................................. 7

    C.  No Discovery Is Needed to Resolve Bright Data's Threshold Motions. ................. 8

    D.  A Stay Causes No Prejudice, But Its Absence Would. ............................................. 8

V.   CONCLUSION. ........................................................................................................... 10

# TABLE OF AUTHORITIES[1]

Page(s)

**CASES**

*Arcell v. Google LLC*,
  2022 WL 16557600 (N.D. Cal. 2022) ...............................................................................3

*Briskin v. Shopify, Inc.*,
  2023 WL 8225346 (9th Cir. 2023) ....................................................................................4

*Calvary Chapel San Jose v. Cody*,
  2021 WL 5353883 (N.D. Cal. 2021) .................................................................................6

*Chapman v. Krutonog*,
  256 F.R.D. 645 (D. Haw. 2009) .........................................................................................6

*DSM Desotech Inc. v. 3D Sys. Corp.*,
  2008 WL 4812440 (N.D. Ill. 2008) ...................................................................................9

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
  192 F.R.D. 284 (S.D. Cal. 2000) ...................................................................................7, 8

*Hall v. Tilton*,
  2010 WL 539679 (N.D. Cal. 2010) ...................................................................................3

*Hanni v. Am. Airlines, Inc.*,
  2009 WL 1505286 (N.D. Cal. 2009) .................................................................................3

*In re Google Digital Advert. Antitrust Litig.*,
  2020 WL 7227159 (N.D. Cal. 2020) ..............................................................................4, 8

*In re GPU Antitrust Litig.*,
  2007 WL 2127577 (N.D. Cal. 2007) (Alsup, J) .................................................................3

*In re Nexus 6p Prods. Liab. Litig.*,
  2017 WL 3581188 (N.D. Cal. 2017) ..............................................................................3, 7

*Jeter v. President of the United States*,
  670 F. App'x 493 (9th Cir. 2016) ......................................................................................6

*Kincheloe v. Am. Airlines, Inc.*,
  2021 WL 5847884 (N.D. Cal. 2021) .........................................................................3, 8, 9

---

[1] Unless otherwise specified, all emphasis added, initial capitalizations conformed without brackets, and internal citations and quotation marks omitted.

*Knight v. Jewett*,
    3 Cal. 4th 296 (1992) .................................................................................................................5

*Little v. City of Seattle*,
    863 F.2d 681 (9th Cir. 1988) .....................................................................................................7

*Mahamedi IP L., LLP v. Paradice & Li, LLP*,
    2017 WL 2727874 (N.D. Cal. 2017) .........................................................................................3

*Mlejnecky v. Olympus Imaging Am., Inc.*,
    2011 WL 489743 (E.D. Cal. 2011) ............................................................................................3

*Nevada DeAnza Fam. Ltd. P'ship v. Tesoro Re. & Mktg. LLC*,
    474 F. Supp. 3d 1087 (N.D. Cal. 2020) .....................................................................................4

*Pereda v. Gen. Motors LLC*,
    2022 WL 19692037 (N.D. Cal. 2022) .......................................................................................8

*Rae v. Union Bank*,
    725 F.2d 478 (9th Cir. 1984) .....................................................................................................8

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
    2020 WL 2843369 (N.D. Cal. 2020) .....................................................................................3, 9

*Schulz v. Cisco WebEx, LLC*,
    2014 WL 2115168 (N.D. Cal. 2014) .........................................................................................5

*Sellers v. JustAnswer LLC*,
    73 Cal. App. 5th 444 (2021), *reh'g denied* (Jan. 18, 2022), *review denied*
    (Apr. 13, 2022)...........................................................................................................................8

*Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*,
    549 U.S. 422 (2007)...................................................................................................................6

*Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*,
    521 F. Supp. 3d 929 (S.D. Cal. 2021) .......................................................................................4

*Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.*,
    206 F.R.D. 367 (S.D.N.Y. 2002) ...............................................................................................7

*Stavrianoudakis v. U.S. Dep't of Fish & Wildlife*,
    2019 WL 9667685 (E.D. Cal. 2019) ..........................................................................................4

*Taylor v. Morse*,
    2008 WL 1826029 (N.D. Cal. 2008) .........................................................................................3

*Twitter, Inc. v. Taamneh*,
    598 U.S. 471 (2023)...................................................................................................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 1 ........................................................................................................................... 2

