DAVID H. HARPER*
*david.harper@haynesboone.com*
JASON P. BLOOM*
*jason.bloom@haynesboone.com*
**HAYNES AND BOONE, LLP**
2801 N. Harwood Street, Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
**Admitted Pro Hac Vice*

JASON T. LAO, SBN 288161
*jason.lao@haynesboone.com*
ANDREA LEVENSON, SBN 323926
*andrea.levenson@haynesboone.com*
**HAYNES AND BOONE, LLP**
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Telephone: (949) 202-3000
Facsimile: (949) 202-3001

*Attorneys for Plaintiff*
*X Corp.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

X CORP., a Nevada corporation,

Plaintiff,

vs.

BRIGHT DATA LTD., an Israeli corporation,

Defendant.

Case No. 3:23-cv-03698-WHA

**X-CORP.'S OPPOSITION TO DEFENDANT BRIGHT DATA LTD.'S MOTION TO STAY DISCOVERY**

Date: January 10, 2024
Time: 8:00 a.m.
Ctrm: 12

# TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 2

III. LEGAL STANDARD ........ 3

IV. ARGUMENT ........ 4

A. There is No Good Cause to Stay Discovery Because Bright Data's Pending Motion to Dismiss is Not Dispositive of the Entire Case ........ 4

1. Bright Data's Hopes Regarding a Future Summary Judgment Motion Do Not Establish Good Cause to Stay Discovery ........ 7

2. Bright Data's Partial Personal Jurisdiction Challenge Does Not Establish Good Cause to Stay Discovery ........ 8

B. Bright Data Does Not Articulate Hardship Other than Superficial Complaints About the General Burdens of Litigation ........ 9

C. The Fact That No Discovery is Needed to Resolve the Motion to Dismiss is Irrelevant ........ 10

D. A Stay Would Prejudice X Corp. ........ 11

V. CONCLUSION ........ 12

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Am. Honda Motor Co. v. Coast Distribution Sys., Inc.*, 2007 WL 672521 (N.D. Cal. Feb. 26, 2007) ....11

*Carucel Invs., L.P. v. Novatel Wireless, Inc.*, 2016 WL 8738221 (S.D. Cal. May 13, 2016) ....11

*Digiacinto v. RB Health United States LLC*, 2022 WL 20087460 (N.D. Cal. Dec. 5, 2022) ....3

*In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577 (N.D. Cal. July 24, 2007) ....4

*Gray v. First Winthrop Corp.*, 133 F.R.D. 39 (N.D. Cal. 1990) ....1, 7, 9

*Hall v. Tilton*, 2010 WL 539679 (N.D. Cal. Feb. 9, 2010) ....5

*Hanni v. Am. Airlines, Inc.*, 2009 WL 1505286 (N.D. Cal. May 27, 2009) ....5

*Kincheloe v. Am. Airlines, Inc.*, 2021 WL 5847884 (N.D. Cal. Dec. 9, 2021) ....5

*Laub v. U.S. Dep't of Interior*, 342 F.3d 1080 (9th Cir. 2003) ....8

*Lifted Ltd., LLC v. Novelty Inc.*, 2018 WL 10911498 (D. Colo. Feb. 6, 2018) ....11

*Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005) ....11

*Meta Platforms, Inc. v. Voyager Labs LTD.*, 2023 WL 4828007 (N.D. Cal. July 26, 2023) ....9

*Moran v. Flaherty*, 1992 WL 276913 (S.D.N.Y. Sept. 25, 1992) ....6

*In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188 (N.D. Cal. Aug. 18, 2017) ....3, 5, 6, 8

*Novelposter v. Javitch Canfield Grp.*, 2014 WL 12618174 (N.D. Cal. May 23, 2014) ....4

*Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2018 WL 1569811 (N.D. Cal. Feb. 16, 2018) .... *passim*

*Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
220 F.R.D. 349 (N.D. Cal. 2003)....4

*Palantir Tecs. Inc. v. Abramowitz*,
2020 WL 13548687 (N.D. Cal. Jan. 30, 2020)....4

