Colin R. Kass (*pro hac vice*)
PROSKAUER ROSE LLP
1001 Pennsylvania, Ave., N.W.
Washington, D.C. 20004
(202) 416-6890
ckass@proskauer.com

Robert C. Goodman (Bar No. 111554)
Lauren Kramer Sujeeth (Bar No. 259821)
ROGERS, JOSEPH, O'DONNELL, PC
311 California Street, 10th Floor
San Francisco, CA 94104
(415) 956-2828
rgoodman@rjo.com
lsujeeth@rjo.com

*Attorneys for Defendant Bright Data Ltd.*
*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X Corp., <br><br> Plaintiff, <br><br> v. <br><br> BRIGHT DATA LTD. <br><br> Defendant | Case No. 23-cv-03698-WHA <br><br> Time: January 10, 2024, 8:00 AM <br> Court: Courtroom 12 <br> Judge: Hon. William Alsup |

**BRIGHT DATA'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY**

# TABLE OF CONTENTS

I. INTRODUCTION. ...................................................................................................................1

II. DISCOVERY SHOULD BE STAYED UNTIL PERSONAL JURISDICTION IS ESTABLISHED. ........................................................................................................................3

III. BRIGHT DATA'S MOTIONS WOULD LEAVE ONLY A PORTION OF ONE CLAIM. ........................................................................................................................................5

IV. NEITHER OF BRIGHT DATA'S MOTIONS REQUIRES DISCOVERY. ......................8

V. A STAY PROMOTES EFFICIENCY, NOT PREJUDICE. ...............................................8

VI. CONCLUSION. .....................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ardente, Inc. v. Shanley*,
　2010 WL 546485 (N.D. Cal. 2010) ...................................................................................3

*Briskin v. Shopify, Inc.*,
　87 F. 4th 409 (9th Cir. 2023) ...........................................................................................4

*Ctr. for Biological Diversity v. Army Corps of Eng'rs*,
　2014 WL 12923196 (C.D. Cal. 2014) ............................................................................4, 5

*Digiacinto v. RB Health United States LLC*,
　2022 WL 20087460 (N.D. Cal. 2022) ...............................................................................8

*DSM Desotech Inc. v. 3D Sys. Corp.*,
　2008 WL 4812440 (N.D. Ill. 2008) ..................................................................................10

*Flannery Assocs. LLC v. Barnes Fam. Ranch Assocs. LLC*,
　2023 WL 8843081 (E.D. Cal. 2023) ..............................................................................5, 9

*Hall v. Tilton*,
　2010 WL 539679 (N.D. Cal. 2010) ...................................................................................6

*In re Graphics Processing Units Antitrust Litig.*
　2007 WL 2127577 (N.D. Cal. 2007) (Alsup, J) ..........................................6, 7, 9, 10

*In re Nexus 6p Prods. Liab. Litig.*,
　2017 WL 3581188 (N.D. Cal. 2017) ..........................................................................5, 6, 9

*Jeter v. President of the United States*,
　670 F. App'x 493 (9th Cir. 2016) .................................................................................3, 4

*Laub v. U.S. Dep't of Interior*,
　342 F.3d 1080 (9th Cir. 2003) ...........................................................................................5

*Layton v. Green Valley Vill. Cmty. Ass'n*,
　2022 WL 1748067 (D. Nev. 2022) ....................................................................................3

*Lockyer v. Mirant Corp.*,
　398 F.3d 1098 (9th Cir. 2005). ........................................................................................10

*Lu v. Cent. Bank of Republic of China (Taiwan)*,
　610 F. App'x 674 (9th Cir. 2015) .....................................................................................4

*Malley v. San Jose Midtown Dev. LLC*,
　2020 WL 5877575 (N.D. Cal. 2020) .................................................................................3

*Meta Platforms, Inc. v. Bright Data Ltd.*,
  3:23-cv-00077-EMC (N.D. Cal. June 12, 2023) .................................................................1, 7

