Colin R. Kass (*pro hac vice*)
PROSKAUER ROSE LLP
1001 Pennsylvania, Ave., N.W.
Washington, D.C. 20004
(202) 416-6890
ckass@proskauer.com

Robert C. Goodman (Bar No. 111554)
Lauren Kramer Sujeeth (Bar No. 259821)
ROGERS, JOSEPH, O'DONNELL, PC
311 California Street, 10th Floor
San Francisco, CA 94104
(415) 956-2828
rgoodman@rjo.com
lsujeeth@rjo.com

*Attorneys for Defendant Bright Data Ltd.*
*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| X Corp., <br><br> Plaintiff, <br><br> v. <br><br> BRIGHT DATA LTD. <br><br> Defendant | Case No.  23-cv-03698-WHA <br><br> Time:  January 10, 2024, 8:00 AM <br> Court: Courtroom 12 <br> Judge: Hon. William Alsup |

**BRIGHT DATA'S STATEMENT RECENT AUTHORITY**

Bright Data submits this Statement of Supplemental Authority concerning the Ninth Circuit's decision this week in *Doe v. WebGroup Czech Republic, A.S.,* 2024 WL 16828 (9th Cir. Jan. 2, 2024) on personal jurisdiction.  (Attached Ex. 1).  We submit this statement, not because the case is relevant to X's claims, but to bring it to the Court's attention and to explain why it is irrelevant.  Put simply, *Doe* involved ***federal claims*** and defendants that were not subject to the personal jurisdiction of ***any*** state court.

Under Federal Rule of Civil Procedure 4(k)(2), where there is federal question jurisdiction,

but no state court can exercise jurisdiction over the defendant, the court looks to the defendants' contacts with the United States as a whole. *Id*. (*quoting* Fed. R. Civ. P. 4(k)(2) ("For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws.")). Rule 4(k)(2), therefore, is triggered only if the state court **cannot** exercise personal jurisdiction.

In *Doe*, even though the plaintiff was a California resident, part of the tortious conduct (the underlying abuse) occurred in California, and the defendant contracted with California-based entities to provide its services, California lacked jurisdiction under *Shopify*. *Doe*, 2024 WL 16828; *Briskin v. Shopify, Inc.*, 87 F.4th 404 (9th Cir. 2023). Indeed, because Rule 4(k)(2) would not apply if California had jurisdiction, all conduct at issue in *Doe* must, by definition, fail to establish conduct "expressly aimed" at California. While the plaintiff also brought a state law claim under California law, the Ninth Circuit did not hold that there was independent specific personal jurisdiction for that claim. Instead, it exercised pendant party jurisdiction because of the existence of a *federal* claim for which there was jurisdiction under Rule 4(k)(2). 2024 WL 16828, at *4 n.5 ("[W]hen *federal law* allows for personal jurisdiction against a particular defendant with respect to *federal claims*, pendent or supplemental jurisdiction may be asserted over related state law claims against the same defendant.").

While in *Shopify*, the Ninth Circuit held that state courts lack personal jurisdiction "[w]hen a company operates a **nationally** available e-commerce payment platform and is indifferent to the location of end-users," *see* 87 F. 4th at 409, in *Doe*, the court explained that where federal law is implicated, a broader approach is warranted. 2024 WL 16828, at *4 n.5. In such cases, if no state court has personal jurisdiction over the defendant, then the court can still exercise jurisdiction if the defendant has sufficient contacts with the "United States as a whole." That is, Congress's power to exercise jurisdiction over foreign defendants consistent with the Constitution of the United States is broader than any individual State's power to interfere with interstate commerce by exercising personal jurisdiction over national internet platforms.

This principle disposes of X's claims because it only brings state law causes of action.

Dated: January 5, 2024					Respectfully submitted,

/s/ *Colin Kass*
Colin R. Kass*
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 416-6890
ckass@proskauer.com

David A. Munkittrick*
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
dmunkittrick@proskauer.com

Robert C. Goodman (Bar No. 111554)
Lauren Kramer Sujeeth (Bar No. 259821)
ROGERS JOSEPH O'DONNELL, PC
311 California Street, 10th Floor
San Francisco, CA 94104
(415) 956-2828
rgoodman@rjo.com
lsujeeth@rjo.com

Sehreen Ladak (Bar No. 307895)
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
(310) 284-5652
sladak@proskauer.com

*Attorneys for Defendant Bright Data Ltd.*
**Admitted pro hac vice*