ATTACHMENT 1



## THE GLOBAL TOWN SQUARE

**Where brands and customers meet.**

[ Start advertising ]

### I want to:

| Grow my Business | Advertise on X | Get started as a Creator | Explore X Products |
|---|---|---|---|

Get verified to start advertising on X.

[ Learn more ]



## Our audience is influential, plugged-in and in a discovery mindset

**#1**     **528.3m**     **12.5%**

### X Ads Academy

Learn everything you need to know about advertising on X to achieve your marketing goals.

[ Start learning ]

## Success Stories

**Christian Dior Couture**

**AQUA Indonesia Hydration Reminders**

**On**

[ Read more ]   [ Read more ]   [ Read more ]

[ Find more ]

Follow **@XBusiness** for more

Check our curation of the latest X news from **blog.x.com**

Visit our **blog**, subscribe to **our newsletter**, and start **advertising**.

ATTACHMENT 2







Home
Explore
Notifications
Messages
Grok
Lists
Bookmarks
Communities
Premium
Profile
More
Post

William Reid
@WilliamRei49577

Hola
612 posts

Follow

**Hola**
@hola_org

The only free app to get access to global content. To get the best out of the internet, whether it be for streaming, shopping or travel, head over to hola.org

hola.org/browser Joined January 2010

**158** Following **3,830** Followers

Not followed by anyone you're following

Posts Replies Media Likes

**Hola** @hola_org · Mar 15, 2023
Honestly, you're gonna love Hola Premium!

To find out more, head on over to bit.ly/3IYjY9R

#access #global #online #content #borderlessinternet #innovation

5 1 6 732

**Hola** @hola_org · Feb 16, 2023
"It's probably fair to say that at some point in the last few years, we've all had a "the world is a mess" moment - and that's putting it diplomatically (and very, very politely)" - Jonathan Zurel, Global Communication Manager at Hola

hola.org
Hola | The continuing rise of splinternets
The continuing, brazen rise of splinternets and how you can help combat their online takeover. We are ...

1 1 490

**Hola** @hola_org · Feb 14, 2023
@itsdaddyandyy is such a vibe! Thanks for the love! #access #global #online #content #borderless #browser hola.org/browser

Search

## You might like

Alex Dowsett
@alexdowsett
Follow

DJ STEVIE J aka THE S
@WhoIsStevieJ
Follow

Yes, The fire rises
@TheFireRises114
Follow

Show more

## What's happening

Avalanche at Devils
NHL · Starts at 7:30 PM

Music · Trending
Drake
387K posts

Politics · Trending
Sebastián Piñera
46K posts

Trending in Texas
Tucker Carlson
224K posts

Sports · Trending
Kamille
1,387 posts

Show more

Terms of Service Privacy Policy Cookie Policy
Accessibility Ads info More ··· © 2024 X Corp.

Home

Explore

Notifications

Messages

Grok

Lists

Bookmarks

Communities

Premium

Profile

More

**Post**



💬    ⟲ 1    ♡ 1    ▭ 406    🔖  ⬆

**Hola** @hola_org · Feb 2, 2023                                   ⋯
Hola Premium. High Definition. Uninterrupted. Get it today!

hola.org/premium

#borderlessinternet #access #global #online #content



💬    ⟲ 1    ♡ 3    ▭ 361    🔖  ⬆

William Reid                                   ⋯
@WilliamRei49577



X

Home

Explore

Notifications

Messages

Grok

Lists

Bookmarks

Communities

Premium

Profile

More

**Post**

William Reid
@WilliamRei49577

···



X

🏠 Home

🔍 Explore

🔔 Notifications

✉ Messages

Grok

☰ Lists

🔖 Bookmarks

👥 Communities

✕ Premium

👤 Profile

⊙ More

**Post**

William Reid
@WilliamRei49577                    ···



Home

Explore

Notifications

Messages

Grok

Lists

Bookmarks

Communities

Premium

Profile

More

**Post**

William Reid
@WilliamRei49577
...

# ATTACHMENT 3







Home
Explore
Notifications
Messages
Grok
Lists
Bookmarks
Communities
Premium
Profile
More
Post

**Luminati.io (Now Bright Data)**
10 posts

Follow

**Luminati.io (Now Bright Data)**
@luminatinetwork

We are now @bright_data , learn about what's new on our homepage.

lmti.io/2PxZui Joined February 2016

**37** Following **21** Followers

Not followed by anyone you're following

Posts Replies Media Likes

Luminati.io (Now Bright Data) reposted
**Kin + Carta Europe** @kinandcarta_eu · Oct 2, 2018
We're excited to announce that AmazeRealise have been named the #1 Design & Build agency within the UK and recognised as a top 10 agency within @Econsultancy's #Top100DigitalAgencies for 2018.
realise.com/news/amazereal...

8 11

Luminati.io (Now Bright Data) reposted
**Louise Anne Finch** @loufnch · Apr 30, 2018
A few free tickets left for your chance to hear from the Microsoft Team with sessions including Cognitive Services and Bots, Data and Business Intelligence and Analytics.

Liverpool: bit.ly/2JoKuZv
Manchester: bit.ly/2HZh3Ou

10 7

Luminati.io (Now Bright Data) reposted
**Kin + Carta Europe** @kinandcarta_eu · Dec 15, 2017
Christmas is a time for family. So we have brought together our work family to create a single showreel celebrating the best of our client work this year. We hope you will enjoy it. Happy Christmas. @realisetweets @Branded_3

vimeo.com
AmazeRealise Showreel
This is "AmazeRealise Showreel" by Kin + Carta on Vimeo, the home for high quality videos and the ...

8 10

Search

**You might like**

vmlogin @vmlogin Follow
usersdot @usersdotcom Follow
Rupert @RupertData Follow
Show more

**What's happening**

**Avalanche at Devils**
NHL · Starts at 7:30 PM

Trending in United States
**Drake**
392K posts

Politics · Trending
**Sebastián Piñera**
54.4K posts

Sports · Trending
**Kamille**
1,412 posts

Politics · Trending
**Vladimir Putin**
119K posts

Show more

Terms of Service Privacy Policy Cookie Policy
Accessibility Ads info More ... © 2024 X Corp.

William Reid
@WilliamRei49577

X
Home
Explore
Notifications
Messages
Grok
Lists
Bookmarks
Communities
Premium
Profile
More
Post

Luminati.io (Now Bright Data) reposted
**LFC Stats** @LFCData · Nov 22, 2017
Quite the difference 👀

LFC Stats
@LFCData

Jordan Henderson vs Sevilla
55% passing
0 take-ons
0 tackles won
0 aerial duels won
5 fouls
1 booking
'Captain'

@LFCData

Naby Keita vs Monaco
79% passing
62.5% of passes went forward
2 shots
1 goal
7 tackles
4/4 take-ons
2 aerial duels
3 clearances

15 99 162

Luminati.io (Now Bright Data) reposted
**BIMA (British Interactive Media Association)** @BIMA · Sep 14, 2017
Transforming digital services for Childline, @amazeltd are the #BIMAAwards17 winners for 'Technology: Conscience'

8 11

## Who to follow

**Karthikeyan K**
@KKarthik_vk
Data scientist | Techsavvy 💻| Sports ⚽| Music 🎧| Anime ⚡
Follow

**Paul Gruffydd**
@PaulGruffydd
Technical Director at @kinandcarta & Optimizely MVP
Follow

**William Reid**
@WilliamRei49577

X

- Home
- Explore
- Notifications
- Messages
- Grok
- Lists
- Bookmarks
- Communities
- Premium
- Profile
- More

**Post**

**William Reid**
@WilliamRei49577

...

ATTACHMENT 4





Home
Explore
Notifications
Messages
Grok
Lists
Bookmarks
Communities
Premium
Profile
More
Post

William Reid
@WilliamRei49577

**Luminati Networks**
2 posts

hola! Luminati
A proxy solution that works

Follow

**Luminati Networks**
@Luminati_Proxy

Luminati, powered by Hola, is the world's largest and most reliable business proxy network, with millions of exit nodes in 192 countries and city in the world.

Israel luminati.io/?cam=twitter Joined January 2016

**4** Following **30** Followers

Not followed by anyone you're following

Posts Replies Media Likes

**Luminati Networks** @Luminati_Proxy · Feb 1, 2016
6 Reasons You Are Underestimating Your Proxy Service Cost :luminati.io/blog/6-reasons...
#proxythatworks #proxy #Luminati
1

**Luminati Networks** @Luminati_Proxy · Jan 27, 2016
Are your brands advertisements showing up on porn sites? check out our new blog post luminati.io/blog/protect-b... #proxythatworks #proxy #ads

## Who to follow

**NOAH**
@noah_ict
MMXM
Follow

**Isab**
@Binjiang63
lol
Follow

**Jack**
@JVCKW
Follow

Show more

Search

## You might like

**NOAH** @noah_ict Follow
**Isab** @Binjiang63 Follow
**Dattox** @DATTOX_ Follow

Show more

## What's happening

**Avalanche at Devils**
NHL · Starts at 7:30 PM

Trending in United States
**Drake**
387K posts

Politics · Trending
**Sebastián Piñera**
46K posts

Trending in Texas
**Tucker Carlson**
224K posts

Sports · Trending
**Kamille**
1,412 posts

Show more

Terms of Service Privacy Policy Cookie Policy Accessibility Ads info More ··· © 2024 X Corp.

X

Home

Explore

Notifications

Messages

Grok

Lists

Bookmarks

Communities

Premium

Profile

More

**Post**

William Reid
@WilliamRei49577    ...

# ATTACHMENT 5

2/6/24, 1:35 PM

Luminati is now Bright Data

Start Free Trial

# We are Bright Data.
# We were Luminati

We've grown from proxy infrastructure into the world's #1 web data platform.
This called for a new name.

Go to new home page





Start free trial









 

## Our rebrand story

In 2014, we founded Luminati Networks, the premier proxy infrastructure platform for business. Our old name "Luminati" reflected our mission to grant every organization equal access to the internet via proxies–to "illuminate" what was hidden from them on the internet.

We've since expanded to become the world's most trusted automated web data platform, servicing the data needs of nearly every sector of the global economy and 15,000+ customers.

Our new name "Bright Data" marks our expanded mission, to power economic innovation through automated collection and delivery of high-quality web data, ready for immediate analysis.

## Our Values

### Internet Freedom

Our company was created with a simple vision: that everyone has a right to access the web's public data and to see the internet as it truly is, without being misled or denied access to public information. We create products that help companies big and small, as well as non-commercial organizations, access and collect the web's public data.

### Free Markets

We believe that providing access to public web data is essential to preserving a free market. Free markets require a level playing field. In today's digital economy, a level playing field means reliable access to the digital sphere of high quality data. We believe that access to web data drives the best that free markets offer: disruptive innovation that allows businesses to win markets, making entire industries more efficient, and expanding wealth for everyone.



### Disruptive Innovation

We believe in disrupting the old ways of doing things, and rethinking established truths. We've rapidly innovated, with over 760+ granted patent claims in six years, maintaining our leadership in a dynamic industry. Our rapidly adaptive technologies allow businesses to maintain a leading position, using data to disrupt business-as-usual in their own industries.

### Web Data for Good

We believe in using public web data to drive positive change. We created the Bright Initiative to provide public bodies, non-profit organizations, and academic institutions around the world with data and expertise to tackle the most pressing global issues of our time. To date, the Initiative includes over 140 organizations and universities, such as Princeton University, Oxford University, Virginia Tech, and many more.

## Tap into the power of web data with our best in-class solutions

 



| PRODUCTS | PROXY SERVICES |
|---|---|
| Datasets | Residential Proxies |
| Web Scraper IDE | Mobile Proxies |
| Scraping Browser | ISP Proxies |
| SERP API | Datacenter Proxies |
| Bright Insights | Proxy Servers |
| Web Unlocker | Proxy IP Locations |
| Proxy Manager | Proxy Solutions |
| Proxy Browser Extension | |
| Proxy API | |

| PRICING | LEARNING CENTER |
|---|---|
| Proxy Network | Data Documentary |
| Web Scraper IDE | Iron Analyst |
| Scraping Browser | Web Data Masterclass |
| SERP API | FAQ |
| Datasets | Webinars |

| PROGRAMS | LEGAL |
|---|---|
| Impact Report 2023 | Patents |
| Affiliate Program | Privacy Policy |
| Partners | Don't Sell My Personal Info |
| SDK | Ethical |
| Security Vulnerabilities | Service Agreement |

| COMPANY | |
|---|---|
| About | |
| Blog | |
| Use Cases | |
| Support Services | |



Testimonials

Careers

Career Journeys

Contact

Media Center

Network Status

Bright VPN

Bright Initiative

CONTACT US

FOLLOW US

© Copyright 2024 Bright Data Ltd. | All rights reserved

Bright Data Ltd. (Headquarters), 4 Hamahshev St., Netanya 4250714, Israel (POB 8025).
Bright Data, Inc., 500 7th Ave, 9th Floor Office 9A1234, New York, NY 10018, United States.



# ATTACHMENT 6



**DATASETS**

Start Free Trial

# Twitter Datasets

Tap into Twitter public accounts with Bright Data's Twitter dataset. Use innovative filtering capabilities to monitor sentiment, identify trends, or locate the right influencers, it's really up to you.



Accessibility

**Request dataset** ›

| Username | Following | Followers | Posts | Shares | Verified account |
|---|---|---|---|---|---|
| @MarkWilliams | 23K | 36K | 4K | 85K | Yes |
| @JonathanSmith | 97K | 120K | 13K | 2M | Yes |
| @AmandaMiller | 49K | 60K | 7K | 92K | No |

Start Free Trial

# Forbes        VB        te

Accessibility

## Twitter Datasets

Added and enriched data points on top of the data extracted from Twitter may include:
# of followers, verified, account type, links, bio, brand affiliation, posts, images, tweets, shares, location, hashtags, and much more.



Start Free Trial

Accessibility



# Locate the Right Twitter Influencers

Find Twitter influencers with high social impact by using our Twitter datasets to analyze engagement, brand affiliation, followers, etc. Collaborate with those who can promote your brand most effectively.

**Request dataset**

# Monitor brand reputation and consumer sentiment

Start Free Trial

Request dataset



7/10/23, 4:49 PM    B2B Twitter Dataset

Start Free Trial

Accessibility



## Discover new trends and opportunities

Find companies, professionals, new market opportunities, trending products, and what your competitors are doing about it.

Request dataset

## Dataset Features

Get easy to use, well-structured datasets for any use case

Start Free Trial

Accessibility

## Structure maintenance

Datasets are maintained based on website structure changes

## Custom output fields

Define custom output fields to meet specific business requirements

## 24/7 support

We provide assistance to our customers whenever they need it

## Subscription

Data feed of new/updated records, based on a predefined schedule

Start Free Trial

Amazon S3, Google Cloud PubSub, SFTP, and Microsoft Azure.

## Different file output formats

Datasets in the format of JSON, ndJSON, CSV, or Excel

## Dedicated account manager

Management of your data collection by a dedicated account manager

## Data Scaling

Define servers to handle large amount of data requests

## Data quality assurance

Accessibility

Start Free Trial

Accessibility

## We'll provide the data while you focus on the rest



### Easy Discovery

Tap into all data points available on a website, which can be very challenging to discover when collecting yourself.



### Accurate and Complete

Get fresh, precise, and complete datasets, covering millions of pages and tens of millions of data points.

Start Free Trial

Accessibility



### Enriched Data

Increase the value and usability of your dataset by integrating multiple data sources to create a valuable enriched dataset.



### Leaders in Compliance

Bright Data is fully committed to complying with all relevant data protection legal requirements, including GDPR and CCPA.

## Various Formats

Datasets in JSON, ndJSON, CSV, or XLSX will be delivered to your preferred storage.

Delivery methods include: AWS, Google Drive, Google Cloud Storage, SFTP, and more!





## Flexible Pricing

Send us your requirements and we'll provide you with a quote for your requested dataset.

- Price starts from $0.001/record



Start Free Trial

Accessibility

★★★★ ★ **Trustpilot**

## Get your Twitter dataset today.

Request dataset  >

## Twitter dataset common questions

**What data may be included in the Twitter dataset?**  ⌄

**Can I get updates for my purchased Twitter dataset?**  ⌄

**Can I purchase a subset of the Twitter dataset?**  ⌄

**In what format will I receive the Twitter dataset?**  ⌄

**Can I scrape Twitter's public data by myself?**  ⌄

If you don't want to purchase a Twitter dataset, you can start scraping Twitter public data using our Web Scraper
IDE.

**bright** data 

Start Free Trial ☰

PRODUCTS ⌄

PROXY SERVICES ⌄

PRICING ⌄

PROGRAMS ⌄

LEARNING CENTER ⌄

LEGAL ⌄

COMPANY ⌄

CLOUD PARTNERSHIPS ⌄

CUSTOMER EXCELLENCE PARTNERSHIPS ⌄

PARTNERSHIPS ⌄

Start Free Trial ›

CONTACT US

FOLLOW US

© Copyright 2023 Bright Data Ltd. | All rights reserved

Bright Data Ltd. (Headquarters), 4 Hamahshev St., Netanya 4250714, Israel (POB 8025)
229 W 36th St., New York, NY 10018, United States.

ATTACHMENT 7



Start Free Trial

Search for website

‹ index     **About**

# Twitter Scraper

Scrape Twitter and scrape data such from public Twitter profiles. Collect data on URLs, hashtags, images, videos, tweets, retweets, conversation threads, followers/following, locations, and more.

Start Free Trial ›

Accessibility

Twitter Scraper | Bright Data

Start Free Trial



Use Bright Data's Web Scraper IDE,

Start Free Trial

Accessibility

## Twitter Scraper use cases

Scrape Twitter to monitor consumer sentiment

Find new influencers and monitor shifts in popularity

Protect your brand image by capturing users' conversations

Easily stay on top of new trending topics

## Twitter Scraper Overview

✓ Easy data scraping for beginners

✓ Utilizes proprietary technology to unlock sites

✓ Infinitely scalable – collect as much data as you need quickly and completely

✓ Fully compliant with industry best practices and privacy regulations (GDPR, CCPA)

Start Free Trial ›

Start Free Trial

Accessibility

### Twitter profile

Collect profile data by profile URL

### Twitter tweets

Collect tweets by tweet URL

### Twitter keyword or hashtag

Collect tweets by keyword or #hashtag - DEMO

## Twitter keyword or hashtag

**Sample Input**

search

#love

**Sample Output**

Start Free Trial

```
    "id_str": "1417746521731133443",
    "full_text": "All my heart to this movie 🐝🍃❤️ #love #selfcare
#WEALLHUMAN https:\/\/t.co\/m1lwyJNGF4",
    "truncated": false,
    "source": "\u003Ca
href=\u0022http:\/\/twitter.com\/download\/iphone\u0022
rel=\u0022nofollow\u0022\u003ETwitter for iPhone\u003C\/a\u003E",
    "in_reply_to_status_id": null,
    "in_reply_to_status_id_str": null,
    "in_reply_to_user_id": null,
    "in_reply_to_user_id_str": null,
    "in_reply_to_screen_name": null,
    "user_id_str": "1414891075982880770",
    "geo": null,
    "coordinates": null,
    "contributors": null,
```

# Twitter profile

**Sample Input**

url

https://twitter.com/billieeilish

number_of_tweets

70

**Sample Output**

Accessibility

Start Free Trial

```
    "isVerified": true,
    "bio": "Newton is a very handsome boy.",
    "location": "California, USA",
    "following": 2067,
    "followers": 17192867,
    "website_url": "http:\/\/spotify.link\/NetflixHub",
    "posts": 43328,
    "media_count": 10778,
    "profile_background_image_url":
"https:\/\/pbs.twimg.com\/profile_banners\/16573941\/1648216530",
    "profile_image_url":
"https:\/\/pbs.twimg.com\/profile_images\/1235992718171467776\/PaX2Bz1S_nor
    "created": "Fri Oct 03 04:16:17 +0000 2008",
    "handle": "netflix",
    "collected_number_of_posts": 20,
```

Accessibility

## Twitter tweets

**Sample Input**

url

https://twitter.com/billieeilish/status/1288974168399069185

**Sample Output**

Start Free Trial

Accessibility

```
        "1448695234561380352"
    ],
    "post_url":
"https:\/\/twitter.com\/NYUABetterTech\/status\/1448695234561380352",
    "post_text": "Happening now! Join @NaDomagala, @maria_axente, Dave
Tarrant, Olivia Gambelin and hear responsible technology professionals from
different sectors sharing what skills they have found the most useful when
working in technology and data ethics.",
    "post_time": "Thu Oct 14 17:00:34 +0000 2021",
    "retweets": 0,
    "comments": 0,
    "likes": 1,
    "status": "Ok"
}
```

## Web Scraper IDE Features

Leave your scraping limitations behind with our hosted cloud solution

### Pre-made web scraper templates

Get started quickly and adapt existing code to your specific needs

Start Free Trial

Accessibility

Watch your code as you build it and debug errors in your code quickly

### Built-in debug tools

Debug what happened in a past crawl to understand what needs fixing in the next version

### Browser scripting in JavaScript

Handle your browser control and parsing codes with simple procedural JavaScript

### Ready-made functions

Capture browser network calls, configure a proxy, extract data from lazy loading UI, and more!

### Easy parser creation

Start Free Trial

## Auto-scaling infrastructure

You don't need to invest in the hardware or software to manage an enterprise-grade web scraper

## Integration

Emulate a user in any geo-location with built-in fingerprinting, automated retries, CAPTCHA solving, and more.

## Built-in debug tools

Trigger crawls on a schedule or by API, and connect our API to major storage platforms

## Leverage Twitter Scraper for the following uses:

- Get a leg up on upcoming trends, predict the next fads and fashions, and keep track of consumer sentiment

Start Free Trial

- Learn about your competitors and their customers to gain insights and advantage

 Trustpilot

Accessibility

Start Free Trial  ›

## Everything you need from a web scraping solution

## Browse Bright Data's directories

A   B   C   D   E   F   G   H   I   J   K   L   M   N   O   P   Q   R   S   T   U   V   W   X   Y   Z   ?

Start Free Trial

Accessibility

## Want to learn more?

Talk to an expert to discuss your data collection needs and see our platform in action.

Start Free Trial ›

**bright** data

PRODUCTS ⌄

PROXY SERVICES ⌄

PRICING ⌄

PROGRAMS ⌄

LEARNING CENTER ⌄

LEGAL ⌄

COMPANY ⌄

CLOUD PARTNERSHIPS ⌄

CUSTOMER EXCELLENCE PARTNERSHIPS ⌄



© Copyright 2023 Bright Data Ltd. | All rights reserved

# ATTACHMENT 8



Twitter Profile Scraper

Twitter Profile Scraper | Free Trial

Search for website

‹ index     **About**

# Twitter Profile Scraper

Scrape Twitter profiles (public) and collect data such as user name, display name, likes, tweets and retweets, replies, location, Twitter handle, following/followers, URL, date of creation, and more.

**Start Free Trial** ›



**New!** Meet Scraping Browser: Everything you need for Twitter Profile scraping in one automated browser

Playwright/Puppeteer/Selenium compatible

Learn more >

Use Bright Data's Web Scraper IDE,
or purchase a Twitter dataset



**New!** Meet Scraping Browser: Everything you need for Twitter Profile scraping in one automated browser

Playwright/Puppeteer/Selenium compatible

Learn more ›

Accessibility

Scrape Twitter profiles for competitive analysis              Scrape Twitter profiles for influencer marketing

Scrape Twitter profiles for social media marketing            Scrape Twitter profiles for sentiment analysis

## Twitter Profile Scraper Overview

✓  Easy data scraping for beginners

✓  All-in-One platform integrates with our industry-leading proxies

✓  Utilizes proprietary technology to unlock sites

✓  Infinitely scalable – collect as much data as you need quickly and completely

✓  Fully compliant with industry best practices and privacy regulations (GDPR, CCPA)

Start Free Trial ›

## Output examples



**New!** Meet Scraping Browser: Everything you need for Twitter Profile scraping in one automated browser
Playwright/Puppeteer/Selenium compatible

Learn more  ›

Accessibility

### Twitter profile

Collect profile data by profile URL

### Twitter tweets

Collect tweets by tweet URL

## Twitter profile

**Sample Input**

url

https://twitter.com/billieeilish

number_of_tweets

70

**Sample Output**



**New!** Meet Scraping Browser: Everything you need for Twitter Profile scraping in one automated browser
Playwright/Puppeteer/Selenium compatible

Learn more  >

        "posts": 43328,
        "media_count": 10778,
        "profile_background_image_url":
    "https:\/\/pbs.twimg.com\/profile_banners\/16573941\/1648216530",
        "profile_image_url":
    "https:\/\/pbs.twimg.com\/profile_images\/1235992718171467776\/PaX2Bz1S_nor
        "created": "Fri Oct 03 04:16:17 +0000 2008",
        "handle": "netflix",
        "collected_number_of_posts": 20,

## Twitter tweets

**Sample Input**

url

https://twitter.com/billieeilish/status/1288974168399069185

**Sample Output**

✦

**New!** Meet Scraping Browser: Everything you need for Twitter Profile scraping in one automated browser
Playwright/Puppeteer/Selenium compatible

Learn more  ›

```
        different sectors sharing what skills they have found the most useful when
        working in technology and data ethics.",
        "post_time": "Thu Oct 14 17:00:34 +0000 2021",
        "retweets": 0,
        "comments": 0,
        "likes": 1,
        "status": "Ok"
    }
```

## Twitter keyword or hashtag

**Sample Input**

search

#love

**Sample Output**



**New!** Meet Scraping Browser: Everything you need for Twitter Profile scraping in one automated browser

Playwright/Puppeteer/Selenium compatible

Learn more ›

```
rel=\u0022nofollow\u0022\u003ETwitter for iPhone\u003C\/a\u003E",
    "in_reply_to_status_id": null,
    "in_reply_to_status_id_str": null,
    "in_reply_to_user_id": null,
    "in_reply_to_user_id_str": null,
    "in_reply_to_screen_name": null,
    "user_id_str": "1414891075982880770",
    "geo": null,
    "coordinates": null,
    "contributors": null,
```

Accessibility

# Web Scraper IDE Features

Leave your scraping limitations behind with our hosted cloud solution

### Pre-made web scraper templates

Get started quickly and adapt existing code to your specific needs

Accessibility

**New!** Meet Scraping Browser: Everything you need for Twitter Profile scraping in one automated browser

Playwright/Puppeteer/Selenium compatible

Learn more >

### Built-in debug tools

Debug what happened in a past crawl to understand what needs fixing in the next version

### Browser scripting in JavaScript

Handle your browser control and parsing codes with simple procedural JavaScript

### Ready-made functions

Capture browser network calls, configure a proxy, extract data from lazy loading UI, and more!

### Easy parser creation



**New!** Meet Scraping Browser: Everything you need for Twitter Profile scraping in one automated browser
Playwright/Puppeteer/Selenium compatible

Learn more ›

Accessibility

### Auto-scaling infrastructure

You don't need to invest in the hardware or software to manage an enterprise-grade web scraper

### Integration

Emulate a user in any geo-location with built-in fingerprinting, automated retries, CAPTCHA solving, and more.

### Built-in debug tools

Trigger crawls on a schedule or by API, and connect our API to major storage platforms

★★★★½ Trustpilot



**New!** Meet Scraping Browser: Everything you need for Twitter Profile scraping in one automated browser

Playwright/Puppeteer/Selenium compatible

Learn more  >

Accessibility

## Everything you need from a web scraping solution

## Browse Bright Data's directories

A   B   C   D   E   F   G   H   I   J   K   L   M   N   O   P   Q   R   S   T   U   V   W   X   Y   Z   ?

Search for website



**New!** Meet Scraping Browser: Everything you need for Twitter Profile scraping in one automated browser

Playwright/Puppeteer/Selenium compatible

Learn more >

Start Free Trial >

Accessibility

**bright** data

PRODUCTS ⌄

PROXY SERVICES ⌄

PRICING ⌄

PROGRAMS ⌄

LEARNING CENTER ⌄

LEGAL ⌄

COMPANY ⌄

CLOUD PARTNERSHIPS ⌄

CUSTOMER EXCELLENCE PARTNERSHIPS ⌄

PARTNERSHIPS ⌄

Start Free Trial >

CONTACT US



**New!** Meet Scraping Browser: Everything you need for Twitter Profile scraping in one automated browser

Playwright/Puppeteer/Selenium compatible

Learn more ›

229 W 36th St., New York, NY 10018, United States.

Accessibility

# ATTACHMENT 9

Twitter Image Scraper | Free Trial



Start Free Trial

Search for website

‹ index     **About**



Accessibility

# Twitter Image Scraper

Scrape Twitter images and collect data such as user name, Twitter handle, following/followers, location, URL, date of creation, and more.

Start Free Trial ›

Start Free Trial



Use Bright Data's Web Scraper IDE,
or purchase a Twitter dataset

7/10/23, 4:51 PM
Twitter Image Scraper use cases | Free Trial
Case 3:23-cv-03698-WHA    Document 69-5    Filed 02/07/24    Page 64 of 245

Start Free Trial

Accessibility

## Twitter Image Scraper use cases

Scrape Twitter images for social media monitoring

Scrape Twitter images for brand monitoring

Scrape Twitter images for trend analytics

Scrape Twitter images for sentiment analysis

## Twitter Image Scraper Overview

- ✓ Easy data scraping for beginners
- ✓ All-in-One platform integrates with our industry-leading proxies
- ✓ Utilizes proprietary technology to unlock sites
- ✓ Infinitely scalable – collect as much data as you need quickly and completely
- ✓ Fully compliant with industry best practices and privacy regulations (GDPR, CCPA)

Start Free Trial ❯

Output examples

Start Free Trial

Accessibility

Collect profile data by profile URL

### Twitter tweets

Collect tweets by tweet URL

### Twitter keyword or hashtag

Collect tweets by keyword or #hashtag - DEMO

## Twitter keyword or hashtag

**Sample Input**

search

#love

**Sample Output**

Start Free Trial

☰

Accessibility

```
    "id_str": "1417746521731133443",
    "full_text": "All my heart to this movie 🐢🥑❤️ #love #selfcare
#WEALLHUMAN https:\/\/t.co\/m1lwyJNGF4",
    "truncated": false,
    "source": "\u003Ca
href=\u0022http:\/\/twitter.com\/download\/iphone\u0022
rel=\u0022nofollow\u0022\u003ETwitter for iPhone\u003C\/a\u003E",
    "in_reply_to_status_id": null,
    "in_reply_to_status_id_str": null,
    "in_reply_to_user_id": null,
    "in_reply_to_user_id_str": null,
    "in_reply_to_screen_name": null,
    "user_id_str": "1414891075982880770",
    "geo": null,
    "coordinates": null,
    "contributors": null,
```

## Twitter tweets

**Sample Input**

url

https://twitter.com/billieeilish/status/1288974168399069185

**Sample Output**

Start Free Trial

```
        "1448695234561380352"
    ],
    "post_url":
"https:\/\/twitter.com\/NYUABetterTech\/status\/1448695234561380352",
    "post_text": "Happening now! Join @NaDomagala, @maria_axente, Dave
Tarrant, Olivia Gambelin and hear responsible technology professionals from
different sectors sharing what skills they have found the most useful when
working in technology and data ethics.",
    "post_time": "Thu Oct 14 17:00:34 +0000 2021",
    "retweets": 0,
    "comments": 0,
    "likes": 1,
    "status": "Ok"
}
```

Accessibility

## Twitter profile

**Sample Input**

url

https://twitter.com/billieeilish

number_of_tweets

70

**Sample Output**

Start Free Trial

```
    "isVerified": true,
    "bio": "Newton is a very handsome boy.",
    "location": "California, USA",
    "following": 2067,
    "followers": 17192867,
    "website_url": "http:\/\/spotify.link\/NetflixHub",
    "posts": 43328,
    "media_count": 10778,
    "profile_background_image_url":
"https:\/\/pbs.twimg.com\/profile_banners\/16573941\/1648216530",
    "profile_image_url":
"https:\/\/pbs.twimg.com\/profile_images\/1235992718171467776\/PaX2Bz1S_nor
    "created": "Fri Oct 03 04:16:17 +0000 2008",
    "handle": "netflix",
    "collected_number_of_posts": 20,
```

Accessibility

## Web Scraper IDE Features

Leave your scraping limitations behind with our hosted cloud solution

### Pre-made web scraper templates

Get started quickly and adapt existing code to your specific needs

Start Free Trial

Watch your code as you build it and debug errors in your code quickly

## Built-in debug tools

Debug what happened in a past crawl to understand what needs fixing in the next version

## Browser scripting in JavaScript

Handle your browser control and parsing codes with simple procedural JavaScript

## Ready-made functions

Capture browser network calls, configure a proxy, extract data from lazy loading UI, and more!

