**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

X. Corp.,

                    Plaintiff,

         v.

BRIGHT DATA LTD.

                    Defendant

Case No. 3:23-CV-03698-WHA

**DECLARATION OF DAVID A. MUNKITTRICK IN SUPPORT OF**
**BRIGHT DATA'S SUMMARY JUDGMENT REPLY**

I, David A. Munkittrick, state and declare as follows:

1.      I am an attorney at the law firm Proskauer Rose LLP in New York, New York. Proskauer Rose LLP serves as counsel to Defendant Bright Data, Ltd. ("Bright Data"). I submit this declaration in support of Bright Data's Reply in Support of Its Motion for Summary Judgment and in Response to X's Declaration of Reid Pillifant claiming a need for discovery. I have personal knowledge of the information contained in this Declaration.

**A.      Exhibits.**

2.      Attached are true and correct copies of the following:

       **Exhibit 5:**      February 13, 2024 Letter to J. Bloom regarding unpled accounts.

       **Exhibit 6:**      Declaration of Yanay Sela**.**

**B.      *Discovery Is Not Needed to Resolve Bright Data's Motion.***

3.      In his Declaration, Reid Pillifant of Haynes & Boone, LLP says he has "reviewed the motion for summary judgment filed by Bright Data" and he believes "there is a factual dispute relevant to this Motion" relating to three areas: "(1) the timing and extent of Bright Data's ownership and use of X Corp. accounts, including the account names, activation dates, and deactivation dates, if any; (2) Bright Data's and its executives' knowledge and awareness of X

Corp.'s terms at any time; and (3) the methods Bright Data has used at any time to access the X platform and scrape X data."

4.      Mr. Pillifant then says X "would suffer substantial harm or prejudice by having to respond to this Motion before a meaningful opportunity for discovery."  But Mr. Pillifant does not explain what that harm or prejudice is, or provide any support for his assertion.

5.      Nor does Mr. Pillifant identify specific facts that, if discovered, would be essential to X's Opposition to Bright Data's Summary Judgment Motion.

6.      In any event, the areas of discovery identified by X in the Pillifant Declaration are neither relevant nor material to any of the legal issues raised in Bright Data's Motion.

| X's Alleged Discovery Needed | Bright Data Response |
|---|---|
| "[T]he timing and extent of Bright Data's ownership and use of X Corp. accounts, including the account names, activation dates, and deactivation dates, if any."  Pillifant Decl. ¶ 19. | • ***Irrelevant.***   Information about accounts is, by definition, irrelevant to a browser-wrap claim.  Nor does Mr. Pillifant explain how these facts bear on whether Bright Data rejected X's terms, whether Bright Data unambiguously manifested assent to X's browser-wrap terms, whether X's browser-wrap terms are supported by consideration, or whether X's browser-wrap claim is pre-empted.  At most, this information would be relevant to an unalleged and unasserted claim for improper termination of unpled click-wrap accounts.  That issue is not germane to Bright Data's summary judgment motion. <br><br> • ***Unduly Delayed.***   When Bright Data terminated its known accounts on September 25, 2023, it asked X if it believed "there are any additional Bright Data Twitter or X accounts that have not yet been terminated."  ECF 62-1, Ex. 1.  X did not respond.  It waited over four months, until its opposition to Bright Data's motion, to first raise the issue. <br><br> • ***Not Alleged.***   The *only* account identified in X's Amended Complaint is "@bright_data" (FAC ¶ 41), which is indisputably terminated.  Even after Bright Data identified its @hola_org account to X, X did not include it in its Amended |

| X's Alleged Discovery Needed | Bright Data Response |
|---|---|
| | Complaint. *See* ECF 36, at ¶ 41. |
| | • **@hola_org is Terminated**. X ignores the fact that Bright Data informed it – twice – that it was unable to complete the termination process through X's platform because "the X platform is malfunctioning and X has not responded to Bright Data's inquiries for technical assistance." ECF 62-1, at Ex. 2. But through Bright Data's correspondence to X, it "provid[ed] formal notice of account termination" for this account. *Id.* |
| | • **@luminatinetwork and @luminati_proxy Are Personal, Old, and Unused.** According to X's Declaration of Celestine Susi, the two accounts that Bright Data terminated – @bright_data and @hola_org – were held through corporate emails (marketing@luminati.iu and sysadmin@hola.org). The other two accounts, in contrast, were held through personal email addresses of former employees. ECF 69-3 ¶ 2(c), (d). And X's own exhibits show that @luminatinetwork has not been active since October 2, 2018 and @luminati_proxy has not been active since Feb. 1, 2016, and was "deactivated" on Feb. 7, 2016. ECF 69-5, Exs. 2, 3. Though X has access to all account information, it did not identify any recent or current use of these accounts. |
| "[T]he methods Bright Data has used at any time to access the X platform and scrape X data," Pillifant Decl. ¶ 19, including (i) "the functionality of Bright Data's platform," and (ii) "how Bright Data has accessed the X platform to scrape data and what data Bright Data has scraped since allegedly deactivating its accounts, as X Corp. contests Bright Data's | • ***Irrelevant.*** Bright Data's Summary Judgment Motion asks three simple questions: 1) can there be a browser-wrap contract after affirmative, express rejection of the Terms; 2) can there be a browser-wrap contract in the absence of any not-already-available benefit conferred to Bright Data; and 3) is X's browser-wrap contract claim preempted by the Copyright Act? None of these depend on the how Bright Data's public search technologies work. <br><br> • ***Not Alleged.*** X does not dispute it has only alleged scraping of public data. FAC ¶¶ 45(c), 56, 64. <br><br> • ***Within X's Custody and Control.*** X has identified accounts it contends belong to Bright Data. It has records of account |

| X's Alleged Discovery Needed | Bright Data Response |
|---|---|
| claim that it only scrapes 'public data.'" P. Br. 24. | activity, but failed to submit any evidence that any Bright Data account was used to conduct logged-in scraping. |
| "Bright Data's and its executives' knowledge and awareness of X Corp.'s terms at any time," Pillifant Decl. ¶ 19, including "X accounts maintained by Bright Data and its employees." P. Br. 24. | • **_Irrelevant._** Bright Data did not move on the issue of notice. Rather, Bright Data's motion is limited to claims after it served its notice of termination and rejection on September 25, 2023. Bright Data does not dispute that it was aware of X's Terms on or after that date. Thus, there is nothing left to discover for purposes of Bright Data's motion. |

7.     I declare under penalty of perjury under the laws of the United States that the foregoing is true and accurate to the best of my knowledge and belief.