Fed. R. Civ. P. 12(b) .................................................................................................................... 7

Fed. R. Civ. P. 26(c) .................................................................................................................... 9

Rest. 2d Contracts §§ 19, 38, 53, 61, 69 ................................................................................ 5, 6

I.      INTRODUCTION.

Bright Data seeks a limited stay pending resolution of threshold motion practice. Bright Data has already filed a motion to dismiss X's non-contract claims for lack of personal jurisdiction and failure to state a claim (Counts II-VI). As for the contract claim, Bright Data simply needs to put into the record its termination of its X accounts and its express, manifest rejection of X's Terms, which will complete the evidentiary record needed to move for summary judgment on X's forward-looking contract claims. This can be done immediately, awaiting only this Court's guidance at the upcoming Initial Case Management Conference.

These two threshold dispositive motions would, if granted, eliminate all forward-looking claims, including all claims for injunctive relief, and all claims – past and present – based on any third-party use of Bright Data's proxy or scraping services. The remaining case, if any, would be exceedingly narrow, limited to whether X's Terms prohibited Bright Data's pre-termination scraping of public web data that X does not own, and, if so, whether X suffered any contractual damages, which has not even been alleged.

A short stay of discovery will literally save the parties millions of dollars in would-be-wasted effort, and will facilitate the early resolution of the case. It will also make discovery substantially more efficient, even if Bright Data's motions are denied in their entirety. Because Bright Data has moved to dismiss X's non-contract claims for lack of personal jurisdiction – and X has not moved for, nor has this Court granted, jurisdictional discovery – discovery relating to the vast bulk of X's claims *must* wait until after that motion has been decided. And since discovery on these claims must wait anyway, it will be more efficient to stay *all* discovery until after this Court decides whether it has jurisdiction. In contrast, denying a stay would be tantamount to ordering bifurcated discovery, which no one wants.

Staying discovery until after resolution of Bright Data's anticipated motion for summary judgment is equally important. While Bright Data's motion to dismiss would, in Bright Data's opinion, dispense with all claims relating to third-party customers' use of Bright Data's services to scrape X, Plaintiff may view things differently. In particular, four days after Bright Data

terminated its accounts and sent notice of rejection, X published *new* Terms on its website that purport to, for the first time, make it "a violation … to facilitate or assist others in violating these Terms, including by distributing products or services that enable or encourage violation of these Terms." X cited these new terms in its Amended Complaint (ECF 36 ¶ 30) without disclosing that Bright Data never agreed to them, expressly rejected them, and had no contractual relationship with X while these terms were in effect. X also failed to inform the Court that the older version of the Terms – the terms in effect when Bright Data had an X account – did not contain any similar provision. The significance is clear. If the new Terms do not apply, X has no forward-looking contract based on third-party use of Bright Data's services. This issue will be resolved by Bright Data's forthcoming Motion for Summary Judgment. Taken together, Bright Data's threshold motions will eliminate the need for any discovery post-dating the Amended Complaint.

For these reasons, this Court should stay discovery pending resolution of Bright Data's Motion to Dismiss the Amended Complaint and its forthcoming Motion for Summary Judgment.

## II. A STAY SHOULD BE GRANTED IF IT FURTHERS THE JUST, SPEEDY, AND EFFICIENT RESOLUTION OF THE MATTER.

A stay is appropriate where it furthers the just, speedy, and efficient resolution of the matter. Fed. R. Civ. P. 1. As this Court explained in *Graphics Processing,*

> "[F]irst resolving the motions to dismiss is the better course. After full ventilation of the viability vel non of the complaint, we will all be in a ***much better*** position to evaluate how much, if any, discovery to allow.
>
> If, among other possible outcomes, the complaint proves to be solid save for perhaps a single soft element for which evidence would normally be outside the reach of plaintiffs' counsel without discovery, then it may be that ***a narrowly-directed and less burdensome*** discovery plan should be allowed with leave to amend to follow.
>
> If, however, the complaint proves to be so weak that any discovery at all would be a mere fishing expedition, then discovery likely will be denied. Of course, if the complaint is sustained, then discovery will proceed apace.
>
> The immediate point is that adjudicating the motions to dismiss will shed light on the ***best course*** for discovery. Our immediate circumstances omit any compelling need for prompt discovery, such as might be the case if provisional relief were being sought or if testimony needed to be preserved due to ill health of a witness."