*Qwest Communs. Corp. v. Herakles, LLC*,
2007 WL 2288299 (E. D. Cal. Aug. 8, 2007)....3

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
2020 WL 2843369 (N.D. Cal. Apr. 10, 2020)....5

*Ross v. Abbott Vascular Inc.*,
2020 WL 4934487 (N.D. Cal. Apr. 6, 2020)....9

*S.F. Tech. v. Kraco Enters. LLC*,
2011 WL 2193397 (N.D. Cal. June 6, 2011)....4

*Skellerup v. City of Los Angeles*,
163 F.R.D. 598 (C.D. Cal. 1995)....3

*Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.*,
206 F.R.D. 367 (S.D.N.Y. 2002)....5, 6

*Taylor v. Morse*,
2008 WL 1826029 (N.D. Cal. Apr. 23, 2008)....5

*Wells Fargo & Co. v. Wells Fargo Express Co.*,
556 F.2d 406 (9th Cir.1977)....8

*Wood v. McEwen*,
644 F.2d 797 (9th Cir. 1981) (per curiam)....1, 9

**Statutes**

Cal. Bus. & Prof. Code § 17200 et seq. ....2

**Other Authorities**

Fed. R. Civ. Pro. 12....4

Fed. R. Civ. Pro. 12(b)(6)....10

# I. INTRODUCTION

Bright Data's motion to stay discovery should be seen as what it is—a blatant attempt to slow the progress of this case and prevent X Corp. from obtaining essential discovery needed to pursue its claims for as long as possible. Indeed, Bright Data seeks a discovery stay pending resolution of what it flagrantly mischaracterizes as "threshold motion practice."[1] But as detailed in X Corp.'s Opposition to Bright Data's Motion to Dismiss, being filed concurrently herewith, Bright Data's Motion to Dismiss is limited to only X Corp.'s tort claims and is in any case replete with factual disputes not appropriate for resolution at the pleading stage. Moreover, by Bright Data's own admission, it is not challenging a substantial focus of this case—the breach of contract claim.[2] Bright Data also vaguely references its "future plans" and "intentions" to at some unspecified point in time move for summary judgment—the substance and merits of which remain questionable. In short, Bright Data couples its references to its Motion to Dismiss with vague promises for additional motion practice in an attempt to manufacture good cause to stay discovery where none exists. As Bright Data's Motion to Dismiss would not, even if granted in whole, dispose of the entire case, Bright Data's motion to stay discovery should be denied.

Although courts have wide discretion to control their docket, courts typically only assess whether to stay discovery pending resolution of a dispositive motion if the pending motion is potentially dispositive of the *entire* case. That is impossible here. And even in those cases, the threshold for staying discovery is high and generally only appropriate in cases where the court "is ***convinced*** that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam).[3] Bright Data has not met this exacting standard.

What is more, delaying discovery on the baseless grounds Bright Data sets forth in its Motion would prejudice X Corp. and is "directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). "The mere filing of a motion to dismiss is not ordinarily sufficient to stop the discovery process, derail a case

[1] Dkt. 43, Mot. to Stay Discovery (or "Motion to Stay"), at 1:2.

[2] Dkt. 42, Mot. to Dismiss, at 1:10-15 ("X seeks to exert control over this public domain information through contract. **This case tests the strength of those contracts**. . . . X also brings a panoply of tort claims, attempting to fill the void left by the terminated contract. . . . ").

[3] All emphases added unless otherwise noted.

schedule, and delay proceedings. If it was, every case with a pending a motion to dismiss—the large majority of federal actions—would be stayed at some point. That sort of inefficient and chaotic system is not contemplated by the Federal Rules. . . . " *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2018 WL 1569811, at *2 (N.D. Cal. Feb. 16, 2018) (internal citations omitted). Thus, Bright Data's hyperbolic (and unsupported) assertion that a stay "will literally save the parties millions of dollars in would-be-wasted effort, and will facilitate the early resolution of the case"[4] is simply wrong. Both parties have already served discovery in this case (including discovery directed to claims unchallenged by Bright Data's Motion to Dismiss). Thus, the Court should deny the Motion to Stay and reject Bright Data's attempts to avoid consideration of the merits, which would derail resolution of the case—not facilitate it.