*Moran v. Flaherty*,
  1992 WL 276913 (S.D.N.Y. 1992) ..........................................................................................8

*Nguyen v. BMW of N. Am., LLC*,
  2021 WL 2284113 (S.D. Cal. 2021) .......................................................................................7

*Novelposter v. Javitch Canfield Grp.*,
  2014 WL 12618174 (N.D. Cal. 2014) ....................................................................................8

*Palantir Techs. Inc. v. Abramowitz*,
  2020 WL 13548687 (N.D. Cal. 2020) ....................................................................................8

*Pecover v. Elecs. Arts Inc.*,
  633 F. Supp. 2d 976 (N.D. Cal. 2009) ....................................................................................3

*Pereda v. Gen. Motors LLC*,
  2022 WL 19692037 (N.D. Cal. 2022) ....................................................................................7

*Qwest Commc'ns. Corp. v. Herakles, LLC*,
  2007 WL 2288299 (E.D. Cal. 2007) .......................................................................................5

*Ross v. Abbott Vascular Inc.*,
  2020 WL 4934487 (N.D. Cal. 2020) ......................................................................................5

*Rutman Wine Co. v. E. & J. Gallo Winery*,
  829 F. 2d 729 (9th Cir. 1987) .................................................................................................5

*San Francisco Tech. v. Kraco Enters. LLC*,
  2011 WL 2193397 (N.D. Cal. 2011) ......................................................................................8

*Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*,
  549 U.S. 422 (2007) ................................................................................................................3

*Skellerup v. City of Los Angeles*,
  163 F.R.D. 598 (C.D. Cal. 1995) ............................................................................................8

*Smith v. United States Dep't of Agric.*,
  2016 WL 4179786 (N.D. Cal. 2016) ......................................................................................4

*Wells Fargo & Co. v. Wells Fargo Express Co.*,
  556 F.2d 406 (9th Cir. 1977) ..................................................................................................5

*Wood v. McEwen*,
  644 F.2d 797 (9th Cir. 1981) ..................................................................................................5

*Yamasaki v. Zicam LLC*,
  2021 WL 3675214 (N.D. Cal. 2021) ...................................................................................4, 9

*Yiren Huang v. Futurewei Techs., Inc.*,
  2018 WL 1993503 (N.D. Cal. 2018) ....................................................................................6, 9

**RULES**

Fed. R. Civ. P. 1 ...........................................................................................................................6

Fed. R. Civ. P. 56 .........................................................................................................................9

**OTHER AUTHORITIES**

Wright & Miller, 10A Fed. Prac. & Proc. Civ. § 2713 (4th ed. 2008) ......................................9, 10

## I.      INTRODUCTION.

Bright Data seeks to reach the heart of the legal issues raised by X's Amended Complaint as quickly and efficiently as possible. As explained in Bright Data's Motion to Dismiss (ECF 42), X's tort claims fail on threshold legal issues:

- No personal jurisdiction because the forum selection clause in its Terms does not cover tort, and there is no tortious conduct specifically directed at California;

- No tortious interference because X identifies no third-party contracts that have been breached (or induced);

- No unjust enrichment because X does not have the requisite, underlying property interest and proceeds instead in contract;

- No trespass to chattels because X consented to public access to its servers by connecting them to the World Wide Web;

- No misappropriation because X disclaims any property interest in the material Bright Data scraped;

- No unfair competition because nothing prohibits Bright Data or its customers from searching the web anonymously; and

- No existing or forward-looking contract because Bright Data affirmatively rejected X's Terms.