## Easy parser creation

Accessibility

Twitter Image Scraper | Free Trial

**Start Free Trial**

Accessibility

### Auto-scaling infrastructure

You don't need to invest in the hardware or software to manage an enterprise-grade web scraper

### Integration

Emulate a user in any geo-location with built-in fingerprinting, automated retries, CAPTCHA solving, and more.

### Built-in debug tools

Trigger crawls on a schedule or by API, and connect our API to major storage platforms



Start Free Trial

Accessibility

# Everything you need from a web scraping solution

## Browse Bright Data's directories

A   B   C   D   E   F   G   H   I   J   K   L   M   N   O   P   Q   R   S   T   U   V   W   X   Y   Z   ?

Search for website

Start Free Trial ☰



## Want to learn more?

Talk to an expert to discuss your data collection needs and see our platform in action.

Start Free Trial ›

Accessibility

# bright data

PRODUCTS ⌄

PROXY SERVICES ⌄

PRICING ⌄

PROGRAMS ⌄

LEARNING CENTER ⌄

LEGAL ⌄

COMPANY ⌄

CLOUD PARTNERSHIPS ⌄

CUSTOMER EXCELLENCE PARTNERSHIPS ⌄

PARTNERSHIPS ⌄

Start Free Trial ›

CONTACT US





© Copyright 2023 Bright Data Ltd. | All rights reserved

Bright Data Ltd. (Headquarters), 4 Hamahshev St., Netanya 4250714, Israel (POB 8025)
229 W 36th St., New York, NY 10018, United States.

Accessibility

ATTACHMENT 10

Start Free Trial

Search for website

‹ index      **About**



# Twitter Followers Scraper

Scrape Twitter followers and collect data such as: name, number of followers, profile URLs, images, company URL, and more.

Start Free Trial ›

Start Free Trial



Use Bright Data's Web Scraper IDE,

Start Free Trial



## Twitter Followers Scraper use cases

Scrape Twitter followers to monitor consumer sentiment

Scrape Twitter followers to find new influencers

Protect your brand image by capturing users' conversations

Easily stay on top of new trending topics

## Twitter Followers Scraper Overview

✓ Easy data scraping for beginners

✓ Utilizes proprietary technology to unlock sites

✓ Infinitely scalable – collect as much data as you need quickly and completely

✓ Fully compliant with industry best practices and privacy regulations (GDPR, CCPA)

Start Free Trial ›

Start Free Trial

Accessibility

### Twitter profile
Collect profile data by profile URL

### Twitter tweets
Collect tweets by tweet URL

### Twitter keyword or hashtag
Collect tweets by keyword or #hashtag - DEMO

## Twitter keyword or hashtag

**Sample Input**

search

#love

**Sample Output**

Start Free Trial

```
      "id_str": "1417746521731133443",
      "full_text": "All my heart to this movie 🫂 🪴 ❤️ #love #selfcare
#WEALLHUMAN https:\/\/t.co\/m1lwyJNGF4",
      "truncated": false,
      "source": "\u003Ca
href=\u0022http:\/\/twitter.com\/download\/iphone\u0022
rel=\u0022nofollow\u0022\u003ETwitter for iPhone\u003C\/a\u003E",
      "in_reply_to_status_id": null,
      "in_reply_to_status_id_str": null,
      "in_reply_to_user_id": null,
      "in_reply_to_user_id_str": null,
      "in_reply_to_screen_name": null,
      "user_id_str": "1414891075982880770",
      "geo": null,
      "coordinates": null,
      "contributors": null,
```

Accessibility

## Twitter profile

**Sample Input**

url

https://twitter.com/billieeilish

number_of_tweets

70

**Sample Output**

Start Free Trial

```
    "isVerified": true,
    "bio": "Newton is a very handsome boy.",
    "location": "California, USA",
    "following": 2067,
    "followers": 17192867,
    "website_url": "http:\/\/spotify.link\/NetflixHub",
    "posts": 43328,
    "media_count": 10778,
    "profile_background_image_url":
"https:\/\/pbs.twimg.com\/profile_banners\/16573941\/1648216530",
    "profile_image_url":
"https:\/\/pbs.twimg.com\/profile_images\/1235992718171467776\/PaX2Bz1S_nor
    "created": "Fri Oct 03 04:16:17 +0000 2008",
    "handle": "netflix",
    "collected_number_of_posts": 20,
```

## Twitter tweets

**Sample Input**

url

https://twitter.com/billieeilish/status/1288974168399069185

**Sample Output**

Start Free Trial

```
            "1448695234561380352"
        ],
        "post_url":
"https:\/\/twitter.com\/NYUABetterTech\/status\/1448695234561380352",
        "post_text": "Happening now! Join @NaDomagala, @maria_axente, Dave
Tarrant, Olivia Gambelin and hear responsible technology professionals from
different sectors sharing what skills they have found the most useful when
working in technology and data ethics.",
        "post_time": "Thu Oct 14 17:00:34 +0000 2021",
        "retweets": 0,
        "comments": 0,
        "likes": 1,
        "status": "Ok"
}
```

Accessibility

## Web Scraper IDE Features

Leave your scraping limitations behind with our hosted cloud solution

### Pre-made web scraper templates

Get started quickly and adapt existing code to your specific needs

Start Free Trial

Watch your code as you build it and debug errors in your code quickly

### Built-in debug tools

Debug what happened in a past crawl to understand what needs fixing in the next version

### Browser scripting in JavaScript

Handle your browser control and parsing codes with simple procedural JavaScript

### Ready-made functions

Capture browser network calls, configure a proxy, extract data from lazy loading UI, and more!

### Easy parser creation

Start Free Trial

## Auto-scaling infrastructure

You don't need to invest in the hardware or software to manage an enterprise-grade web scraper

## Integration

Emulate a user in any geo-location with built-in fingerprinting, automated retries, CAPTCHA solving, and more.

## Built-in debug tools

Trigger crawls on a schedule or by API, and connect our API to major storage platforms

## How to leverage a Twitter Followers Scraper for your business:

- Target the right populations that are interested in a particular industry or topic
- Build custom audiences for ad campaigns and to gain more followers for your business



following

- Extract user info like: name, Twitter handle, followers/following, profile, URL/image/banner, location, tweets, retweets, and replies from profiles, hashtags, etc.

 Trustpilot

Accessibility

Start Free Trial ›

## Everything you need from a web scraping solution

Start Free Trial

# Browse Bright Data's directories

A  B  C  D  E  F  G  H  I  J  K  L  M  N  O  P  Q  R  S  T  U  V  W  X  Y  Z  ?

Search for website

Accessibility

## Want to learn more?

Talk to an expert to discuss your data collection needs and see our platform in action.

Start Free Trial →

**bright** data

PRODUCTS ⌄

PROXY SERVICES ⌄

PRICING ⌄

PROGRAMS ⌄

LEARNING CENTER ⌄



**bright** data

Start Free Trial

CLOUD PARTNERSHIPS ⌄

CUSTOMER EXCELLENCE PARTNERSHIPS ⌄

PARTNERSHIPS ⌄

Accessibility

Start Free Trial ›

CONTACT US

FOLLOW US

© Copyright 2023 Bright Data Ltd. | All rights reserved

Bright Data Ltd. (Headquarters), 4 Hamahshev St., Netanya 4250714, Israel (POB 8025)
229 W 36th St., New York, NY 10018, United States.

ATTACHMENT 11

1   DAVID H. HARPER (*Pro Hac Vice*)
    *david.harper@haynesboon.com*
2   JASON P. BLOOM (*Pro Hac Vice*)
    *jason.bloom@haynesboone.com*
3   **HAYNES AND BOONE, LLP**
    2801 N. Harwood Steet, Suite 2300
4   Dallas, Texas 75201
    Telephone: (214) 651-5000
5   Facsimile: (214) 651-5940

6   JASON T. LAO, SBN 288161
    *jason.lao@haynesboone.com*
7   ANDREA LEVENSON, SBN 323926
    *andrea.levenson@haynesboone.com*
8   **HAYNES AND BOONE, LLP**
    600 Anton Boulevard, Suite 700
9   Costa Mesa, California 92626
    Telephone: (949) 202-3000
10  Facsimile: (949) 202-3001

11  *Attorneys for Plaintiff*
    *X Corp.*

12

13                          **UNITED STATES DISTRICT COURT**

14                          **NORTHERN DISTRICT OF CALIFORNIA**

15  X CORP., a Nevada corporation,          |   Case No. 3:23-cv-03698-WHA

16              Plaintiff,

17      vs.                                      **PLAINTIFF X CORP.'S FIRST SET OF
                                                 REQUESTS FOR PRODUCTION TO
18  BRIGHT DATA LTD., an Israeli             DEFENDANT BRIGHT DATA LTD.**
    corporation,

19              Defendant.

20

21

22

23

24  **PROPOUNDING PARTY:**           **PLAINTIFF X CORP.**

25  **RESPONDING PARTY:**            **DEFENDANT BRIGHT DATA LTD.**

26  **SET:**                         **ONE**

27

28

                                        1

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff X Corp.

2    ("X Corp." or "Propounding Party") by and through its undersigned counsel, hereby serves its

3    First Set of Requests for Production upon Defendant Bright Data, Ltd. ("Bright Data" or

4    "Responding Party") and requests that Responding Party produce for inspection and copying the

5    documents and things requested below 30 days after the date of service, at the law offices of

6    Haynes and Boone, LLP, 600 Anton Blvd., Ste 700, Costa Mesa, CA, or at a place and time as

7    may be agreed to by counsel.  These Requests for Production shall be deemed to be continuing

8    and Responding Party shall be obligated to change, supplement, and amend its answers, and

9    provide additional documents and information, as prescribed by Rule 26(e) of the Federal Rules

10   of Civil Procedure.

## DEFINITIONS

12   The following definitions apply to the following requests.  Notwithstanding any definition

13   below, each word, term, or phrase used in these requests is intended to have the broadest meaning

14   permitted under the Federal Rules of Civil Procedure.

15   1.    "You", "Your", or "Bright Data" means and refers to Defendant Bright Data Ltd.,

16   including Bright Data Ltd.'s predecessors, subsidiaries, affiliates, officers, directors, and

17   employees.

18   2.    "X Corp." means and refers to Plaintiff X Corp. and its predecessors, subsidiaries,

19   affiliates, officers, directors, and employees.

20   3.    "Action" means and refers to the above-captioned action.

21   4.    "Customer" means any individual or entity that is using or has used any of Your

22   tools, software, or services, is contracting or has contracted with You for the use of any of Your

23   tools or software, or is contracting or has contracted with You for any service that uses any of

24   Your tools or software, and/or purchasing any data or datasets from You.

25   5.    "Customer located in California" means a Customer (1) that is incorporated in

26   California; (2) whose headquarters, principal place of business, or personal residence is in

27   California; or (3) for whom Your primary contact with the Customer is located in California.

28   6.    "Expert Witnesses" means any person retained by You the disclosure of whom is

governed by Federal Rule of Civil Procedure 26(2).

7.    "Investors" means an individual or entity providing capital or cash to You.

8.    "Scraping Tool" means any tool, service, and/or software developed, distributed, used, and/or promoted by You that collects information, or is capable of collecting information from the X Platform, X Corp.'s computers, or X Corp.'s servers.

9.    "Data" or "Dataset" means any data collected by Your Scraping Tool, collected using Your Proxies, and/or offered for sale by You.

10.   "Proxy" or "Proxies" means any tool, service, server, and/or software developed, distributed, used, and/or promoted by You to allow customers to browse the internet anonymously by redirecting their communications or requests, as advertised on Your website, including at https://brightdata.com/proxy-types.

11.   "Code" means all versions of computer code, change log, source code, computer program, software, binaries, or executables.

12.   "Logs" means all web logs, server logs, activity logs, or captured network traffic logs.

13.   "Terms" means X Corp.'s User Agreement, comprised of the Terms of Service, Privacy Policy, and the Twitter Rules and Policies, that all users who register for an X account, and/or view the X website or application agree to.

14.   "X Platform" means the social media platform X (formerly known as Twitter), accessible through twitter.com, X.com and various mobile and online applications.

15.   "Person" and "Persons" are used broadly and include any of the following without limitation:  natural persons, corporations, limited or general partnerships, joint ventures, firms, limited liability companies, associations, proprietorships, agencies, boards, authorities, governmental entities, the federal government, any state government, any city government or agency, or any county government or agency, or any other entity.

16.   "Document" or "Documents" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and relevant case law, and shall include without limitation all written or graphic matter, whether stored, displayed, communicated, or transmitted, of every

kind or description, however produced or reproduced, whether draft or final, original or reproduction, including: electronically stored information, written Communications, letters, memoranda of conversations, interoffice Communications, records, statistical and financial statements, charts, graphs, reports, minutes, emails, voicemails, sound or video recordings of any type, contracts, agreements, computer diskettes, CDs or DVDs, or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in Your possession, custody or control or to which You have, have had or can obtain access.

17.     "Communication" or "Communications" has the broadest meaning permitted under the Federal Rules of Civil Procedure, and includes any transmission of information between two or more persons, whether by, without limitation: personal meeting, telephone, letter, telegraph, e-mail, electronic bulletin board, electronic "chat room," instant message, text message, any other form of electronic correspondence, teleconference, facsimile, telex, or any other means whatsoever.

18.     "Concerning" and "Relating To" have their commonly understood meaning, including comprising, reflecting, evidencing, constituting, pertaining to, dealing with, referring to, respecting, consisting of, embodying, establishing, connected with, commenting on, describing, analyzing, and/or showing.

19.     As used herein, the terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of the request.

20.     Whenever the singular is used herein it also includes the plural, and vice versa. Whenever the conjunctive is used herein it also includes the disjunctive, and vice versa.

21.     Each paragraph below shall operate and be responded to independently, and unless otherwise indicated, no paragraph limits the scope of any other paragraph.

## **INSTRUCTIONS**

1.     The definitions incorporated and set forth in full herein shall have the broadest possible meaning under the Federal Rules of Civil Procedure.

2.     In answering each document request, You are requested to furnish All

Documents, however held or obtained, that are in Your possession, custody or control—including but not limited to legal (*de jure*), actual (*de facto*), constructive, and practical possession, custody, or control of Your officers, directors, employees, contractors, counsel, auditors, insurers, investigators, consultants, agents or other representatives acting for or on Your behalf, or that are maintained in Your records, Including, but not limited to, Documents obtained through discovery in this or any other litigation.

3.      If You object to any request or portion thereof on the grounds that You contend it contains information that is privileged or otherwise immune from discovery, then provide all non-privileged information, and describe the privileged portion in a privilege log, identifying the redacted item produced and correlating the description of the withheld material thereto.

4.      Should You find the meaning of any term in these requests to be unclear, You should assume a reasonable meaning, state what that assumed meaning is, and respond to the request on the basis of that assumed meaning.

5.      Unless otherwise specified, the relevant time period for the requests below is from January 2017 to the present.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Data obtained from the X Platform using Your Scraping Tools or Your Proxies.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents describing Your Scraping Tools, their features, functionality, and operation, including product requirements documentation, design specifications or mockups, engineering architecture documents, service blueprints or journey maps, and testing documentation.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents used to describe Your Scraping Tools to employees responsible for selling or marketing them or providing customer support for them.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents used to describe Your Scraping Tools, their features, functionality, and

operation to Customers, including marketing materials, installation or onboarding documentation, and support documentation.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents used to describe Your Scraping Tools, their features, functionality, and operation to Investors.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents concerning the development and testing of Your Scraping Tools, including documentation describing the development and testing of any methods, technology, or techniques to circumvent X Corp's anti-scraping measures, authentication requirements, IP blockers, and rate limits.

**REQUEST FOR PRODUCTION NO. 7:**

All Code Your Scraping Tools use or used to access, communicate with, or obtain Data from the X Platform, including any source code related to the operation of Your Scraping Tools and any changes to the Code during the relevant time period.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications regarding the use of Your Proxies or Scraping Tools to avoid access or data limits of the X Platform.

**REQUEST FOR PRODUCTION NO. 9:**

All Logs that record the use of Your Scraping Tools on the X Platform.

**REQUEST FOR PRODUCTION NO. 10:**

All Logs that record the use of Your Proxies on the X Platform.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications concerning X Corp's Terms, including All Documents and Communications regarding compliance with the Terms.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications You distributed, published, or made available to current, prospective, or former Customers regarding Data or information obtained from the X Platform.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show how Data obtained from the X Platform is stored by You, including documents sufficient to identify the identity, location, and structure of All databases in which You store Data obtained from the X Platform.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications related to any X accounts created or used by You, including the creation, use, and the termination or deletion of those accounts.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications related to any current, prospective, or former Customers' use of the X Platform.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications related to the collection of Data from, or access to, web pages with access and use restrictions including a password, log-in requirement, rate limiter, IP blockers, or other restriction.

**REQUEST FOR PRODUCTION NO. 17:**

All contracts and agreements between You and any current or former Customer related to any Data or Datasets from the X Platform.

**REQUEST FOR PRODUCTION NO. 18:**

All contracts and agreements between You and any current or former Customer related to Your Scraping Tools that were, are, or could be used for scraping Data from the X Platform.

**REQUEST FOR PRODUCTION NO. 19:**

All contracts and agreements between You and any current or former Customer related to Your Proxies that were, are, or could be used to collect Data from the X Platform.

**REQUEST FOR PRODUCTION NO. 20:**

All Communications between You and any current or former Customer related to any Data or Datasets from the X Platform.

**REQUEST FOR PRODUCTION NO. 21:**

All Communications between You and any current or former Customer related to Your

Scraping Tools that were, are, or could be used for scraping Data from the X Platform.

**REQUEST FOR PRODUCTION NO. 22:**

All Communications between You and any current or former Customer related to Your Proxies that were, are, or could be used to collect Data from the X Platform.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to identify all Persons involved in the design, manufacture, and operation of Your Scraping Tool, Proxy, and Dataset products and services.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents showing Your sales, revenues, profits, losses, costs, cash-flow, and operating and capital expenditures on a monthly basis, including without limitation, invoices to Customers.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to show the amount of revenues You attribute to X Platform Data broken down by Customer and by month.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents showing revenue You have collected from Customers in exchange for Datasets You scraped from the X Platform, including the amounts, payment methods, and frequency of payments.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents showing revenue You have collected from Customers in exchange for any Scraping Tool You have offered to license or sell, including the amounts, payment methods, and frequency of payments.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents showing revenue You have collected from Customers in exchange for any Proxy You have offered to license or sell, including the amounts, payment methods, and frequency of payments.

**REQUEST FOR PRODUCTION NO. 29:**

Documents sufficient to show Your organizational, corporate, and management structure,

including office and business locations and addresses, the identities of each division or department, the management of each division or department, and the identities of All persons who work within each division or department and their locations.

**REQUEST FOR PRODUCTION NO. 30:**

Documents sufficient to show any advertisements, promotions, sales, or offers for Your products and services (including Scraping Tools, Datasets, and Proxies) directed to any prospective Customer or Customer located in California.

**REQUEST FOR PRODUCTION NO. 31:**

Documents and Communications related to any workshop, seminar, course, or other informational or promotional session for Your products and services (including Scraping Tools, Datasets, and Proxies) that You have held in California, including marketing Documents, lists of attendees, and presentation materials.

**REQUEST FOR PRODUCTION NO. 32:**

Documents and Communications related to any workshop, seminar, course, or other informational or promotional session for Your products and services (including Scraping Tools, Datasets, and Proxies) that You have held that included participants from California, including marketing Documents, lists of attendees, and presentation materials.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications concerning Your lease, acquisition, or use of 415 Mission Street, San Francisco, CA.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications concerning Your lease, acquisition, or use of any office, commercial real estate, or dwelling in California.

**REQUEST FOR PRODUCTION NO. 35:**

Documents sufficient to identify any server located in California that is used or controlled by You, including any third-party servers used by You.  For purposes of this request, "located in California," means any server that is physically located in California, or any IP address or domain name that geolocates to California.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to identify Your current or former Customers located in California, including any contracts with those Customers.

**REQUEST FOR PRODUCTION NO. 37:**

Documents sufficient to identify All current and former employees, contractors, agents, or third-party companies hired or contracted by You, including any subsidiary, located in California.

**REQUEST FOR PRODUCTION NO. 38:**

Documents sufficient to identify All current and former employees or contractors located in California hired or contracted by You.

**REQUEST FOR PRODUCTION NO. 39:**

Documents sufficient to identify All current and former agents or third-party companies located in California hired or contracted by You.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to identify any of Your subsidiaries located in California.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents and Communications related to the use of the X Platform by any of Your current, prospective, or former Customers located in California.

**REQUEST FOR PRODUCTION NO. 42:**

Documents sufficient to show any transfer of funds and/or other payments between any bank account owned or operated by Bright Data, Ltd. and any bank account owned or operated by any affiliate or related entity, including without limitation, Bright Data, Inc.

**REQUEST FOR PRODUCTION NO. 43:**

Documents sufficient to show the corporate relationship between Bright Data Ltd. and any affiliate or related entity, including without limitation Bright Data, Inc., including any agreements between Bright Data Ltd. and Bright Data, Inc.

**REQUEST FOR PRODUCTION NO. 44:**

Documents sufficient to show the officers and directors of Bright Data Ltd. and any affiliate or related entity, including without limitation Bright Data, Inc.

**REQUEST FOR PRODUCTION NO. 45:**

Documents sufficient to show any of Your advertising or marketing or strategy budget spent, directed, earmarked, targeted, or related to advertising or marketing in California.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to show any of Your advertising or marketing or strategy budget spent, directed, earmarked, targeted, or related to any Customer or prospective Customer in California.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents reviewed in preparing or drafting responses to any interrogatory propounded by X Corp. in this Action, including any Documents identified in those responses.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents You intend to rely on at any hearing or at trial in this Action.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents concerning a Person or Document referred to in Your initial disclosures under Fed. R. Civ. P. 26(a)(1) or considered by You in preparing Your disclosures.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents referred to by You in Your pleadings in this Action.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents concerning Your document creation, document maintenance, document retention, or document destruction policies and practices from 2017 to the present.

**REQUEST FOR PRODUCTION NO. 52:**

Transcripts of all trial or deposition testimony ever given in a proceeding by a person You identified in Your initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) or whom You expect to call as a witness in connection with this Action.

**REQUEST FOR PRODUCTION NO. 53:**

All Documents concerning any settlement agreement (including without limitation release agreements, settlement agreements, and covenants not to sue) with any Person concerning Your products and services (including Scraping Tools, Datasets, and Proxies).

**REQUEST FOR PRODUCTION NO. 54:**

All agreements with any Person having any financial interest in Bright Data or the outcome of this Action, including documents sufficient to show the nature and extent of the financial interest for each such Person.

**REQUEST FOR PRODUCTION NO. 55:**

Documents reflecting any taxes you have paid in California.

**REQUEST FOR PRODUCTION NO. 56:**

All print and electronic promotional and marketing materials, including website pages, for you products and services that mention, refer, or relate to Twitter or the X Platform.

**REQUEST FOR PRODUCTION NO. 57:**

All documents and communications that mention, refer, or relate to data scraped from the X Platform and/or efforts to scrape data from the X Platform.


Dated: November 13, 2023

<div align="center">Respectfully submitted,</div>


<div align="center">**HAYNES AND BOONE, LLP**</div>

By: _/s/ Jason T. Lao_____
David H. Harper (*Pro Hac Vice)*
david.harper@haynesboone.com
Jason P. Bloom (*Pro Hac Vice*)
jason.bloom@haynesboone.com
One Victory Park
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651.5000
Telecopier: (214) 651.5940
Jason T. Lao
jason.lao@haynesboone.com
Andrea Levenson
andrea.levenson@haynesboone.com
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Telephone: (949) 202-3000
Facsimile: (949) 202-3001
*Attorneys for Plaintiff X Corp.*

# **CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action. I am employed in the County of Orange, State of California, within which county the subject service occurred.  My business address is 600 Anton Boulevard, Suite 700, Costa Mesa, California 92626.

On *November 13, 2023*, I served the following document described as*: PLAINTIFF X CORP.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT BRIGHT DATA LTD.* on the interested party in this action, addressed as follows, and in the manner so indicated:

Colin Kass
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., NW
Suite 400 South
Washington, DC 20004
Email: ckass@proskauer.com

Robert C. Goodman
Lauren Beth Kramer Sujeeth
ROGERS JOSEPH O'DONNELL
311 California Street
San Francisco, CA 94109
Email: rgoodman@rjo.com
        lkramer@rjo.com

Counsel for Defendant
Bright Data Ltd.

David A. Munkittrick
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036-8299
Email: dmunkittrick@proskauer.com

Sehreen Ladak
PROSKAUER ROSE, LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067
Email: sladak@proskauer.com

☒    **BY ELECTRONIC DELIVERY.**   I caused a true and correct copy of such document to be served via electronic delivery to the interested parties in this action as indicated above.

I declare that I am employed in the offices of a member of the bar of this Court at whose direction this service was made.  Executed on *November 13, 2023*, at San Clemente, California.

*/s/Tara Hamilton*
Tara Hamilton

ATTACHMENT 12

1   DAVID H. HARPER (*Pro Hac Vice*)
    *david.harper@haynesboon.com*
2   JASON P. BLOOM (*Pro Hac Vice*)
    *jason.bloom@haynesboone.com*
3   **HAYNES AND BOONE, LLP**
    2801 N. Harwood Steet, Suite 2300
4   Dallas, Texas 75201
    Telephone: (214) 651-5000
5   Facsimile: (214) 651-5940

6   JASON T. LAO, SBN 288161
    *jason.lao@haynesboone.com*
7   ANDREA LEVENSON, SBN 323926
    *andrea.levenson@haynesboone.com*
8   **HAYNES AND BOONE, LLP**
    600 Anton Boulevard, Suite 700
9   Costa Mesa, California 92626
    Telephone: (949) 202-3000
10  Facsimile: (949) 202-3001

11  *Attorneys for Plaintiff*
    *X Corp.*

12

13              **UNITED STATES DISTRICT COURT**

14              **NORTHERN DISTRICT OF CALIFORNIA**

15  X CORP., a Nevada corporation,          Case No. 3:23-cv-03698-WHA

16              Plaintiff,
                                            **PLAINTIFF X CORP.'S FIRST SET OF**
17      vs.                                 **INTERROGATORIES TO DEFENDANT**
                                            **BRIGHT DATA LTD.**
18  BRIGHT DATA LTD., an Israeli
    corporation,

19              Defendant.

20

21

22

23

24

25  **PROPOUNDING PARTY:**        **PLAINTIFF X CORP.**

26  **RESPONDING PARTY:**         **DEFENDANT BRIGHT DATA LTD.**

27  **SET:**                      **ONE**

28

                                    1

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff X Corp. ("X Corp." or "Propounding Party") hereby requests that Defendant Bright Data Ltd. ("Bright Data" or "Responding Party") answer the following Interrogatories in writing and under oath within thirty (30) days after the service of these Interrogatories in accordance with the definitions and instructions applicable hereto.  These Interrogatories shall be deemed to be continuing and Defendant shall be obligated to change, supplement, and amend its answers, and provide additional documents and information, as prescribed by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The following definitions apply to the following Interrogatories.  Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.      "You," "Your," or "Bright Data" means and refers to Defendant Bright Data Ltd., including Bright Data Ltd.'s predecessors, subsidiaries, affiliates, officers, directors, and employees.

2.      "X Corp." means and refers to Plaintiff X Corp. and its predecessors, subsidiaries, affiliates, officers, directors, and employees.

3.      "Action" means and refers to the above-captioned action.

4.      "Customer" means any individual or entity that is using or has used any of Your tools, software, or services, is contracting or has contracted with You for the use of any of Your tools or software, or is contracting or has contracted with You for any service that uses any of Your tools or software, and/or purchasing any data or datasets from You.

5.      "Customer located in California" means a Customer (1) that is incorporated in California; (2) whose headquarters, principal place of business, or personal residence is in California; or (3) for whom Your primary contact with the Customer is located in California.

6.      "Scraping Tool" means any tool, service, and/or software developed, distributed, used, and/or promoted by You that collects information, or is capable of collecting information from the X Platform, X Corp.'s computers, or X Corp.'s servers.

2

7.      "Data" or "Dataset" means any data collected by Your Scraping Tool, collected using Your Proxies, and/or offered for sale by You.

8.      "Proxy" or "Proxies" means any tool, service, server, and/or software developed, distributed, used, and/or promoted by You to allow customers to browse the internet anonymously by redirecting their communications or requests, as advertised on Your website, including at https://brightdata.com/proxy-types.

9.      "Logs" means all web logs, server logs, activity logs, or captured network traffic logs.

10.      "X Platform" means the social media platform X  (formerly known as Twitter), accessible through twitter.com, X.com and various mobile and online applications.

11.      "Person" and "Persons" are used broadly and include any of the following without limitation:  natural persons, corporations, limited or general partnerships, joint ventures, firms, limited liability companies, associations, proprietorships, agencies, boards, authorities, governmental entities, the federal government, any state government, any city government or agency, or any county government or agency, or any other entity.

12.      "Document" or "Documents" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and relevant case law, and shall include without limitation all written or graphic matter, whether stored, displayed, communicated, or transmitted, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, including: electronically stored information, written Communications, letters, memoranda of conversations, interoffice Communications, records, statistical and financial statements, charts, graphs, reports, minutes, emails, voicemails, sound or video recordings of any type, contracts, agreements, computer diskettes, CDs or DVDs, or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in Your possession, custody or control or to which You have, have had or can obtain access.

13.      "Communication" or "Communications" has the broadest meaning permitted under the Federal Rules of Civil Procedure, and includes any transmission of information between two or more persons, whether by, without limitation: personal meeting, telephone,

letter, telegraph, e-mail, electronic bulletin board, electronic "chat room," instant message, text message, any other form of electronic correspondence, teleconference, facsimile, telex, or any other means whatsoever.

14.    "Concerning" and "Relating To" have their commonly understood meaning, including comprising, reflecting, evidencing, constituting, pertaining to, dealing with, referring to, respecting, consisting of, embodying, establishing, connected with, commenting on, describing, analyzing, and/or showing.

15.    As used herein, the terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of the request.

16.    Whenever the singular is used herein it also includes the plural, and vice versa. Whenever the conjunctive is used herein it also includes the disjunctive, and vice versa.

17.    Each paragraph below shall operate and be responded to independently, and unless otherwise indicated, no paragraph limits the scope of any other paragraph.

**INSTRUCTIONS**

1.    The definitions incorporated and set forth in full herein shall have the broadest possible meaning under the Federal Rules of Civil Procedure.

2.    All Interrogatories must be answered fully unless objected to in good faith. In the event that any Interrogatory cannot be answered fully after the exercise of reasonable diligence, You shall furnish as complete an answer as possible, explain in detail the reasons why You cannot give a full answer, state what must be done in order to answer the Interrogatory fully, and estimate when You will be able to answer the Interrogatory fully.

3.    If You contend that a portion of any item contains information that is privileged or otherwise immune from discovery, then provide all non-privileged information, and describe the privileged portion in a privilege log, identifying the redacted item produced and correlating the description of the withheld material thereto.

4.    If You object to any portion of an Interrogatory, state You objections and answer the unobjectionable portion of the Interrogatory.

**PLAINTIFF X CORP.'S FIRST SET OF INTERROGATORIES TO DEFENDANT BRIGHT DATA LTD.**

5. These Interrogatories shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

6. Except when express reference is made to another paragraph, each paragraph herein should be construed independently and not by reference to any other paragraph herein for purposes of limitation.

7. Unless otherwise specified, the relevant time period for the interrogatories below is from January 2017 to the present.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe all means You have used to scrape data from the X Platform at any time, including all methods You have used to avoid or attempt to avoid detection.

**INTERROGATORY NO. 2:**

Describe the functionality of Your Scraping Tools, including how the tools scrape data from the X Platform and how the tools avoid or attempt to avoid detection by X Corp.

**INTERROGATORY NO. 3:**

Describe Your efforts to promote Your Scraping, Proxy, and Dataset products and services, including on the X Platform.

**INTERROGATORY NO. 4:**

Identify all Persons involved in the design, manufacture, and operation of Your Scraping Tool, Proxy, and Dataset products and services.

**INTERROGATORY NO. 5:**

Identify all revenue You have collected from Customers in exchange for Datasets You scraped from the X Platform, including the amounts, payment methods, and frequency of payments.

**INTERROGATORY NO. 6:**

Identify all revenue You have collected from Customers in exchange for any Scraping Tool You have offered to license or sell, including the amounts, payment methods, and frequency of payments.

**INTERROGATORY NO. 7:**

Identify all current, former, or prospective Customers located in California with whom you contracted or have attempted to contract for use of any of your Scraping Tools or to license or acquire Datasets that include Data collected from the X Platform, including the name, e-mail address, mailing address, and phone number of Your primary contact at each Customer.