Dated: February 14, 2024

Respectfully submitted,

*/s/ David A. Munkittrick*
David A. Munkittrick
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
dmunkittrick@proskauer.com

# EXHIBIT 5



Proskauer Rose LLP | 1001 Pennsylvania Avenue, NW | Washington, DC 20004

Colin R. Kass
202-416-6890
ckass@proskauer.com

February 13, 2024

*Via Email*

David H. Harper
Jason Bloom
Jason Lao
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219

Re:     *X Corp. v. Bright Data*, 23-cv-03698 (N.D. Cal.)
        <u>*Termination of Accounts and Rejection of the Terms*</u>

Dear Counsel:

We write to follow up on our September 25th and October 12th letters notifying X that Bright Data terminated its accounts with X and rejects any agreement to X's Terms.

In those letters, we noted X's Complaint identifies a single Bright Data X account, @bright_data, and that account has been terminated. We also identified a second, unalleged account: @hola_org. We informed you the X platform was malfunctioning and prevented Bright Data from completing the termination process on the X platform for that account, and therefore, our letter served as formal notice of account termination. You never denied that your platform was malfunctioning, or that Bright Data terminated the account.

In providing formal notice of account termination, Bright Data noted that:

"Bright Data is unaware of any other Twitter or X accounts that are owned, managed, or controlled by Bright Data.... To the extent that there are any additional Bright Data Twitter or X accounts that have not yet been terminated, we again ask that you identify them with specificity and provide sufficient information to allow us to investigate (including account details, contract information, associated email addresses, and facts demonstrating that such accounts are in fact owned, controlled, or managed by Bright Data)."

You never responded, though Bright Data made this same request twice over the past five months.

In your opposition to Bright Data's Summary Judgment Motion, however, you, for the first time, identify two additional accounts you claim are "owned by Bright Data": @luminatinetwork and @luminati_proxy. We would like to know when you first learned of these accounts, and why you chose to withhold that information until your opposition. If you have an explanation other than litigation gamesmanship, we would like to hear it.

Regardless, Bright Data does not have access to or control over either account. According to the information you submitted with your motion, these accounts were opened by former employees who are no longer with the company, and have been unused since 2018 and 2016, respectively. Indeed, according to your own information, one of the accounts was deactivated over



Page 2

eight years ago.  (Since we do not have access to the account, we do not know why your system purports to show that it was reactivated the same day, or whether that reflects some technical glitch with your system or something else.  But regardless, you have not identified any activity associated with that account for over eight years).

If X takes the position that these accounts nonetheless belong to Bright Data, X should terminate them.[1]  In any event, Bright Data reiterates and reissues its formal notice to you that "***all*** Twitter or X accounts that are or were owned, controlled, or managed by Bright Data" are terminated, and X remains "***on notice that Bright Data affirmatively rejects and does not consent to any agreement to your user terms in any context for any reason***.  Nor will there be any future contract – or 'meeting of the minds' – between the parties relating to the activities at issue absent a written agreement physically hand-signed by both parties."

While this letter does not address your allegations regarding activities prior to September 25, 2023, any claims made by you after that date are foreclosed, as Bright Data has no current, existing, or ongoing contractual relationship with X.[2]

Sincerely,

*/s/ Colin Kass*

---

[1] For avoidance of doubt, our position remains that all accounts belonging to Bright Data were terminated as of September 25, 2023, by operation of our notice.

[2] To be clear, we also disagree that X Corp.'s User Agreement barred Bright Data's past activities.

# EXHIBIT 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

X. Corp.,

Plaintiff,

v.

Bright Data Ltd.

Defendant

Case No. 3:23-CV-03698-WHA

**DECLARATION OF YANAY SELA IN SUPPORT OF**
**BRIGHT DATA'S SUMMARY JUDGMENT MOTION**

I, Yanay Sela, state and declare as follows:

1.    I am the Chief Marketing Officer at Bright Data, Ltd. ("Bright Data").  I am over 18 years of age and have personal knowledge of the facts set forth herein.  I submit this declaration in support of Bright Data's Motion for Summary Judgement.

2.    I have reviewed the Declaration of Celestine Susi submitted by X, which identifies certain X accounts, including @luminatinetwork and @luminati_proxy (the "Luminati Accounts").  ECF 69-3.

3.    According to the Susi Declaration, each Luminati Account was opened using email addresses belonging to former employees of Bright Data (which was previously called Luminati), who are no longer with the company.  None of the "@luminati.io" email addresses identified in the Susi Declaration are functional.

4.    Bright Data has no ability to log in to the Luminati Accounts, and does not have access to or control over them.  As such, Bright Data has no way to terminate either account.

5.    I declare under penalty of perjury under the laws of the United States that the foregoing is true and accurate to the best of my knowledge and belief.


Dated: February 14, 2024                              */s/ Yanay Sela*
                                                                    Yanay Sela
                                                                    Tel Aviv, Israel