*In re GPU Antitrust Litig.*, 2007 WL 2127577, *5 (N.D. Cal. 2007) (Alsup, J).[2]

In determining whether to grant a stay, courts ask two questions: (1) whether the motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed;" and (2) "whether the pending motion can be decided absent discovery." *In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, *1 (N.D. Cal. 2017); *see also Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, *6 (E.D. Cal. 2011). To answer these questions, courts take a "preliminary peek" at the merits of the pending dispositive motion. *See In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, *2. Further, courts have considered any prejudicial impact that granting or denying a stay would have on either party. *See Mahamedi IP L., LLP v. Paradice & Li, LLP*, 2017 WL 2727874, *1 (N.D. Cal. 2017). All factors favor a stay.

### III. A PRELIMINARY PEEK AT BRIGHT DATA'S THRESHOLD MOTIONS SHOW THAT A STAY OF DISCOVERY IS APPROPRIATE.

Bright Data offers technologies and services that help search for and collect public information on the web. For years, it has done so without interference from X. Last fall, however, X embarked on a new campaign to wrest control over public data that users ***publicly*** post on X's platform. X now seeks to transform what used to be a virtual town square into a closed, invitation-only environment. But it does not seek to do so in the usual way, by placing the information behind a log-in, and asking visitors to sign-in before granting them access. Instead, it seeks to hold Bright Data liable in contract and tort.

But X's claims fail because (i) Bright Data no longer has any contractual relationship with X; (ii) the Court lacks personal jurisdiction over X's non-contract claims; and (iii) California common law does not prevent scraping of publicly-available data. Bright Data's threshold

---

[2] *See also Arcell v. Google LLC*, 2022 WL 16557600, *1 (N.D. Cal. 2022) (staying discovery until the court rules on Defendants' motion to dismiss); *Kincheloe v. Am. Airlines, Inc.*, 2021 WL 5847884, *1 (N.D. Cal. 2021) (granting stay while considering potentially dispositive motion to dismiss); *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, *4 (N.D. Cal. 2020) (granting Facebook's motion to stay discovery pending a motion to dismiss hearing); *In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, *2 (N.D. Cal. 2017) (same); *Hall v. Tilton*, 2010 WL 539679, *2 (N.D. Cal. 2010) (staying discovery pending a motion to dismiss); *Hanni v. Am. Airlines, Inc.*, 2009 WL 1505286, *7 (N.D. Cal. 2009) (granting stay of discovery until resolution of summary judgment motion); *Taylor v. Morse*, 2008 WL 1826029, *1 (N.D. Cal. 2008) (same).

dispositive motions will establish each of these legal principles as law of the case.

Even a "preliminary peek" shows that Bright Data's arguments are at least "sufficiently meritorious for a finding that" a stay is appropriate. *Stavrianoudakis v. U.S. Dep't of Fish & Wildlife*, 2019 WL 9667685, *1-3 (E.D. Cal. 2019); *In re Google Digital Advert. Antitrust Litig.*, 2020 WL 7227159, *2 (N.D. Cal. 2020). Here, we provide a brief overview of these motions:

**Bright Data's 12(b)(2) Motion to Dismiss X's Non-Contract Claims**. Bright Data moved to dismiss X's non-contract claims for lack of personal jurisdiction because X has not identified any tortious conduct specifically directed to California or a California resident. *See Briskin v. Shopify, Inc.*, 2023 WL 8225346, *1 (9th Cir. 2023) ("when a company operates a ***nationally available e-commerce payment platform*** and is indifferent to the location of end-users, the extraction and retention of consumer data [the alleged unlawful activity], without more, does not subject the defendant to specific jurisdiction in the forum where the online purchase was made").

**Bright Data's 12(b)(6) Motion to Dismiss X's Tortious Interference Claim.** Bright Data also moved to dismiss X's tortious interference claim under Rule 12(b)(6). X has not identified any third-party contract that was breached, let alone Bright Data's intentional inducement of that specific breach. *See, e.g.*, *Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*, 521 F. Supp. 3d 929, 960 (S.D. Cal. 2021). Even if X identified some Bright Data customers who allegedly scraped X in violation of the customer's agreement with Z, it would not be enough, as offering a legal service that a customer may have misused is not intentional inducement. *See Twitter, Inc. v. Taamneh*, 598 U.S. 471, 489 (2023). Otherwise, "ordinary merchants could become liable for any misuse of their goods and services" by third parties. *Id.* Here, X has not alleged that Bright Data was "certain or substantially certain" that its lawful services would be used for illicit purposes. *See Nevada DeAnza Fam. Ltd. P'ship v. Tesoro Re. & Mktg. LLC*, 474 F. Supp. 3d 1087, 1095 (N.D. Cal. 2020). Without that, there is no claim.