## II. BACKGROUND

On July 26, 2023, Plaintiff X Corp. ("X Corp.") filed its Complaint[5] asserting three causes of action: (1) Breach of Contract; (2) Tortious Interference with Contract; and (3) Unjust Enrichment, in the alternative. On November 14, 2023, X Corp. filed a First Amended Complaint[6] adding three additional claims for relief: (4) Trespass to Chattels; (5) Unlawful, Unfair or Fraudulent Business Practices under Cal. Bus. & Prof. Code § 17200 et seq.; and (6) Misappropriation. On December 13, 2023, pursuant to this Court's Order,[7] Defendant Bright Data Ltd. ("Bright Data") filed a Motion to Dismiss,[8] seeking dismissal of "Count[s] II-[VI]"[9] of the FAC, and simultaneously filed the instant Motion to Stay Discovery pending resolution of the Motion to Dismiss.

Bright Data does not move to dismiss X Corp.'s first cause of action for breach of contract. Dkt. 42, Mot. to Dismiss, at 1:17-18 ("This motion focuses primarily on tort, ***saving contract for***

---

[4] Dkt. 43, Mot. to Stay Discovery, at 1:15-16.
[5] Dkt. 1, Compl.
[6] Dkt. 36, First Am. Compl.
[7] Dkt. 41, Order Re Briefing Schd. for Mot. to Dismiss.
[8] Dkt. 42, Mot. to Dismiss.
[9] Bright Data's Motion to Dismiss states that it "seeks dismissal of X's tort claims (Count II-**IV**). . . . " Dkt. 42, Mot. to Dismiss, at Notice of Motion:4-5. This appears to be in error, as Bright Data's Motion to Stay instead states that "Bright Data has already filed a motion to dismiss X's non-contract claims for lack of personal jurisdiction and failure to state a claim (Counts II-**VI**)." Dkt. 43, Mot. to Stay Discovery, at 1:2-4.

***another day***.”). Accordingly, even if Bright Data’s Motion to Dismiss were likely to be granted in whole (it is not), a stay would not be warranted.

## III. LEGAL STANDARD

A motion to stay discovery must be supported by good cause, and the “party seeking a stay of discovery carries a **heavy burden** of making a ‘**strong showing**’ why discovery should be denied.” *Skellerup v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995) (quoting *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975)); *see also Digiacinto v. RB Health United States LLC*, 2022 WL 20087460, at *1 (N.D. Cal. Dec. 5, 2022). While the Ninth Circuit has not established a clear standard for deciding whether to stay discovery when a potentially dispositive motion is pending, California district courts typically employ the two-prong test Bright Data sets forth in its Motion, that is: (1) “a pending motion **must** be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed”; and (2) “the court must determine whether the pending motion can be decided absent discovery.” *In re Nexus 6p Prods. Liab. Litig*., 2017 WL 3581188, at *1 (citing *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003)). “If the Court answers these two questions in the affirmative, a protective order may issue. However, if ***either*** prong of this test is not established, discovery proceeds.” *Id.* (internal citations and quotations omitted). Moreover, “the two-factor test is not satisfied by superficial statements or vague articulations demonstrating nothing more than the traditional burdens of litigation.” *Optronic Techs.*, 2018 WL 1569811, at *1.

Importantly, motions to stay discovery are “disfavored because discovery stays may interfere with judicial efficiency and cause unnecessary litigation in the future.” *Qwest Communs. Corp. v. Herakles, LLC*, 2007 WL 2288299, at *2 (E. D. Cal. Aug. 8, 2007); *see also Optronic Tech. Inc*, 2018 WL 1569811, at *1 (denying motion to stay discovery because defendant did not demonstrate that the amended complaint was “utterly frivolous, or filed merely in order to conduct a ‘fishing expedition’ or for settlement value”) (quoting *Gray*, 133 F.R.D. at 40).