A decision in Bright Data's favor on any one of these issues would eliminate swaths of discovery. X does not deny this. Instead, it misdirects, claiming Bright Data's proposed summary judgment motion on X's contract claims is somehow vague or amorphous. It is not. X knows exactly what Bright Data's arguments are. The basic arguments have already been submitted before Judge Chen in *Meta Platforms, Inc. v. Bright Data Ltd.*, 3:23-cv-00077-EMC, ECF 75 (N.D. Cal. June 12, 2023), which X noted, in the Joint Case Management Statement set to be filed today, raises similar issues to those here. As reflected in the parties' Joint Case Management Statement, Bright Data proposes filing its summary judgment motion by January 24th, meaning it will be fully briefed in little more than a month from the Case Management Conference. *Id.* That is not delay but expediency – bringing pure legal issues of contract formation to the fore so that neither the parties nor the Court need waste time on unnecessary discovery.

In the end, X does not dispute that Bright Data meets the two-part test applicable to stay requests. Bright Data's motions have the potential to resolve entire claims and virtually the entire case (all but alleged past breaches of contract), and they do not require discovery. X tries to make hay of the fact that its backward-looking contract claims will remain, but it misrepresents the standard, which looks not just to whether a motion will dispose of the entire case but also whether it is "dispositive on the issue at which discovery is directed." P. Br. 3.

Nor does X meaningfully contend that discovery is needed to resolve any of the threshold issues Bright Data raises. It concedes Bright Data's Motion to Dismiss can be decided "on its face," and argues only that it *might* want discovery to try to dispute a fact material to Bright Data's summary judgment motion. ECF 48 at 2. But the only material fact to that motion outside of X's allegations is Bright Data's letter terminating its accounts and rejecting X's Terms. Either there can be a contract after such express rejection, or there cannot. That is a legal question that can be decided now, and can obviate or at least focus any future discovery.

Despite X's mantra to the contrary, Bright Data does not seek an "automatic" stay. P. Br. 4, 5, 6, 9. It seeks a stay under the established test in this District. As an initial matter, X does not dispute that merits discovery cannot commence at least until personal jurisdiction over Bright Data is established. X's failure to respond on this issue amounts to a concession. That covers the bulk of X's claims. Nor is Bright Data simply seeking to avoid the normal burdens of discovery. Discovery in this case will be intrusive, burdensome, and complicated. Even beginning discovery will require resolving a number of threshold issues, such as how Source Code and customer discovery should be conducted in order to protect Bright Data's significant confidentiality concerns. That could prove to be a wasted effort if even parts of Bright Data's motions are granted. Take X's tortious interference claim for example. If X cannot state this claim, or the court finds there is no jurisdiction over it, there is no need for customer-related discovery.[1]

X's opposition boils down to two arguments: Bright Data's motions do not cover the entire case because a *portion* of a single claim is not covered; and delaying discovery will delay

---

[1] X does not dispute that it attempts to slip a customer facilitation contract claim under the radar without disclosing the claim relies on a recent amendment to its Terms that post-dates Bright Data's termination of its accounts and express rejection of X's Terms.

adjudication of the merits. The former misstates the law, and the latter misstates the facts. As noted, the standard is whether discovery as to a particular issue may be precluded by a dispositive motion. That is indisputably true here. Bright Data's Motion to Dismiss will be argued on January 10th, and its Motion for Summary Judgment can be fully briefed a little over a month later. X has not identified any discovery necessary to resolve either motion. Both should be heard and any remaining need for discovery addressed afterwards. That is the most expedient and efficient path forward. For that reason, a short stay of discovery is warranted.