**INTERROGATORY NO. 8:**

Identify all Scraping Tools, Proxies, and Datasets that You have marketed, promoted, advertised, offered for sale, or sold to prospective or current Customers located in California.

**INTERROGATORY NO. 9:**

Identify all servers that are located in California that are used or controlled by You, including any third-party server.  For purposes of this Interrogatory, "located in California," means any server that is physically located in California, or any IP address or domain name that geolocates to California.

**INTERROGATORY NO. 10:**

Describe the operation of each of Your California Proxies, as that term is used on Your website, see https://brightdata.com/locations/united-states/california, including the type and configuration of each Proxy, the way Customers use each Proxy, the services Bright Data offers through each Proxy, and any Data that is collected using each Proxy, including the means by which any Data is collected and transmitted to You, any Logs that record the operation of the Proxy, and where the Data is stored.

**INTERROGATORY NO. 11:**

Identify All employees, contractors, and agents of Yours who have resided or worked in California. Your response should include each individual's current and former titles, time period during which the individual held each title, a description of the individual's job responsibilities, and the location where the individual resides or works.

**INTERROGATORY NO. 12:**

Identify each office or location You have ever owned, leased, or claimed to have in California, including the timeframe when you owned, leased, or claimed to have the office or

6

location, the purpose of the office or location, and the personnel who worked at the office or location.

Dated: November 13, 2023

                                        Respectfully submitted,


                                       **HAYNES AND BOONE, LLP**

By:  /s/ Jason T. Lao
        David H. Harper (*Pro Hac Vice*)
        david.harper@haynesboone.com
        Jason P. Bloom (*Pro Hac Vice*)
        jason.bloom@haynesboone.com
        One Victory Park
        2323 Victory Avenue, Suite 700
        Dallas, Texas 75219
        Telephone: (214) 651.5000
        Telecopier: (214) 651.5940
        Jason T. Lao
        jason.lao@haynesboone.com
        Andrea Levenson
        andrea.levenson@haynesboone.com
        600 Anton Boulevard, Suite 700
        Costa Mesa, California 92626
        Telephone: (949) 202-3000
        Facsimile: (949) 202-3001
        *Attorneys for Plaintiff X Corp.*

**PLAINTIFF X CORP.'S FIRST SET OF INTERROGATORIES TO DEFENDANT BRIGHT DATA LTD.**

1

## <u>CERTIFICATE OF SERVICE</u>

2

3

4

     I, the undersigned, declare that I am over the age of 18 years and not a party to the within action. I am employed in the County of Orange, State of California, within which county the subject service occurred.  My business address is 600 Anton Boulevard, Suite 700, Costa Mesa, California 92626.

5

6

     On ***November 13, 2023***, I served the following document described as***: PLAINTIFF X CORP.'S FIRST SET OF INTERROGATORIES TO DEFENDANT BRIGHT DATA LTD.*** on the interested party in this action, addressed as follows, and in the manner so indicated:

7

8

9

10

Colin Kass
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., NW
Suite 400 South
Washington, DC 20004
Email: ckass@proskauer.com

David A. Munkittrick
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036-8299
Email: dmunkittrick@proskauer.com

11

12

13

14

15

Robert C. Goodman
Lauren Beth Kramer Sujeeth
ROGERS JOSEPH O'DONNELL
311 California Street
San Francisco, CA 94109
Email: rgoodman@rjo.com
        lkramer@rjo.com

Sehreen Ladak
PROSKAUER ROSE, LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067
Email: sladak@proskauer.com

16

17

Counsel for Defendant
Bright Data Ltd.

18

19

     ☒   **BY ELECTRONIC DELIVERY.**  I caused a true and correct copy of such document to be served via electronic delivery to the interested parties in this action as indicated above.

20

21

     I declare that I am employed in the offices of a member of the bar of this Court at whose direction this service was made.  Executed on ***November 13, 2023***, at San Clemente, California.

22

23

     */s/Tara Hamilton*
     Tara Hamilton

24

25

26

27

28

ATTACHMENT 13

DAVID H. HARPER (*Pro Hac Vice*)
david.harper@haynesboon.com
JASON P. BLOOM (*Pro Hac Vice*)
jason.bloom@haynesboone.com
**HAYNES AND BOONE, LLP**
2801 N. Harwood Street, Suite, 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

JASON T. LAO, SBN 288161
jason.lao@haynesboone.com
ANDREA LEVENSON, SBN 323926
andrea.levenson@haynesboone.com
**HAYNES AND BOONE, LLP**
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Telephone: (949) 202-3000
Facsimile: (949) 202-3001

*Attorneys for Plaintiff*
*X Corp.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X CORP., a Nevada corporation, | Case No. 3:23-cv-03698-WHA |
| Plaintiff, | |
| vs. | **PLAINTIFF X CORP.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT BRIGHT DATA LTD.** |
| BRIGHT DATA LTD., an Israeli corporation, | |
| Defendant. | |

**PROPOUNDING PARTY:**          **PLAINTIFF X CORP.**

**RESPONDING PARTY:**          **DEFENDANT BRIGHT DATA LTD.**

**SET:**          **ONE**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff X Corp. ("X Corp." or "Propounding Party") by and through its undersigned counsel, hereby serves its First Set of Requests for Admission upon Defendant Bright Data, Ltd. ("Bright Data" or "Responding Party") and requests that Responding Party respond 30 days after the date of service, at the law offices of Haynes and Boone, LLP, 600 Anton Blvd., Ste 700, Costa Mesa, CA, or at a place and time as may be agreed to by counsel.  These Requests for Admission shall be deemed to be continuing and Responding Party shall be obligated to change, supplement, and amend its answers, and provide additional documents and information, as prescribed by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The following definitions apply to the following requests.  Notwithstanding any definition below, each word, term, or phrase used in these requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.      "You", "Your", or "Bright Data" means and refers to Defendant Bright Data Ltd., including Bright Data Ltd.'s predecessors, subsidiaries, affiliates, officers, directors, and employees.

2.      "X Corp." means and refers to Plaintiff X Corp. and its predecessors, subsidiaries, affiliates, officers, directors, and employees.

3.      "Action" means and refers to the above-captioned action.

4.      "Customer" means any individual or entity that is using or has used any of Your tools, software, or services, is contracting or has contracted with You for the use of any of Your tools or software, or is contracting or has contracted with You for any service that uses any of Your tools or software, and/or purchasing any data or datasets from You.

5.      "Customer located in California" means a Customer (1) that is incorporated in California; (2) whose headquarters, principal place of business, or personal residence is in California; or (3) for whom Your primary contact with the Customer is located in California.

6.      "Scraping Tool" means any tool, service, and/or software developed, distributed, used, and/or promoted by You that collects information, or is capable of collecting information

**X CORP.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT BRIGHT DATA LTD.**

from the X Platform, X Corp.'s computers, or X Corp.'s servers.

7.      "Data" or "Dataset" means any data collected by Your Scraping Tool, collected using Your Proxies, and/or offered for sale by You.

8.      "Proxy" or "Proxies" means any tool, service, server, and/or software developed, distributed, used, and/or promoted by You to allow customers to browse the internet anonymously by redirecting their communications or requests, as advertised on Your website, including at https://brightdata.com/proxy-types.

9.      "Terms" means X Corp.'s User Agreement, comprised of the Terms of Service, Privacy Policy, and the Twitter Rules and Policies, that all users who register for an X account, and/or view the X website or application agree to.

10.      "X Platform" means the social media platform X (formerly known as Twitter), accessible through twitter.com, X.com and various mobile and online applications.

11.      "Person" and "Persons" are used broadly and include any of the following without limitation:  natural persons, corporations, limited or general partnerships, joint ventures, firms, limited liability companies, associations, proprietorships, agencies, boards, authorities, governmental entities, the federal government, any state government, any city government or agency, or any county government or agency, or any other entity.

12.      As used herein, the terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of the request.

13.      Whenever the singular is used herein it also includes the plural, and vice versa. Whenever the conjunctive is used herein it also includes the disjunctive, and vice versa.

14.      Each paragraph below shall operate and be responded to independently, and unless otherwise indicated, no paragraph limits the scope of any other paragraph.

## INSTRUCTIONS

1.      The definitions incorporated and set forth in full herein shall have the broadest possible meaning under the Federal Rules of Civil Procedure.

2.      Should You find the meaning of any term in these requests to be unclear, You

should assume a reasonable meaning, state what that assumed meaning is, and respond to the request on the basis of that assumed meaning.

3.      Unless otherwise specified, the relevant time period for the requests below is from January 2017 to the present.

### REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that You have licensed or sold at least one of Your Scraping Tools to a Customer located in California.

**REQUEST FOR ADMISSION NO. 2:**

Admit that You have licensed or sold at least five of Your Scraping Tools to a Customer located in California.

**REQUEST FOR ADMISSION NO. 3:**

Admit that You have licensed or sold at least 20 of Your Scraping Tools to a Customer located in California.

**REQUEST FOR ADMISSION NO. 4:**

Admit that You have licensed or sold at least 100 of Your Scraping Tools to a Customer located in California.

**REQUEST FOR ADMISSION NO. 5:**

Admit that You have licensed or sold at least one of Your X Corp. Datasets to a Customer located in California.

**REQUEST FOR ADMISSION NO. 6:**

Admit that You have licensed or sold at least five of Your X Corp. Datasets to a Customer located in California.

**REQUEST FOR ADMISSION NO. 7:**

Admit that You have licensed or sold at least 20 of Your X Corp. Datasets to a Customer located in California.

**REQUEST FOR ADMISSION NO. 8:**

Admit that You have licensed or sold at least 100 of Your X Corp. Datasets to a

4

Customer located in California.

**REQUEST FOR ADMISSION NO. 9:**

Admit that You have licensed or sold at least one of Your Proxies to a Customer located in California.

**REQUEST FOR ADMISSION NO. 10:**

Admit that You have licensed or sold at least five of Your Proxies to a Customer located in California.

**REQUEST FOR ADMISSION NO. 11:**

Admit that You have licensed or sold at least 20 of Your Proxies to a Customer located in California.

**REQUEST FOR ADMISSION NO. 12:**

Admit that You have licensed or sold at least 100 of Your Proxies to a Customer located in California.

**REQUEST FOR ADMISSION NO. 13:**

Admit that You have at least one employee who resides in California.

**REQUEST FOR ADMISSION NO. 14:**

Admit that You have at least five employees who reside in California.

**REQUEST FOR ADMISSION NO. 15:**

Admit that You have at least 10 employees who reside in California.

**REQUEST FOR ADMISSION NO. 16:**

Admit that You have at least 20 employees who reside in California.

**REQUEST FOR ADMISSION NO. 17:**

Admit that in 2022, You opened a "San Francisco office," as mentioned on Your webpage entitled "About Bright Data," available at https://brightdata.com/about.

**REQUEST FOR ADMISSION NO. 18:**

Admit that You advertise products or services to extract public web data from California websites.

**REQUEST FOR ADMISSION NO. 19:**

Admit that You license or sell products or services to extract public web data from California websites.

**REQUEST FOR ADMISSION NO. 20:**

Admit that You created or used at least one X Corp. account.

**REQUEST FOR ADMISSION NO. 21:**

Admit that You agreed to X Corp's Terms.

**REQUEST FOR ADMISSION NO. 22:**

Admit that You used automated means to collect Data from the X Platform.

Dated: November 13, 2023

Respectfully submitted,

**HAYNES AND BOONE, LLP**

By: _/s/ Jason T. Lao_
David H. Harper (*Pro Hac Vice*)
david.harper@haynesboone.com
Jason P. Bloom (*Pro Hac Vice*)
jason.bloom@haynesboone.com
One Victory Park
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651.5000
Telecopier: (214) 651.5940
Jason T. Lao
jason.lao@haynesboone.com
Andrea Levenson
andrea.levenson@haynesboone.com
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Telephone: (949) 202-3000
Facsimile: (949) 202-3001
*Attorneys for Plaintiff X Corp.*

X CORP.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT BRIGHT DATA LTD.

## **CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action. I am employed in the County of Orange, State of California, within which county the subject service occurred.  My business address is 600 Anton Boulevard, Suite 700, Costa Mesa, California 92626.

On *November 13, 2023*, I served the following document described as*: PLAINTIFF X CORP.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT BRIGHT DATA LTD.* on the interested party in this action, addressed as follows, and in the manner so indicated:

Colin Kass
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., NW
Suite 400 South
Washington, DC 20004
Email: ckass@proskauer.com

Robert C. Goodman
Lauren Beth Kramer Sujeeth
ROGERS JOSEPH O'DONNELL
311 California Street
San Francisco, CA 94109
Email: rgoodman@rjo.com
             lkramer@rjo.com

Counsel for Defendant
Bright Data Ltd.

David A. Munkittrick
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036-8299
Email: dmunkittrick@proskauer.com

Sehreen Ladak
PROSKAUER ROSE, LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067
Email: sladak@proskauer.com

☒    **BY ELECTRONIC DELIVERY.**   I caused a true and correct copy of such document to be served via electronic delivery to the interested parties in this action as indicated above.

I declare that I am employed in the offices of a member of the bar of this Court at whose direction this service was made.  Executed on *November 13, 2023*, at San Clemente, California.

*/s/Tara Hamilton*
Tara Hamilton

ATTACHMENT 14

1

2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

3

4

X CORP.,

5

Plaintiff,

Case No. 3:23-CV-03698-WHA

6

v.

7

BRIGHT DATA LTD.,

8

Defendant.

9

10

11

**BRIGHT DATA'S RESPONSES AND OBJECTIONS**
**TO X CORP.'S FIRST SET OF INTERROGATORIES**

12

Bright Data submits the following Responses and Objections ("Responses") to X Corp.'s

13

First Set of Interrogatories (the "Interrogatories"). Upon request, Bright Data is available to meet

14

and confer with X Corp. to discuss its Responses, its General and Specific Objections, and the

15

scope of discovery set forth in these Responses. Bright Data reserves its right to supplement these

16

objections and responses.

17

**GENERAL OBJECTIONS**

18

Bright Data asserts the following General Objections ("GOs"), which are incorporated by

19

reference into each of the Specific Responses and Objections below. Along with Bright Data's

20

Specific Responses and Objections, the GOs govern the scope of any response made by Bright

21

Data to the Interrogatories and are neither waived nor limited by Bright Data's Specific Responses

22

and Objections.

23

1. ***Discovery is Premature.*** Bright Data objects to the Interrogatories to the extent

24

they seek information that is not appropriate or proportional for discovery prior to resolution of

25

Bright Data's Motion to Stay Discovery. Bright Data will not provide substantive responses to

26

these Interrogatories until the Court rules on that motion.

27

28

2. ***Jurisdictional Discovery.*** Bright Data objects to the Interrogatories to the extent they seek jurisdictional discovery. In the ordinary course, plaintiffs are required to seek leave of the Court to conduct jurisdictional discovery. *See, e.g., Chapman v. Krutonog*, 256 F.R.D. 645, 648 (D. Haw. 2009) ("In order to obtain leave to conduct jurisdictional discovery, Plaintiffs must make a preliminary showing of jurisdiction [and] specify what facts they expect to uncover during discovery and how those facts would support personal jurisdiction."). However, X failed to do so. And even if X had properly moved the Court for jurisdictional discovery, it would not be entitled to it, as Bright Data's 12(b)(2) motion raises entirely law-based, facial challenges to the Complaint. *See Ross v. Skanska USA Civil W. Rocky Mountain Dist., Inc.*, 2014 WL 806261, *1 (N.D. Cal. 2014) (rejecting argument that even a "bare bones" complaint entitles plaintiffs to jurisdictional discovery to "explore whether there is general or specific jurisdiction"); *Smith v. U.S. Dep't of Agric.*, 2016 WL 4179786, *5 (N.D. Cal. 2016) ("Discovery [is] immaterial to [defendant's] facial jurisdictional challenge."); *Ctr. for Biological Diversity v. Army Corps of Eng'rs*, 2014 WL 12923196, *7 (C.D. Cal. 2014) ("[J]urisdictional discovery is inappropriate because Defendants … assert facial, not factual, attacks on jurisdiction."). Therefore, absent Court order or further agreement of the parties, Bright Data will not respond to any requests for jurisdictional discovery until such time as the Court gives its leave for such discovery to take place.

3. ***Merits Discovery Related to Claims Subject to Bright Data's Personal Jurisdiction Challenge.*** Bright Data objects to the Interrogatories to the extent they seek merits discovery relating to Counts II through VI of the Complaint, including X's unjust enrichment, tortious interference, trespass to chattels, misappropriation, and Unfair Competition Law claims, on the grounds that the Court lacks personal jurisdiction over those claims. *See* Bright Data's Motion to Dismiss the Amended Complaint. Courts may not order merits-based discovery until plaintiffs have both properly pled and made a sufficient *prima facie* showing of personal jurisdiction. *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (holding that courts may not proceed to the merits "without first determining that it has jurisdiction over

the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).").

Accordingly, absent Court order or further agreement of the parties, Bright Data will not search for or produce information relating to Counts II through VI, including information relating to third-party use of Bright Data's scraping and proxy services.

4. ***Third-Party Use of Bright Data's Proxy or Scraping Services.*** Bright Data objects to the Interrogatories to the extent they seek information relating to any scraping activity by third-parties using Bright Data's proxy or scraping services. Such information is not relevant or proportional to X's contract claim. On September 25, 2023, Bright Data terminated its contractual relationship with X. Four days ***later***, X issued new Terms, adding for the first time a new section titled "Misuse of the Services." In this new section, X asserts, for the first time, that "[i]t is also a violation of these Terms to facilitate or assist others in violating these Terms, including by distributing products or services that enable or encourage violation of these Terms." This amendment was litigation-driven and is not binding on Bright Data, because Bright Data had already rejected the Terms. The version of the Terms in effect prior to Bright Data's account termination did not contain this prohibition. Nor did the initial Complaint (ECF 1) cite to any provision of the Terms then in effect making it a violation "to facilitate or assist others in violating [the] Terms" or to "distribut[e] products or services that enable or encourage violation of [the] Terms." Because the sale or distribution of "products or services that enable or encourage" others to violate the Terms does not constitute a breach of any contract between X and Bright Data, discovery relating to such products and services, if any, is not relevant and proportional to Count I. Nor is such discovery permitted for purposes of Counts II-IV, since the Court lacks personal jurisdiction over Bright Data for purposes of these claims, as set forth in GO 3. Accordingly, except as expressly set forth below, absent Court order or further agreement of the parties, Bright Data will not search for or produce any information relating to the development, sale, distribution, or use by third-parties of Bright Data's proxy or scraping services.

5. ***Third-Party Scraping by Non-California Customers.*** Even if the Court has personal jurisdiction over certain aspects of X's non-contract claims (Counts II-VI), such

jurisdiction would not extend to claims not involving Bright Data conduct expressly aimed at California. This would include, at a minimum, any use of Bright Data's services by non-California customers. Accordingly, absent Court order or further agreement of the parties, Bright Data will not respond to the Interrogatories with information relating to scraping by third parties outside California.

6. ***Customer Identifiable Information.*** Bright Data objects to the Interrogatories to the extent they seek information relating to specific customers. *First*, Bright Data objects to such Interrogatories because the production of customer-identifiable information is not proportional or appropriate (and may, at most, be relevant to damages, which have not been specifically alleged or identified). *Second*, Bright Data objects to such Interrogatories because the *production* of such information will cause significant competitive harm to Bright Data, and will interfere with Bright Data's commercial relationships. X uses its own internal teams and outside counsel as enforcers of X's Terms of Service. When X learns of conduct it does not like, it sues or sends cease-and-desist letters threatening legal action. In most cases, the recipients of these suits or letters do not have the resources to litigate against X, and therefore cease engaging in the alleged conduct, ***regardless*** of its actual legality. Once X's outside counsel learns of the identity of these customers, there will be no way to prevent them from engaging in these so-called "enforcement" actions. ***It would be the equivalent of letting the fox in the hen house***. These threats have the ability to substantially interfere with Bright Data's customer relationships, and with its customers' own businesses. Importantly, X does not deny that it would or could use the information it seeks in discovery to identify additional targets for future "enforcement" or harassment. Indeed, once X learns of a third-party from the discovery materials, it would be almost impossible to make X's counsel forget their identity in future enforcement contexts. ***Accordingly, absent Court order or further agreement of the parties, Bright Data will not search for or produce information containing customer identifiable information. Bright Data will also redact any customer-identifiable information from any document it otherwise agrees to produce.***

7.    ***Conduct Relating to Scraping of Websites Other Than X.***  X has not asserted any claim relating to the use of Bright Data's services for purposes other than scraping X.  Information that does not expressly relate to the scraping of X is neither relevant nor proportional.  Accordingly, absent Court order or further agreement of the parties, Bright Data will not search for or produce information relating to the scraping of sites other than X.

8.    ***Relevant Scraping Services.***  As noted, Bright Data objects to the Interrogatories to the extent they seek information that does not relate to the scraping of X, on the grounds of relevance and proportionality.  Without limiting the foregoing, Bright Data objects to X's definitions of "Scraping Tool," "Data," "Dataset," "Proxy," "Proxies," "Code," and "Logs" to the extent such terms are not limited to instances in which such Scraping Tools, Datasets, or Proxies are used for the scraping of X.  In responding to the Interrogatories, Bright Data will use the term "Scraping Services" to refer to Bright Data's proxy network, its Data Collector Service (both self-managed and fully-managed), and dataset sales when used to scrape data from third-party websites.  Bright Data will use the term "Relevant Scraping Services" or "Relevant Bright Data Scraping Services" to refer to instances in which the Scraping Services are used to scrape data from X.  Unless otherwise specified, absent Court order or further agreement of the parties, Bright Data will not search for or produce information that does not relate to the Relevant Scraping Services.

9.    ***Public Search Mechanics.***  Bright Data objects to the Interrogatories to the extent they seek information about the technological measures that Bright Data uses to address X's anti-scraping technology, including IP blockers, CAPTCHAs, and rate limiters because such information is neither relevant nor proportional, and the disclosure of this information could cause grave commercial and competitive injury.  Accordingly, absent Court order or further agreement of the parties, Bright Data will not search for or produce information relating to X's detection system or the steps by which non-members may access public information posted on X's sites.

10.    ***Alter Ego Discovery***.  Bright Data objects to the Interrogatories to the extent they seek information about the activities of any non-party affiliate of Bright Data.  Such information is not relevant to either the merits of any claim, or jurisdiction.  *See Scanlon v. Curtis Int'l Ltd.*,

465 F. Supp. 3d 1054, 1067-68 (E.D. Cal. 2020) (denying jurisdictional discovery under an alter ego theory).

11. **General Protective Order.**  Bright Data will not produce any confidential or competitively sensitive information prior to entry of a suitable general protective order and objects to the Interrogatories to the extent they call for the same.

12. **Relevant Period.**  Bright Data objects to the Interrogatories to the extent they call for the production of information relating to the search for or collection of information (or the use or sale of such information) after September 25, 2023.  As Bright Data has previously explained, there is no extant contract between Bright Data and X, and thus, any discovery after September 25, 2023 would not relate to X's breach of contract claim (Count I), but X's other non-contract claims (Counts II-VI).  As explained in GOs 2 and 3, such discovery is impermissible until Bright Data's jurisdictional challenge has been resolved.  Bright Data objects to the Interrogatories to the extent they call for information pre-dating January 26, 2019.  Accordingly, absent Court order or further agreement of the parties, Bright Data will not search for or produce information dated after January 26, 2019 and September 25, 2023.

13. **Privilege.**  Bright Data objects to the Interrogatories to the extent that they call for the disclosure of information protected by any privilege, doctrine, or protection, including without limitation the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection.  Nothing contained in these objections and responses is intended to be, or in any way constitutes, a waiver of any applicable privilege or immunity.  Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege nor of any other basis for objecting to the use of such material or its subject matter. Bright Data expressly reserves the right to object to the use or introduction of such information.

14. **Short-Form Objections.**  In setting forth these Objections and Specific Objections, Bright Data shall use the term "Proportionality" to mean that the Interrogatory seeks information that is not "proportional to the needs of the case" under Fed. R. Civ. P. 26(b)(1).  Bright Data uses

1   the terms "Breadth" and/or "Burden" to mean that (i) the Interrogatory is overly broad and/or

2   unduly burdensome; (ii) the discovery sought is unreasonably cumulative or duplicative of other

3   information Bright Data has offered to produce in response to a document request under Fed. R.

4   Civ. P. 34(a); and/or (iii) the burden or expense of the proposed discovery outweighs its likely

5   benefit under Fed. R. Civ. P. 26(b).  Bright Data uses the term "Relevance" to mean that the

6   discovery requested is neither relevant to any party's claim or defense under the Federal Rules of

7   Evidence nor proportional to the needs of the case or is otherwise outside the scope of Fed. R. Civ.

8   P. 26(b)(1).  Bright Data uses the term "Ambiguity" to mean the Interrogatory is vague and

9   ambiguous.  Bright Data uses the term "Privilege" to mean that the discovery requested seeks

10  information protected by the attorney-client privilege, the work product doctrine, joint defense or

11  common interest privileges, or any other applicable privilege.

12      15.    ***The Rules Govern.***    Bright Data objects to the Interrogatories, including the

13  Definitions and Instructions, to the extent that they are inconsistent with or exceed the obligations

14  imposed by the Federal Rules of Civil Procedure, any Local Rule, or applicable order.   In

15  responding to these Interrogatories, Bright Data will comply with the requirements of the Federal

16  Rules of Civil Procedure, the Local Rules, and applicable orders of the Court.

17      16.    ***Use of Instructions and Definitions.***  Bright Data objects to X's use of instructions

18  and definitions in its Interrogatories as overly burdensome, unreasonable, and contrary to the

19  Court's Local Rules.  Judge Alsup Supp. Standing Order re Initial CMC § 17 ("The fashionable

20  use of 'Instructions' and 'Definitions' in document requests and interrogatories has a strong

21  tendency, when read into the requests and interrogatories, to exacerbate burden and this alone can

22  sometimes render them unreasonable.  Under the Federal Rules, there is no need for 'Instructions'

23  and 'Definitions.'").

24      17.    ***Objection to Definition 1.***  Bright Data objects to Definition 1 on the grounds that

25  it is overbroad, would impose undue burden, is disproportional, and is inconsistent with the

26  requirements of the Rules.  Bright Data will respond to the Interrogatories on behalf of Bright Data

27  Ltd. only.

28

18.     **Objection to Definition 4.**  Bright Data objects to the definition of "Customer" on the grounds that, as defined, it renders the Interrogatories overbroad and disproportional.  Bright Data has identified several objections to Interrogatories seeking customer information.  *See, e.g.*, GOs 4, 5 ,6.  In responding to these Interrogatories, absent Court order or further agreement of the parties, Bright Data will construe the term "Customer" to exclude the categories of customers or customer information to which Bright Data has lodged an objection.

19.     **Objection to Definition 5.**  Bright Data objects to the definition of "Customer located in California" on grounds of relevance and proportionality to the extent the definition causes the Interrogatories to seek information that does not involve (i) activity by Bright Data in California, or (ii) activity directed at third parties who are physically in California when using a Relevant Scraping Service ("California Activity").  Without limiting the foregoing, Bright Data objects to the term "Customer located in California" to the extent it depends on the domicile, headquarters, or address of a customer.  In responding to these Interrogatories, Bright Data will use the term "California Customers" to refer to customers for whom the relevant activity concerned California Activity.

20.     **Objection to the Relevant Bright Data Services Definitions (Definitions 6-8)**. Bright Data objects to the definitions of Bright Data's services (including the definitions of "Scraping Tool" (Definition 6), "Data" or "Dataset" (Definition 7), and "Proxy" or "Proxies" (Definition 8)) on the grounds that, as defined, they render the Interrogatories overbroad and disproportional.  Bright Data has identified several objections to the scope of Interrogatories seeking information relating to Bright Data's Services.  *See, e.g.*, GOs 3, 4, 5, 7, 8.  In responding to these Interrogatories, Bright Data will construe the Interrogatories using the terms "scraping tool," "data", or "proxy" (or variations thereof) to both (i) exclude information for which Bright Data has lodged an objection; and (ii) include only information relating to the use of such services by Bright Data or a third party to search for or collect information from X sites using automated means.

21.     ***Objections to Definition 9***.  Bright Data objects to the definition of "Logs" on the grounds that it is overbroad and disproportional.  Bright Data will confer with X concerning the scope of production, if any, of logs in connection with the resolution of Bright Data's General and Specific Objections.

22.     ***Objection to Instruction 7.***  Bright Data objects to Instruction 7 on the grounds of overbreadth, burden, and proportionality.  Bright Data objects to the extent Instruction 7 calls for the production of information before January 26, 2019, as anything before that date is outside the scope of X's claims.  Bright Data further objects to the extent Instruction 7 calls for the production of information relating to the search or collection of information (or the use or sale of such information) after September 25, 2023.  As such, unless otherwise noted, the temporal scope of Bright Data's responses will be from January 26, 2019 through September 25, 2023, as explained in GO 12.

23.     ***Time, Place, Manner of Production.***  Bright Data objects to the Interrogatories to the extent that they do not specify a "reasonable time, place, and manner of making the inspection." *See* Fed. R. Civ. P. 34(b).  To the extent Bright Data makes an offer of production in these Responses, such offer of production contemplates a rolling production, within time frames established by Court order or the parties' agreement.

24.     ***Reservation of Right to Amend.***  Because discovery is ongoing, Bright Data's responses are preliminary in nature and based only on information that is readily available to Bright Data after a reasonable, but still ongoing, investigation.  To the extent necessary or appropriate, Bright Data reserves the right to supplement its Responses in accordance with Fed. R. Civ. P. 26(e), including – without limitation – by asserting additional objections.

## SPECIFIC RESPONSES AND OBJECTIONS[1]

**INTERROGATORY NO. 1:**

*Describe all means You have used to scrape data from the X Platform at any time, including all methods You have used to avoid or attempt to avoid detection.*

 **Response to Interrogatory No. 1:**  Bright Data objects because this Interrogatory seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Interrogatory to the extent it seeks information relating to public search mechanics (GO 9).  Bright Data objects to this Interrogatory because the phrase "describe all means … used to scrape data" is vague.  Subject to and without waiving these objections and its General Objections, upon resolution of Bright Data's Motion to Stay and the lifting of any resulting stay, Bright Data will supplement its response to provide a description of the Relevant Scraping Services Bright Data uses to scrape data to from the X platform.  Bright Data will not provide a description of so-called "methods … used to avoid or attempt to avoid detection."

**INTERROGATORY NO. 2:**

*Describe the functionality of Your Scraping Tools, including how the tools scrape data from the X Platform and how the tools avoid or attempt to avoid detection by X Corp.*

 **Response to Interrogatory No. 2:**  Bright Data objects because this Interrogatory seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Interrogatory to the extent it seeks information relating to public search mechanics (GO 9).  Bright Data objects to this Interrogatory because the phrase "describe the functionality of [Bright Data's] Scraping Tools" is vague.  Subject to and without waiving these objections and its General Objections, upon resolution of Bright Data's Motion to Stay and the lifting of any resulting stay, Bright Data will supplement its response to provide a description of the functionality of Relevant

---

[1] For avoidance of doubt, all offers of production expressly incorporate all limitations on the time, place, and manner of production, including GO 1 (Stay); GO 6 (Customer-Identifiable Information); GO 12 (Relevant Period); and GO 23 (Time, Place, Manner).  All other limits reflected in the General Objections are similarly incorporated into each specific response below without the need to repeat or reference such objections, but Bright Data will endeavor to identify the most germane objections.

Scraping Services.  Bright Data will not provide a description of, as X puts it, "how the tools avoid or attempt to avoid detection."

**INTERROGATORY NO. 3:**

*Describe Your efforts to promote Your Scraping, Proxy, and Dataset products and services, including on the X Platform.*

      **Response to Interrogatory No. 3:**  Bright Data objects to this Interrogatory to the extent it seeks jurisdictional discovery (GO 2).  Bright Data objects because this Interrogatory seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Interrogatory because it seeks discovery relating to non-California customers (GO 5).  Bright Data objects to this Interrogatory to the extent it seeks customer-identifiable information (GO 6).  Bright Data objects to this Interrogatory to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects to this Interrogatory to the extent it calls for information within X's custody and control.  Absent Court order or further agreement of the parties, Bright Data will not provide a substantive response to this Interrogatory.