**Bright Data's 12(b)(6) Motion to Dismiss X's Unjust Enrichment Claim.** X's unjust enrichment claim cannot proceed for the simple fact that X says it has a contract. A "plaintiff may not plead the existence of an enforceable contract and maintain a quasi-contract claim [such as for

unjust enrichment] at the same time, unless the plaintiff has pled facts suggesting that the contract may be unenforceable or invalid." *Schulz v. Cisco WebEx, LLC*, 2014 WL 2115168, *5 (N.D. Cal. 2014). Nor does X have a property interest that could form the basis of an unjust enrichment claim. Rest. 2d Contracts § 69(2) (unjust enrichment requires an "act inconsistent with the offeror's ownership of offered property").

**Bright Data's 12(b)(6) Motion to Dismiss X's Trespass Claim.** X claims Bright Data's requests to its servers for public information available on X's sites was a trespass. But there can be no trespass where there is consent, and by connecting its servers to the World Wide Web, X consented to server requests communicated through this global communications network. Bright Data is accused of nothing more using this network for its intended purpose. That is not a trespass. *See Knight v. Jewett*, 3 Cal. 4th 296, 318 (1992). Nor has X sufficiently they type of injury needed to maintain trespass claim. X does not allege its servers were overwhelmed by Bright Data's requests, that it suffered any outage, or even that was unable to server X's other customers. X only alleges that its servers responded to requests for information when X would have preferred not to. That is not a trespass injury.

**Bright Data's 12(b)(6) Motion to Dismiss X's Misappropriation Claim.** For similar reasons, X's misappropriation claim lacks merit. When Bright Data searches and uses publicly-available information, it is not misappropriating anything. X consented – Bright Data merely asked X's servers for information in the ordinary course of the Internet's operation, and X's servers responded. And X disclaims any copyright, ownership, or other interest in the information Bright Data is accused of collecting. Its own Terms tell users: You "retain your rights to any Content you submit, post or display on or through [X]… What's yours is yours." ECF 36, Ex. 1 §3.

**Bright Data's 12(b)(6) Motion to Dismiss X's UCL Claim.** X's UCL claim fails because there's nothing "fraudulent" about Bright Data's web searches. X claims Bright Data hides its identity through its proxy network. But Bright Data does not hide the IP addresses it is using, so X's claim is at best one of omission. X does not identify any affirmative obligation that Bright Data disclose its own searches. And there is nothing wrong with anonymous browsing.

***Bright Data's Forthcoming Summary Judgement Motion.*** Bright Data intends to file a Motion for Summary Judgement on X's forward-looking breach of contract claim on the basis of Bright Data's termination of its accounts and rejection of X's Terms. X seeks to impose a browser-wrap contract on Bright Data based on Bright Data's search of X's public websites. But the law of contract, memorialized in the Restatement, is clear: Express rejection negates any offer or assent, and subsequent conduct ***cannot*** constitute assent. Rest. 2d Contracts §§ 19, 38, 53, 61.[3]

## IV.  A STAY OF DISCOVERY IS EFFICIENT AND JUST.

### A.  There Should Be No Discovery While Bright Data's Personal Jurisdiction Challenge is Pending.

Bright Data challenges personal jurisdiction over each of X's non-contract claims. Because the court cannot order merits discovery based on the *assumption* that it has jurisdiction, discovery relating to these claims must wait until after Bright Data's jurisdictional challenge has been decided.[4]  See *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("Without jurisdiction the court cannot proceed at all in any cause."). Courts may not proceed to the merits "without first determining that [they] ha[ve] jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Id.*; *Jeter v. President of the United States*, 670 F. App'x 493, 494 (9th Cir. 2016) (discovery stay appropriate pending "resolution of jurisdictional issues"); *Calvary Chapel San Jose v. Cody*, 2021 WL 5353883, *2 (N.D. Cal. 2021) (granting stay where issues of jurisdiction raised in motion to dismiss).