## IV. ARGUMENT

### A. There is No Good Cause to Stay Discovery Because Bright Data's Pending Motion to Dismiss is Not Dispositive of the Entire Case

It is undisputed that Bright Data's Motion to Dismiss is not potentially dispositive of the entire case. And where a motion to dismiss cannot dispose of the entire case, "[c]ourts have not looked favorably upon granting stays of discovery," and routinely deny such requests. *Novelposter v. Javitch Canfield Grp*., 2014 WL 12618174, at *1 (N.D. Cal. May 23, 2014) (denying motion to stay pending resolution of motion to dismiss); *Palantir Tecs. Inc. v. Abramowitz*, 2020 WL 13548687, at *1 (N.D. Cal. Jan. 30, 2020) (same); *S.F. Tech. v. Kraco Enters. LLC*, 2011 WL 2193397, at *2 (N.D. Cal. June 6, 2011) (same).

Even if Bright Data is wholly successful in its Motion to Dismiss, X Corp.'s breach of contract claim would still require adjudication. Thus, even setting aside the sufficiency of Bright Data's Rule 12 arguments directed to *some* claims, the first prong of the generally applied two-prong test automatically fails and discovery must proceed. *Pac. Lumber Co v. Nat'l Union Fire Ins. Co*, 220 F.R.D. 349, 352 ("if either prong of this test is not established, discovery proceeds.").

Bright Data cites to this Court's opinion in *In re GPU Antitrust Litig*.—an antitrust case concerning the post-*Twombly* heightened pleading standard for antitrust claims. 2007 WL 2127577, at *1 (N.D. Cal. July 24, 2007) (Alsup, J). Specifically, in *In re GPU Antitrust Litig*. this Court only addressed "discovery ***in antitrust actions***," stating that it can be costly in those types of cases.[10] *Id.* at *4. But as this Court noted, the *Twombly* "decision used concerns about the breadth and expense of antitrust discovery to identify pleading standards for complaints*, it did not use pleading standards to find a reason to foreclose all discovery*." *Id*. And even considering how vast, expansive, and expensive antitrust discovery can be, this Court still rejected defendant's arguments calling for "an automatic, blanket stay of all antitrust discovery pending identification of a viable claim. . . ." *Id.* at *4-5. Instead, this Court held that when "the discovery would not be

[10] Explaining that *Twombly* "involved 'a putative class of at least 90 percent of all subscribers to local telephone or high-speed Internet service in the continental United States, in an action against America's largest telecommunications firms (with many thousands of employees generating reams and gigabytes of business records) for unspecified (if any) instances of antitrust violations that allegedly occurred over a period of seven years.'" *In re Graphics Processing Units Antitrust Litig*., 2007 WL 2127577, at *4.

so burdensome, a closer question is presented, a question calling for the exercise of discretion and the balancing of competing factors." *Id.* at *4.

Unlike *In re GPU Antitrust Litig.*, this is not an antitrust case, and Bright Data has not even attempted to argue that the served discovery would be too burdensome. And throughout its Motion, Bright Data consistently cites to cases that are equally as distinguishable and/or irrelevant, attempting to paint the picture that the blanket stay on discovery it is requesting is commonplace. For example, Bright Data string cites to at least seven cases that all—unlike the facts at issue in the instant action—(i) involve antitrust, MDL, and/or putative class actions and/or (ii) involve motions that can potentially dispose of the entire case.[11] Bright Data's mischaracterization of the clear weight of the law should be rejected.

> "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation."

*In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, at *3 (internal citations omitted); *see also Optronic Techs.,* 2018 WL 1569811, at *1 ("blanket stays of all discovery matters are an exception to the rules rather than enunciated in the rules.") (internal citation omitted).