## II.     DISCOVERY SHOULD BE STAYED UNTIL PERSONAL JURISDICTION IS ESTABLISHED.

As Bright Data explained, there can be no merits discovery without jurisdiction. D. Br. 6 (citing cases). As the Supreme Court put it, "without jurisdiction the court cannot proceed at all in any cause." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007); *see also Malley v. San Jose Midtown Dev. LLC*, 2020 WL 5877575, *7 (N.D. Cal. 2020) ("Further, the Motions to Dismiss include a jurisdiction challenge that would remove the Court's jurisdiction over the state law claims, which serves as an additional reason to issue a stay."). X does not address this fundamental principle. Nor does X dispute that bifurcating discovery is neither desirable nor efficient. D. Br. 1, 7. X's failure to rebut these arguments is a concession of the issues. *See Ardente, Inc. v. Shanley*, 2010 WL 546485, *6 (N.D. Cal. 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence."); *Pecover v. Elecs. Arts Inc.*, 633 F. Supp. 2d 976, 984 (N.D. Cal. 2009) ("Plaintiffs have effectively conceded, by failing to address the issue in their opposition memorandum"); *Layton v. Green Valley Vill. Cmty. Ass'n*, 2022 WL 1748067, *1 (D. Nev. 2022) (granting defendant's motion to stay because plaintiff "[did] not respond to Defendants' substantive arguments").

Unable to argue that full merits discovery is even permissible while jurisdiction is in dispute, X turns to the merits of Bright Data's personal jurisdiction motion, arguing "the Court will either find the allegations … sufficient and deny Bright Data's 12(b)(2) motion, or … it may grant leave for jurisdictional discovery." P. Br. 9. Of course, X misses the third possibility – in Bright Data's view, the more likely one – that the Court grants Bright Data's motion and dismisses

X's tort claims for lack of jurisdiction. But those are issues to be decided on the Rule 12 motion, not here. With a challenge to personal jurisdiction pending, a stay is required. *See Jeter v. President of the United States*, 670 F. App'x 493, 494 (9th Cir. 2016) (discovery stay appropriate pending "resolution of jurisdictional issues"). To hold otherwise would violate Bright Data's due process rights, and X provides no response.

X requests jurisdictional discovery **only** "if this Court finds that additional facts are needed to assess personal jurisdiction." ECF 48 at 19.[2] Thus, X's own jurisdictional discovery must wait until after the Court has decided the jurisdictional portion of Bright Data's motion, or at least reached some interim ruling on the issue. In effect, X is asking for a stay of discovery too, presumably because such discovery may involve discovery of X as well as Bright Data. But X cannot have it both have ways.

Nor does the *possibility* that the Court may order jurisdictional discovery provide a justification for generally opening discovery before that determination has been made. X does not claim discovery is *necessary* to resolve Bright Data's Motion to Dismiss. It argues the opposite: that it *can* be decided "on its face." ECF 48 at 2. Nor does it dispute that Bright Data has brought a facial attack on the adequacy of X's personal jurisdiction allegations, or that, if the allegations do not "plausibly" establish jurisdiction, the Complaint should be dismissed *without further discovery*. *See Lu v. Cent. Bank of Republic of China (Taiwan)*, 610 F. App'x 674, 675 (9th Cir. 2015) (Defendants "mounted a facial attack on [plaintiff's] jurisdictional allegations, so further discovery was not relevant to the motion."); *see also Yamasaki v. Zicam LLC*, 2021 WL 3675214, *2 (N.D. Cal. 2021) (granting motion to stay in case where motions to dismiss could "be decided without additional discovery"); *Smith v. United States Dep't of Agric.*, 2016 WL 4179786, *5 (N.D. Cal. 2016) ("Discovery [is] immaterial to [defendant's] facial jurisdictional challenge."); *Ctr. for Biological Diversity v. Army Corps of Eng'rs*, 2014 WL 12923196, *7 (C.D. Cal. 2014) ("Jurisdictional discovery is inappropriate because Defendants … assert facial, not factual, attacks

---

[2] As explained in Bright Data's Motion to Dismiss and Reply, the allegations X relies on to establish minimum contacts are exactly those the Ninth Circuit found insufficient in *Briskin v. Shopify, Inc.*, 87 F. 4th 409 (9th Cir. 2023).

on jurisdiction.").[3]  Therefore, a stay would not interfere with the ability to resolve the motion to dismiss, or preclude a future grant of jurisdictional discovery.