**INTERROGATORY NO. 4:**

*Identify all Persons involved in the design, manufacture, and operation of Your Scraping Tool, Proxy, and Dataset products and services.*

      **Response to Interrogatory No. 4:**  Bright Data objects to this Interrogatory to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects to this Interrogatory because it is overbroad.  On its face, it seeks disclosure of virtually every Bright Data employee.  Additionally, Bright Data objects to this Interrogatory on relevance and proportionality grounds because the design, manufacture, and detailed operations of Bright Data's technology is not relevant to X's claims, as opposed to the simple fact that Bright Data scraped data from X's site.  Subject to and without waiving these objections and its General Objections, upon resolution of Bright Data's Motion to Stay and the lifting of any resulting stay, Bright Data will supplement its response to either identify Bright Data's management structure for operations concerning the Relevant Scraping Services or produce documents sufficient to show

1   the same pursuant to Rule 33(d).

2   **INTERROGATORY NO. 5:**

3   *Identify all revenue You have collected from Customers in exchange for Datasets You scraped*
    *from the X Platform, including the amounts, payment methods, and frequency of payments.*
4

5          **Response to Interrogatory No. 5:**   Bright Data objects to this Interrogatory because it

6   seeks merits discovery relating to X's non-contract claims (GO 3).   Bright Data objects to this

7   Interrogatory to the extent it seeks customer-identifiable information (GO 6).   Bright Data objects

8   to this Interrogatory to the extent it seeks individual amounts, payment methods, and frequency of

9   payments on grounds of burden and proportionality.   Bright Data further objects on relevance

10  grounds because Bright Data's revenues are not a relevant measure of damages for any breach of

11  contract claim.   Absent Court order or further agreement of the parties, Bright Data will not provide

12  a substantive response to this Interrogatory.

13  **INTERROGATORY NO. 6:**

14  *Identify all revenue You have collected from Customers in exchange for any Scraping Tool You*
    *have offered to license or sell, including the amounts, payment methods, and frequency of*
15  *payments.*

16         **Response to Interrogatory No. 6:**   Bright Data objects to this Interrogatory because it

17  seeks jurisdictional discovery (GO 2).   Bright Data objects to this Interrogatory because it seeks

18  merits discovery relating to X's non-contract claims (GO 3).   Bright Data objects to this

19  Interrogatory to the extent it seeks information relating to third-party search (GO 4).   Bright Data

20  objects to this Interrogatory because it seeks discovery relating to non-California customers (GO

21  5).   Bright Data objects to this Interrogatory to the extent it seeks customer-identifiable information

22  (GO 6).   Bright Data objects to this Interrogatory to the extent it seeks information unrelated to X

23  (GO 7) or the Relevant Scraping Services (GO 8).   Bright Data objects to this Interrogatory to the

24  extent it seeks individual amounts, payment methods, and frequency of payments on grounds of

25  burden and proportionality.   Bright Data further objects on relevance grounds because Bright

26  Data's revenues are not a relevant measure of damages for any breach of contract claim.   Absent

27

28

---

Court order or further agreement of the parties, Bright Data will not provide a substantive response to this Interrogatory.

**INTERROGATORY NO. 7:**

*Identify all current, former, or prospective Customers located in California with whom you contracted or have attempted to contract for use of any of your Scraping Tools or to license or acquire Datasets that include Data collected from the X Platform, including the name, e-mail address, mailing address, and phone number of Your primary contact at each Customer.*

    **Response to Interrogatory No. 7:**   Bright Data objects to this Interrogatory because it seeks jurisdictional discovery (GO 2).   Bright Data objects to this Interrogatory because it seeks merits discovery relating to X's non-contract claims (GO 3).   Bright Data objects to this Interrogatory to the extent it seeks information relating to third-party search (GO 4).   Bright Data objects to this Interrogatory to the extent it seeks customer-identifiable information (GO 6).   Bright Data objects to this Interrogatory to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).   Absent Court order or further agreement of the parties, Bright Data will not provide a substantive response to this Interrogatory.

**INTERROGATORY NO. 8:**

*Identify all Scraping Tools, Proxies, and Datasets that You have marketed, promoted, advertised, offered for sale, or sold to prospective or current Customers located in California.*

    **Response to Interrogatory No. 8:**   Bright Data objects to this Interrogatory because it seeks jurisdictional discovery (GO 2).   Bright Data objects to this Interrogatory because it seeks merits discovery relating to X's non-contract claims (GO 3).   Bright Data objects to this Interrogatory to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).   Bright Data objects to this Interrogatory – and the phrase "Identify all Scraping Tools, Proxies, and Datasets" – as vague and ambiguous.   Absent Court order or further agreement of the parties, Bright Data will not provide a substantive response to this Interrogatory.

**INTERROGATORY NO. 9:**

*Identify all servers that are located in California that are used or controlled by You, including any third-party server.   For purposes of this Interrogatory, "located in California," means any server*

*that is physically located in California, or any IP address or domain name that geolocates to California.*

**Response to Interrogatory No. 9:**  Bright Data objects to this Interrogatory because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Interrogatory because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Interrogatory to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Interrogatory because it seeks discovery relating to non-California customers (GO 5).  Bright Data objects to this Interrogatory to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects to this Interrogatory to the extent it seeks documents that would identify specific servers or IP addresses on the grounds of confidentiality.   The disclosure of such information could cause serious and irreparable competitive and commercial harm.  Bright Data objects to this Interrogatory on the ground that server location and IP address geolocation is not relevant to jurisdiction or the merits of any claim.  Absent Court order or further agreement of the parties, Bright Data will not provide a substantive response to this Interrogatory.

**INTERROGATORY NO. 10:**

*Describe the operation of each of Your California Proxies, as that term is used on Your website, see https://brightdata.com/locations/united-states/california, including the type and configuration of each Proxy, the way Customers use each Proxy, the services Bright Data offers through each Proxy, and any Data that is collected using each Proxy, including the means by which any Data is collected and transmitted to You, any Logs that record the operation of the Proxy, and where the Data is stored.*

**Response to Interrogatory No. 10:**  Bright Data objects to this Interrogatory because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Interrogatory because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Interrogatory to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Interrogatory because it seeks discovery relating to non-California customers (GO 5).  Bright Data objects to this Interrogatory to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects to this Interrogatory to the extent

it requires detailing Bright Data's specific means of scraping, as such detailed means, as opposed to the simple fact that Bright Data scraped data from X's site, are irrelevant under the Terms. Bright Data objects to this Interrogatory on the grounds of confidentiality to the extent it seeks documents that would identify specific IP addresses.  The disclosure of such information could cause serious and irreparable competitive and commercial harm.  Bright Data objects to this Interrogatory on the ground that server location and IP address geolocation is not relevant to jurisdiction or the merits of any claim.  Bright Data objects to this Interrogatory because it seeks impermissible discovery on discovery.  Absent Court order or further agreement of the parties, Bright Data will not provide a substantive response to this Interrogatory.

**INTERROGATORY NO. 11:**

*Identify All employees, contractors, and agents of Yours who have resided or worked in California. Your response should include each individual's current and former titles, time period during which the individual held each title, a description of the individual's job responsibilities, and the location where the individual resides or works.*

       **Response to Interrogatory No. 11:**  Bright Data objects to this Interrogatory because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Interrogatory to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects to this Interrogatory because information relating to the identity of current and former employees, contractors, agents, or third-party companies hired or contracted by Bright Data is not relevant or proportional.  Bright Data objects to this Interrogatory to the extent it seeks information about the activities of any non-party affiliate of Bright Data (GO 10).  Absent Court order or further agreement of the parties, Bright Data will not provide a substantive response to this Interrogatory.

**INTERROGATORY NO. 12:**

*Identify each office or location You have ever owned, leased, or claimed to have in California, including the timeframe when you owned, leased, or claimed to have the office or location, the purpose of the office or location, and the personnel who worked at the office or location.*

       **Response to Interrogatory No. 12:**  Bright Data objects to this Interrogatory because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Interrogatory to the extent it

seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects to this Interrogatory because discovery relating to any lease, office, or real estate is not relevant or proportional.  Absent Court order or further agreement of the parties, Bright Data will not provide a substantive response to this Interrogatory.

1  Dated: December 13, 2023                    Respectfully submitted,

2

3                                              /s/  *Colin R. Kass*

4                                              Colin R. Kass*
                                               PROSKAUER ROSE LLP
5                                              1001 Pennsylvania Ave., N.W.
                                               Washington, D.C. 20004
6                                              (202) 416-6890
                                               ckass@proskauer.com
7

8                                              David A. Munkittrick*
                                               PROSKAUER ROSE LLP
9                                              Eleven Times Square
                                               New York, New York 10036
10                                             (212) 969-3000
                                               dmunkittrick@proskauer.com
11

12                                             Robert C. Goodman (Bar No. 111554)
                                               Lauren Kramer Sujeeth (Bar No. 259821)
13                                             ROGERS JOSEPH O'DONNELL, PC
                                               311 California Street, 10th Floor
14                                             San Francisco, CA 94104
                                               (415) 956-2828
15                                             rgoodman@rjo.com
                                               lsujeeth@rjo.com
16

17                                             Sehreen Ladak (Bar No. 307895)
                                               PROSKAUER ROSE LLP
18                                             2029 Century Park East, Suite 2400
                                               Los Angeles, CA 90067-3010
19                                             (310) 284-5652
                                               sladak@proskauer.com
20

21                                             *Attorneys for Defendant Bright Data Ltd.*
                                               *Admitted pro hac vice*
22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 13, 2023, I caused the foregoing document to be served via e-mail on counsel for X Corp.

/s/ *Colin R. Kass*

ATTACHMENT 15

1

2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

3

4

X CORP.,

5

Plaintiff,                    Case No. 3:23-CV-03698-WHA

6

7

v.

BRIGHT DATA LTD.

8

9

Defendant.

10

11

**BRIGHT DATA'S RESPONSES AND OBJECTIONS**
**TO X CORP.'S FIRST SET OF DOCUMENT REQUESTS**

12

13

14

15

Bright Data submits the following Responses and Objections ("Responses") to X Corp.'s First Set of Requests for Production of Documents (the "RFPs" or "Requests"). Upon request, Bright Data is available to meet and confer with X to discuss its Responses, its General and Specific Objections, and the scope of discovery set forth in these Responses.

16

**GENERAL OBJECTIONS**

17

18

19

20

21

Bright Data asserts the following General Objections ("GOs"), which are incorporated by reference into each of the Specific Responses and Objections below. Along with Bright Data's Specific Responses and Objections, the GOs govern the scope of any response made by Bright Data to the Requests and are neither waived nor limited by Bright Data's Specific Responses and Objections.

22

23

24

25

1.      *Discovery is Premature.*  Bright Data objects to the Requests to the extent they seek information that is not appropriate or proportional for discovery prior to resolution of Bright Data's Motion to Stay Discovery, 12(b)(2) and 12(b)(6) Motion to Dismiss the Amended Complaint, and anticipated motion to dismiss on contract formation and interpretation issues.

26

27

2.      *Jurisdictional Discovery.*  Bright Data objects to the Requests to the extent they seek jurisdictional discovery. In the ordinary course, plaintiffs are required to seek leave of the

28

1    Court to conduct jurisdictional discovery.  *See, e.g., Chapman v. Krutonog*, 256 F.R.D. 645, 648

2    (D. Haw. 2009) ("In order to obtain leave to conduct jurisdictional discovery, Plaintiffs must

3    make a preliminary showing of jurisdiction [and] specify what facts they expect to uncover during

4    discovery and how those facts would support personal jurisdiction.").  However, X failed to do

5    so.  And even if X had properly moved the Court for jurisdictional discovery, it would not be

6    entitled to it, as Bright Data's 12(b)(2) motion raises entirely law-based, facial challenges to the

7    Complaint.  *See Ross v. Skanska USA Civil W. Rocky Mountain Dist., Inc.*, 2014 WL 806261, *1

8    (N.D. Cal. 2014) (rejecting argument that even a "bare bones" complaint entitles plaintiffs to

9    jurisdictional discovery to "explore whether there is general or specific jurisdiction"); *Smith v.*

10   *U.S. Dep't of Agric.*, 2016 WL 4179786, *5 (N.D. Cal. 2016) ("Discovery [is] immaterial to

11   [defendant's] facial jurisdictional challenge."); *Ctr. for Biological Diversity v. Army Corps of*

12   *Eng'rs*, 2014 WL 12923196, *7 (C.D. Cal. 2014) ("[J]urisdictional discovery is inappropriate

13   because Defendants … assert facial, not factual, attacks on jurisdiction.").  Therefore, absent

14   Court order or further agreement of the parties, Bright Data will not respond to any requests for

15   jurisdictional discovery until such time as the Court gives its leave for such discovery to take

16   place.

17       3.    ***Merits Discovery Related to Claims Subject to Bright Data's Personal***

18   ***Jurisdiction Challenge.***  Bright Data objects to the Requests to the extent they seek merits

19   discovery relating to Counts II through VI of the Complaint, including X's unjust enrichment,

20   tortious interference, trespass to chattels, misappropriation, and Unfair Competition Law claims,

21   on the grounds that the Court lacks personal jurisdiction over those claims.  *See* Bright Data's

22   Motion to Dismiss the Amended Complaint.  Courts may not order merits-based discovery until

23   plaintiffs have both properly pled and made a sufficient *prima facie* showing of personal

24   jurisdiction.  *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (holding

25   that courts may not proceed to the merits "without first determining that it has jurisdiction over

26   the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction.)").

27   Accordingly, absent Court order or further agreement of the parties, Bright Data will not search

28

1   for or produce information relating to Counts II through VI, including information relating to

2   third-party use of Bright Data's scraping and proxy services.

3        4.    ***Third-Party Use of Bright Data's Proxy or Scraping Services.***  Bright Data objects

4   to the Requests to the extent they seek information relating to any scraping activity by third-

5   parties using Bright Data's proxy or scraping services.  Such information is not relevant or

6   proportional to X's contract claim.  On September 25, 2023, Bright Data terminated its contractual

7   relationship with X.  Four days ***later***, X issued new Terms, adding for the first time a new section

8   titled "Misuse of the Services."  In this new section, X asserts, for the first time, that "[i]t is also

9   a violation of these Terms to facilitate or assist others in violating these Terms, including by

10  distributing products or services that enable or encourage violation of these Terms."  This

11  amendment was litigation-driven and is not binding on Bright Data, because Bright Data had

12  already rejected the Terms.  The version of the Terms in effect prior to Bright Data's account

13  termination did not contain this prohibition.  Nor did the initial Complaint (ECF 1) cite to any

14  provision of the Terms then in effect making it a violation "to facilitate or assist others in violating

15  [the] Terms" or to "distribut[e] products or services that enable or encourage violation of [the]

16  Terms."  Because the sale or distribution of "products or services that enable or encourage" others

17  to violate the Terms does not constitute a breach of any contract between X and Bright Data,

18  discovery relating to such products and services, if any, is not relevant and proportional to Count

19  I.  Nor is such discovery permitted for purposes of Counts II-IV, since the Court lacks personal

20  jurisdiction over Bright Data for purposes of these claims, as set forth in GO 3.  Accordingly,

21  except as expressly set forth below, absent Court order or further agreement of the parties, Bright

22  Data will not search for or produce any information relating to the development, sale, distribution,

23  or use by third-parties of Bright Data's proxy or scraping services.

24        5.    ***Third-Party Scraping by Non-California Customers.***  Even if the Court has

25  personal jurisdiction over certain aspects of X's non-contract claims (Counts II-VI), such

26  jurisdiction would not extend to claims not involving Bright Data conduct expressly aimed at

27  California.  This would include, at a minimum, any use of Bright Data's services by non-California

28

customers.  Accordingly, absent Court order or further agreement of the parties, Bright Data will not respond to the Requests with information relating to scraping by third parties outside California.

6.      ***Customer Identifiable Information.***  Bright Data objects to the Requests to the extent they seek information relating to specific customers.  *First*, Bright Data objects to such Requests because the production of customer-identifiable information is not proportional or appropriate (and may, at most, be relevant to damages, which have not been specifically alleged or identified).  *Second*, Bright Data objects to such Requests because the *production* of such information will cause significant competitive harm to Bright Data and will interfere with Bright Data's commercial relationships.  X uses its own internal teams and outside counsel as enforcers of X's Terms of Service.  When X learns of conduct it does not like, it sues or sends cease-and-desist letters threatening legal action.  In most cases, the recipients of these suits or letters do not have the resources to litigate against X, and therefore cease engaging in the alleged conduct, ***regardless*** of its actual legality.  Once X's outside counsel learns of the identity of these customers, there will be no way to prevent them from engaging in these so-called "enforcement" actions.  ***It would be the equivalent of letting the fox in the hen house***.  These threats have the ability to substantially interfere with Bright Data's customer relationships, and with its customers' own businesses.  Importantly, X does not deny that it would or could use the information it seeks in discovery to identify additional targets for future "enforcement" or harassment.  Indeed, once X learns of a third-party from the discovery materials, it would be almost impossible to make X's counsel forget their identity in future enforcement contexts.  ***Accordingly, absent Court order or further agreement of the parties, Bright Data will not search for or produce documents containing customer identifiable information.  Bright Data will also redact any customer-identifiable information from any document it otherwise agrees to produce.***

7.      ***Conduct Relating to Scraping of Websites Other Than X.***  X has not asserted any claim relating to the use of Bright Data's services for purposes other than scraping X.  Information that does not expressly relate to the scraping of X is neither relevant nor proportional.  Accordingly,

1    absent Court order or further agreement of the parties, Bright Data will not search for or produce

2    information relating to the scraping of sites other than X.

3        8.    ***Relevant Scraping Services.***    As noted, Bright Data objects to the Requests to the

4    extent they seek information that does not relate to the scraping of X, on the grounds of relevance

5    and proportionality.    Without limiting the foregoing, Bright Data objects to X's definitions of

6    "Scraping Tool," "Data," "Dataset," "Proxy," "Proxies," "Code," and "Logs" to the extent such

7    terms are not limited to instances in which such Scraping Tools, Datasets, or Proxies are used for

8    the scraping of X.    In responding to the Requests, Bright Data will use the term "Scraping Services"

9    to refer to Bright Data's proxy network, its Data Collector Service (both self-managed and fully-

10   managed), and dataset sales when used to scrape data from third-party websites.    Bright Data will

11   use the term "Relevant Scraping Services" or "Relevant Bright Data Scraping Services" to refer

12   to instances in which the Scraping Services are used to scrape data from X.    Unless otherwise

13   specified, absent Court order or further agreement of the parties, Bright Data will not search for or

14   produce information that does not relate to the Relevant Scraping Services.

15       9.    ***Source Code.***    Bright Data objects to the Requests to the extent they seek source

16   code on the grounds that it is neither relevant nor proportional.    Production of source code is not

17   needed to determine whether Bright Data breached any Term, or induced any customer to breach

18   its contract with X, if any.    Nor is source code necessary to quantify any damages, if any, that

19   might have been caused by any such breach.    The production of source code is also highly sensitive

20   trade secret information, which X could misappropriate to further its own business.

21       10.    ***Public Search Mechanics.***    Bright Data objects to the Requests to the extent they

22   seek information about the technological measures that Bright Data uses to address X's anti-

23   scraping technology, including IP blockers, CAPTCHAs, and rate limiters because such

24   information is neither relevant nor proportional, and the disclosure of this information could cause

25   grave commercial and competitive injury.    Accordingly, absent Court order or further agreement

26   of the parties, Bright Data will not search for or produce information relating to X's detection

27   system or the steps by which non-members may access public information posted on X's sites.

28

11.    ***Alter Ego Discovery***.  Bright Data objects to the Requests to the extent they seek information about the activities of any non-party affiliate of Bright Data.  Such information is not relevant to either the merits of any claim, or jurisdiction.  *See Scanlon v. Curtis Int'l Ltd.*, 465 F. Supp. 3d 1054, 1067-68 (E.D. Cal. 2020) (denying jurisdictional discovery under an alter ego theory).

12.    ***General Protective Order.***  Bright Data will not produce any confidential or competitively sensitive information prior to entry of a suitable general protective order and objects to the Requests to the extent they call for the same.

13.    ***Relevant Period.***  Bright Data objects to the Requests to the extent they call for the production of information relating to the search for or collection of information (or the use or sale of such information) after September 25, 2023.  As Bright Data has previously explained, there is no extant contract between Bright Data and X, and thus, any discovery after September 25, 2023 would not relate to X's breach of contract claim (Count I), but X's other non-contract claims (Counts II-VI).  As explained in GOs 2and 3, such discovery is impermissible until Bright Data's jurisdictional challenge has been resolved.  Bright Data objects to the Requests to the extent they call for information pre-dating January 26, 2019.  Accordingly, absent Court order or further agreement of the parties, Bright Data will not search for or produce documents dated after January 26, 2019 and September 25, 2023.

14.    ***Privilege.***  Bright Data objects to the Requests to the extent that they call for the disclosure of information protected by any privilege, doctrine, or protection, including without limitation the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection.  Nothing contained in these objections and responses is intended to be, or in any way constitutes, a waiver of any applicable privilege or immunity.  Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege nor of any other basis for objecting to the use of such material or its subject matter. Bright Data expressly reserves the right to object to the use or introduction of such information.

15.    ***Scope of Search.***  Bright Data objects to the Requests (generally and as detailed in the Specific Objections below) on the ground that they are, in many instances, compound, overly broad, unduly burdensome, or not proportional to the needs of the case, absent further clarification and reasonable limitations placed on the scope of the search.   In the spirit of compromise, to address some of these objections, these Responses set forth an offer of production.  Bright Data notes that any offer of production does not indicate that such documents exist, that the scope of such discovery is proper, or that any identified documents are relevant or admissible.  Rather, the offer of production merely indicates Bright Data's agreement to undertake an agreed-upon, reasonably-tailored search for such documents.  For avoidance of doubt, to the extent responsive documents exist but are not included within Bright Data's offer of production, such documents are being withheld on the basis of Bright Data's General and Specific Objections.  *See* Fed. R. Civ. P. 34(b)(2).  Barring any agreement to the contrary and to the extent not inconsistent with any Court order (*e.g.,* an ESI Protocol), Bright Data's search will consist of the following parameters:

a.    ***Targeted Search***.  Searching specific central files or systems will be a more efficient and proportional way to a particular Request than conducting a full custodian search of particular individual's user-generated files, such as emails.  Bright Data refers to such searches as "Targeted Searches," otherwise often referred to as "go-gets."  Where Bright Data intends to comply with a particular Request by performing a Targeted Search, it will expressly indicate in its offer of the production (below) that the search will involve a Targeted Search, and unless otherwise stated, such search shall be in lieu of any Custodian Search with respect to that Specific Request.  At this time, all of Bright Data's offers of production contemplate a Targeted Search.

b.    ***Custodian Search***.  A Custodian Search involves collection of a custodian's emails and other user-generated files, including the network files where the custodian ordinary stores user-generated files.  This would include, for example, the custodian's emails.  At this time, Bright Data does not contemplate conducting a Custodian Search for any particular request.  If Bright Data believes that a Custodian Search is necessary or appropriate, Bright Data will identify the relevant custodians, and any Custodian Search will be limited to those custodians' files.

c.    ***Search Terms***.  In conducting its search for responsive documents, unless otherwise specified, Bright Data may manage the burden by using appropriate search terms to limit the search, review, processing, and/or production of documents responsive to these Requests. If Bright Data elects to use search terms

to limit the scope of documents that are reviewed or produced, it will disclose the search terms used, and any search for responsive information will be limited to documents containing such terms.  Consistent with Judge Alsup's rules, however, if, during the course of review, Bright Data's counsel identifies responsive documents that have been collected, Bright Data will not withhold such documents solely because such documents do not contain search terms.  *See* Judge Alsup Supp. Standing Order re Initial CMC §§ 18, 19.

d.    ***Structured Data***.   In conducting Targeted Searches for information that is maintained in any database, including information in any transactional, financial, or customer relationship database, Bright Data's offers of production are expressly contingent upon investigation and conferral concerning the specific fields of information that are readily-accessible, available, and proportionate.   Bright Data reserves the right to object to the production of any field or time period that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

e.    ***ESI***.  Bright Data objects to the Requests to the extent they call for the production of any electronically stored information that is not reasonably accessible, or that cannot be compiled or produced without unreasonable investments in time and expense.  Bright Data further objects to these Requests to the extent they purport to require a search beyond the scope of permissible discovery contemplated by Fed. R. Civ. P. 26(b)(2)(C) and any ESI Protocol Order.

f.    ***Phones***.  Bright Data objects to the search of phones on grounds of privacy, proportionality, relevance, overbreadth, and burden.   Accordingly, absent Court order or further agreement of the parties, Bright Data will not search for or collect the phones of any Bright Data employee.

g.    ***Time Period***.   As explained in GO 13 above, Bright Data objects to these Requests on the grounds of proportionality, relevance, overbreadth, and burden to the extent they seek information before January 26, 2019 and September 25, 2023.

16.    ***Time, Place, Manner of Production.***  Bright Data objects to the Requests to the extent that they do not specify a "reasonable time, place, and manner of making the inspection." *See* Fed. R. Civ. P. 34(b).  To the extent Bright Data makes an offer of production in these Responses, such offer of production contemplates a rolling production, within time frames established by Court order or the parties' agreement.

17.    ***Duplicative or Broad Requests.***  Many of the Requests below are vague and overbroad, and could be interpreted broadly.  For example, requests that seek all documents relating to customers' use of any scraping tool would, in theory, cover source code, even though

1   there are other requests that specifically request source code.  In general, where Bright Data
2   addresses a specific request, then any limitations set forth in response to such specific requests
3   (including any objections to producing responsive documents) would apply to the more general
4   requests.  This is so even if Bright Data does not specifically call out the potentially vagueness and
5   ambiguity of the broader requests.  That is, Bright Data will interpret broader requests as having
6   excluded the information expressly sought by any narrower, specific request.  And, for avoidance
7   of doubt, Bright Data objects to any request that encompasses any narrower request on the grounds
8   that such broader request is unreasonably duplicative or cumulative.

9       18.    ***Short-Form Objections.***  In setting forth these Objections and Specific Objections,
10  Bright Data shall use the term "Proportionality" to mean that the Request seeks information that
11  is not "proportional to the needs of the case" under Fed. R. Civ. P. 26(b)(1).  Bright Data uses the
12  terms "Breadth" and/or "Burden" to mean that (i) the Request is overly broad and/or unduly
13  burdensome; (ii) the discovery sought is unreasonably cumulative or duplicative of other
14  information Bright Data has offered to produce in response to a document request under Fed. R.
15  Civ. P. 34(a); and/or (iii) the burden or expense of the proposed discovery outweighs its likely
16  benefit under Fed. R. Civ. P. 26(b).  Bright Data uses the term "Relevance" to mean that the
17  discovery requested is neither relevant to any party's claim or defense under the Federal Rules of
18  Evidence nor proportional to the needs of the case or is otherwise outside the scope of Fed. R. Civ.
19  P. 26(b)(1).  Bright Data uses the term "Ambiguity" to mean the Request is vague and ambiguous.
20  Bright Data uses the term "Privilege" to mean that the discovery requested seeks information
21  protected by the attorney-client privilege, the work product doctrine, joint defense or common
22  interest privileges, or any other applicable privilege.

23      19.    ***The Rules Govern.***  Bright Data objects to the Requests, including the Definitions
24  and Instructions, to the extent that they are inconsistent with or exceed the obligations imposed by
25  the Federal Rules of Civil Procedure, any Local Rule, or applicable order.  In responding to these
26  Requests, Bright Data will comply with the requirements of the Federal Rules of Civil Procedure,
27  the Local Rules, and applicable orders of the Court.

28

20.     ***Use of Instructions and Definitions.***  Bright Data objects to X's use of instructions and definitions in its Requests as overly burdensome, unreasonable, and contrary to the Court's Local Rules.  Judge Alsup Supp. Standing Order re Initial CMC § 17 ("The fashionable use of 'Instructions' and 'Definitions' in document requests and interrogatories has a strong tendency, when read into the requests and interrogatories, to exacerbate burden and this alone can sometimes render them unreasonable.  Under the Federal Rules, there is no need for 'Instructions' and 'Definitions.'").

21.     ***Objection to Definition 1.***  Bright Data objects to Definition 1 on the grounds that it is overbroad, would impose undue burden, is disproportional, and is inconsistent with the requirements of the Rules.  Bright Data will respond to the Requests on behalf of Bright Data Ltd. only.

22.     ***Objection to Definition 4.***  Bright Data objects to the definition of "Customer" on the grounds that, as defined, it renders the Requests overbroad and disproportional.  Bright Data has identified several objections to Requests seeking customer information.  *See, e.g.*, GOs 4, 5, 6.  In responding to these Requests, absent Court order or further agreement of the parties, Bright Data will construe the term "Customer" to exclude the categories of customers or customer information to which Bright Data has lodged an objection.

23.     ***Objection to Definition 5.***  Bright Data objects to the definition of "Customer located in California" on grounds of relevance and proportionality to the extent the definition causes the Requests to seek information that does not involve (i) activity by Bright Data in California, or (ii) activity directed at third parties who are physically in California when using a Relevant Scraping Service ("California Activity").  Without limiting the foregoing, Bright Data objects to the term "Customer located in California" to the extent it depends on the domicile, headquarters, or address of a customer.  In responding to these requests, Bright Data will use the term "California Customers" to refer to customers for whom the relevant activity concerned California Activity.

24.      ***Objection to Definition 7.***  Bright Data objects to the definition of "Investors" on the grounds of relevance, overbreadth, and proportionality.  Absent Court order or further agreement of the parties, Bright Data will not search for or produce information relating to, or communications with, investors.

25.      ***Objection to the Relevant Bright Data Services Definitions (Definitions 8-10)***. Bright Data objects to the definitions of Bright Data's services (including the definitions of "Scraping Tool" (Definition 8), "Data" or "Dataset" (Definition 9), and "Proxy" or "Proxies" (Definition 10)) on the grounds that, as defined, they render the Requests overbroad and disproportional.  Bright Data has identified several objections to the scope of Requests seeking information relating to Bright Data's Services.  *See, e.g.*, GOs 3, 4, 5, 7, 8.  In responding to these Requests, Bright Data will construe the Requests using the terms "scraping tool," "data", or "proxy" (or variations thereof) to both (i) exclude information for which Bright Data has lodged an objection; and (ii) include only information relating to the use of such services by Bright Data or a third party to search for or collect information from X sites using automated means.

26.      ***Objections to Code and Log Definitions (Definitions 11-12)***.  Bright Data objects to the definitions of "Code" (Definition 11) and "Logs" (Definition 12) on the grounds that they are overbroad and disproportional.  Bright Data will confer with X concerning the scope of production, if any, of code and logs in connection with the resolution of Bright Data's General and Specific Objections.

27.      ***Objection to Definition 13.***  Bright Data objects to the definition of "Terms" to the extent it assumes that "all users who register for an X account, and/or view the X website or application agree to [them]."  In responding to these requests, Bright Data will use the term "Terms" to mean X's Terms of Service, Privacy Policy, and Twitter Rules and Policies in effect between January 26, 2019 and September 25, 2023.

28.      ***Objection to Instruction 5.***  Bright Data objects to Instruction 5 on the grounds of overbreadth, burden, and proportionality.  Bright Data objects to the extent Instruction 5 calls for the production of information before January 26, 2019, as anything before that date is outside the

scope of X's claims.  Bright Data further objects to the extent Instruction 5 calls for the production of information relating to the search or collection of information (or the use or sale of such information) after September 25, 2023.  As such, unless otherwise noted, the temporal scope of Bright Data's responses will be from January 26, 2019 through September 25, 2023, as explained in GO 13.

29.    ***Reservation of Right to Amend.***   Because discovery is ongoing, Bright Data's responses are preliminary in nature and based only on information that is readily available to Bright Data after a reasonable, but still ongoing, investigation.  To the extent necessary or appropriate, Bright Data reserves the right to supplement its Responses in accordance with Fed. R. Civ. P. 26(e), including – without limitation – by asserting additional objections.

30.    ***Offers of Production.***   As set forth below, in response to Specific Requests, Bright Data has made certain offers of production, which follow the phrase "subject to and without waiving [its] objections …"  In each case, an offer of production does not indicate that responsive documents exist, but rather that Bright Data will undertake a good faith search for such documents, in accordance with any limits relating to the time, place, and manner of production, including GO 1 (Stay); GO 6 (Customer Identifiable Information); GO 13 (Relevant Period); GO 15 (Scope of Search); and GO 16 (Time, Place, Manner).  In addition, pursuant to the Judge Alsup's all-or-nothing rule, if X does not accept an offer of production, Bright Data reserves the right to withdraw the offer of production and litigate the reasonableness of the request as originally written.  *See* Judge Alsup Supp. Standing Order re Initial CMC, § 17 ("When the judge finds (on motion) that a request was unreasonably burdensome or otherwise objectionable from the outset, his normal practice is to strike it in its entirety rather than to try to salvage some narrower element lurking within it.  Again, the judge's approach is intended to encourage reasonably narrow requests from the start, meaning don't ask for more than you deserve with the expectation that the judge will cut it back to what you deserve.  He will cut unreasonably burdensome requests back to zero.").