Indeed, staying discovery until the jurisdictional issues are decided is particularly

---

[3] Bright Data's anticipated Motion for Summary Judgment would not address X's contract claim for pre-termination scraping. Bright Data believes that the Terms do not, and cannot, prevent such conduct, as a matter of law. But Bright Data does not want to slow down resolution of the forward-looking and third-party claims because of any dispute about whether discovery is needed for the past-looking contract claims.

[4] The Court, of course, has jurisdiction to decide its own jurisdiction. But leave is generally required to seek jurisdictional discovery before jurisdiction has been established. *See Chapman v. Krutonog*, 256 F.R.D. 645, 648 (D. Haw. 2009) ("In order to obtain leave to conduct jurisdictional discovery, Plaintiffs must make a preliminary showing of jurisdiction [and] specify what facts they expect to uncover during discovery and how those facts would support personal jurisdiction."). X has not done this. Nor can it, since Bright Data has brought a *facial* challenge to this Court's jurisdiction. As such, even jurisdictional discovery would not be appropriate at this time.

important in this case. Bright Data is an Israeli company that offers internet-enabled proxy services across the globe, including services that some unidentified third-parties allegedly use to scrape X's platform from unidentified locations. X, however, has not limited its non-contract claims to scraping that occurs in California. In theory, at least, X's claims would extend to scraping by a farmer in Okinawa, Japan who makes use of Bright Data's servers in Japan, and that touches X's servers in some foreign land. A California court certainly does not have jurisdiction of any such claim or conduct. As such, discovery relating to those claims is impermissible. The scope of discovery, of course, can be litigated through discovery dispute motion practice. But this is a fundamental issue, which is better litigated through dispositive motion practice.

Moreover, because discovery on the non-contract claims must wait until the jurisdictional challenge has been resolved, this Court should also stay – in the interests of justice – discovery relating to X's contract claims. Bifurcating discovery – where merits discovery on the contract claim proceeds, while merits discovery on the other claims is postponed until a later date – is not the best way to conduct discovery. While Bright Data would prefer this, even if not ideal, to engaging in discovery over which this Court lacks jurisdiction, the better course would be to simply stay all discovery.

### B. Bright Data's Dispositive Motions Resolve Entire Claims and The Majority of the Case.

Bright Data has also moved to dismiss the non-contract claims under Rule 12(b), and plans to move for summary judgment on X's forward-looking contract claim. These threshold Dispositive Motions will, if granted, resolve the vast bulk of X's claims. That is more than sufficient for a stay. *Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (staying discovery where defendant moved to dismiss contract and fraud claims but not promissory estoppel, equitable estoppel, or unjust enrichment claims); *In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, *2 (N.D. Cal. 2017) ("the Court finds that Google's motion to dismiss could be potentially dispositive of the express warranty claims, which in turn would limit the scope of discovery); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (affirming discovery stayed pending adjudication of a summary judgment motion); *GTE Wireless,*

*Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 288-89 (S.D. Cal. 2000) (finding discovery stay appropriate where defendant had "clear possibility" of prevailing on summary judgment motion).

### C. *No Discovery Is Needed to Resolve Bright Data's Threshold Motions.*

A short stay of discovery is also appropriate because no discovery is needed to resolve Bright Data's threshold dispositive motions. *See, e.g.*, *Pereda v. Gen. Motors LLC*, 2022 WL 19692037, *2 (N.D. Cal. 2022) ("the motion turns on [what] Plaintiffs' complaint plausibly allege[s].... Further discovery is not required to answer that question."); *Kincheloe v. Am. Airlines, Inc.*, 2021 WL 5847884, *2 (N.D. Cal. 2021) ("The Court agrees that no additional discovery is necessary to decide the motion to dismiss on plausibility grounds."); *In re Google Digital Advert. Antitrust Litig.*, 2020 WL 7227159, *3 ("[T]he Court finds that Google's motion to dismiss is based solely on the allegations in the Complaint do not raise any factual issues. Thus, the Court finds that the motion to dismiss can be decided without additional discovery."); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (finding that district court did not abuse its discretion in granting a motion to stay when a motion to dismiss was pending because no factual issues were raised in the complaint).