Bright Data also cites to *Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.,* 206 F.R.D. 367, 368 (S.D.N.Y. 2002) and *In re Nexus 6p Prods. Liab. Litig*., 2017 WL 3581188

[11] *See* Dkt. 43, Mot. to Stay Discovery, at n. 2 citing *Arcell v. Google LLC*, 2022 WL 16557600, *1 (N.D. Cal. 2022) (federal antitrust case where "Defendants' motion to dismiss may dispose of the **entire** case."); *Kincheloe v. Am. Airlines, Inc*., 2021 WL 5847884, *1 (N.D. Cal. 2021) (granting stay where the court found that defendant's "pending motion to dismiss presents robust arguments as to why ***the single claim*** asserted against it may be dismissed"); *Reveal Chat Holdco, LLC v. Facebook, Inc.,* 2020 WL 2843369, *1, 4 (N.D. Cal. 2020) (antitrust putative class action where the pending motion argued that **all** claims were time barred); *Hall v. Tilton*, 2010 WL 539679, *2 (N.D. Cal. 2010) (pro se civil rights action where defendant's "motion to dismiss, if meritorious, will dispose of the **entire** case."); *Hanni v. Am. Airlines, Inc*., 2009 WL 1505286, *7 (N.D. Cal. 2009) (proposed class action where defendant sought a stay pending resolution of its "motion for summary judgment and [] whether a class should be certified."); *Taylor v. Morse*, 2008 WL 1826029, *1 (N.D. Cal. 2008) (pro se civil rights action where the Court granted a stay of discovery pending resolution of a summary judgment motion that would dispose of the **entire** case explaining that "[i]t is well settled that a stay of discovery should be granted until the threshold question of qualified immunity is decided.").

(N.D. Cal. 2017) to support its argument that a stay of discovery is appropriate as applied to the facts here. However, neither case is instructive. *Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd* applies an entirely different, Second Circuit standard than the two-prong test usually applied in the Ninth Circuit. And even under that different standard, the *Spencer Trask* court confirms that although "discovery may in a *proper* case be stayed pending the outcome of a motion to dismiss, ***the issuance of a stay is by no means automatic***." 206 F.R.D. 367, 368; *see also Moran v. Flaherty*, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992) ("Discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."). Similarly inapposite, *In re Nexus 6p Prods. Liab. Litig.* was a putative class action MDL where Defendants moved to dismiss Plaintiffs' Consolidated Amended Complaint, "which they define as 'at least until there is an operative complaint.'" 2017 WL 3581188, at *2. The Court reasoned that a limited stay of discovery "does not unduly prejudice Plaintiffs, and allows all parties to commence discovery with a better understanding of which claims, if any, they must answer." *Id.*

This is not a proper case for staying discovery. It is not a sprawling MDL, and there is no confusion about which claims apply to which plaintiffs/defendants. Moreover, this case does not involve antitrust, nor does it involve a class pending certification or costly discovery regarding the same. Instead, discovery in this case is standard, and Bright Data has not met its heavy burden to show good cause to stay discovery.

In glazing over the requirements of relevant Ninth Circuit test, Bright Data proceeds to persuade the Court that a stay is nevertheless appropriate based on a "preliminary peek" at its Motion to Dismiss and because it "*plans* to move for summary judgment on X's forward-looking contract claim."[12] Both points, individually or considered together, are insufficient bases to stay discovery. Indeed, Bright Data's Motion to Dismiss is likely to fail on the merits.[13] Bright Data has not identified any fatal flaw in the pleadings, and essentially asks the Court to accept its interpretation of the law as applied to the facts—a dispute more ripe for the fact finder.

---

[12] Dkt. 43, Mot. to Stay Discovery, at 7:19-20.

[13] *See* Opposition to Bright Data's Motion to Dismiss, filed concurrently with this Motion.

**1. Bright Data's Hopes Regarding a Future Summary Judgment Motion Do Not Establish Good Cause to Stay Discovery**

Bright Data argues that a stay is appropriate based, in part, on a statement that it will one day move for summary judgment.[14] But Bright Data's "intention" to file a summary judgment motion on a small subset of one claim cannot reasonably be the basis for a stay of all discovery and falls well-below "good cause" and the "heavy burden of making a 'strong showing' why discovery should be denied." *Gray*, 133 F.R.D. at 40. And even if Bright Data were to file a summary judgment motion in the future, which it has not (nor even hinted at a date certain by which it will), **X Corp.'s contract claim would still be left intact**. *See* Dkt. 43, Mot. to Stay Discovery, at n. 3 (Bright Data admits that its "*anticipated* Motion for Summary Judgment would not address X's contract claim for pre-termination scraping.").