### III. BRIGHT DATA'S MOTIONS WOULD LEAVE ONLY A PORTION OF ONE CLAIM.

X rests the majority of its stay opposition on the notion that Bright Data's Dispositive Motions would still leave a sliver of one of X's claims (its contract claim).  P. Br. 1, 4.  But in doing so, X accurately states the applicable standard but then ignores it.  The first prong of the inquiry asks, not just whether "a pending motion [is] dispositive of the entire case," but also whether it is "dispositive on the issue at which discovery is directed."  P. Br. 3 (quoting *In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, *1 (N.D. Cal. 2017)).  Stays are not limited solely to "utterly frivolous" complaints "filed merely in order to conduct a 'fishing expedition' or for settlement value" as X suggests.  P. Br. 9.  Such complaints should of course be dismissed, but the entire "purpose of F. R. Civ. P. 12[] is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."  *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F. 2d 729, 738 (9th Cir. 1987).  The same is true of X's argument that a court must be "convinced" plaintiff has no claim in order to stay discovery.  P. Br. 1 (citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981).  While a stay would certainly be warranted in such a case, it is not the only case.  *Flannery Assocs. LLC v. Barnes Fam. Ranch Assocs. LLC*, 2023 WL 8843081, *2 n.1 (E.D. Cal. 2023) ("*Wood* did not hold that a stay may *only* be granted where the judge deciding the discovery motion is 'convinced' that the plaintiff cannot state a claim.").[4]

The stay inquiry is different.  It asks, after taking a "preliminary peek" at the merits of a

---

[3] X's cases – *Laub v. U.S. Department of Interior*, *Wells Fargo & Co. v. Wells Fargo Express Co.*, and *Ross v. Abbott Vascular Inc.*– are inapposite because they assess the propriety of jurisdictional discovery, not a stay of merits discovery pending a facial attack on personal jurisdiction.  *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977); *Ross v. Abbott Vascular Inc.*, 2020 WL 4934487, *7 (N.D. Cal. 2020).

[4] X's own cases disprove the "convinced" standard.  *Qwest*, for example, looked for whether there was "at least a fifty percent chance" of defendant's succeeding on their motion to dismiss.  *Qwest Commc'ns. Corp. v. Herakles, LLC*, 2007 WL 2288299, *4 (E.D. Cal. 2007).  X's arguments that Bright Data's dispositive motions are not meritorious *enough* to warrant a stay simply reflect X's disagreement with Bright Data's positions.  But the merit and strength of those positions are for the Court to decide.

dispositive motion, whether, in the court's "broad discretion," a stay would further the efficient and cost-effective adjudication of the matter. *See Hall v. Tilton*, 2010 WL 539679, *2 (N.D. Cal. 2010) (noting there "is no dispute that, should the motion be granted, any discovery request would be moot"). This is not an "automatic" or "blanket" stay, as X seems to suggest, but one based on considered evaluation of the just, speedy, and most inexpensive path forward. Fed. R. Civ. P. 1.

That is what this Court did in *In re Graphics Processing*. Of course, if a claim "proves to be so weak that any discovery at all would be a mere fishing expedition," then discovery would be denied in the first place. But even if, after the crucible of a sufficiently strong dispositive motion, "the complaint proves to be solid save for" some element that might require discovery, then discovery can be "narrowly-directed and less burdensome." That is the benefit a stay promises and makes it the "best course." *In re Graphics Processing Units Antitrust Litig*. 2007 WL 2127577, *5 (N.D. Cal. 2007) (Alsup, J). This calculus is not limited to antitrust cases.[5] Nothing in the opinion limits its holdings or rationale to antitrust cases, and other courts have not interpreted this Court's holding in that way. *See, e.g.*, *Yiren Huang v. Futurewei Techs., Inc.*, 2018 WL 1993503, *4 (N.D. Cal. 2018) (applying *Graphics Processing* in granting a motion to stay discovery in a contract dispute). Nor is there any reason to limit discovery stays to MDLs, class actions, or actions involving pro se litigants as X suggests. Efficiency is a goal in all cases.