1

## SPECIFIC RESPONSES AND OBJECTIONS[1]

2

### REQUEST NO. 1:

3

*All Data obtained from the X Platform using Your Scraping Tools or Your Proxies.*

4

5

**Response to Request No. 1:**  Subject to and without waiving its General Objections, Bright
Data will conduct a Targeted Search for responsive data that Bright Data itself scraped from the X
platform during the Relevant Period.

6

7

### REQUEST NO. 2:

8

9

*All Documents describing Your Scraping Tools, their features, functionality, and operation,
including product requirements documentation, design specifications or mockups, engineering
architecture documents, service blueprints or journey maps, and testing documentation.*

10

11

**Response to Request No. 2:**  Bright Data objects to this Request because it seeks merits
discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the
extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this
Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services
(GO 8).  Bright Data objects to this Request to the extent it seeks production of Bright Data's
Source Code (GO 9).  Bright Data objects to this Request to the extent it seeks information relating
to public search mechanics (GO 10).  Bright Data objects to this Request to the extent it seeks "all
documents," rather than documents sufficient to show, specified information.  Subject to and
without waiving these objections and its General Objections, Bright Data will produce responsive
marketing materials sufficient to describe the features of the Relevant Scraping Services.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

---

[1] For avoidance of doubt, all offers of production expressly incorporate all limitations on the time, place, and manner
of production, including GO 1 (Stay); GO 6 (Customer Identifiable Information); GO 13 (Relevant Period); GO 15
(Scope of Search); and GO 16 (Time, Place, Manner).  All other limited reflected in the General Objections are
similarly incorporated into each specific response below without the need to repeat or reference such objections, but
Bright Data will endeavor to identify the most germane objections.

28

1

**REQUEST NO. 3:**

2

*All Documents used to describe Your Scraping Tools to employees responsible for selling or marketing them or providing customer support for them.*

3

4

<u>**Response to Request No. 3:**</u>  Bright Data objects to this Request because it seeks merits

5

discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the

6

extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this

7

Request because it seeks discovery relating to non-California customers (GO 5).  Bright Data

8

objects to this Request to the extent it seeks customer-identifiable information (GO 6).  Bright

9

Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant

10

Scraping Services (GO 8).  Bright Data objects to this Request to the extent it seeks production of

11

Bright Data's Source Code (GO 9).  Bright Data objects to this Request to the extent it seeks

12

information relating to public search mechanics (GO 10).  Bright Data objects to this Request to

13

the extent it seeks "all documents," rather than documents sufficient to show, specified

14

information.  Subject to and without waiving these objections and its General Objections, Bright

15

Data will produce responsive marketing materials sufficient to describe the features of the Relevant

16

Scraping Services.

17

**REQUEST NO. 4:**

18

*All Documents used to describe Your Scraping Tools, their features, functionality, and operation to Customers, including marketing materials, installation or onboarding documentation, and support documentation.*

19

20

<u>**Response to Request No. 4:**</u>  Bright Data objects to this Request because it seeks

21

jurisdictional discovery (GO 2).  Bright Data objects to this Request because it seeks merits

22

discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the

23

extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this

24

Request because it seeks discovery relating to non-California customers (GO 5).  Bright Data

25

objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant

26

Scraping Services (GO 8).  Bright Data objects to this Request to the extent it seeks production of

27

28

Bright Data's Source Code (GO 9). Bright Data objects to this Request to the extent it seeks information relating to public search mechanics (GO 10). Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information. Subject to and without waiving these objections and its General Objections, Bright Data will produce responsive marketing materials sufficient to describe the features of the Relevant Scraping Services.

**REQUEST NO. 5:**

*All Documents used to describe Your Scraping Tools, their features, functionality, and operation to Investors.*

**Response to Request No. 5:** Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3). Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4). Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8). Bright Data objects to this Request to the extent it seeks production of Bright Data's Source Code (GO 9). Bright Data objects to this Request to the extent it seeks information relating to public search mechanics (GO 10). Bright Data objects to the Request because communications with Investors are not relevant or proportional to the claims in the case. Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information. Subject to and without waiving these objections and its General Objections, Bright Data will produce responsive marketing materials sufficient to describe the features of the Relevant Scraping Services.

**REQUEST NO. 6:**

*All Documents concerning the development and testing of Your Scraping Tools, including documentation describing the development and testing of any methods, technology, or techniques to circumvent X Corp's anti-scraping measures, authentication requirements, IP blockers, and rate limits.*

**Response to Request No. 6:** Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3). Bright Data objects to this Request to the

extent it seeks information relating to third-party search (GO 4). Bright Data objects to this request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8). Bright Data objects to this Request to the extent it seeks production of Bright Data's Source Code (GO 9). Bright Data objects to this Request to the extent it seeks information relating to public search mechanics (GO 10). Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information. Bright Data objects to this Request because the "development and testing" of Bright Data's scraping tools is not relevant or proportional. Bright Data will not produce documents in response to this Request.

**REQUEST NO. 7:**

*All Code Your Scraping Tools use or used to access, communicate with, or obtain Data from the X Platform, including any source code related to the operation of Your Scraping Tools and any changes to the Code during the relevant time period.*

      <u>**Response to Request No. 7:**</u>  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3). Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4). Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8). Bright Data objects to this Request to the extent it seeks production of Bright Data's Source Code (GO 9). Bright Data objects to this Request to the extent it seeks information relating to public search mechanics (GO 10). Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information. Bright Data will not produce documents in response to this Request.

**REQUEST NO. 8:**

*All Documents and Communications regarding the use of Your Proxies or Scraping Tools to avoid access or data limits of the X Platform.*

      <u>**Response to Request No. 8:**</u>  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3). Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4). Bright Data objects to this

Request to the extent it seeks production of Bright Data's Source Code (GO 9).  Bright Data objects to this Request to the extent it seeks information relating to public search mechanics (GO 10). Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information.  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 9:**

*All Logs that record the use of Your Scraping Tools on the X Platform.*

**Response to Request No. 9:**  Bright Data objects to this Request because production of "all logs" is unduly burdensome and not proportional.  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for, and will produce, a sample of a responsive log relating to Bright Data's search for information on the X platform.  Bright Data will then meet and confer with X concerning whether any additional logs may be required.

**REQUEST NO. 10:**

*All Logs that record the use of Your Proxies on the X Platform.*

**Response to Request No. 10:**  Bright Data objects to this Request because production of "all logs" is unduly burdensome and not proportional.  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request to the extent it seeks information unrelated to the Relevant Scraping Services (GO 8).  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for, and will produce, a sample of a responsive log relating to Bright Data's search for information on the X platform.  Bright Data will then meet and confer with X concerning whether any additional logs may be required.

1

**REQUEST NO. 11:**

2

*All Documents and Communications concerning X Corp's Terms, including All Documents and Communications regarding compliance with the Terms.*

3

4

**Response to Request No. 11:**  Bright Data objects to this Request to the extent it seeks

5

communications with in-house or outside counsel concerning X Terms or this Action on grounds

6

of privilege (GO 14).  Bright Data objects to this request to the extent it seeks information unrelated

7

to the Relevant Scraping Services (GO 8).  Bright Data objects to this Request because it seeks

8

merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request

9

10

to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this

11

Request on grounds of relevance because X's Terms are contracts of adhesion, which must be

12

construed against X, rendering Bright Data's subjective intent irrelevant.  In light of the irrelevance

13

of subjective intent, a Custodian Search for responsive documents would not be proportional.

14

Bright Data will not produce documents in response to this Request.

15

**REQUEST NO. 12:**

16

*All Documents and Communications You distributed, published, or made available to current, prospective, or former Customers regarding Data or information obtained from the X Platform.*

17

18

**Response to Request No. 12:**  Bright Data objects to this Request because it seeks

19

jurisdictional discovery (GO 2).  Bright Data objects to this Request because it seeks merits

20

discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the

21

extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this

22

Request because it seeks discovery relating to non-California customers (GO 5).  Bright Data

23

objects to this Request to the extent it seeks customer-identifiable information (GO 6).  Bright

24

Data objects to this request to the extent it seeks information unrelated to the Relevant Scraping

25

Services (GO 8).  Bright Data objects to this Request to the extent it seeks information relating to

26

public search mechanics (GO 10).  Bright Data objects to this Request to the extent it seeks "all

27

documents and communications," rather than documents sufficient to show, specified information.

28

Subject to and without waiving these objections and its General Objections, Bright Data will produce responsive marketing materials sufficient to describe the features of the Relevant Scraping Services.

**REQUEST NO. 13:**

*Documents sufficient to show how Data obtained from the X Platform is stored by You, including documents sufficient to identify the identity, location, and structure of All databases in which You store Data obtained from the X Platform.*

**Response to Request No. 13:**   Bright Data objects to this Request because it seeks discovery on discovery, which is irrelevant, unduly burdensome, and disproportional.  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 14:**

*All Documents and Communications related to any X accounts created or used by You, including the creation, use, and the termination or deletion of those accounts.*

**Response to Request No. 14**:  Bright Data objects to this Request to the extent it seeks information unrelated to the use of any X accounts owned, controlled, or managed by Bright Data for purposes of scraping information on the X platform.  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for (i) responsive documents sufficient to show the X accounts that Bright Data owned, controlled or managed during the Relevant Period; and (ii) documents relating to use of such accounts for purposes of scraping information on the X platform.

**REQUEST NO. 15:**

*All Documents and Communications related to any current, prospective, or former Customers' use of the X Platform.*

**Response to Request No. 15:**  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request because it seeks discovery relating to non-California customers (GO 5).  Bright Data

objects to this Request to the extent it seeks customer-identifiable information (GO 6).  Bright Data objects to this Request to the extent it seeks information unrelated to the Relevant Scraping Services (GO 8).  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 16:**

*All Documents and Communications related to the collection of Data from, or access to, web pages with access and use restrictions including a password, log-in requirement, rate limiter, IP blockers, or other restriction.*

**Response to Request No. 16:**  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects to this Request to the extent it seeks production of Bright Data's Source Code (GO 9).  Bright Data objects to this Request to the extent it seeks information relating to public search mechanics (GO 10).  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 17:**

*All contracts and agreements between You and any current or former Customer related to any Data or Datasets from the X Platform.*

**Response to Request No. 17:**  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request because it seeks discovery relating to non-California customers (GO 5).  Bright Data objects to this Request to the extent it seeks customer-identifiable information (GO 6).  Bright Data objects to this Request to the extent it seeks information unrelated to the Relevant Scraping Services (GO 8).  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 18:**

*All contracts and agreements between You and any current or former Customer related to Your Scraping Tools that were, are, or could be used for scraping Data from the X Platform.*

**Response to Request No. 18:**  Bright Data objects to this Request because it seeks

jurisdictional discovery (GO 2). Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3). Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4). Bright Data objects to this Request because it seeks discovery relating to non-California customers (GO 5). Bright Data objects to this Request to the extent it seeks customer-identifiable information (GO 6). Bright Data objects to this Request to the extent it seeks information unrelated to the Relevant Scraping Services (GO 8), or any scraping tools that "could be" – rather than were – used for scraping Data from the X Platform. Bright Data will not produce documents in response to this Request.

**REQUEST NO. 19:**

*All contracts and agreements between You and any current or former Customer related to Your Proxies that were, are, or could be used to collect Data from the X Platform.*

       **Response to Request No. 19:** Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2). Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3). Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4). Bright Data objects to this Request because it seeks discovery relating to non-California customers (GO 5). Bright Data objects to this Request to the extent it seeks customer-identifiable information (GO 6). Bright Data objects to this request to the extent it seeks information unrelated to the Relevant Scraping Services (GO 8), or any proxy services that "could be" – rather than were – used for scraping Data from the X Platform. Bright Data will not produce documents in response to this Request.

**REQUEST NO. 20:**

*All Communications between You and any current or former Customer related to any Data or Datasets from the X Platform.*

       **Response to Request No. 20:** Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2). Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3). Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4). Bright Data objects to this

Request because it seeks discovery relating to non-California customers (GO 5).  Bright Data objects to this Request to the extent it seeks customer-identifiable information (GO 6).  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 21:**

*All Communications between You and any current or former Customer related to Your Scraping Tools that were, are, or could be used for scraping Data from the X Platform.*

       **Response to Request No. 21:**  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request because it seeks discovery relating to non-California customers (GO 5).  Bright Data objects to this Request to the extent it seeks customer-identifiable information (GO 6).  Bright Data objects to this Request to the extent it seeks information unrelated to the Relevant Scraping Services (GO 8), or any scraping tools that "could be" – rather than were – used for scraping Data from the X Platform.  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 22:**

*All Communications between You and any current or former Customer related to Your Proxies that were, are, or could be used to collect Data from the X Platform.*

       **Response to Request No. 22:**  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request because it seeks discovery relating to non-California customers (GO 5).  Bright Data objects to this Request to the extent it seeks customer-identifiable information (GO 6).  Bright Data objects to this Request to the extent it seeks information unrelated to the Relevant Scraping Services (GO 8), or any proxy services that "could be" – rather than were – used for collecting Data from the X Platform.  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 23:**

*Documents sufficient to identify all Persons involved in the design, manufacture, and operation of Your Scraping Tool, Proxy, and Dataset products and services.*

**Response to Request No. 23:** Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8). Bright Data objects to this Request because it is overbroad. On its face, it seeks disclosure of virtually every Bright Data employee. Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for responsive organization charts sufficient to show Bright Data's management structure for operations concerning the Relevant Scraping Services.

**REQUEST NO. 24:**

*All Documents showing Your sales, revenues, profits, losses, costs, cash-flow, and operating and capital expenditures on a monthly basis, including without limitation, invoices to Customers.*

**Response to Request No. 24:** Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2). Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3). Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4). Bright Data objects to this Request because it seeks discovery relating to non-California customers (GO 5). Bright Data objects to this Request to the extent it seeks customer-identifiable information (GO 6). Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8). Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information. Bright Data objects to this Request to the extent it seeks invoices on grounds of burden and proportionality. Bright Data objects to this Request on the grounds of relevance because Bright Data's sales, revenues, or profits are not a relevant measure of damages for any breach of contract claim. Bright Data will not produce documents in response to this Request.

1

**REQUEST NO. 25:**

2

*Documents sufficient to show the amount of revenues You attribute to X Platform Data broken*
3
*down by Customer and by month.*

4
      **Response to Request No. 25:**   Bright Data objects to this Request because it seeks

5
jurisdictional discovery (GO 2).   Bright Data objects to this Request because it seeks merits

6
discovery relating to X's non-contract claims (GO 3).   Bright Data objects to this Request to the

7
extent it seeks information relating to third-party search (GO 4).   Bright Data objects to this

8
Request because it seeks discovery relating to non-California customers (GO 5).   Bright Data

9
objects to this Request to the extent it seeks customer-identifiable information (GO 6).   Bright

10
Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant

11
Scraping Services (GO 8).   Bright Data objects to this Request to the extent it seeks "all

12
documents," rather than documents sufficient to show, specified information.   Bright Data objects

13
to this Request on the grounds of relevance because Bright Data's revenues are not a relevant

14
measure of damages for any breach of contract claim.   Bright Data will not produce documents in

15
response to this Request.

16
**REQUEST NO. 26:**

17
*All Documents showing revenue You have collected from Customers in exchange for Datasets You*
18
*scraped from the X Platform, including the amounts, payment methods, and frequency of payments.*

19
      **Response to Request No. 26:**   Bright Data objects to this Request because it seeks

20
jurisdictional discovery (GO 2).   Bright Data objects to this Request because it seeks merits

21
discovery relating to X's non-contract claims (GO 3).   Bright Data objects to this Request to the

22
extent it seeks information relating to third-party search (GO 4).   Bright Data objects to this

23
Request because it seeks discovery relating to non-California customers (GO 5).   Bright Data

24
objects to this Request to the extent it seeks customer-identifiable information (GO 6).   Bright

25
Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant

26
Scraping Services (GO 8).   Bright Data objects to this Request to the extent it seeks "all

27
documents," rather than documents sufficient to show, specified information.   Bright Data objects

28

to this Request on the grounds of relevance because Bright Data's revenues are not a relevant measure of damages for any breach of contract claim.  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 27:**

*All Documents showing revenue You have collected from Customers in exchange for any Scraping Tool You have offered to license or sell, including the amounts, payment methods, and frequency of payments.*

**Response to Request No. 27:**  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request because it seeks discovery relating to non-California customers (GO 5).  Bright Data objects to this Request to the extent it seeks customer-identifiable information (GO 6).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7).  Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information.  Bright Data objects to this Request on the grounds of relevance because Bright Data's revenues are not a relevant measure of damages for any breach of contract claim.  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 28:**

*All Documents showing revenue You have collected from Customers in exchange for any Proxy You have offered to license or sell, including the amounts, payment methods, and frequency of payments.*

**Response to Request No. 28:**  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request because it seeks discovery relating to non-California customers (GO 5).  Bright Data objects to this Request to the extent it seeks customer-identifiable information (GO 6).  Bright

Data objects to this Request to the extent it seeks information unrelated to X (GO 7).  Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information.  Bright Data objects to this Request on the grounds of relevance because Bright Data's revenues are not a relevant measure of damages for any breach of contract claim.  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 29:**

*Documents sufficient to show Your organizational, corporate, and management structure, including office and business locations and addresses, the identities of each division or department, the management of each division or department, and the identities of All persons who work within each division or department and their locations.*

**Response to Request No. 29:**    Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects to this Request on grounds of relevance because Bright Data's organizational, corporate, or management structures are not relevant to X's claims.  Bright Data objects to this Request because it is overbroad.  On its face, it seeks disclosure of virtually every Bright Data employee.  Bright Data objects to this Request to the extent it seeks information about the activities of any non-party affiliate of Bright Data (GO 11).  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for responsive organization charts sufficient to show Bright Data's management structure for operations concerning the Relevant Scraping Services.

**REQUEST NO. 30:**

*Documents sufficient to show any advertisements, promotions, sales, or offers for Your products and services (including Scraping Tools, Datasets, and Proxies) directed to any prospective Customer or Customer located in California.*

**Response to Request No. 30:**    Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the

extent it seeks information relating to third-party search (GO 4). Bright Data objects to this Request to the extent it seeks customer-identifiable information (GO 6). Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8). Bright Data will not produce documents in response to this Request.

## REQUEST NO. 31:

*Documents and Communications related to any workshop, seminar, course, or other informational or promotional session for Your products and services (including Scraping Tools, Datasets, and Proxies) that You have held in California, including marketing Documents, lists of attendees, and presentation materials.*

  **Response to Request No. 31:** Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2). Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3). Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4). Bright Data objects to this Request to the extent it seeks customer-identifiable information, including lists of attendees (GO 6). Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8). Bright Data will not produce documents in response to this Request.

## REQUEST NO. 32:

*Documents and Communications related to any workshop, seminar, course, or other informational or promotional session for Your products and services (including Scraping Tools, Datasets, and Proxies) that You have held that included participants from California, including marketing Documents, lists of attendees, and presentation materials.*

  **Response to Request No. 32:** Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2). Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3). Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4). Bright Data objects to this Request to the extent it seeks customer-identifiable information, including lists of attendees (GO

6). Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8). Bright Data will not produce documents in response to this Request.

**REQUEST NO. 33:**

*All Documents and Communications concerning Your lease, acquisition, or use of 415 Mission Street, San Francisco, CA.*

       **Response to Request No. 33:** Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2). Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8). Bright Data objects to this Request to the extent it seeks "all documents and communications," rather than documents sufficient to show, specified information. Bright Data objects to this Request because discovery relating to any lease, office, or real estate is not relevant or proportional. Bright Data will not produce documents in response to this Request.

**REQUEST NO. 34:**

*All Documents and Communications concerning Your lease, acquisition, or use of any office, commercial real estate, or dwelling in California.*

       **Response to Request No. 34:** Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2). Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8). Bright Data objects to this Request to the extent it seeks "all documents and communications," rather than documents sufficient to show, specified information. Bright Data objects to this Request because discovery relating to any lease, office, or real estate is not relevant or proportional. Bright Data will not produce documents in response to this Request.

**REQUEST NO. 35:**

*Documents sufficient to identify any server located in California that is used or controlled by You, including any third-party servers used by You. For purposes of this request, "located in*

*California," means any server that is physically located in California, or any IP address or domain name that geolocates to California.*

**Response to Request No. 35:**  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request because it seeks discovery relating to non-California customers (GO 5).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects to this Request to the extent it seeks production of Bright Data's Source Code (GO 9).  Bright Data objects to this Request to the extent it seeks information relating to public search mechanics (GO 10).  Bright Data objects to this Request to the extent it seeks documents that would identify specific IP addresses on the grounds of confidentiality.   The disclosure of such information could cause serious and irreparable competitive and commercial harm.  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 36:**

*Documents sufficient to identify Your current or former Customers located in California, including any contracts with those Customers.*

**Response to Request No. 36:**  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request because it seeks discovery relating to non-California customers (GO 5).  Bright Data objects to this Request to the extent it seeks customer-identifiable information (GO 6).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 37:**

*Documents sufficient to identify All current and former employees, contractors, agents, or third-party companies hired or contracted by You, including any subsidiary, located in California.*

  **Response to Request No. 37:**  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request because it seeks discovery relating to non-California customers (GO 5).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8). Bright Data objects to this Request because information relating to the identity of current and former employees, contractors, agents, or third-party companies hired or contracted by Bright Data is not relevant or proportional.  Bright Data objects to this Request to the extent it seeks information about the activities of any non-party affiliate of Bright Data (GO 11).  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 38:**

*Documents sufficient to identify All current and former employees or contractors located in California hired or contracted by You.*

  **Response to Request No. 38:**  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request because it seeks discovery relating to non-California customers (GO 5).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8). Bright Data objects to this Request because information relating to the identity of current and former employees, contractors, agents, or third-party companies hired or contracted by Bright Data is not relevant or proportional.  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 39:**

*Documents sufficient to identify All current and former agents or third-party companies located in California hired or contracted by You.*

      **Response to Request No. 39:**   Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).   Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).   Bright Data objects to this Request because it seeks discovery relating to non-California customers (GO 5).   Bright Data objects to this request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8). Bright Data objects to this Request because information relating to the identify current and former employees, contractors, agents, or third-party companies hired or contracted by is not relevant or proportional.   Bright Data will not produce documents in response to this Request.

**REQUEST NO. 40:**

*Documents sufficient to identify any of Your subsidiaries located in California.*

      **Response to Request No. 40:**   Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).   Bright Data objects to this request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).   Bright Data objects to this Request to the extent it seeks information about the activities of any non-party affiliate of Bright Data (GO 11).   Bright Data will not produce documents in response to this Request.

**REQUEST NO. 41:**

*All Documents and Communications related to the use of the X Platform by any of Your current, prospective, or former Customers located in California.*

      **Response to Request No. 41:**   Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).   Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).   Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).   Bright Data objects to this Request to the extent it seeks customer-identifiable information (GO 6).   Bright Data objects to

this Request to the extent it seeks information unrelated to the Relevant Scraping Services (GO 8). Bright Data objects to this Request to the extent it seeks information relating to public search mechanics (GO 10).  Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information.  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 42:**

*Documents sufficient to show any transfer of funds and/or other payments between any bank account owned or operated by Bright Data, Ltd. and any bank account owned or operated by any affiliate or related entity, including without limitation, Bright Data, Inc.*

      **Response to Request No. 42:**  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request because it seeks discovery relating to non-California customers (GO 5).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8). Bright Data objects to this Request because information relating to intra-corporate transfers is neither relevant nor proportional.  Bright Data objects to this Request to the extent it seeks information about the activities of any non-party affiliate of Bright Data (GO 11).  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 43:**

*Documents sufficient to show the corporate relationship between Bright Data Ltd. and any affiliate or related entity, including without limitation Bright Data, Inc., including any agreements between Bright Data Ltd. and Bright Data, Inc.*

      **Response to Request No. 43:**  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request because it seeks discovery relating to non-California customers (GO 5).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8). Bright Data objects to this Request because information relating to intra-corporate agreements and

1  relationships is neither relevant nor proportional.  Bright Data objects to this Request to the extent

2  it seeks information about the activities of any non-party affiliate of Bright Data (GO 11).  Bright

3  Data will not produce documents in response to this Request.

4  **REQUEST NO. 44:**

5  *Documents sufficient to show the officers and directors of Bright Data Ltd. and any affiliate or*
6  *related entity, including without limitation Bright Data, Inc.*

7      **Response to Request No. 44:**   Bright Data objects to this Request because it seeks

8  jurisdictional discovery (GO 2).   Bright Data objects to this Request to the extent it seeks

9  information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects

10 to this Request on grounds of relevance because Bright Data's organizational structure is not

11 relevant to X's claims.  Bright Data objects to this Request to the extent it seeks information about

12 the activities of any non-party affiliate of Bright Data (GO 11).   Bright Data will not produce

13 documents in response to this Request.

14 **REQUEST NO. 45:**

15 *Documents sufficient to show any of Your advertising or marketing or strategy budget spent,*
16 *directed, earmarked, targeted, or related to advertising or marketing in California.*

17      **Response to Request No. 45:**   Bright Data objects to this Request because it seeks

18 jurisdictional discovery (GO 2).   Bright Data objects to this Request to the extent it seeks

19 information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects

20 to this Request because information relating to Bright Data's advertising expenditures is neither

21 relevant nor proportional.  Bright Data will not produce documents in response to this Request.

22 **REQUEST NO. 46:**

23 *Documents sufficient to show any of Your advertising or marketing or strategy budget spent,*
24 *directed, earmarked, targeted, or related to any Customer or prospective Customer in California.*

25      **Response to Request No. 46:** Bright Data objects to this Request because it seeks

26 jurisdictional discovery (GO 2). Bright Data objects to this Request to the extent it seeks customer-

27 identifiable information (GO 6).   Bright Data objects to this Request to the extent it seeks

28

information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects to this Request because information relating to Bright Data's advertising expenditures is neither relevant nor proportional.  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 47:**

*All Documents reviewed in preparing or drafting responses to any interrogatory propounded by X Corp. in this Action, including any Documents identified in those responses.*

> **Response to Request No. 47:**  Bright Data objects to this Request because it calls for privileged information (GO 14).  Bright Data objects to this Request as premature to the extent it covers any Interrogatory that has not yet been propounded or any response that has not yet been served.  Subject to and without waiving these objections and its General Objections, Bright Data will produce any document that it expressly cites in any response to X's First Set of Interrogatories, unless such document has already been produced or is publicly available.

**REQUEST NO. 48:**

*All Documents You intend to rely on at any hearing or at trial in this Action.*

> **Response to Request No. 48:** Bright Data objects to this Request because it calls for privileged information (GO 14).  Bright Data objects to this Request as premature because Bright Data has not yet made any determination of what documents it intends to rely on at any hearing or trial.  Bright Data will meet and confer with X concerning a mutually-agreeable schedule for the exchange of potential exhibit lists for any hearing or trial.

**REQUEST NO. 49:**

*All Documents concerning a Person or Document referred to in Your initial disclosures under Fed. R. Civ. P. 26(a)(1) or considered by You in preparing Your disclosures.*

> **Response to Request No. 49:**  Bright Data objects to this Request to the extent it calls for privileged information (GO 14).  Bright Data objects to this Request to the extent it seeks all documents relating to a person, without regard to relevance or subject matter.  Bright Data objects to this Request as overly broad, unduly burdensome, and duplicative of other requests.  Bright

Data objects to this Request because it does not specify with reasonable particularity the information requested.  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 50:**

*All Documents referred to by You in Your pleadings in this Action.*

      **Response to Request No. 50:**  Bright Data objects to this Request as premature because Bright Data has not yet served any pleading in this Action.  Subject to and without waiving these objections and its General Objections, Bright Data will produce responsive documents that it expressly cites in its Answer or Counterclaims, if any, that have not been cited in X's Complaint, that have not been previously produced, and that are not publicly-available.

**REQUEST NO. 51:**

*All Documents concerning Your document creation, document maintenance, document retention, or document destruction policies and practices from 2017 to the present.*

      **Response to Request No. 51:**  Bright Data objects to this Request because it seeks discovery on discovery, which is irrelevant, unduly burdensome, and disproportional.  Bright Data objects to this Request because it seeks information prior to January 26, 2019 (GO 13).  Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information.  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 52:**

*Transcripts of all trial or deposition testimony ever given in a proceeding by a person You identified in Your initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) or whom You expect to call as a witness in connection with this Action.*

      **Response to Request No. 52:**  Bright Data objects to this Request to the extent it calls for the disclosure or identification of witnesses that Bright Data "expects" to call because it calls for privileged information (GO 14).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects to this Request to the extent it seeks all documents relating to a person, without regard to relevance

1    or subject matter.  Bright Data will not produce documents in response to this Request.

2    **REQUEST NO. 53:**

3    *All Documents concerning any settlement agreement (including without limitation release*
     *agreements, settlement agreements, and covenants not to sue) with any Person concerning Your*
4    *products and services (including Scraping Tools, Datasets, and Proxies).*

5          **Response to Request No. 53:** Bright Data objects to this Request to the extent that it calls

6    for information protected by privilege, including Rule 408 or the settlement privilege (GO 14).

7    Bright Data objects to this Request because information relating to any settlement with any third-

8    party is not relevant.  Bright Data objects to this Request to the extent it seeks information unrelated

9    to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data will not produce documents

10   in response to this Request.

11   **REQUEST NO. 54:**

12   *All agreements with any Person having any financial interest in Bright Data or the outcome of this*
13   *Action, including documents sufficient to show the nature and extent of the financial interest for*
     *each such Person.*
14

15         **Response to Request No. 54:**  Bright Data objects to this Request to the extent it seeks

16   information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects

17   to this Request on the ground that information relating to any third-party's interest in Bright Data

18   or the outcome of this Action is not relevant.  Bright Data will not produce documents in response

19   to this Request.

20   **REQUEST NO. 55:**

21   *Documents reflecting any taxes you have paid in California.*

22         **Response to Request No. 55:**  Bright Data objects to this Request because it seeks

23   jurisdictional discovery (GO 2).   Bright Data objects to this Request to the extent it seeks

24   information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects

25   to this Request because information relating to Bright Data's taxes in California is not relevant or

26   proportional.  Bright Data will not produce documents in response to this Request.

27

28

**REQUEST NO. 56:**

*All print and electronic promotional and marketing materials, including website pages, for you products and services that mention, refer, or relate to Twitter or the X Platform.*

      **Response to Request No. 56:**  Bright Data objects to this Request to the extent it seeks "all … materials," rather than documents sufficient to show, specified information.  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for and will produce responsive documents sufficient to show its current website pages to the extent such pages reference Twitter or the X platform.

**REQUEST NO. 57:**

*All documents and communications that mention, refer, or relate to data scraped from the X Platform and/or efforts to scrape data from the X Platform.*

      **Response to Request No. 57:**  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request because it seeks discovery relating to non-California customers (GO 5).  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for (i) responsive data that Bright Data itself scraped from the X platform during the Relevant Period; (ii) responsive marketing materials sufficient to describe the features of the Relevant Scraping Services; and (iii) responsive documents sufficient to show Bright Data's current website pages to the extent such pages reference Twitter or the X platform.

1

Dated: December 13, 2023                    Respectfully submitted,

2

3                                          /s/ *Colin R. Kass*
                                           Colin R. Kass*
4                                          PROSKAUER ROSE LLP
                                           1001 Pennsylvania Ave., N.W.
5                                          Washington, D.C. 20004
                                           (202) 416-6890
6                                          ckass@proskauer.com

7                                          David A. Munkittrick*
8                                          PROSKAUER ROSE LLP
                                           Eleven Times Square
9                                          New York, New York 10036
                                           (212) 969-3000
10                                         dmunkittrick@proskauer.com

11                                         Robert C. Goodman (Bar No. 111554)
12                                         Lauren Kramer Sujeeth (Bar No. 259821)
                                           ROGERS JOSEPH O'DONNELL, PC
13                                         311 California Street, 10th Floor
                                           San Francisco, CA 94104
14                                         (415) 956-2828
                                           rgoodman@rjo.com
15                                         lsujeeth@rjo.com

16                                         Sehreen Ladak (Bar No. 307895)
17                                         PROSKAUER ROSE LLP
                                           2029 Century Park East, Suite 2400
18                                         Los Angeles, CA 90067-3010
                                           (310) 284-5652
19                                         sladak@proskauer.com

20                                         *Attorneys for Defendant Bright Data Ltd.*
21                                         *\*Admitted pro hac vice*

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2

I certify that on December 13, 2023, I caused the foregoing document to be served via e-

3

mail on counsel for X Corp.

4

5
<div align="right"><i>/s/ Colin R. Kass</i></div>

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT 16

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

X CORP.,

                 Plaintiff,

        v.

BRIGHT DATA LTD.,

                 Defendant.