Bright Data's 12(b)(6) motions, by definition, only concern the facial sufficiency of the Amended Complaint, and do not stray from its allegations. Similarly, Bright Data's 12(b)(2) motion is expressly limited to a "facial challenge," which similarly does not require any discovery. While Bright Data's summary judgment motion does go outside the pleadings, it does so only to put into the record Bright Data's termination of its accounts and its rejection of X's Terms. Neither fact can be disputed. The only dispute is the legal impact of the termination and rejection: Is there a contract or not? *See Sellers v. JustAnswer LLC*, 73 Cal. App. 5th 444, 462 (2021) ("Under traditional contract principles, where there is no dispute as to the material facts, the existence of a contract is a question of law for the court to decide.").

### D. *A Stay Causes No Prejudice, But Its Absence Would.*

X does not claim any exigency or seek preliminary relief. Nor are there any documents or witnesses that may be lost while Bright Data's motions are be decided. A limited discovery stay

will thus cause no prejudice.  If there is no stay, however, the parties, and potentially the Court, will lose time and money to issues that may be mooted by a decision on Bright Data's motions.

X has already served 57 document requests, 12 interrogatories, and 22 requests for admission, in addition to 12 requests for production for jurisdictional discovery.  And that was before X amended its complaint to add three new claims.  The requests are probing, wide ranging, and burdensome.  And many are only relevant to claims Bright Data has moved to dismiss.  For example, X has requested communications, documents, and information relating to Bright Data's customers, potentially relevant only to X's tortious interference claim.  RFP Nos. 4, 12, 15, 17, 18, 19, 20, 21, 22, 30, 31, 32, 36, 41, 45, 46, 56; Interrogatory Nos. 3, 7, 8; RFAs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11.  And RFPs 24, 25, 26, 27, and 28 ask for all of Bright Data's financial information, which could only be relevant to X's unjust enrichment claim.

As it stands, X's discovery requests are overbroad and well beyond the limits set out in the Federal Rules.  *See* Fed. R. Civ. P. 26(c).  Even if narrowed by potential meet-and-confers – or eliminated through this Court's "all or nothing" rule – any remaining discovery will incur significant time and cost in collecting, reviewing, and producing documents that may prove to be ultimately irrelevant after the Dispositive Motions.  *See Kincheloe*, 2021 WL 5847884, *3 ("[A] temporary stay of discovery while the Court considers American's motion to dismiss would conserve the parties' resources."); *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, *2 (N.D. Cal. 2020) ("[I]t would be a waste of resources to allow discovery to proceed, and it would be particularly inappropriate to allow discovery while the motion to dismiss is pending because of the potentially massive discovery burden.").  For example, X has requested "all code … related to the operation of [Bright Data's] scraping tools and any changes to the code" as well as "all logs that record the use of your scraping tools [and] proxies."  RFP Nos. 7, 9, 10.  Responding to such a request is not only expensive, but also exposes Bright Data to significant risk of misappropriation of its most sensitive information.  That Rubicon should not be crossed until the Court finds it necessary.  Discovery should be stayed.  *See DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, *3 (N.D. Ill. 2008) (granting defendant's motion to stay when plaintiffs

requested "customer data, including every piece of communication with customers and potential customers," given that the discovery was "extensive, voluminous, and expensive… [and requested a] highly sensitive subject matter to turn over to one's competitor.").

If discovery is not stayed, the parties would be thrown into navigating issues surrounding discovery of some of Bright Data's most sensitive information (its customers, its technology, and its finances) without knowing whether any of it will actually be pertinent to a live issue in the case. There is no need to force Bright Data into potentially unnecessary and prejudicial discovery.

## V. CONCLUSION.

For the foregoing reasons, discovery should be stayed pending resolution of Bright Data's motion to dismiss.

| | |
|---|---|
| Dated: December 13, 2023 | Respectfully submitted, |

/s/ *Colin R. Kass*

Colin R. Kass*
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 416-6890
ckass@proskauer.com

David A. Munkittrick*
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
dmunkittrick@proskauer.com

Robert C. Goodman (Bar No. 111554)
Lauren Kramer Sujeeth (Bar No. 259821)
ROGERS JOSEPH O'DONNELL, PC
311 California Street, 10th Floor
San Francisco, CA 94104
(415) 956-2828
rgoodman@rjo.com
lsujeeth@rjo.com

Sehreen Ladak (Bar No. 307895)
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
(310) 284-5652
sladak@proskauer.com

*Attorneys for Defendant Bright Data Ltd.*
*Admitted pro hac vice