Bright Data again supports its argument on this point with inapplicable cases. For example, in *Little v. City of Seattle*, the court of appeals reviewed whether there was "a clear abuse of discretion" by the district court in staying discovery until the issue of immunity was decided. 863 F.2d 681, 685 (9th Cir. 1988). The procedural posture of that case makes its reasoning wholly inapplicable here. Similarly in *GTE Wireless, Inc. v. Qualcomm*, Inc., much discovery had already taken place and the defendant brought a narrowly tailored "motion for partial stay of discovery of the quantification of damages pending" motion for summary adjudication. 192 F.R.D. 284, 285 (S.D. Cal. 2000). There, the Magistrate Court denied the motion, finding that "it was not immediately evident that Defendant would prevail on its motion for summary adjudication and that it would not be in the best interests of efficiency to stay discovery." *Id.* The court found clear error by the Magistrate Judge, including because "if discovery were stayed, some inefficiency might arise, but the Court [found] *that there are more than enough issues outside of damages such as liability and claim construction* ***that can be pursued*** *during a stay of discovery*." *Id.* at 289. Neither case stands for the proposition that it is just or efficient to stay *all* discovery based on a not-yet-filed motion for summary judgment on a subset of claims at issue.

[14] Bright Data discusses its "forthcoming summary judgment motion" throughout the entirety of its Motion, without providing any specific details, date certain, assurance, or declaration confirming when it plans to move and/or the scope of issues its anticipated motion will cover. *See, e.g.,* Dkt. 43, Mot. to Stay Discovery, at 2:9-10.

**2. Bright Data's Partial Personal Jurisdiction Challenge Does Not Establish Good Cause to Stay Discovery**

Like its 12(b)(6) challenges, Bright Data only raises a 12(b)(2) challenge relating to X Corp.'s tort claims.[15] Bright Data contends that discovery related to these claims is "impermissible" and concludes that "because discovery on the non-contract claims must wait until the jurisdictional challenge has been resolved, this Court should also stay – in the interests of justice – discovery relating to X's contract claims."[16] This attempt to distract from the essential issues forming the crux of the case falls flat.

First, as explained, the jurisdictional challenge does not undermine the fact that the Motion to Dismiss cannot possibly dispose of the entire case. Second, Bright Data has not shown how its jurisdictional challenge can "be decided [in its favor] absent discovery." *In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, at *1. Bright Data's reliance on its self-proclaimed "facial challenge" and allegation that X Corp. has not sought and cannot seek the "leave [that] is generally required to seek jurisdictional discovery before jurisdiction has been established" is insufficient.[17] To the contrary, the FAC contains more than adequate factual allegations to establish personal jurisdiction over Bright Data, including, for example, Bright Data's California sales and customers,[18] Bright Data's California sales office,[19] Bright Data's employees located in California,[20] and Bright Data's targeting of California customers through its "Superior California Proxy,"[21] and Bright Data's scraping of X Corp. servers in California.[22]

At a minimum, these fulsome allegations and supporting evidence illustrate why discovery should **not** be stayed in light of any jurisdictional issues that are disputed. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("discovery should be granted when, as here, the

---

[15] Dkt. 43, Mot. to Stay Discovery, at 4:6-9 ("Bright Data moved to dismiss X's ***non-contract claims*** for lack of personal jurisdiction. . . . "); *see also* 1:2-3, 16-18; Dkt. 42, Mot. to Dismiss, at Notice of Motion:4-5, 9-11.

[16] Dkt. 43, Mot. to Stay Discovery, at 6:7, 10-12.

[17] Dkt. 43, Mot. to Stay Discovery, at n. 4.

[18] Dkt. 36, First Am. Compl. at ¶ 10.

[19] Dkt. 36, First Am. Compl. at ¶ 11.

[20] Dkt. 36, First Am. Compl. at ¶ 12.

[21] Dkt. 36, First Am. Compl. at ¶ 13.