X's only other response to the plethora of cases granting a motion to stay pending dispositive motions is that some of them involved motions that would dispose of the entire case. P. Br. 5 n.11. But motions need not dispose of the entire case for a stay of discovery to be the most efficient course. X concedes that courts – including in this District – grant motions to stay where some portion (or even all) of a complaint may survive the motion. *See* D. Br. 7-8 (citing cases). For example, as X admits, the court in *In re Nexus 6p Products* granted a stay "until there is an operative complaint," because doing so would "allow[] the parties to commence discovery with a better understanding of which claims, if any, they must answer." 2017 WL 3581188 at *2. The court recognized – as this Court did in *Graphics Processing* – that briefly staying discovery

---

[5] To argue otherwise, X takes a quote from the case – "discovery in antitrust actions" – out of context. P. Br. 4. The quote was merely referencing *Twombly*'s recognition that discovery in antitrust cases is often expensive.

during the pendency of early dispositive motions prevents unnecessary and burdensome disputes over the proper scope of discovery. *See also Pereda v. Gen. Motors LLC*, 2022 WL 19692037, *2 (N.D. Cal. 2022) (granting motion to stay as it would "promote efficiency and conserve resources" given "[t]he complexity of the case."); *Nguyen v. BMW of N. Am., LLC*, 2021 WL 2284113, *4 (S.D. Cal. 2021) (finding that "requiring Defendant to engage in discovery that may not be permitted or accepted later" supported granting a motion to stay).

X does not dispute that granting all or even part of Bright Data's motions would obviate broad swaths of discovery. For example, elimination of tortious interference would obviate the need for competitively sensitive customer-focused discovery and related third-party practice. *See, e.g.*, *Graphics Processing.*, 2007 WL 2127577, at *5 (grating stay where discovery would raise "the issue of various objections (based, for example, on employee privacy) … that would take time to evaluate," as "Defendants have a legitimate interest in maintaining the confidentiality of their records," which "will be best decided after ruling on the Rule 12 motions"). Similarly, elimination of unjust enrichment would obviate any discovery into Bright Data's financial information. The list goes on. *See* D. Br. 9 (citing cases).

X has no response. Instead, it resorts to questioning Bright Data's sincerity in seeking early summary judgment on X's forward-looking contract claim. P. Br. 1. There is nothing "vague" or "unspecified" about Bright Data's forthcoming motion. As noted in the parties' Joint Case Management Statement, Bright Data's proposal is specific and concrete. Bright Data proposes filing its summary judgment motion by January 24th, meaning it will be fully briefed little more than a month after the Initial Case Management Conference. The motion contests the existence of a current and ongoing contract between the parties based on Bright Data's express rejection of X's terms. The arguments are formulated and rely on fundamental principles of contract law. Indeed, the argument is little different than those already submitted and *sub judice* in *Meta Platforms, Inc. v. Bright Data Ltd.*, 3:23-cv-00077-EMC, ECF 75 (N.D. Cal. June 12, 2023). X knows this – it inserted that fact into the parties' January 3 Joint Case Management Statement. Bright Data's brief in that case is attached for reference as Exhibit 1 so that the Court can take its preliminary peek. The motion only needs revision to fit the specifics of this case.

Bright Data has not filed it yet so that it can receive the Court's guidance, at the Case Management Conference, on early summary judgment practice.