Case No. 3:23-CV-03698-WHA

**BRIGHT DATA'S RESPONSES AND OBJECTIONS**
**TO X CORP.'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to the Federal Rules of Civil Procedure, Bright Data Ltd. ("Bright Data"), by and through its attorneys, propounds the following Objections and Responses ("Responses") to X Corp.'s First Set of Requests for Admissions (the "RFAs" or "Requests"). Bright Data reserves its right to supplement these objections and responses.

## GENERAL OBJECTIONS

Bright Data asserts the following General Objections ("GOs"), which are incorporated by reference into each of the Specific Responses and Objections below. Along with Bright Data's Specific Responses and Objections, the GOs govern the scope of any response made by Bright Data to the Requests and are neither waived nor limited by Bright Data's Specific Responses and Objections.

1. ***Discovery is Premature.*** Bright Data objects to the Interrogatories to the extent they seek information that is not appropriate or proportional for discovery prior to resolution of Bright Data's Motion to Stay Discovery. Bright Data will not provide substantive responses to these Requests until the Court rules on that motion.

2. ***Jurisdictional Discovery.*** Bright Data objects to the Requests to the extent they seek jurisdictional discovery. In the ordinary course, plaintiffs are required to seek leave of the

Court to conduct jurisdictional discovery.  *See, e.g., Chapman v. Krutonog*, 256 F.R.D. 645, 648 (D. Haw. 2009) ("In order to obtain leave to conduct jurisdictional discovery, Plaintiffs must make a preliminary showing of jurisdiction [and] specify what facts they expect to uncover during discovery and how those facts would support personal jurisdiction.").  However, X failed to do so.  And even if X had properly moved the Court for jurisdictional discovery, it would not be entitled to it, as Bright Data's 12(b)(2) motion raises entirely law-based, facial challenges to the Complaint.  *See Ross v. Skanska USA Civil W. Rocky Mountain Dist., Inc.*, 2014 WL 806261, *1 (N.D. Cal. 2014) (rejecting argument that even a "bare bones" complaint entitles plaintiffs to jurisdictional discovery to "explore whether there is general or specific jurisdiction"); *Smith v. U.S. Dep't of Agric.*, 2016 WL 4179786, *5 (N.D. Cal. 2016) ("Discovery [is] immaterial to [defendant's] facial jurisdictional challenge."); *Ctr. for Biological Diversity v. Army Corps of Eng'rs*, 2014 WL 12923196, *7 (C.D. Cal. 2014) ("[J]urisdictional discovery is inappropriate because Defendants … assert facial, not factual, attacks on jurisdiction.").  Therefore, absent Court order or further agreement of the parties, Bright Data will not respond to any requests for jurisdictional discovery until such time as the Court gives its leave for such discovery to take place.

3.  ***Merits Discovery Related to Claims Subject to Bright Data's Personal Jurisdiction Challenge.***  Bright Data objects to the Requests to the extent they seek merits discovery relating to Counts II through VI of the Complaint, including X's unjust enrichment, tortious interference, trespass to chattels, misappropriation, and Unfair Competition Law claims, on the grounds that the Court lacks personal jurisdiction over those claims.  *See* Bright Data's Motion to Dismiss the Amended Complaint.  Courts may not order merits-based discovery until plaintiffs have both properly pled and made a sufficient *prima facie* showing of personal jurisdiction.  *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (holding that courts may not proceed to the merits "without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).").  Accordingly, absent Court order or further agreement of the parties, Bright Data will not search

1    for or produce information relating to Counts II through VI, including information relating to

2    third-party use of Bright Data's scraping and proxy services.

3          4.    ***Third-Party Use of Bright Data's Proxy or Scraping Services.***    Bright Data objects

4    to the Requests to the extent they seek information relating to any scraping activity by third-

5    parties using Bright Data's proxy or scraping services.    Such information is not relevant or

6    proportional to X's contract claim.    On September 25, 2023, Bright Data terminated its contractual

7    relationship with X.    Four days ***later***, X issued new Terms, adding for the first time a new section

8    titled "Misuse of the Services."    In this new section, X asserts, for the first time, that "[i]t is also

9    a violation of these Terms to facilitate or assist others in violating these Terms, including by

10   distributing products or services that enable or encourage violation of these Terms."    This

11   amendment was litigation-driven and is not binding on Bright Data, because Bright Data had

12   already rejected the Terms.    The version of the Terms in effect prior to Bright Data's account

13   termination did not contain this prohibition.    Nor did the initial Complaint (ECF 1) cite to any

14   provision of the Terms then in effect making it a violation "to facilitate or assist others in violating

15   [the] Terms" or to "distribut[e] products or services that enable or encourage violation of [the]

16   Terms."    Because the sale or distribution of "products or services that enable or encourage" others

17   to violate the Terms does not constitute a breach of any contract between X and Bright Data,

18   discovery relating to such products and services, if any, is not relevant and proportional to Count

19   I.    Nor is such discovery permitted for purposes of Counts II-IV, since the Court lacks personal

20   jurisdiction over Bright Data for purposes of these claims, as set forth in GO 3.    Accordingly,

21   except as expressly set forth below, absent Court order or further agreement of the parties, Bright

22   Data will not search for or produce any information relating to the development, sale, distribution,

23   or use by third-parties of Bright Data's proxy or scraping services.

24         5.    ***Third-Party Scraping by Non-California Customers.***    Even if the Court has

25   personal jurisdiction over certain aspects of X's non-contract claims (Counts II-VI), such

26   jurisdiction would not extend to claims not involving Bright Data conduct expressly aimed at

27   California.    This would include, at a minimum, any use of Bright Data's services by non-California

28

customers.  Accordingly, absent Court order or further agreement of the parties, Bright Data will not respond to the Requests with information relating to scraping by third parties outside California.

6.      ***Customer Identifiable Information.***  Bright Data objects to the Requests to the extent they seek information relating to specific customers.  *First*, Bright Data objects to such Requests because the production of customer-identifiable information is not proportional or appropriate (and may, at most, be relevant to damages, which have not been specifically alleged or identified).  *Second*, Bright Data objects to such Requests because the *production* of such information will cause significant competitive harm to Bright Data and will interfere with Bright Data's commercial relationships.  X uses its own internal teams and outside counsel as enforcers of X's Terms of Service.  When X learns of conduct it does not like, it sues or sends cease-and-desist letters threatening legal action.  In most cases, the recipients of these suits or letters do not have the resources to litigate against X, and therefore cease engaging in the alleged conduct, ***regardless*** of its actual legality.  Once X's outside counsel learns of the identity of these customers, there will be no way to prevent them from engaging in these so-called "enforcement" actions.  ***It would be the equivalent of letting the fox in the hen house***.  These threats have the ability to substantially interfere with Bright Data's customer relationships, and with its customers' own businesses.  Importantly, X does not deny that it would or could use the information it seeks in discovery to identify additional targets for future "enforcement" or harassment.  Indeed, once X learns of a third-party from the discovery materials, it would be almost impossible to make X's counsel forget their identity in future enforcement contexts.  ***Accordingly, absent Court order or further agreement of the parties, Bright Data will not search for or produce documents containing customer identifiable information.  Bright Data will also redact any customer-identifiable information from any document it otherwise agrees to produce.***

7.      ***Conduct Relating to Scraping of Websites Other Than X.***  X has not asserted any claim relating to the use of Bright Data's services for purposes other than scraping X.  Information that does not expressly relate to the scraping of X is neither relevant nor proportional.  Accordingly,

absent Court order or further agreement of the parties, Bright Data will not search for or produce information relating to the scraping of sites other than X.

8. ***Relevant Scraping Services.*** As noted, Bright Data objects to the Requests to the extent they seek information that does not relate to the scraping of X, on the grounds of relevance and proportionality. Without limiting the foregoing, Bright Data objects to X's definitions of "Scraping Tool," "Data," "Dataset," "Proxy," "Proxies," "Code," and "Logs" to the extent such terms are not limited to instances in which such Scraping Tools, Datasets, or Proxies are used for the scraping of X. In responding to the Requests, Bright Data will use the term "Scraping Services" to refer to Bright Data's proxy network, its Data Collector Service (both self-managed and fully-managed), and dataset sales when used to scrape data from third-party websites. Bright Data will use the term "Relevant Scraping Services" or "Relevant Bright Data Scraping Services" to refer to instances in which the Scraping Services are used to scrape data from X. Unless otherwise specified, absent Court order or further agreement of the parties, Bright Data will not search for or produce information that does not relate to the Relevant Scraping Services.

9. ***Public Search Mechanics.*** Bright Data objects to the Requests to the extent they seek information about the technological measures that Bright Data uses to address X's anti-scraping technology, including IP blockers, CAPTCHAs, and rate limiters because such information is neither relevant nor proportional, and the disclosure of this information could cause grave commercial and competitive injury. Accordingly, absent Court order or further agreement of the parties, Bright Data will not search for or produce information relating to X's detection system or the steps by which non-members may access public information posted on X's sites.

10. ***Alter Ego Discovery***. Bright Data objects to the Requests to the extent they seek information about the activities of any non-party affiliate of Bright Data. Such information is not relevant to either the merits of any claim, or jurisdiction. *See Scanlon v. Curtis Int'l Ltd.*, 465 F. Supp. 3d 1054, 1067-68 (E.D. Cal. 2020) (denying jurisdictional discovery under an alter ego theory).

11.     ***General Protective Order.***   Bright Data will not produce any confidential or competitively sensitive information prior to entry of a suitable general protective order and objects to the Requests to the extent they call for the same.

12.     ***Relevant Period.***   Bright Data objects to the Requests to the extent they call for the production of information relating to the search for or collection of information (or the use or sale of such information) after September 25, 2023.   As Bright Data has previously explained, there is no extant contract between Bright Data and X, and thus, any discovery after September 25, 2023 would not relate to X's breach of contract claim (Count I), but X's other non-contract claims (Counts II-VI).   As explained in GOs 2 and 3, such discovery is impermissible until Bright Data's jurisdictional challenge has been resolved.   Bright Data objects to the Requests to the extent they call for information pre-dating January 26, 2019.   Accordingly, absent Court order or further agreement of the parties, Bright Data will not search for or produce documents dated after January 26, 2019 and September 25, 2023.

13.     ***Privilege.***   Bright Data objects to the Requests to the extent that they call for the disclosure of information protected by any privilege, doctrine, or protection, including without limitation the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection.   Nothing contained in these objections and responses is intended to be, or in any way constitutes, a waiver of any applicable privilege or immunity.   Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege nor of any other basis for objecting to the use of such material or its subject matter. Bright Data expressly reserves the right to object to the use or introduction of such information.

14.     ***The Rules Govern.***   Bright Data objects to the Requests, including the Definitions and Instructions, to the extent that they are inconsistent with or exceed the obligations imposed by the Federal Rules of Civil Procedure, any Local Rule, or applicable order.   In responding to these Requests, Bright Data will comply with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and applicable orders of the Court.

15.     ***Use of Instructions and Definitions.***  Bright Data objects to X's use of instructions and definitions in its Requests as overly burdensome, unreasonable, and contrary to the Court's Local Rules.  Judge Alsup Supp. Standing Order re Initial CMC § 17 ("The fashionable use of 'Instructions' and 'Definitions' in document requests and interrogatories has a strong tendency, when read into the requests and interrogatories, to exacerbate burden and this alone can sometimes render them unreasonable.  Under the Federal Rules, there is no need for 'Instructions' and 'Definitions.'").

16.     ***Objection to Definition 1.***  Bright Data objects to Definition 1 on the grounds that it is overbroad, would impose undue burden, is disproportional, and is inconsistent with the requirements of the Rules.  Bright Data will respond to the Requests on behalf of Bright Data Ltd. only.

17.     ***Objection to Definition 4.***  Bright Data objects to the definition of "Customer" on the grounds that, as defined, it renders the Requests overbroad and disproportional.  Bright Data has identified several objections to Requests seeking customer information.  *See, e.g.*, GOs 4, 5, 6.  In responding to these Requests, absent Court order or further agreement of the parties, Bright Data will construe the term "Customer" to exclude the categories of customers or customer information to which Bright Data has lodged an objection.

18.     ***Objection to Definition 5.***  Bright Data objects to the definition of "Customer located in California" on grounds of relevance and proportionality to the extent the definition causes the Requests to seek information that does not involve (i) activity by Bright Data in California, or (ii) activity directed at third parties who are physically in California when using a Relevant Scraping Service ("California Activity").  Without limiting the foregoing, Bright Data objects to the term "Customer located in California" to the extent it depends on the domicile, headquarters, or address of a customer.  In responding to these requests, Bright Data will use the term "California Customers" to refer to customers for whom the relevant activity concerned California Activity.

19.     ***Objection to the Relevant Bright Data Services Definitions (Definitions 6-8)***. Bright Data objects to the definitions of Bright Data's services (including the definitions of "Scraping Tool" (Definition 6), "Data" or "Dataset" (Definition 7), and "Proxy" or "Proxies" (Definition 8)) on the grounds that, as defined, they render the Requests overbroad and disproportional.  Bright Data has identified several objections to the scope of Requests seeking information relating to Bright Data's Services.  *See, e.g.*, GOs 3, 4, 5, 7, 8.  In responding to these Requests, Bright Data will construe the Requests using the terms "scraping tool," "data", or "proxy" (or variations thereof) to both (i) exclude information for which Bright Data has lodged an objection; and (ii) include only information relating to the use of such services by Bright Data or a third party to search for or collect information from X sites using automated means.

20.     ***Objection to Definition 9.***  Bright Data objects to the definition of "Terms" to the extent it assumes that "all users who register for an X account, and/or view the X website or application agree to [them]."  In responding to these requests, Bright Data will use the term "Terms" to mean X's Terms of Service, Privacy Policy, and Twitter Rules and Policies in effect between January 26, 2019 and September 25, 2023.

21.     ***Objection to Instruction 3.***  Bright Data objects to Instruction 3 on the grounds of overbreadth, burden, and proportionality.  Bright Data objects to the extent Instruction 3 calls for the production of information before January 26, 2019, as anything before that date is outside the scope of X's claims.  Bright Data further objects to the extent Instruction 3 calls for the production of information relating to the search or collection of information (or the use or sale of such information) after September 25, 2023.  As such, unless otherwise noted, the temporal scope of Bright Data's responses will be from January 26, 2019 through September 25, 2023, as explained in GO 12.

22.     ***Reservation of Right to Amend.***  Because discovery is ongoing, Bright Data's responses are preliminary in nature and based only on information that is readily available to Bright Data after a reasonable, but still ongoing, investigation.  To the extent necessary or appropriate, Bright Data reserves the right to supplement its Responses in accordance with Fed. R. Civ. P.

26(e), including – without limitation – by asserting additional objections.

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

*Admit that You have licensed or sold at least one of Your Scraping Tools to a Customer located in California.*

      **Response to Request for Admission No. 1:**  Bright Data objects to this Request because it is premature (GO 1).  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects to this RFA because the "high-low" numbers game played in RFAs 1 through 4 is neither relevant, proportional, nor a proper use of RFAs.

**REQUEST FOR ADMISSION NO. 2:**

*Admit that You have licensed or sold at least five of Your Scraping Tools to a Customer located in California.*

      **Response to Request for Admission No. 2:**  Bright Data objects to this Request because it is premature (GO 1).  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects to this RFA because the "high-low" numbers game played in RFAs 1 through 4 is neither relevant, proportional, nor a proper use of RFAs.

**REQUEST FOR ADMISSION NO. 3:**

*Admit that You have licensed or sold at least 20 of Your Scraping Tools to a Customer located in California.*

**Response to Request for Admission No. 3:**  Bright Data objects to this Request because it is premature (GO 1).  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects to this RFA because the "high-low" numbers game played in RFAs 1 through 4 is neither relevant, proportional, nor a proper use of RFAs.

**REQUEST FOR ADMISSION NO. 4:**

*Admit that You have licensed or sold at least 100 of Your Scraping Tools to a Customer located in California.*

**Response to Request for Admission No. 4:**  Bright Data objects to this Request because it is premature (GO 1).  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request to the extent it seeks customer-identifiable information (GO 6).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects to this RFA because the "high-low" numbers game played in RFAs 1 through 4 is neither relevant, proportional, nor a proper use of RFAs.

**REQUEST FOR ADMISSION NO. 5:**

*Admit that You have licensed or sold at least one of Your X Corp. Datasets to a Customer located in California.*

**Response to Request For Admission No. 5:**  Bright Data objects to this Request because

it is premature (GO 1).  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the extent it seeks customer-identifiable information (GO 6).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects to this RFA because the "high-low" numbers game played in RFAs 5 through 8 is neither relevant, proportional, nor a proper use of RFAs.

**REQUEST FOR ADMISSION NO. 6:**

*Admit that You have licensed or sold at least five of Your X Corp. Datasets to a Customer located in California.*

**Response to Request For Admission No. 6:**  Bright Data objects to this Request because it is premature (GO 1).  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the extent it seeks customer-identifiable information (GO 6).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects to this RFA because the "high-low" numbers game played in RFAs 5 through 8 is neither relevant, proportional, nor a proper use of RFAs.

**REQUEST FOR ADMISSION NO. 7:**

*Admit that You have licensed or sold at least 20 of Your X Corp. Datasets to a Customer located in California.*

**Response to Request For Admission No. 7:**  Bright Data objects to this Request because it is premature (GO 1).  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request to the extent it seeks discovery relating to non-California customers (GO 5).  Bright Data objects to this Request to the

extent it seeks customer-identifiable information (GO 6).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8). Bright Data objects to this RFA because the "high-low" numbers game played in RFAs 5 through 8 is neither relevant, proportional, nor a proper use of RFAs.

**REQUEST FOR ADMISSION NO. 8:**

*Admit that You have licensed or sold at least 100 of Your X Corp. Datasets to a Customer located in California.*

      **Response to Request For Admission No. 8:**  Bright Data objects to this Request because it is premature (GO 1).  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request to the extent it seeks discovery relating to non-California customers (GO 5).  Bright Data objects to this Request to the extent it seeks customer-identifiable information (GO 6).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8). Bright Data objects to this RFA because the "high-low" numbers game played in RFAs 5 through 8 is neither relevant, proportional, nor a proper use of RFAs.

**REQUEST FOR ADMISSION NO. 9:**

*Admit that You have licensed or sold at least one of Your Proxies to a Customer located in California.*

      **Response to Request For Admission No. 9:**  Bright Data objects to this Request because it is premature (GO 1).  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects to this RFA because the "high-low" numbers game played in RFAs 9 through 12 is neither relevant,

proportional, nor a proper use of RFAs.

**REQUEST FOR ADMISSION NO. 10:**

*Admit that You have licensed or sold at least five of Your Proxies to a Customer located in California.*

   **Response to Request For Admission No. 10:**  Bright Data objects to this Request because it is premature (GO 1).  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects to this RFA because the "high-low" numbers game played in RFAs 9 through 12 is neither relevant, proportional, nor a proper use of RFAs.

**REQUEST FOR ADMISSION NO. 11:**

*Admit that You have licensed or sold at least 20 of Your Proxies to a Customer located in California.*

   **Response to Request For Admission No. 11:**  Bright Data objects to this Request because it is premature (GO 1).  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3).  Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects to this RFA because the "high-low" numbers game played in RFAs 9 through 12 is neither relevant, proportional, nor a proper use of RFAs.

**REQUEST FOR ADMISSION NO. 12:**

*Admit that You have licensed or sold at least 100 of Your Proxies to a Customer located in California.*

   **Response to Request For Admission No. 12:**  Bright Data objects to this Request because it is premature (GO 1).  Bright Data objects to this Request because it seeks jurisdictional discovery

(GO 2). Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3). Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4). Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8). Bright Data objects to this RFA because the "high-low" numbers game played in RFAs 9 through 12 is neither relevant, proportional, nor a proper use of RFAs.

**REQUEST FOR ADMISSION NO. 13:**

*Admit that You have at least one employee who resides in California.*

**Response to Request For Admission No. 13:** Bright Data objects to this Request because it is premature (GO 1). Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2). Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8). Bright Data objects to this Request because information relating to the identity of current and former employees, contractors, agents, or third-party companies hired or contracted by Bright Data is not relevant or proportional. Bright Data objects to this RFA because the "high-low" numbers game played in RFAs 13 through 16 is neither relevant, proportional, nor a proper use of RFAs.

**REQUEST FOR ADMISSION NO. 14:**

*Admit that You have at least five employees who reside in California.*

**Response to Request For Admission No. 14:** Bright Data objects to this Request because it is premature (GO 1). Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2). Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8). Bright Data objects to this Request because information relating to the identity of current and former employees, contractors, agents, or third-party companies hired or contracted by Bright Data is not relevant or proportional. Bright Data objects to this RFA because the "high-low" numbers game played in RFAs 13 through 16 is neither relevant, proportional, nor a proper use of RFAs.

**REQUEST FOR ADMISSION NO. 15:**

*Admit that You have at least 10 employees who reside in California.*

  **Response to Request For Admission No. 15:**  Bright Data objects to this Request because it is premature (GO 1).  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects to this Request because information relating to the identity of current and former employees, contractors, agents, or third-party companies hired or contracted by Bright Data is not relevant or proportional.  Bright Data objects to this RFA because the "high-low" numbers game played in RFAs 13 through 16 is neither relevant, proportional, nor a proper use of RFAs.

**REQUEST FOR ADMISSION NO. 16:**

*Admit that You have at least 20 employees who reside in California.*

  **Response to Request For Admission No. 16:**  Bright Data objects to this Request because it is premature (GO 1).  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8).  Bright Data objects to this Request because information relating to the identity of current and former employees, contractors, agents, or third-party companies hired or contracted by Bright Data is not relevant or proportional.  Bright Data objects to this RFA because the "high-low" numbers game played in RFAs 13 through 16 is neither relevant, proportional, nor a proper use of RFAs.

**REQUEST FOR ADMISSION NO. 17:**

*Admit that in 2022, You opened a "San Francisco office," as mentioned on Your webpage entitled "About Bright Data," available at https://brightdata.com/about.*

  **Response to Request For Admission No. 17:**  Bright Data objects to this Request because it is premature (GO 1).  Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO

7) or the Relevant Scraping Services (GO 8). Bright Data objects to this Request to the extent it seek information about the activities of any non-party affiliate of Bright Data (GO 10). Bright Data objects to this Request because discovery relating to any lease, office, or real estate is not relevant or proportional.

**REQUEST FOR ADMISSION NO. 18:**

*Admit that You advertise products or services to extract public web data from California websites.*

**Response to Request For Admission No. 18:** Bright Data objects to this Request because it is premature (GO 1). Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2). Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3). Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4). Bright Data objects to this Request because it seeks discovery relating to non-California customers (GO 5). Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8). Bright Data objects to this Request as the phrase "California websites" is vague and ambiguous. Bright Data objects to this Request because the advertisement of services is not relevant to the Court's jurisdiction or the merits of any claim.

**REQUEST FOR ADMISSION NO. 19:**

*Admit that You license or sell products or services to extract public web data from California websites.*

**Response to Request For Admission No. 19:** Bright Data objects to this Request because it is premature (GO 1). Bright Data objects to this Request because it seeks jurisdictional discovery (GO 2). Bright Data objects to this Request because it seeks merits discovery relating to X's non-contract claims (GO 3). Bright Data objects to this Request to the extent it seeks information relating to third-party search (GO 4). Bright Data objects to this Request because it seeks discovery relating to non-California customers (GO 5). Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 7) or the Relevant Scraping Services (GO 8). Bright

Data objects to this Request as the phrase "California websites" is vague and ambiguous.

**REQUEST FOR ADMISSION NO. 20:**

*Admit that You created or used at least one X Corp. account.*

      **Response to Request For Admission No. 20:**  Bright Data objects to this Request because it is premature (GO 1).  Bright Data objects to this Request to the extent it seeks information unrelated to the Relevant Scraping Services (GO 8).  Subject to and without waiving these Objections and its General Objections, upon resolution of Bright Data's Motion to Stay and the lifting of any resulting stay, Bright Data will provide an answer to RFA 20.

**REQUEST FOR ADMISSION NO. 21:**

*Admit that You agreed to X Corp's Terms.*

      **Response to Request For Admission No. 21:**  Bright Data objects to this Request because it is premature (GO 1).  Bright Data objects to this request to the extent it seeks information unrelated to the Relevant Scraping Services (GO 8).  Subject to and without waiving these Objections and its General Objections, upon resolution of Bright Data's Motion to Stay and the lifting of any resulting stay, Bright Data will provide an answer to RFA 21.

**REQUEST FOR ADMISSION NO. 22:**

*Admit that You used automated means to collect Data from the X Platform.*

      **Response to Request For Admission No. 22:**  Bright Data objects to this Request because it is premature (GO 1).  Subject to and without waiving these Objections and its General Objections, upon resolution of Bright Data's Motion to Stay and the lifting of any resulting stay, Bright Data will provide an answer to RFA 22.

Dated: December 13, 2023

Respectfully submitted,


/s/ *Colin R. Kass*

Colin R. Kass*
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 416-6890
ckass@proskauer.com

David A. Munkittrick*
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
dmunkittrick@proskauer.com

Robert C. Goodman (Bar No. 111554)
Lauren Kramer Sujeeth (Bar No. 259821)
ROGERS JOSEPH O'DONNELL, PC
311 California Street, 10th Floor
San Francisco, CA 94104
(415) 956-2828
rgoodman@rjo.com
lsujeeth@rjo.com

Sehreen Ladak (Bar No. 307895)
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
(310) 284-5652
sladak@proskauer.com

*Attorneys for Defendant Bright Data Ltd.*
*\*Admitted pro hac vice*

1

## <u>CERTIFICATE OF SERVICE</u>

2

      I certify that on December 13, 2023, I caused the foregoing document to be served via e-

3

mail on counsel for X Corp.

4

5
                         /s/ *Colin R. Kass*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT 17

1
2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

3

X CORP.,

4

Plaintiff,                    Case No. 3:23-CV-03698-WHA

5
6

v.

7

BRIGHT DATA LTD.

8

Defendant.

9

10

**BRIGHT DATA'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS**
**TO X CORP.'S FIRST SET OF DOCUMENT REQUESTS**

11

Bright Data submits the following First Supplemental Responses and Objections

12

("Responses") to X Corp.'s First Set of Requests for Production of Documents (the "RFPs" or

13

"Requests").  Upon request, Bright Data is available to meet and confer with X to discuss its

14

Responses, its General and Specific Objections, and the scope of discovery set forth in these

15

Responses.  Bright Data reserves the right to supplement these objections and responses.

16

**GENERAL OBJECTIONS**

17

Bright Data asserts the following General Objections ("GOs"), which are incorporated by

18

reference into each of the Specific Responses and Objections below.  Along with Bright Data's

19

Specific Responses and Objections, the GOs govern the scope of any response made by Bright

20

Data to the Requests and are neither waived nor limited by Bright Data's Specific Responses and

21

Objections.

22

1.    ***Scope of Jurisdictional Discovery.***  Bright Data objects to the Requests on grounds

23

of relevance and proportionality to the extent they seek information related solely to personal

24

jurisdiction, that does not otherwise have a bearing on the merits.

25

2.    ***Third-Party Scraping by Non-California Customers.***  Even if the Court has

26

personal jurisdiction over certain aspects of X's non-contract claims (Counts II-VI), such

27
28

1   jurisdiction would not extend to claims unrelated to any Bright Data conduct expressly aimed at

2   California.  This would include, at minimum, any use of Bright Data's services by non-California

3   customers.  Accordingly, absent Court order or further agreement of the parties, Bright Data will

4   not respond to the Requests with information relating to scraping by third parties outside

5   California.

6         3.        ***Conduct Relating to Scraping of Websites Other Than X.***  X has not asserted any

7   claim relating to the use of Bright Data's services for purposes other than scraping X.  Information

8   that does not expressly relate to the scraping of X is neither relevant nor proportional.  Accordingly,

9   absent Court order or further agreement of the parties, Bright Data will not search for or produce

10  information relating to the scraping of sites other than X.

11        4.        ***Relevant Scraping Services.***  As noted, Bright Data objects to the Requests to the

12  extent they seek information that does not relate to the scraping of X, on the grounds of relevance

13  and proportionality.  Without limiting the foregoing, Bright Data objects to X's definitions of

14  "Scraping Tool," "Data," "Dataset," "Proxy," "Proxies," "Code," and "Logs" to the extent such

15  terms are not limited to instances in which such Scraping Tools, Datasets, or Proxies are used for

16  the scraping of X.  In responding to the Requests, Bright Data will use the term "Scraping Services"

17  to refer to Bright Data's proxy network, its Data Collector Service (both self-managed and fully-

18  managed), and dataset sales when used to scrape data from third-party websites.  Bright Data will

19  use the term "Relevant Scraping Services" or "Relevant Bright Data Scraping Services" to refer

20  to instances in which the Scraping Services are used to scrape data from X.  Unless otherwise

21  specified, absent Court order or further agreement of the parties, Bright Data will not search for or

22  produce information that does not relate to the Relevant Scraping Services.

23        5.        ***Source Code.***  Bright Data objects to the Requests to the extent they seek source

24  code on the grounds that it is neither relevant nor proportional.  Production of source code is not

25  needed to determine whether Bright Data breached any Term, or induced any customer to breach

26  its contract with X, if any.  Nor is source code necessary to quantify any damages, if any, that

27  might have been caused by any such breach.  The production of source code is also highly sensitive

28

1    trade secret information, which X could misappropriate to further its own business.

2        6.    ***Public Search Mechanics.***  Bright Data objects to the Requests to the extent it

3    seeks information about the technological measures that Bright Data uses to address X's anti-

4    scraping technology, including IP blockers, CAPTCHAs, and rate limiters because such

5    information is neither relevant nor proportional, and the disclosure of this information could cause

6    grave commercial and competitive injury.  Accordingly, absent Court order or further agreement

7    of the parties, Bright Data will not search for or produce information relating to X's detection

8    system or the steps by which non-members may access public information posted on X's sites.

9        7.    ***Alter Ego Discovery***.  Bright Data objects to the Requests to the extent it seek

10   information about the activities of any non-party affiliate of Bright Data.  Such information is not

11   relevant to either the merits of any claim, or jurisdiction.  *See Scanlon v. Curtis Int'l Ltd*., 465 F.

12   Supp. 3d 1054, 1067-68 (E.D. Cal. 2020) (denying jurisdictional discovery under an alter ego

13   theory).

14       8.    ***General Protective Order.***  Bright Data will not produce any confidential or

15   competitively sensitive information prior to entry of a suitable general protective order and objects

16   to the Requests to the extent they call for the same.

17       9.    ***Relevant Period.***  Bright Data objects to the Requests to the extent they call for the

18   production of information relating to the search for or collection of information (or the use or sale

19   of such information) after September 25, 2023.  As Bright Data has previously explained, there is

20   no extant contract between Bright Data and X, and thus, any discovery after September 25, 2023

21   would not relate to X's breach of contract claim (Count I), but X's other non-contract claims

22   (Counts II-VI).  Bright Data objects to the Requests to the extent it calls for information pre-dating

23   July 26, 2019.  Accordingly, absent Court order or further agreement of the parties, Bright Data

24   will not search for or produce documents dated prior to July 26, 2019 and after September 25,

25   2023.

26       10.   ***Privilege.***  Bright Data objects to the Requests to the extent that they call for the

27   disclosure of information protected by any privilege, doctrine, or protection, including without

28

1    limitation the attorney-client privilege, the work product doctrine and any other applicable

2    privilege or protection.  Nothing contained in these objections and responses is intended to be, or

3    in any way constitutes, a waiver of any applicable privilege or immunity.  Any inadvertent

4    production of information protected by the attorney-client privilege, prepared in anticipation of

5    litigation or trial, or otherwise protected or immune from discovery shall not constitute a waiver

6    of any privilege nor of any other basis for objecting to the use of such material or its subject matter.

7    Bright Data expressly reserves the right to object to the use or introduction of such information.

8        11.    ***Scope of Search.***  Bright Data objects to the Requests (generally and as detailed in

9    the Specific Objections below) on the ground that they are, in many instances, compound, overly

10   broad, unduly burdensome, or not proportional to the needs of the case, absent further clarification

11   and reasonable limitations placed on the scope of the search.  In the spirit of compromise, to

12   address some of these objections, these Responses set forth an offer of production.  Bright Data

13   notes that any offer of production does not indicate that such documents exist, that the scope of

14   such discovery is proper, or that any identified documents are relevant or admissible.  Rather, the

15   offer of production merely indicates Bright Data's agreement to undertake an agreed-upon,

16   reasonably-tailored search for such documents.  For avoidance of doubt, to the extent responsive

17   documents exist but are not included within Bright Data's offer of production, such documents are

18   being withheld on the basis of Bright Data's General and Specific Objections.  *See* Fed. R. Civ. P.