[22] Dkt. 36, First Am. Compl. at ¶ 14.

jurisdictional facts are contested or more facts are needed") (citing *Wells Fargo & Co. v. Wells Fargo Express Co*., 556 F.2d 406, 430 n. 24 (9th Cir.1977) (holding that district court abused its discretion in refusing to grant discovery on jurisdictional issue)). Thus, the Court will either find the allegations in the FAC sufficient and deny Bright Data's 12(b)(2) motion, or if the Court has concerns about personal jurisdiction, it may grant leave for jurisdictional discovery. *See Ross v. Abbott Vascular Inc.,* 2020 WL 4934487, at *7 (N.D. Cal. Apr. 6, 2020) (to obtain jurisdictional discovery a plaintiff "must merely present a colorable basis for jurisdiction, or some evidence constituting a lesser showing than a prima facie case[]") (internal citation and quotation marks omitted). Either result would effectively defeat this Motion.

### B. Bright Data Does Not Articulate Hardship Other than Superficial Complaints About the General Burdens of Litigation

Importantly, Bright Data fails to demonstrate that the FAC is "utterly frivolous, or filed merely in order to conduct a 'fishing expedition' or for settlement value." *Gray,* 133 F.R.D. at 40. Nor, does Bright Data address how X. Corp. is "unable to state a claim for relief." *Wood v. McEwen*, 644 F.2d at 801. On the contrary, X Corp.'s claims raise genuine issues of law and fact seeking to put an end to Bright Data's unauthorized and unlawful data scraping activities. Bright Data's superficial, unsubstantiated, and conclusory arguments fall well-below the "strong showing" of "good cause" necessary for a stay of discovery. *Optronic Techs.,* 2018 WL 1569811, at *2-3 ("Discovery stays are not automatic, however, and the two-factor test ***is not satisfied by superficial statements or vague articulations demonstrating nothing more than the traditional burdens of litigation***. Rather, '[t]he moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements.'") (citing *Skellerup.*, 163 F.R.D at 600); *see also Meta Platforms, Inc. v. Voyager Labs LTD*., 2023 WL 4828007, at *2 (N.D. Cal. July 26, 2023).

For example, Bright Data asserts that "X's claims fail because (i) Bright Data no longer has any contractual relationship with X; (ii) the Court lacks personal jurisdiction over X's non-contract claims; and (iii) California common law does not prevent scraping of publicly-available

data,"[23] but fails to present evidence, for example, of how or why there is allegedly no contractual relationship. As explained in more detail in X Corp.'s Opposition to Bright Data's Motion to Dismiss, each of these allegations require a highly fact-specific inquiry and are best investigated through discovery.

Next, Bright Data provides a "preliminary peek" into its Motion to Dismiss by generally reiterating its legal argument in a few short sentences. Bright Data does not point to any specific good cause or need for a stay (apart from the general burdens of litigation) or any fatal flaw in the FAC. *Optronic Techs.*, 2018 WL 1569811, at *1 (declining to stay discovery pending a motion to dismiss where the defendants did not cite anything "outside of their own opinion of the Amended Complaint's deficiencies" that rendered complete dismissal no more likely than not). A "preliminary peek" at Bright Data's Motion to Dismiss provides no clear assurance that dismissal is probable, much less likely. X Corp.'s Opposition to Bright Data's Motion to Dismiss details at length the sufficiency and strength of X Corp.'s claims, which are certainly capable of meeting the pleading standard.

### C. The Fact That No Discovery is Needed to Resolve the Motion to Dismiss is Irrelevant

Regarding the second prong of the test, Bright Data contends that "[a] short stay of discovery is also appropriate because no discovery is needed to resolve Bright Data's threshold dispositive motions," i.e., alleging that the arguments are all "facial" challenges.[24] As explained with regard to the jurisdictional challenge, Bright Data's conclusions are biased and unreliable. However, even in the event that the claims were all "facial," Courts in this District have recognized that the fact that "a motion to dismiss under Rule 12(b)(6) is generally decided with reference only to the complaint. . . . is of no moment [] because granting a stay on such a basic notion is unwarranted." *Optronic Techs.,* 2018 WL 1569811, at *4. In short, Bright Data's pending Motion to Dismiss is simply not sufficient grounds to delay discovery in this case—and Bright Data points to no authority to the contrary.