The point, for purposes of assessing a stay, is that Bright Data's impending summary judgment motion requires no discovery (X does not claim otherwise)[6] and would remove from the case an entire claim and any necessity for discovery post-dating Bright Data's rejection of X's terms. A stay is not a bid to "avoid consideration of the merits." P. Br. 2. It is a bid to reach the *actual* merits in the most efficient way. It should be granted.[7]

## IV. NEITHER OF BRIGHT DATA'S MOTIONS REQUIRES DISCOVERY.

X concedes that "no discovery is needed to resolve the Motion to Dismiss." P. Br. 10. Instead, it simply argues that that fact *by itself* is not enough to warrant a stay. Bright Data does not contend otherwise, but it indisputably satisfies the second prong of the stay inquiry. That, along with the strength of Bright Data's motions, and the fact that granting all or part of them will narrow and focus the potential scope of discovery here, warrants a stay.

So too does the absence of any prejudice to X.

## V. A STAY PROMOTES EFFICIENCY, NOT PREJUDICE.

X does not deny it seeks no preliminary relief. Nor does it claim any exigency. That was

---

[6] X's argument that Bright Data presents no evidence "of how or why there is allegedly no contractual relationship" is gratuitous. P. Br. 9-10. X well knows that Bright Data sent a letter, shortly after X filed its complaint, notifying X that it was terminating its accounts and rejected any agreement to X's Terms. X cannot dispute what the letter says, leaving only the legal impact of it for determination on summary judgment.

[7] X's cases do not compel a different result. *Novelposter v. Javitch Canfield Group* denied a stay requested by plaintiffs because they "simply assert[ed]" a stay would not prejudice the non-movant and did not address the first prong of the district's two-prong test at all. 2014 WL 12618174, *1 (N.D. Cal. 2014). *Skellerup v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995) similarly involved a "conclusory" motion based on "idle speculation" after a co-defendant answered and was already participating in discovery. That is neither this case nor Bright Data's motion. *Digiacinto v. RB Health United States LLC*, 2022 WL 20087460, *1 (N.D. Cal. 2022) is inapposite because the court had no means to preliminarily assess the merits of the dispositive motion because it had not been filed. Here, Bright Data's motion to dismiss is filed and its summary judgment arguments are set forth in Ex. 1. *Palantir Techs. Inc. v. Abramowitz* came after three rounds of amendments to the plaintiffs' complaint, and so has little bearing on the procedural posture here. 2020 WL 13548687, *1 (N.D. Cal. 2020). *San Francisco Tech. v. Kraco Enterprises LLC* applied the efficiency standard Bright Data advances, but found under the particular claims in that case that some discovery "would promote … judicial efficiency" and after a preliminary peek, "the discovery at issue will not be wasted." 2011 WL 2193397, *3-4 (N.D. Cal. 2011). The opposite is true here. *Moran v. Flaherty* was an appeal from a magistrate judge's order that was decided under a clearly erroneous standard inapplicable here. 1992 WL 276913, *1 (S.D.N.Y. 1992).

enough to dispose of the prejudice issue in *Graphics Processing*. 2007 WL 2127577, at *5 ("Our immediate circumstances omit any compelling need for prompt discovery, such as might be the case if provisional relief were being sought or if testimony needed to be preserved due to ill health of a witness.… We have time enough to critique the complaint"). Without an "urgent need for immediate discovery," a stay is appropriate. *Id.*; *Yiren Huang*, 2018 WL 1993503, at *4. (same).

X's only complaint is a purported "delay [in] resolution of the issues." P. Br. 11. But Bright Data proposes getting to the heart of the issues as quickly as possible. Its Motion to Dismiss addresses not just some technical pleading deficiency that might be fixed through amendment, but the fundamental legal viability of X's tort claims. Its Summary Judgment motion will do the same as to X's forward-looking contract claim and ability to seek injunctive relief. X does not identify any discovery that is *necessary* to resolution of those issues. That means discovery now would at best detract focus from the actual merits and at worst prove completely unnecessary and a waste of resources. That is precisely why courts grant stays in cases like this one. *See, e.g.*, *Flannery Assocs. LLC v. Barnes Family Ranch Assocs., LLC*, 2023 WL 8843081, *3 (E.D. Cal. 2023) ("It is significant that the pending motion to dismiss rests primarily on a challenge to plaintiff's claims as a 'matter of law' [and] weighs in favor of a stay….").