19   34(b)(2).  Barring any agreement to the contrary and to the extent not inconsistent with any Court

20   order (*e.g.,* an ESI Protocol), Bright Data's search will consist of the following parameters:

a.    ***Targeted Search***.  Searching specific central files or systems will be a more efficient and proportional way to a particular Request than conducting a full custodian search of particular individual's user-generated files, such as emails. Bright Data refers to such searches as "Targeted Searches," otherwise often referred to as "go-gets."  Where Bright Data intends to comply with a particular Request by performing a Targeted Search, it will expressly indicate in its offer of the production (below) that the search will involve a targeted search, and unless otherwise stated, such search shall be in lieu of any Custodian Search with respect to that Specific Request.  At this time, all of Bright Data's offers of production contemplate a Targeted Search.

b.    ***Custodian Search***.  A custodian search involves collection of a custodian's emails

and other user-generated files, including the network files where the custodian ordinary stores user-generated files. This would include, for example, the custodian's emails. At this time, Bright Data has identified the following Custodians: Or Lencher, Ron Kol, Rony Shalit, and Josh Vanderwillik.

c.     **Search Terms**.   In conducting its search for responsive documents, unless otherwise specified, Bright Data may manage the burden by using appropriate search terms to limit the search, review, processing, and/or production of documents responsive to these Requests. If Bright Data elects to use search terms to limit the scope of documents that are reviewed or produced, it will disclose the search terms used, and any search for responsive information will be limited to documents containing such terms. Consistent with Judge Alsup's rules, however, if, during the course of review, Bright Data's counsel identifies responsive documents that have been collected, Bright Data will not withhold such documents solely because such documents do not contain search terms. *See* Judge Alsup Sup. Standing Order re Initial CMC.

d.     **Customer-Specific Communications**.   In conducting its search for responsive customer communications, Bright Data will limit its search to a Targeted Search of its Customer Relationship ("CRM") database, which contains detailed information about Bright Data's relationships and communications with customers.

e.     **Structured Data**.   In conducting Targeted Searches for information that is maintained in any database, including information in any transactional, financial, or customer relationship database, Bright Data's offers of production are expressly contingent upon investigation and conferral concerning the specific fields of information that are readily-accessible, available, and proportionate.   Bright Data reserves the right to object to the production of any field or time period that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

f.     **ESI.**   Bright Data objects to the Requests to the extent they call for the production of any electronically stored information that is not reasonably accessible, or that cannot be compiled or produced without unreasonable investments in time and expense. Bright Data further objects to these Requests to the extent they purport to require a search beyond the scope of permissible discovery contemplated by Fed. R. Civ. P. 26(b)(2)(C) and any ESI Protocol Order.

g.     **Phones**.   Bright Data objects to the search of phones on grounds of privacy, proportionality, relevance, overbreadth, and burden.   Accordingly, absent Court order or further agreement of the parties, Bright Data will not search for or collect the phones of any Bright Data employee.

h.     **Time Period**.   As explained in GO 9 above, Bright Data objects to these Requests on the grounds of proportionality, relevance, overbreadth, and burden to the extent they seek information before July 26, 2019 and September 25, 2023.

12.  ***Time, Place, Manner of Production.***  Bright Data objects to the Requests to the extent that they do not specify a "reasonable time, place, and manner of making the inspection." *See* Fed. R. Civ. P. 34(b).  To the extent Bright Data makes an offer of production in these Responses, such offer of production contemplates a rolling production, within time frames established by Court order or the parties' agreement.

13.  ***Duplicative or Broad Requests.***  Many of the Requests are vague and overbroad, and could be interpreted broadly.  For example, requests that seek all documents relating to customers' use of any scraping tool would, in theory, cover source code, even though there are other requests that specifically request source code.  In general, where Bright Data addresses a specific request, any limitations set forth in response to such specific requests (including any objections to producing responsive documents) would apply to the more general requests.  This is so even if Bright Data does not specifically call out the potentially vagueness and ambiguity of the broader requests.  That is, Bright Data will interpret broader requests as having excluded the information expressly sought by any narrower, specific request.  And, for avoidance of doubt, Bright Data objects to any request that encompasses any narrower request on the grounds that such broader request is unreasonably duplicative or cumulative.

14.  ***Short-Form Objections.***  In setting forth these Objections and Specific Objections, Bright Data shall use the term "Proportionality" to mean that the Request seeks information that is not "proportional to the needs of the case" under Fed. R. Civ. P. 26(a)(b)(1).  Bright Data uses the terms "Breadth" and/or "Burden" to mean that (i) the Request is overly broad and/or unduly burdensome; (ii) the discovery sought is unreasonably cumulative or duplicative of other information Bright Data has offered to produce in response to a document request under Fed. R. Civ. P. 34(a); and/or (iii) the burden or expense of the proposed discovery outweighs its likely benefit under Fed. R. Civ. P. 26(b).  Bright Data uses the term "Relevance" to mean that the discovery requested is neither relevant to any party's claim or defense under the Federal Rules of Evidence nor proportional to the needs of the case or is otherwise outside the scope of Fed. R. Civ. P. 26(b)(1).  Bright Data uses the term "Ambiguity" to mean the Request is vague and ambiguous.

Bright Data uses the term "Privilege" to mean that the discovery requested seeks information protected by the attorney-client privilege, the work product doctrine, joint defense or common interest privileges, or any other applicable privilege.

15. ***The Rules Govern.*** Bright Data objects to the Requests, including the Definitions and Instructions, to the extent that they are inconsistent with or exceed the obligations imposed by the Federal Rules of Civil Procedure, any Local Rule, or applicable order. In responding to these Requests, Bright Data will comply with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and applicable orders of the Court.

16. ***Use of Instructions and Definitions.*** Bright Data objects to X's use of instructions and definitions in its Requests as overly burdensome, unreasonable, and contrary to the Court's Local Rules. Supp. CMC Order § 17 ("The fashionable use of 'Instructions' and 'Definitions' in document requests and interrogatories has a strong tendency, when read into the requests and interrogatories, to exacerbate burden and this alone can sometimes render them unreasonable. Under the Federal Rules, there is no need for 'Instructions' and 'Definitions.'").

17. ***Objection to Definition 1.*** Bright Data objects to Definition 1 on the grounds that it is overbroad, would impose undue burden, is disproportional, and is inconsistent with the requirements of the Rules. Bright Data will respond to the Requests on behalf of Bright Data Ltd. only.

18. ***Objection to Definition 4.*** Bright Data objects to the definition of "Customer" on the grounds that, as defined, it renders the Requests overbroad and disproportional. Bright Data has identified several objections to Requests seeking customer information. *See, e.g.*, GO 2. In responding to these Requests, absent Court order or further agreement of the parties, Bright Data will construe the term "Customer" to exclude the categories of customers or customer information to which Bright Data has lodged an objection.

19. ***Objection to Definition 5.*** Bright Data objects to the definition of "Customer located in California" on grounds of relevance and proportionality to the extent the definition causes the Requests to seek information that does not involve (i) activity by Bright Data in

California, or (ii) activity directed at third parties who are physically in California when using a Relevant Scraping Service ("California Activity").  Without limiting the foregoing, Bright Data objects to the term "Customer located in California" to the extent it depends on the domicile, headquarters, or address of a customer.  In responding to these requests, Bright Data will use the term "California Customers" to refer to customers for whom the relevant activity concerned California Activity.

20.     ***Objection to Definition 7.***  Bright Data objects to the definition of "Investors" on the grounds of relevance, overbreadth, and proportionality.  Absent Court order or further agreement of the parties, Bright Data will not search for or produce information relating to, or communications with, investors.

21.     ***Objection to the Relevant Bright Data Services Definitions (Definitions 8-10)***.  Bright Data objects to the definitions of Bright Data's services (including the definitions of "Scraping Tool" (Definition 8), "Data" or "Dataset" (Definition 9), and "Proxy" or "Proxies" (Definition 10)) on the grounds that, as defined, they render the Requests overbroad and disproportional.  Bright Data has identified several objections to the scope of Requests seeking information relating to Bright Data's Services.  *See, e.g.*, GOs 3, 4.  In responding to these Requests, Bright Data will construe the Requests using the terms "scraping tool," 'data", or "proxy" (or variations thereof) to both (i) exclude information for which Bright Data has lodged an objection; and (ii) include only information relating to the use of such services by Bright Data or a third party to search for or collect information from X sites using automated means.

22.     ***Objections to Code and Log Definitions (Definitions 11-12)***.  Bright Data objects to the definitions of "Code" (Definition 11) and "Logs" (Definition 12) on the grounds that they are overbroad and disproportional.  Bright Data will confer with X concerning the scope of production, if any, of code and logs in connection with the resolution of Bright Data's General and Specific Objections.

23.     ***Objection to Definition 13.***  Bright Data objects to the definition of "Terms" to the extent it assumes that "all users who register for an X account, and/or view the X website or

application agree to [them]."   In responding to these requests, Bright Data will use the term "Terms" to mean X's Terms of Service, Privacy Policy, and Twitter Rules and Policies in effect between July 26, 2019 and September 25, 2023.

24.     ***Objection to Instruction 5.***  Bright Data objects to Instruction 5 on the grounds of overbreadth, burden, and proportionality.  Bright Data objects to the extent Instruction 5 calls for the production of information before July 26, 2019, as anything before that date is outside the scope of X's claims.  Bright Data further objects to the extent Instruction 5 calls for the production of information relating to the search or collection of information (or the use or sale of such information) after September 25, 2023.  As such, unless otherwise noted, the temporal scope of Bright Data's responses will be from July 26, 2019 through September 25, 2023, as explained in GO 9.

25.     ***Reservation of Right to Amend.***  Because discovery is ongoing, Bright Data's responses are preliminary in nature and based only on information that is readily available to Bright Data after a reasonable, but still ongoing, investigation.  To the extent necessary or appropriate, Bright Data reserves the right to supplement its Responses in accordance with Fed. R. Civ. P. 26(e), including – without limitation – by asserting additional objections.  ***In particular, Bright Data reserves the right to amend, withdraw, or modify any offer of production if the Court later grants Bright Data's Motion to Dismiss or Motion for Summary Judgment.***

26.     ***Offers of Production.***  As set forth below, in response to Specific Requests, Bright Data has made certain offers of production, which follow the phrase "subject to and without waiving [its] objections …"  In each case, an offer of production does not indicate that responsive documents exist, but rather that Bright Data will undertake a good faith search for such documents, in accordance with any limits relating to the time, place, and manner of production, including GO 9 (Relevant Period); GO 11(Scope of Search); and GO 12 (Time, Place, Manner).  In addition, pursuant to the Judge Alsup's all-or-nothing rule, if X does not accept an offer of production, Bright Data reserves the right to withdraw the offer of production and litigate the reasonableness of the request as originally written.  *See* Judge Alsup Sup. Standing Order re Initial CMC, ¶ 17

1    ("When the judge finds (on motion) that a request was unreasonably burdensome or otherwise

2    objectionable from the outset, his normal practice is to strike it in its entirety rather than to try to

3    salvage some narrower element lurking within it.  Again, the judge's approach is intended to

4    encourage reasonably narrow requests from the start, meaning don't ask for more than you deserve

5    with the expectation that the judge will cut it back to what you deserve.  He will cut unreasonably

6    burdensome requests back to zero.").

7    ## SPECIFIC RESPONSES AND OBJECTIONS[1]

8    **REQUEST NO. 1:**

9    *All Data obtained from the X Platform using Your Scraping Tools or Your Proxies.*

10    **Response to Request No. 1:**  Subject to and without waiving its General Objections, Bright

11    Data will conduct a Targeted Search for responsive data that Bright Data itself scraped from the X

12    platform during the Relevant Period.

13    **REQUEST NO. 2:**

14    *All Documents describing Your Scraping Tools, their features, functionality, and operation,*
15    *including product requirements documentation, design specifications or mockups, engineering*
      *architecture documents, service blueprints or journey maps, and testing documentation.*

16
17    **Response to Request No. 2:**  Bright Data objects to this Request to the extent it seeks

      information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data objects

18    to this Request to the extent it seeks production of Bright Data's Source Code (GO 5).  Bright Data

19    objects to this Request to the extent it seeks information relating to public search mechanics (GO

20    6).  Bright Data objects to this Request to the extent it seeks "all documents," rather than

21    documents sufficient to show, specified information.  Subject to and without waiving these

22    objections and its General Objections, Bright Data will conduct a Targeted Search for responsive

23    marketing materials sufficient to describe the features of the Relevant Scraping Services.  Bright

24

25    ---
      [1] For avoidance of doubt, all offers of production expressly incorporate all limitations on the time, place, and manner
26    of production, including GO 9 (Relevant Period); GO 11 (Scope of Search); and GO 12 (time, place, manner).  All
      other limits reflected in the General Objections are similarly incorporated into each specific response without the need
27    to repeat or reference such objections, but Bright Data will endeavor to identify the most germane objections.

28

Data will additionally conduct a Targeted Search for exemplar snapshots sufficient to show Bright Data's Code as it existed on December 4, 2022, and May 16, 2023.  Bright Data will then meet and confer with X concerning whether any additional snapshots or code excerpts may be required.

**REQUEST NO. 3:**

*All Documents used to describe Your Scraping Tools to employees responsible for selling or marketing them or providing customer support for them.*

      **Response to Request No. 3:**  Bright Data objects to this Request to the extent it seeks discovery relating to non-California customers (GO 2).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data objects to this Request to the extent it seeks production of Bright Data's Source Code (GO 5).  Bright Data objects to this Request to the extent it seeks information relating to public search mechanics (GO 6).  Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information.  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for responsive marketing materials sufficient to describe the features of the Relevant Scraping Services.

**REQUEST NO. 4:**

*All Documents used to describe Your Scraping Tools, their features, functionality, and operation to Customers, including marketing materials, installation or onboarding documentation, and support documentation.*

      **Response to Request No. 4:**  Bright Data objects to this Request to the extent it seeks discovery relating to non-California customers (GO 2).   Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data objects to this Request to the extent it seeks production of Bright Data's Source Code (GO 5).  Bright Data objects to this Request to the extent it seeks information relating to public search mechanics (GO 6).  Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information.  Subject to and without waiving

these objections and its General Objections, Bright Data will conduct a Targeted Search for responsive marketing materials sufficient to describe the features of the Relevant Scraping Services.

**REQUEST NO. 5:**

*All Documents used to describe Your Scraping Tools, their features, functionality, and operation to Investors.*

  **Response to Request No. 5:** Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data objects to this Request to the extent it seeks production of Bright Data's Source Code (GO 5).  Bright Data objects to this Request to the extent it seeks information relating to public search mechanics (GO 6).  Bright Data objects to the Request because communications with Investors are not relevant or proportional to the claims in the case.  Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information.  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for responsive marketing materials sufficient to describe the features of the Relevant Scraping Services.

**REQUEST NO. 6:**

*All Documents concerning the development and testing of Your Scraping Tools, including documentation describing the development and testing of any methods, technology, or techniques to circumvent X Corp's anti-scraping measures, authentication requirements, IP blockers, and rate limits.*

  **Response to Request No. 6:** Bright Data objects to this request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data objects to this Request to the extent it seeks production of Bright Data's Source Code (GO 5).  Bright Data objects to this Request to the extent it seeks information relating to public search mechanics (GO 6).  Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information.  Bright Data objects to this Request because the "development and testing" of Bright Data's scraping tools is not relevant or proportional.

Bright Data will not produce documents in response to this Request.

**REQUEST NO. 7:**

*All Code Your Scraping Tools use or used to access, communicate with, or obtain Data from the X Platform, including any source code related to the operation of Your Scraping Tools and any changes to the Code during the relevant time period.*

> **Response to Request No. 7:**  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data objects to this Request to the extent it seeks production of Bright Data's Source Code (GO 5).  Bright Data objects to this Request to the extent it seeks information relating to public search mechanics (GO 6).  Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information.  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for exemplar snapshots sufficient to show Bright Data's Code as it existed on December 4, 2022, and May 16, 2023.  Bright Data will then meet and confer with X concerning whether any additional snapshots or code excerpts may be required.

**REQUEST NO. 8:**

*All Documents and Communications regarding the use of Your Proxies or Scraping Tools to avoid access or data limits of the X Platform.*

> **Response to Request No. 8:**  Bright Data objects to this Request to the extent it seeks production of Bright Data's Source Code (GO 5).  Bright Data objects to this Request to the extent it seeks information relating to public search mechanics (GO 6).  Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information.  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 9:**

*All Logs that record the use of Your Scraping Tools on the X Platform.*

> **Response to Request No. 9:**  Bright Data objects to this Request because production of "all logs" is unduly burdensome and not proportional.  Bright Data objects to this Request to the

extent it seeks discovery relating to non-California customers (GO 2).  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for, and will produce, a sample of a responsive log relating to Bright Data's search for information on the X platform.  Bright Data will then meet and confer with X concerning whether any additional logs may be required.

**REQUEST NO. 10:**

*All Logs that record the use of Your Proxies on the X Platform.*

  **Response to Request No. 10:**  Bright Data objects to this Request because production of "all logs" is unduly burdensome and not proportional.  Bright Data objects to this Request to the extent it seeks discovery relating to non-California customers (GO 2).  Bright Data objects to this Request to the extent it seeks information unrelated to the Relevant Scraping Services (GO 4).  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for, and will produce, a sample of a responsive log relating to Bright Data's search for information on the X platform.  Bright Data will then meet and confer with X concerning whether any additional logs may be required.

**REQUEST NO. 11:**

*All Documents and Communications concerning X Corp's Terms, including All Documents and Communications regarding compliance with the Terms.*

  **Response to Request No. 11:**  Bright Data objects to this Request to the extent it seeks communications with in-house or outside counsel concerning X Terms or this Case on grounds of privilege (GO 10).  Bright Data objects to this request to the extent it seeks information unrelated to the Relevant Scraping Services (GO 4).  Bright Data objects to this Request on grounds of relevance because X's Terms are contracts of adhesion, which must be construed against X, rendering Bright Data's subjective intent irrelevant.  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Custodian Search for non-privileged documents that discuss X's Terms.  Bright Data will also conduct a Targeted Search of its CRM database for responsive documents relating to California customers who used a Relevant

Scraping Service to scrape information hosted on X.

**REQUEST NO. 12:**

*All Documents and Communications You distributed, published, or made available to current, prospective, or former Customers regarding Data or information obtained from the X Platform.*

  **Response to Request No. 12:**  Bright Data objects to this Request to the extent it seeks discovery relating to non-California customers (GO 2).    Bright Data objects to this request to the extent it seeks information unrelated to the Relevant Scraping Services (GO 4).   Bright Data objects to this Request to the extent it seeks information relating to public search mechanics (GO 6).  Bright Data objects to this Request to the extent it seeks "all documents and communications," rather than documents sufficient to show, specified information.  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for responsive marketing materials sufficient to describe the features of the Relevant Scraping Services.  Bright Data will also conduct a Targeted Search of its CRM database for responsive documents relating to California customers who used a Relevant Scraping Service to scrape information hosted on X.

**REQUEST NO. 13:**

*Documents sufficient to show how Data obtained from the X Platform is stored by You, including documents sufficient to identify the identity, location, and structure of All databases in which You store Data obtained from the X Platform.*

  **Response to Request No. 13:**  Bright Data objects to this Request to the extent it seeks discovery on discovery, which is irrelevant, unduly burdensome, and disproportional.  Bright Data objects to this Request on grounds of ambiguity because it does not sufficiently describe the information sought.  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 14:**

*All Documents and Communications related to any X accounts created or used by You, including the creation, use, and the termination or deletion of those accounts.*

  **Response to Request No. 14:**  Bright Data objects to this Request to the extent it seeks information unrelated to the use of any X accounts owned, controlled, or managed by Bright Data

for purposes of scraping information on the X platform.  Subject to and without waiving these objections and its General Objections, Bright Data will conduct (i) a Targeted Search for responsive documents sufficient to show the X accounts that Bright Data owned, controlled, or managed during the Relevant Period; and (ii) a Custodian Search for documents relating to use of such accounts for purposes of scraping information on the X platform.

**REQUEST NO. 15:**

*All Documents and Communications related to any current, prospective, or former Customers' use of the X Platform.*

**Response to Request No. 15:**  Bright Data objects to this Request to the extent it seeks discovery relating to non-California customers (GO 2).  Bright Data objects to this Request to the extent it seeks information unrelated to the Relevant Scraping Services (GO 4).  Subject to and without waiving these objections and its General Objections, Bright Data will also conduct a Targeted Search of its CRM database for responsive documents relating to California customers who used a Relevant Scraping Service to scrape information hosted on X.

**REQUEST NO. 16:**

*All Documents and Communications related to the collection of Data from, or access to, web pages with access and use restrictions including a password, log-in requirement, rate limiter, IP blockers, or other restriction.*

**Response to Request No. 16:**  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data objects to this Request to the extent it seeks production of Bright Data's Source Code (GO 5).  Bright Data objects to this Request to the extent it seeks information relating to public search mechanics (GO 6).  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 17:**

*All contracts and agreements between You and any current or former Customer related to any Data or Datasets from the X Platform.*

**Response to Request No. 17:**  Bright Data objects to this Request to the extent it seeks discovery relating to non-California customers (GO 2).  Subject to and without waiving these

objections and its General Objections, Bright Data will conduct a Targeted Search for responsive contracts with California customers who used a Relevant Scraping Service to scrape information hosted on X.

**REQUEST NO. 18:**

*All contracts and agreements between You and any current or former Customer related to Your Scraping Tools that were, are, or could be used for scraping Data from the X Platform.*

**Response to Request No. 18:**  Bright Data objects to this Request to the extent it seeks discovery relating to non-California customers (GO 2).  Bright Data objects to this Request to the extent it seeks information relating to customers that did not use a Relevant Scraping Service to scrape information hosted on X.  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for responsive contracts with California customers who used a Relevant Scraping Service to scrape information hosted on X.

**REQUEST NO. 19:**

*All contracts and agreements between You and any current or former Customer related to Your Proxies that were, are, or could be used to collect Data from the X Platform.*

**Response to Request No. 19:**  Bright Data objects to this Request to the extent it seeks discovery relating to non-California customers (GO 2).  Bright Data objects to this Request to the extent it seeks information relating to customers that did not use a Relevant Scraping Service to scrape information hosted on X.  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for responsive contracts with California customers who used a Relevant Scraping Service to scrape information hosted on X.

**REQUEST NO. 20:**

*All Communications between You and any current or former Customer related to any Data or Datasets from the X Platform.*

**Response to Request No. 20:**  Bright Data objects to this Request to the extent it seeks discovery relating to non-California customers (GO 2).  Bright Data objects to this Request to the extent it seeks information relating to customers that did not use a Relevant Scraping Service to

scrape information hosted on X.  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search of Bright Data's CRM database for responsive documents relating to California customers who used a Relevant Scraping Service to Scrape information hosted on X.

**REQUEST NO. 21:**

*All Communications between You and any current or former Customer related to Your Scraping Tools that were, are, or could be used for scraping Data from the X Platform.*

**Response to Request No. 21:**  Bright Data objects to this Request to the extent it seeks discovery relating to non-California customers (GO 2).  Bright Data objects to this Request to the extent it seeks information relating to customers that did not use a Relevant Scraping Service to scrape information hosted on X.  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search of Bright Data's CRM database for responsive documents relating to California customers who used a Relevant Scraping Service to Scrape information hosted on X.

**REQUEST NO. 22:**

*All Communications between You and any current or former Customer related to Your Proxies that were, are, or could be used to collect Data from the X Platform.*

**Response to Request No. 22:**  Bright Data objects to this Request to the extent it seeks discovery relating to non-California customers (GO 2).  Bright Data objects to this Request to the extent it seeks information relating to customers that did not use a Relevant Scraping Service to scrape information hosted on X.  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search of Bright Data's CRM database for responsive documents relating to California customers who used a Relevant Scraping Service to Scrape information hosted on X.

**REQUEST NO. 23:**

*Documents sufficient to identify all Persons involved in the design, manufacture, and operation of*

*Your Scraping Tool, Proxy, and Dataset products and services.*

**Response to Request No. 23:**  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data objects to this Request because it is overbroad.  On its face, it seeks disclosure of virtually every Bright Data employee.  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for responsive organization charts sufficient to show Bright Data's management structure for operations concerning the Relevant Scraping Services.

**REQUEST NO. 24:**

*All Documents showing Your sales, revenues, profits, losses, costs, cash-flow, and operating and capital expenditures on a monthly basis, including without limitation, invoices to Customers.*

**Response to Request No. 24:**  Bright Data objects to this Request to the extent it seeks discovery relating to non-California customers (GO 2).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information.  Bright Data objects to this Request to the extent it seeks invoices on grounds of burden and proportionality.  Bright Data objects to this Request on the grounds of relevance because Bright Data's sales, revenues, or profits are not a relevant measure of damages for any breach of contract claim.  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for information sufficient to show the aggregate revenue Bright Data received from California customers who used a Relevant Scraping Service to scrape information hosted on X.

**REQUEST NO. 25:**

*Documents sufficient to show the amount of revenues You attribute to X Platform Data broken down by Customer and by month.*

**Response to Request No. 25:**  Bright Data objects to this Request to the extent it seeks discovery relating to non-California customers (GO 2).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright

Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information.  Bright Data objects to this Request on the grounds of relevance because Bright Data's revenues as generated by each individual user broken down by month are not a relevant measure of damages for any breach of contract claim.  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for information sufficient to show the aggregate revenue Bright Data received from California customers who used a Relevant Scraping Service to scrape information hosted on X.

**REQUEST NO. 26:**

*All Documents showing revenue You have collected from Customers in exchange for Datasets You scraped from the X Platform, including the amounts, payment methods, and frequency of payments.*

      **Response to Request No. 26:**  Bright Data objects to this Request to the extent it seeks discovery relating to non-California customers (GO 2).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information.  Bright Data objects to this Request on the grounds of relevance because Bright Data's revenues are not a relevant measure of damages for any breach of contract claim.  Bright Data's revenues from datasets, broken down by amounts, payment methods, and frequency of payments is not relevant for Bright Data's breach of contract claim.  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for information sufficient to show the aggregate revenue Bright Data received from California customers who used a Relevant Scraping Service to scrape information hosted on X.

**REQUEST NO. 27:**

*All Documents showing revenue You have collected from Customers in exchange for any Scraping Tool You have offered to license or sell, including the amounts, payment methods, and frequency of payments.*

      **Response to Request No. 27:**  Bright Data objects to this Request to the extent it seeks discovery relating to non-California customers (GO 2).  Bright Data objects to this Request to the

extent it seeks information unrelated to X (GO 3).  Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information.  Bright Data objects to this Request on the grounds of relevance because Bright Data's revenues are not a relevant measure of damages for any breach of contract claim.  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for information sufficient to show the aggregate revenue Bright Data received from California customers who used a Relevant Scraping Service to scrape information hosted on X.

**REQUEST NO. 28:**

*All Documents showing revenue You have collected from Customers in exchange for any Proxy You have offered to license or sell, including the amounts, payment methods, and frequency of payments.*

**Response to Request No. 28:**  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3).  Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information.  Bright Data objects to this Request on the grounds of relevance because Bright Data's revenues, as broken down by amounts, payment methods, and frequent of payments, are not a relevant measure of damages for any breach of contract claim.  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for information sufficient to show the aggregate revenue Bright Data received from California customers who used a Relevant Scraping Service to scrape information hosted on X.

**REQUEST NO. 29:**

*Documents sufficient to show Your organizational, corporate, and management structure, including office and business locations and addresses, the identities of each division or department, the management of each division or department, and the identities of All persons who work within each division or department and their locations.*

**Response to Request No. 29:**  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data objects to this Request on grounds of relevance because Bright Data's organizational, corporate, or

management structures are not relevant to X's claims.  Bright Data objects to this Request because it is overbroad.  On its face, it seeks disclosure of virtually every Bright Data employee.  Bright Data objects to this Request to the extent it seeks information about the activities of any non-party affiliate of Bright Data (GO 7).  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for responsive organization charts sufficient to show Bright Data's management structure for operations concerning the Relevant Scraping Services.

**REQUEST NO. 30:**

*Documents sufficient to show any advertisements, promotions, sales, or offers for Your products and services (including Scraping Tools, Datasets, and Proxies) directed to any prospective Customer or Customer located in California.*

**Response to Request No. 30:**  Bright Data objects to this Request to the extent it seeks jurisdictional discovery (GO 1).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for responsive advertising, marketing, and general solicitation materials that reflect Bright Data's promotions, offers, and sales for Scraping Services that appear from the face of the document to be directed specifically to California Customers.

**REQUEST NO. 31:**

*Documents and Communications related to any workshop, seminar, course, or other informational or promotional session for Your products and services (including Scraping Tools, Datasets, and Proxies) that You have held in California, including marketing Documents, lists of attendees, and presentation materials.*

**Response to Request No. 31:**  Bright Data objects to this Request to the extent it seeks jurisdictional discovery (GO 1).  Bright Data objects to this Request to the extent it seeks discovery relating to non-California customers (GO 2).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a

Targeted Search for documents sufficient to show the workshops, seminars, courses, or other informational or promotional sessions related to Scraping Services that Bright Data held in California, and any participant lists for such courses.

**REQUEST NO. 32:**

*Documents and Communications related to any workshop, seminar, course, or other informational or promotional session for Your products and services (including Scraping Tools, Datasets, and Proxies) that You have held that included participants from California, including marketing Documents, lists of attendees, and presentation materials.*

**Response to Request No. 32:**  Bright Data objects to this Request to the extent it seeks jurisdictional discovery (GO 1).  Bright Data objects to this Request to the extent it seeks discovery relating to non-California customers (GO 2).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for documents sufficient to show the workshops, seminars, courses, or other informational or promotional sessions related to Scraping Services that Bright Data held in California, and any participant lists for such courses.

**REQUEST NO. 33:**

*All Documents and Communications concerning Your lease, acquisition, or use of 415 Mission Street, San Francisco, CA.*

**Response to Request No. 33:**  Bright Data objects to this Request to the extent it seeks jurisdictional discovery (GO 1).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data objects to this Request to the extent it seeks "all documents and communications," rather than documents sufficient to show, specified information.  Bright Data objects to this Request because discovery relating to any lease, office, or real estate is not relevant or proportional.  Subject to and without waiving these objections and its General Objections, Bright Data refers Meta to its Responses to

Interrogatory No. 12 and RFA No. 17.

**REQUEST NO. 34:**

*All Documents and Communications concerning Your lease, acquisition, or use of any office, commercial real estate, or dwelling in California.*

   **Response to Request No. 34:**   Bright Data objects to this Request to the extent it seeks jurisdictional discovery (GO 1).   Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).   Bright Data objects to this Request to the extent it seeks "all documents and communications," rather than documents sufficient to show, specified information.   Bright Data objects to this Request because discovery relating to any lease, office, or real estate is not relevant or proportional.   Subject to and without waiving these objections and its General Objections, Bright Data refers Meta to its Responses to Interrogatory No. 12 and RFA No. 17.

**REQUEST NO. 35:**

*Documents sufficient to identify any server located in California that is used or controlled by You, including any third-party servers used by You. For purposes of this request, "located in California," means any server that is physically located in California, or any IP address or domain name that geolocates to California.*

   **Response to Request No. 35:**   Bright Data objects to this Request to the extent it seeks jurisdictional discovery (GO 1).   Bright Data objects to this Request to the extent it seeks discovery relating to non-California customers (GO 2).   Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).   Bright Data objects to this Request to the extent it seeks production of Bright Data's Source Code (GO 5).   Bright Data objects to this Request to the extent it seeks information relating to public search mechanics (GO 6).   Subject to and without waiving these objections and its General Objections, Bright Data refers Meta to its Response to Interrogatory No. 9.

**REQUEST NO. 36:**

*Documents sufficient to identify Your current or former Customers located in California, including*

1    *any contracts with those Customers.*

2         **Response to Request No. 36:**  Bright Data objects to this Request to the extent it seeks

3    information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Subject to and

4    without waiving these objections and its General Objections, Bright Data will conduct a Targeted

5    Search of its CRM database for responsive documents relating to California customers who used

6    a Relevant Scraping Service to scrape information hosted on X.

7    **REQUEST NO. 37:**

8    *Documents sufficient to identify All current and former employees, contractors, agents, or third-*
     *party companies hired or contracted by You, including any subsidiary, located in California.*

9

10        **Response to Request No. 37:**  Bright Data objects to this Request to the extent it seeks

11   jurisdictional discovery (GO 1).  Bright Data objects to this Request to the extent it seeks

12   information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data objects

13   to this Request because information relating to the identity of current and former employees,

14   contractors, agents, or third-party companies hired or contracted by Bright Data is not relevant or

15   proportional.  Bright Data objects to this Request to the extent it seeks information about the

16   activities of any non-party affiliate of Bright Data (GO 7).  Subject to and without waiving these

17   objections and its General Objections, Bright Data refers Meta to its Response to Interrogatory No.