---

[23] Dkt. 43, Mot. to Stay Discovery, at 3:19-21.

[24] Dkt. 43, Mot. to Stay Discovery, at 8:4-5; 8:16-18.

**D. A Stay Would Prejudice X Corp.**

Finally, delaying resolution of the issues in this case and allowing Bright Data to continue its unauthorized scraping prejudices X Corp. and its users. X Corp. alleges that Bright Data breached X Corp.'s Terms by scraping data, and Bright Data elected not to move to dismiss that claim. Staying discovery under these circumstances is not appropriate, and Bright Data's conclusory assertions throughout its Motion, including that "[a] limited discovery stay will thus cause no prejudice" do not detract from this fact.[25]

Considering that Bright Data is not seeking dismissal of X Corp.'s breach of contract claim on any ground, there is no justification for staying discovery pending the resolution of Bright Data's Motion to Dismiss. Any such stay would prejudice X Corp. by unnecessarily delaying the progress of this case. Further, staying discovery through summary judgment, as Bright Data proposes, would be highly prejudicial to X Corp. because X Corp. would be prohibited from using discovery tools to obtain evidence demonstrating fact issues on any such motion, and particularly where the not-yet-filed summary judgment motion would still not be entirely dispositive. Bright Data therefore wants to use a discovery stay as both a shield protecting it from discovery and a sword enabling it to obtain an unfair advantage in future motion practice. This would be unfairly prejudicial to X Corp. under the circumstances.

Moreover, Bright Data has not articulated *any* prejudice to it arising from its obligation to respond to X Corp.'s discovery requests apart from the resources spent engaging in litigation. The Ninth Circuit has expressly held that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)); *Am. Honda Motor Co. v. Coast Distribution Sys., Inc.,* 2007 WL 672521, at *2 (N.D. Cal. Feb. 26, 2007) ("[T]he hardship attendant with being forced to defend a lawsuit is irrelevant when considering whether to grant a stay."); *Carucel Invs., L.P. v. Novatel Wireless, Inc.*, 2016 WL 8738221, at *2 (S.D. Cal. May 13, 2016) ("Moving Defendants have not identified any meaningful hardship that would result from the denial of a stay beyond having to defend against

[25] Dkt. 43, Mot. to Stay Discovery, at 8:27-9:1.

[plaintiff's] claims in this action, which is insufficient by itself to justify a stay."); *Lifted Ltd., LLC v. Novelty Inc.*, 2018 WL 10911498, at *3 (D. Colo. Feb. 6, 2018) (rejecting defendant's claim that it will "incur significant and unnecessary expenses" in the absence of a stay, as "every defendant is forced to bear litigation expenses that could ultimately prove to be unnecessary").

The just, speedy, and efficient resolution of this matter favors a denial of Bright Data's Motion to Stay and supports the continued development of the case through discovery.

## V. CONCLUSION

For the foregoing reasons, Bright Data's Motion to Stay Discovery should be denied.

Dated: December 27, 2023

Respectfully submitted,

**HAYNES AND BOONE, LLP**

By: */s/ Jason T. Lao*
David H. Harper*
david.harper@haynesboone.com
Jason P. Bloom*
jason.bloom@haynesboone.com
2801 N. Harwood Street, Suite 2300
Dallas, Texas 75201
Telephone: (214) 651.5000
Telecopier: (214) 651.5940
* *Admitted Pro Hac Vice*

Jason T. Lao
jason.lao@haynesboone.com
Andrea Levenson
andrea.levenson@haynesboone.com
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Telephone: (949) 202-3000
Facsimile: (949) 202-3001

*Attorneys for Plaintiff X Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2023, I caused the foregoing to be filed electronically with the Clerk of Court and to be served via the Court's Electronic Filing System upon all counsel of record.

Dated: December 27, 2023

**HAYNES AND BOONE, LLP**

By: */s/ Jason T. Lao*
Jason T. Lao