As to summary judgment, the time it will take to brief the issues will cause no prejudice or any real delay. *See In re Nexus 6p Prods Liab. Litig.*, 2017 WL 3581188, at *2 (staying discovery where it "will be stayed for approximately three months until the hearing on [defendants'] motions to dismiss" which "does not unduly prejudice Plaintiffs"); *Yamasaki*, 2021 WL 3675214, at *2. ("The Court also notes that the pending motion to dismiss will be fully briefed next month, and can be decided without additional discovery. There is therefore minimal risk of prejudice to either party."). Bright Data's Summary Judgment Motion, X says, "would … prohibit [it] from using discovery tools to obtain evidence demonstrating fact issues on any such motion." P. Br. 11. But to the extent X believes there can be a fact issue about Bright Data's rejection of X's Terms, that is precisely what Rule 56(d) is for. *See* Fed. R. Civ. P. 56(d). And on a pre-discovery summary judgment, the allegations of the complaint are taken as true. *See* Wright & Miller, 10A Fed. Prac. & Proc. Civ. § 2713 (4th ed. 2008) ("a summary-judgment motion may be made on the **basis of**

*the pleadings alone*, and if this is done it functionally is the same as a motion to dismiss for failure to state a claim or for a judgment on the pleadings."). X is well aware of Bright Data's summary judgment arguments, and it has not identified any discovery necessary to counter them.

Nor is Bright Data simply seeking to resist the 'normal' burdens of discovery.[8] It is seeking to save the parties, and the Court, from burdens that may be unnecessary. It's not just the burden of discovery that matters. In *Graphics Processing*, the burden of the requested discovery was "already gathered, assembled, and produced to the government" and so would involve only "incremental cost [that] would be minor in the overall picture." 2007 WL 2127577, at *5. But that was of no moment. The important fact was that the discovery could very well be unnecessary and wasteful. The Court thus avoided likely disputes over privacy and confidentiality issues until they actually became necessary. *Id.*

The same is true here. X does not deny it is seeking some of the most sensitive information in Bright Data's files: its customers, its technology (down to the Source Code), and its finances. The propriety of seeking such discovery must first be adjudicated, and then if allowed, the form and process of such discovery must be defined in order to protect Bright Data's legitimate confidentiality interests. *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, *3 (N.D. Ill. 2008) (granting defendant's motion to stay when plaintiffs requested "customer data, including every piece of communication with customers and potential customers," given that the discovery was "extensive, voluminous, and expensive … [and requested a] highly sensitive subject matter to turn over to one's competitor.").

There is no rush. It only makes sense – as it did in *Graphics Processing* – to first determine what claims will survive in the case and then what discovery might be necessary.

## VI. CONCLUSION.

For the foregoing reasons, the Court should stay discovery.

---

[8] X's reliance on *Lockyer v. Mirant Corp.* and its progeny is misplaced. 398 F.3d 1098 (9th Cir. 2005). Those cases address the so-called "*Landis* Stay," which pauses an entire action in favor of a parallel proceeding. It is not the same as a limited stay of discovery.

Dated: January 3, 2024

Respectfully submitted,

*/s/ Colin Kass*

Colin R. Kass*
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 416-6890
ckass@proskauer.com

David A. Munkittrick*
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
dmunkittrick@proskauer.com

Robert C. Goodman (Bar No. 111554)
Lauren Kramer Sujeeth (Bar No. 259821)
ROGERS JOSEPH O'DONNELL, PC
311 California Street, 10th Floor
San Francisco, CA 94104
(415) 956-2828
rgoodman@rjo.com
lsujeeth@rjo.com

Sehreen Ladak (Bar No. 307895)
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
(310) 284-5652
sladak@proskauer.com

*Attorneys for Defendant Bright Data Ltd.*
**Admitted pro hac vice*