18   11.

19   **REQUEST NO. 38:**

20   *Documents sufficient to identify All current and former employees or contractors located in*
     *California hired or contracted by You.*

21

22        **Response to Request No. 38:**  Bright Data objects to this Request to the extent it seeks

23   jurisdictional discovery (GO 1).  Bright Data objects to this Request to the extent it seeks

24   information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data objects

25   to this Request because information relating to the identity of current and former employees,

26   contractors, agents, or third-party companies hired or contracted by Bright Data is not relevant or

27

28

proportional.  Subject to and without waiving these objections and its General Objections, Bright Data refers Meta to its Response to Interrogatory No. 11.

**REQUEST NO. 39:**

*Documents sufficient to identify All current and former agents or third-party companies located in California hired or contracted by You.*

      **Response to Request No. 39:**  Bright Data objects to this Request to the extent it seeks jurisdictional discovery (GO 1).  Bright Data objects to this Request to the extent it seeks discovery relating to non-California customers (GO 2).  Bright Data objects to this request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data objects to this Request because information relating to the identify current and former employees, contractors, agents, or third-party companies hired or contracted by is not relevant or proportional. Bright Data will not produce documents in response to this Request.

**REQUEST NO. 40:**

*Documents sufficient to identify any of Your subsidiaries located in California.*

      **Response to Request No. 40:**  Bright Data objects to this Request to the extent it seeks jurisdictional discovery (GO 1).  Bright Data objects to this request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data objects to this Request to the extent it seeks information about the activities of any non-party affiliate of Bright Data (GO 7).  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 41:**

*All Documents and Communications related to the use of the X Platform by any of Your current, prospective, or former Customers located in California.*

      **Response to Request No. 41:**  Bright Data objects to this Request to the extent it seeks information unrelated to the Relevant Scraping Services (GO 4).  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search of its CRM database for responsive documents relating to California customers who used a Relevant

Scraping Service to scrape information hosted on X.

**REQUEST NO. 42:**

*Documents sufficient to show any transfer of funds and/or other payments between any bank account owned or operated by Bright Data, Ltd. and any bank account owned or operated by any affiliate or related entity, including without limitation, Bright Data, Inc.*

      **Response to Request No. 42:**   Bright Data objects to this Request to the extent it seeks jurisdictional discovery (GO 1).   Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).   Bright Data objects to this Request because information relating to intra-corporate transfers are neither relevant nor proportional.   Bright Data objects to this Request to the extent it seeks information about the activities of any non-party affiliate of Bright Data (GO 7).   Bright Data will not produce documents in response to this Request.

**REQUEST NO. 43:**

*Documents sufficient to show the corporate relationship between Bright Data Ltd. and any affiliate or related entity, including without limitation Bright Data, Inc., including any agreements between Bright Data Ltd. and Bright Data, Inc.*

      **Response to Request No. 43:**   Bright Data objects to this Request to the extent it seeks jurisdictional discovery (GO 1).   Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).   Bright Data objects to this Request because information relating to intra-corporate agreements and relationships are neither relevant nor proportional.   Bright Data objects to this Request to the extent it seeks information about the activities of any non-party affiliate of Bright Data (GO 7).   Bright Data will not produce documents in response to this Request.

**REQUEST NO. 44:**

*Documents sufficient to show the officers and directors of Bright Data Ltd. and any affiliate or related entity, including without limitation Bright Data, Inc.*

      **Response to Request No. 44:**   Bright Data objects to this Request to the extent it seeks jurisdictional discovery (GO 1).   Bright Data objects to this Request to the extent it seeks

information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data objects to this Request on grounds of relevance because Bright Data's organizational structure is not relevant to X's claims.  Bright Data objects to this Request to the extent it seeks information about the activities of any non-party affiliate of Bright Data (GO 7).  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 45:**

*Documents sufficient to show any of Your advertising or marketing or strategy budget spent, directed, earmarked, targeted, or related to advertising or marketing in California.*

      **Response to Request No. 45:**  Bright Data objects to this Request to the extent it seeks jurisdictional discovery (GO 1).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data objects to this Request because information relating Bright Data's advertising expenditures is neither relevant nor proportional.  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 46:**

*Documents sufficient to show any of Your advertising or marketing or strategy budget spent, directed, earmarked, targeted, or related to any Customer or prospective Customer in California.*

      **Response to Request No. 46:**  Bright Data objects to this Request to the extent it seeks jurisdictional discovery (GO 1).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data objects to this Request because information relating Bright Data's advertising expenditures is neither relevant nor proportional.  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 47:**

*All Documents reviewed in preparing or drafting responses to any interrogatory propounded by X Corp. in this Action, including any Documents identified in those responses.*

      **Response to Request No. 47:**  Bright Data objects to this Request because it calls for privileged information (GO 10).  Bright Data objects to this Request as premature to the extent it covers any Interrogatory that has not yet been propounded or any response that has not yet been

served.  Subject to and without waiving these objections and its General Objections, Bright Data will produce any document that it expressly cites in any response to X's First Set of Interrogatories, unless such document has already been produced or is publicly available.

**REQUEST NO. 48:**

*All Documents You intend to rely on at any hearing or at trial in this Action.*

**Response to Request No. 48:** Bright Data objects to this Request because it calls for privileged information (GO 10).  Bright Data objects to this Request as premature because Bright Data has not yet made any determination of what documents it intends to rely on at any hearing or trial.  Bright Data will meet and confer with X concerning a mutually-agreeable schedule for the exchange of potential exhibit lists for any hearing or trial.

**REQUEST NO. 49:**

*All Documents concerning a Person or Document referred to in Your initial disclosures under Fed. R. Civ. P. 26(a)(1) or considered by You in preparing Your disclosures.*

**Response to Request No. 49:** Bright Data objects to this Request to the extent it calls for privileged information (GO 10).  Bright Data objects to this Request to the extent it seeks all documents relating to a person, without regard to relevance or subject matter.  Bright Data objects to this Request as overly broad, unduly burdensome, and duplicative of other requests.  Bright Data objects to this Request because it does not specify with reasonable particularity the information requested.  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 50:**

*All Documents referred to by You in Your pleadings in this Action.*

**Response to Request No. 50:** Bright Data objects to this Request as premature because Bright Data has not yet served any pleading in this Action.  Subject to and without waiving these objections and its General Objections, Bright Data will produce responsive documents that it expressly cites in its Answer or Counterclaims, if any, that have not been cited in X's Complaint,

that have not been previously produced, and that are not publicly available.

**REQUEST NO. 51:**

*All Documents concerning Your document creation, document maintenance, document retention, or document destruction policies and practices from 2017 to the present.*

      **Response to Request No. 51:**  Bright Data objects to this Request to the extent it seeks discovery on discovery, which is irrelevant, unduly burdensome, and disproportional.  Bright Data objects to this Request to the extent it seeks information prior to July 26, 2019 (GO 9).  Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information.  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 52:**

*Transcripts of all trial or deposition testimony ever given in a proceeding by a person You identified in Your initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) or whom You expect to call as a witness in connection with this Action.*

      **Response to Request No. 52:**  Bright Data objects to this Request to the extent it calls for the disclosure or identification of witnesses that Bright Data "expects" to call because it calls for privileged information (GO 10).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data objects to this Request to the extent it seeks all documents relating to a person, without regard to relevance or subject matter.  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 53:**

*All Documents concerning any settlement agreement (including without limitation release agreements, settlement agreements, and covenants not to sue) with any Person concerning Your products and services (including Scraping Tools, Datasets, and Proxies).*

      **Response to Request No. 53:**  Bright Data objects to this Request to the extent that it calls for information protected by privilege, including Rule 408 or the settlement privilege (GO 10).  Bright Data objects to this Request because information relating to any settlement with any third-party is not relevant.  Bright Data objects to this Request to the extent it seeks information unrelated

to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 54:**

*All agreements with any Person having any financial interest in Bright Data or the outcome of this Action, including documents sufficient to show the nature and extent of the financial interest for each such Person.*

      **Response to Request No. 54:**  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data objects to this Request on the ground that information relating to any third-party's interest in Bright Data or the outcome of this Action is not relevant.  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 55:**

*Documents reflecting any taxes you have paid in California.*

      **Response to Request No. 55:**  Bright Data objects to this Request to the extent it seeks jurisdictional discovery (GO 1).  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4).  Bright Data objects to this Request because information relating to Bright Data's taxes in California is not relevant or proportional.  Bright Data will not produce documents in response to this Request.

**REQUEST NO. 56:**

*All print and electronic promotional and marketing materials, including website pages, for you products and services that mention, refer, or relate to Twitter or the X Platform.*

      **Response to Request No. 56:**  Bright Data objects to this Request to the extent it seeks "all … materials," rather than documents sufficient to show, specified information.  Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for and will produce responsive documents sufficient to show its current website pages to the extent such pages reference Twitter or the X platform.

**REQUEST NO. 57:**

*All documents and communications that mention, refer, or relate to data scraped from the X*

1   *Platform and/or efforts to scrape data from the X Platform.*

2       **Response to Request No. 57:**   Bright Data objects to this Request to the extent it seeks

3   discovery relating to non-California customers (GO 2).   Bright Data objects to this Request to the

4   extent it seeks information relating to public search mechanics (GO 6).   Subject to and without

5   waiving its General Objections, Bright Data will conduct a Targeted Search for (i) responsive data

6   that Bright Data itself scraped from the X platform during the Relevant Period; (ii) responsive

7   marketing materials sufficient to describe the features of the Relevant Scraping Services; and (iii)

8   responsive documents sufficient to show Bright Data's current website pages to the extent such

9   pages reference Twitter or the X platform.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Dated: February 1, 2024                    Respectfully submitted,

2

3                                               /s/ *Colin R. Kass*
                                                _____
4                                               Colin R. Kass*
                                                PROSKAUER ROSE LLP
5                                               1001 Pennsylvania Ave., N.W.
                                                Washington, D.C. 20004
6                                               (202) 416-6890
                                                ckass@proskauer.com
7
                                                David A. Munkittrick*
8                                               PROSKAUER ROSE LLP
                                                Eleven Times Square
9                                               New York, New York 10036
                                                (212) 969-3000
10                                              dmunkittrick@proskauer.com

11                                              Robert C. Goodman (Bar No. 111554)
12                                              Lauren Kramer Sujeeth (Bar No. 259821)
                                                ROGERS JOSEPH O'DONNELL, PC
13                                              311 California Street, 10th Floor
                                                San Francisco, CA 94104
14                                              (415) 956-2828
                                                rgoodman@rjo.com
15                                              lsujeeth@rjo.com

16
                                                Sehreen Ladak (Bar No. 307895)
17                                              PROSKAUER ROSE LLP
                                                2029 Century Park East, Suite 2400
18                                              Los Angeles, CA 90067-3010
                                                (310) 284-5652
19                                              sladak@proskauer.com

20
                                                *Attorneys for Defendant Bright Data Ltd.*
21                                              **Admitted pro hac vice*

22

23

24

25

26

27

28

ATTACHMENT 18

1
2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

3

X CORP.,

4
                                        Plaintiff,            Case No. 3:23-CV-03698-WHA
5

6                              v.

7        BRIGHT DATA LTD.,

8                                        Defendant.

9

10       **BRIGHT DATA'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS**
         **TO X CORP.'S FIRST SET OF REQUESTS FOR ADMISSION**

11              Pursuant to the Federal Rules of Civil Procedure, Bright Data Ltd. ("Bright Data"), by and

12       through its attorneys, propounds the following First Supplemental Objections and Responses

13       ("Responses") to X Corp.'s First Set of Requests for Admissions (the "RFAs" or "Requests").

14       Bright Data reserves its right to supplement these objections and responses.

15                                       **GENERAL OBJECTIONS**

16              Bright Data asserts the following General Objections ("GOs"), which are incorporated by

17       reference into each of the Specific Responses and Objections below.  Along with Bright Data's

18       Specific Responses and Objections, the GOs govern the scope of any response made by Bright

19       Data to the Requests and are neither waived nor limited by Bright Data's Specific Responses and

20       Objections.

21              1.      ***Prematurity.***  Bright Data objects to the Requests to the extent they do not provide

22       a sufficient time to conduct the investigation needed to provide an answer.  Many Requests are

23       overly burdensome, disproportionate, technical, and require significant expense and resources to

24       investigate.  For this reason, to the extent the Requests relate to topics still under investigation by

25       Bright Data, Bright Data intends to answer at a mutually agreed upon date or by the substantial

26       compliance deadline, if set by the Court.

27
28

2.    ***Scope of Jurisdictional Discovery.***  Bright Data objects to the Requests on grounds of relevance and proportionality to the extent they seek information related solely to personal jurisdiction, that does not otherwise have a bearing on the merits.

3.    ***Third-Party Scraping by Non-California Customers.***  Even if the Court has personal jurisdiction over certain aspects of X's non-contract claims (Counts II-VI), such jurisdiction would not extend to claims unrelated to any Bright Data conduct expressly aimed at California.  This would include, at a minimum, any use of Bright Data's services by non-California customers.  Accordingly, absent Court order or further agreement of the parties, Bright Data will not respond to the Requests with information relating to scraping by third parties outside California.

4.    ***Conduct Relating to Scraping of Websites Other Than X.***  X has not asserted any claim relating to the use of Bright Data's services for purposes other than scraping X.  Information that does not expressly relate to the scraping of X is neither relevant nor proportional.  Accordingly, absent Court order or further agreement of the parties, Bright Data will not search for or produce information relating to the scraping of sites other than X.

5.    ***Relevant Scraping Services.***  As noted, Bright Data objects to the Requests to the extent they seek information that does not relate to the scraping of X, on the grounds of relevance and proportionality.  Without limiting the foregoing, Bright Data objects to X's definitions of "Scraping Tool," "Data," "Dataset," "Proxy," "Proxies," "Code," and "Logs" to the extent such terms are not limited to instances in which such Scraping Tools, Datasets, or Proxies are used for the scraping of X.  In responding to the Requests, Bright Data will use the term "Scraping Services" to refer to Bright Data's proxy network, its Data Collector Service (both self-managed and fully-managed), and dataset sales when used to scrape data from third-party websites.  Bright Data will use the term "Relevant Scraping Services" or "Relevant Bright Data Scraping Services" to refer to instances in which the Scraping Services are used to scrape data from X.  Unless otherwise specified, absent Court order or further agreement of the parties, Bright Data will not search for or produce information that does not relate to the Relevant Scraping Services.

6. **Public Search Mechanics.**  Bright Data objects to the Requests to the extent it seeks information about the technological measures that Bright Data uses to address X's anti-scraping technology, including IP blockers, CAPTCHAs, and rate limiters because such information is neither relevant nor proportional, and the disclosure of this information could cause grave commercial and competitive injury.  Accordingly, absent Court order or further agreement of the parties, Bright Data will not search for or produce information relating to X's detection system or the steps by which non-members may access public information posted on X's sites.

7. **Alter Ego Discovery**.  Bright Data objects to the Requests to the extent it seeks information about the activities of any non-party affiliate of Bright Data.  Such information is not relevant to either the merits of any claim, or jurisdiction.  *See Scanlon v. Curtis Int'l Ltd*., 465 F. Supp. 3d 1054, 1067-68 (E.D. Cal. 2020) (denying jurisdictional discovery under an alter ego theory).

8. **General Protective Order.**  Bright Data will not produce any confidential or competitively sensitive information prior to entry of a suitable general protective order and objects to the Requests to the extent they call for the same.

9. **Relevant Period.**  Bright Data objects to the Requests to the extent they call for the production of information relating to the search for or collection of information (or the use or sale of such information) after September 25, 2023.  As Bright Data has previously explained, there is no extant contract between Bright Data and X, and thus, any discovery after September 25, 2023 would not relate to X's breach of contract claim (Count I), but X's other non-contract claims (Counts II-VI).  Bright Data objects to the Requests to the extent it calls for information pre-dating July 26, 2019.  Accordingly, absent Court order or further agreement of the parties, Bright Data will not search for or produce information dated prior to July 26, 2019 or after September 25, 2023.

10. **Privilege.**  Bright Data objects to the Requests to the extent that they call for the disclosure of information protected by any privilege, doctrine, or protection, including without limitation the attorney-client privilege, the work product doctrine and any other applicable privilege or protection.  Nothing contained in these objections and responses is intended to be, or

in any way constitutes, a waiver of any applicable privilege or immunity. Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege nor of any other basis for objecting to the use of such material or its subject matter. Bright Data expressly reserves the right to object to the use or introduction of such information.

11. ***The Rules Govern.*** Bright Data objects to the Requests, including the Definitions and Instructions, to the extent that they are inconsistent with or exceed the obligations imposed by the Federal Rules of Civil Procedure, any Local Rule, or applicable order. In responding to these Requests, Bright Data will comply with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and applicable orders of the Court.

12. ***Use of Instructions and Definitions.*** Bright Data objects to X's use of instructions and definitions in its Requests as overly burdensome, unreasonable, and contrary to the Court's Local Rules. Supp. CMC Order § 17 ("The fashionable use of 'Instructions' and 'Definitions' in document requests and interrogatories has a strong tendency, when read into the requests and interrogatories, to exacerbate burden and this alone can sometimes render them unreasonable. Under the Federal Rules, there is no need for 'Instructions' and 'Definitions.'").

13. ***Objection to Definition 1.*** Bright Data objects to Definition 1 on the grounds that it is overbroad, would impose undue burden, is disproportional, and is inconsistent with the requirements of the Rules. Bright Data will respond to the Requests on behalf of Bright Data Ltd. only.

14. ***Objection to Definition 4.*** Bright Data objects to the definition of "Customer" on the grounds that, as defined, it renders the Requests overbroad and disproportional. Bright Data has identified several objections to Requests seeking customer information. *See, e.g.*, GO 3. In responding to these Requests, absent Court order or further agreement of the parties, Bright Data will construe the term "Customer" to exclude the categories of customers or customer information to which Bright Data has lodged an objection.

15.  ***Objection to Definition 5.***  Bright Data objects to the definition of "Customer located in California" on grounds of relevance and proportionality to the extent the definition causes the Requests to seek information that does not involve (i) activity by Bright Data in California, or (ii) activity directed at third parties who are physically in California when using a Relevant Scraping Service ("California Activity").  Without limiting the foregoing, Bright Data objects to the term "Customer located in California" to the extent it depends on the domicile, headquarters, or address of a customer.  In responding to these requests, Bright Data will use the term "California Customers" to refer to customers for whom the relevant activity concerned California Activity.

16.  ***Objection to the Relevant Bright Data Services Definitions (Definitions 6-8)***.  Bright Data objects to the definitions of Bright Data's services (including the definitions of "Scraping Tool" (Definition 6), "Data" or "Dataset" (Definition 7), and "Proxy" or "Proxies" (Definition 8)) on the grounds that, as defined, they render the Requests overbroad and disproportional.  Bright Data has identified several objections to the scope of Requests seeking information relating to Bright Data's Services.  *See, e.g.*, GOs 4, 5.  In responding to these Requests, Bright Data will construe the Requests using the terms "scraping tool," "data", or "proxy" (or variations thereof) to both (i) exclude information for which Bright Data has lodged an objection; and (ii) include only information relating to the use of such services by Bright Data or a third party to search for or collect information from X sites using automated means.

17.  ***Objection to Definition 9.***  Bright Data objects to the definition of "Terms" to the extent it assumes that "all users who register for an X account, and/or view the X website or application agree to [them]."  In responding to these requests, Bright Data will use the term "Terms" to mean X's Terms of Service, Privacy Policy, and Twitter Rules and Policies in effect between July 26, 2019 and September 25, 2023.

18.  ***Objection to Instruction 3.***  Bright Data objects to Instruction 3 on the grounds of overbreadth, burden, and proportionality.  Bright Data objects to the extent Instruction 3 calls for the production of information before July 26, 2019, as anything before that date is outside the

scope of X's claims.  Bright Data further objects to the extent Instruction 3 calls for the production of information relating to the search or collection of information (or the use or sale of such information) after September 25, 2023.  As such, unless otherwise noted, the temporal scope of Bright Data's responses will be from July 26, 2019 through September 25, 2023, as explained in GO 9.

19.    ***Reservation of Right to Amend.***    Because discovery is ongoing, Bright Data's responses are preliminary in nature and based only on information that is readily available to Bright Data after a reasonable, but still ongoing, investigation.  To the extent necessary or appropriate, Bright Data reserves the right to supplement its Responses in accordance with Fed. R. Civ. P. 26(e), including – without limitation – by asserting additional objections.  ***In particular, Bright Data reserves the right to amend, withdraw, or modify any offer of production if the Court later grants Bright Data's Motion to Dismiss or Motion for Summary Judgment.***

## REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1:

*Admit that You have licensed or sold at least one of Your Scraping Tools to a Customer located in California.*

**Response to Request for Admission No. 1:**  Bright Data objects to this Request because the determination of the specific purchases made by specific customers or types of customers requires substantial investigation (GO 1).  Bright Data is currently undertaking this investigation, but the information Bright Data knows or can readily obtain at this point is insufficient to enable it to admit or deny this Request.  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 4) or the Relevant Scraping Services (GO 5).  Subject to its general and specific objections, Bright Data will supplement its answer to this Request at a mutually agreed upon date or by the substantial compliance deadline, if set by the Court.

**REQUEST FOR ADMISSION NO. 2:**

*Admit that You have licensed or sold at least five of Your Scraping Tools to a Customer located in California.*

      **Response to Request for Admission No. 2:**  Bright Data objects to this Request because the determination of the specific purchases made by specific customers or types of customers requires substantial investigation (GO 1).  Bright Data is currently undertaking this investigation, but the information Bright Data knows or can readily obtain at this point is insufficient to enable it to admit or deny this Request.  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 4) or the Relevant Scraping Services (GO 5).  Subject to its general and specific objections, Bright Data will supplement its answer to this Request at a mutually agreed upon date or by the substantial compliance deadline, if set by the Court.

**REQUEST FOR ADMISSION NO. 3:**

*Admit that You have licensed or sold at least 20 of Your Scraping Tools to a Customer located in California.*

      **Response to Request for Admission No. 3:**  Bright Data objects to this Request because the determination of the specific purchases made by specific customers or types of customers requires substantial investigation (GO 1).  Bright Data is currently undertaking this investigation, but the information Bright Data knows or can readily obtain at this point is insufficient to enable it to admit or deny this Request.  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 4) or the Relevant Scraping Services (GO 5).  Subject to its general and specific objections, Bright Data will supplement its answer to this Request at a mutually agreed upon date or by the substantial compliance deadline, if set by the Court.

**REQUEST FOR ADMISSION NO. 4:**

*Admit that You have licensed or sold at least 100 of Your Scraping Tools to a Customer located in California.*

      **Response to Request for Admission No. 4:**  Bright Data objects to this Request because the determination of the specific purchases made by specific customers or types of customers

requires substantial investigation (GO 1).  Bright Data is currently undertaking this investigation, but the information Bright Data knows or can readily obtain at this point is insufficient to enable it to admit or deny this Request.  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 4) or the Relevant Scraping Services (GO 5).  Subject to its general and specific objections, Bright Data will supplement its answer to this Request at a mutually agreed upon date or by the substantial compliance deadline, if set by the Court.

**REQUEST FOR ADMISSION NO. 5:**

*Admit that You have licensed or sold at least one of Your X Corp. Datasets to a Customer located in California.*

       **Response to Request For Admission No. 5:**  Bright Data objects to this Request because the determination of the specific purchases made by specific customers or types of customers requires substantial investigation (GO 1).  Bright Data is currently undertaking this investigation, but the information Bright Data knows or can readily obtain at this point is insufficient to enable it to admit or deny this Request.  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 4) or the Relevant Scraping Services (GO 5).  Subject to its general and specific objections, Bright Data will supplement its answer to this Request at a mutually agreed upon date or by the substantial compliance deadline, if set by the Court.

**REQUEST FOR ADMISSION NO. 6:**

*Admit that You have licensed or sold at least five of Your X Corp. Datasets to a Customer located in California.*

       **Response to Request For Admission No. 6:**  Bright Data objects to this Request because the determination of the specific purchases made by specific customers or types of customers requires substantial investigation (GO 1).  Bright Data is currently undertaking this investigation, but the information Bright Data knows or can readily obtain at this point is insufficient to enable it to admit or deny this Request.  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 4) or the Relevant Scraping Services (GO 5).  Subject to its general and specific objections, Bright Data will supplement its answer to this Request at a mutually agreed

upon date or by the substantial compliance deadline, if set by the Court.

**REQUEST FOR ADMISSION NO. 7:**

*Admit that You have licensed or sold at least 20 of Your X Corp. Datasets to a Customer located in California.*

**Response to Request For Admission No. 7:**  Bright Data objects to this Request because the determination of the specific purchases made by specific customers or types of customers requires substantial investigation (GO 1).  Bright Data is currently undertaking this investigation, but the information Bright Data knows or can readily obtain at this point is insufficient to enable it to admit or deny this Request.  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 4) or the Relevant Scraping Services (GO 5).  Subject to its general and specific objections, Bright Data will supplement its answer to this Request at a mutually agreed upon date or by the substantial compliance deadline, if set by the Court.

**REQUEST FOR ADMISSION NO. 8:**

*Admit that You have licensed or sold at least 100 of Your X Corp. Datasets to a Customer located in California.*

**Response to Request For Admission No. 8:**  Bright Data objects to this Request because the determination of the specific purchases made by specific customers or types of customers requires substantial investigation (GO 1).  Bright Data is currently undertaking this investigation, but the information Bright Data knows or can readily obtain at this point is insufficient to enable it to admit or deny this Request.  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 4) or the Relevant Scraping Services (GO 5).  Subject to its general and specific objections, Bright Data will supplement its answer to this Request at a mutually agreed upon date or by the substantial compliance deadline, if set by the Court.

**REQUEST FOR ADMISSION NO. 9:**

*Admit that You have licensed or sold at least one of Your Proxies to a Customer located in California.*

**Response to Request For Admission No. 9:**  Bright Data objects to this Request because

the determination of the specific purchases made by specific customers or types of customers requires substantial investigation (GO 1).  Bright Data is currently undertaking this investigation, but the information Bright Data knows or can readily obtain at this point is insufficient to enable it to admit or deny this Request.  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 4) or the Relevant Scraping Services (GO 5).  Subject to its general and specific objections, Bright Data will supplement its answer to this Request at a mutually agreed upon date or by the substantial compliance deadline, if set by the Court.

**REQUEST FOR ADMISSION NO. 10:**

*Admit that You have licensed or sold at least five of Your Proxies to a Customer located in California.*

**Response to Request For Admission No. 10:**  Bright Data objects to this Request because the determination of the specific purchases made by specific customers or types of customers requires substantial investigation (GO 1).  Bright Data is currently undertaking this investigation, but the information Bright Data knows or can readily obtain at this point is insufficient to enable it to admit or deny this Request.  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 4) or the Relevant Scraping Services (GO 5).  Subject to its general and specific objections, Bright Data will supplement its answer to this Request at a mutually agreed upon date or by the substantial compliance deadline, if set by the Court.

**REQUEST FOR ADMISSION NO. 11:**

*Admit that You have licensed or sold at least 20 of Your Proxies to a Customer located in California.*

**Response to Request For Admission No. 11:**  Bright Data objects to this Request because the determination of the specific purchases made by specific customers or types of customers requires substantial investigation (GO 1).  Bright Data is currently undertaking this investigation, but the information Bright Data knows or can readily obtain at this point is insufficient to enable it to admit or deny this Request.  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 4) or the Relevant Scraping Services (GO 5).  Subject to its general

and specific objections, Bright Data will supplement its answer to this Request at a mutually agreed upon date or by the substantial compliance deadline, if set by the Court.

**REQUEST FOR ADMISSION NO. 12:**

*Admit that You have licensed or sold at least 100 of Your Proxies to a Customer located in California.*

   **Response to Request For Admission No. 12:** Bright Data objects to this Request because the determination of the specific purchases made by specific customers or types of customers requires substantial investigation (GO 1).  Bright Data is currently undertaking this investigation, but the information Bright Data knows or can readily obtain at this point is insufficient to enable it to admit or deny this Request.  Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 4) or the Relevant Scraping Services (GO 5).  Subject to its general and specific objections, Bright Data will supplement its answer to this Request at a mutually agreed upon date or by the substantial compliance deadline, if set by the Court.

**REQUEST FOR ADMISSION NO. 13:**

*Admit that You have at least one employee who resides in California.*

   **Response to Request For Admission No. 13:** Admitted.

**REQUEST FOR ADMISSION NO. 14:**

*Admit that You have at least five employees who reside in California.*

   **Response to Request For Admission No. 14:** Denied.

**REQUEST FOR ADMISSION NO. 15:**

*Admit that You have at least 10 employees who reside in California.*

   **Response to Request For Admission No. 15:** Denied.

**REQUEST FOR ADMISSION NO. 16:**

*Admit that You have at least 20 employees who reside in California.*

   **Response to Request For Admission No. 16:** Denied.

**REQUEST FOR ADMISSION NO. 17:**

*Admit that in 2022, You opened a "San Francisco office," as mentioned on Your webpage entitled*

1    *"About Bright Data,"* available at *https://brightdata.com/about*.

2    **Response to Request For Admission No. 17:**  Denied.  Bright Data held two temporary

3    passes for desks at a WeWork facility in San Francisco, CA for eight months in 2022.  For a short

4    period of time, Bright Data identified the address for this facility on its webpage.

5    **REQUEST FOR ADMISSION NO. 18:**

6    *Admit that You advertise products or services to extract public web data from California websites.*

7    **Response to Request For Admission No. 18:**  Bright Data objects to the Term "California

8    websites," as vague and ambiguous.  For purposes of this Request, Bright Data construes the term

9    "California websites" to mean websites that can *only* be accessed through a server physically

10   located in California by a website operator domiciled in California.  Based on that definition,

11   Bright Data denies this Request.  Bright Data does not advertise products or services that relate to

12   such websites.  To the extent Bright Data's advertising uses the term "California website," it refers

13   to California-specific content that a website operator chose to make available based on the IP

14   address of the visitor, regardless of the location of the user or website operator.  For example, a

15   Yelp search for "restaurants near me" would seek location-specific content, but does not require

16   that the website actually be located in California.

17   **REQUEST FOR ADMISSION NO. 19:**

18   *Admit that You license or sell products or services to extract public web data from California*
19   *websites.*

20   **Response to Request For Admission No. 19:**  Bright Data objects to the Term "California

21   websites," as vague and ambiguous.  For purposes of this Request, Bright Data construes the term

22   "California websites" to mean websites that can *only* be accessed through a server physically

23   located in California by a website operator domiciled in California.  Based on that definition,

24   Bright Data denies this Request.  Bright Data does not sell products or services that relate

25   specifically to such websites.  Rather, Bright Data's Relevant Scraping Services can be used with

26   any website, regardless of its location.

27

28

**REQUEST FOR ADMISSION NO. 20:**

*Admit that You created or used at least one X Corp. account.*

      **Response to Request For Admission No. 20:**  Bright Data admits that it created or used an X account at some point prior to September 25, 2023.  Bright Data denies that it used any X account to scrape information posted on the X website.  Bright Data denies that it currently has or uses an X account.

**REQUEST FOR ADMISSION NO. 21:**

*Admit that You agreed to X Corp's Terms.*

      **Response to Request For Admission No. 21:**  Bright Data lacks sufficient information to determine whether it expressly agreed to X's Terms.  Bright Data admits that it created or used an X account at some point prior to September 25, 2023.  But Bright Data does not admit that it had seen, reviewed, or expressly agreed to X's Terms when engaged in those activities, and therefore, does not admit that it was bound by such Terms.

**REQUEST FOR ADMISSION NO. 22:**

*Admit that You used automated means to collect Data from the X Platform.*

      **Response to Request For Admission No. 22:**  Bright Data admits that it used automated means to search for and collect publicly-available information that X voluntarily posted to its website, and which is available to members of the public without logging-in to or using a X user account.  Bright Data otherwise denies RFA 22.

Dated: February 1, 2024

Respectfully submitted,


/s/ *Colin R. Kass*
Colin R. Kass*
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 416-6890
ckass@proskauer.com

David A. Munkittrick*
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
dmunkittrick@proskauer.com

Robert C. Goodman (Bar No. 111554)
Lauren Kramer Sujeeth (Bar No. 259821)
ROGERS JOSEPH O'DONNELL, PC
311 California Street, 10th Floor
San Francisco, CA 94104
(415) 956-2828
rgoodman@rjo.com
lsujeeth@rjo.com

Sehreen Ladak (Bar No. 307895)
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
(310) 284-5652
sladak@proskauer.com

*Attorneys for Defendant Bright Data Ltd.*
*\*Admitted pro hac vice*