DAVID H. HARPER*
david.harper@haynesboone.com
JASON P. BLOOM*
jason.bloom@haynesboone.com
**HAYNES AND BOONE, LLP**
2801 N. Harwood Street, Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
*Admitted Pro Hac Vice*

JASON T. LAO, SBN 288161
jason.lao@haynesboone.com
ANDREA LEVENSON, SBN 323926
andrea.levenson@haynesboone.com
**HAYNES AND BOONE, LLP**
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Telephone: (949) 202-3000
Facsimile: (949) 202-3001

*Attorneys for Plaintiff*
*X Corp.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X CORP., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BRIGHT DATA LTD., an Israeli corporation,<br><br>Defendant. | Case No. 3:23-cv-03698-WHA<br><br>**X-CORP.'S OPPOSITION TO BRIGHT DATA LTD.'S MOTION FOR INTERLOCUTORY APPEAL OF THE COURT'S PERSONAL JURISDICTION ORDER**<br><br>Date:  March 28, 2024<br>Time:  8:00 a.m.<br>Ctrm:  12<br>Hon. William Alsup |

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................................. 1

II.  LEGAL STANDARD..................................................................................................... 1

III. ARGUMENT.................................................................................................................. 2

   A.   Bright Data's Motion merely rehashes its rejected argument that *Shopify* requires dismissal............................................................................................................................... 2

   B.   Bright Data fails to meet the statutory requirements for certification. ............................... 2

      1.   The application of *Shopify* to the facts of this case is not a controlling question of law. 3

      2.   There are not substantial grounds for differences of opinion regarding the application of *Shopify*. ..................................................................................................................... 4

      3.   An immediate appeal will not materially advance the termination of this litigation. .. 5

   C.   No exceptional circumstances exist to justify interlocutory appeal.................................... 6

   D.   Bright Data's Motion for Appeal should also be denied for failing to seek reconsideration. ..................................................................................................................... 7

IV.  CONCLUSION................................................................................................................ 7

## I. INTRODUCTION

In a last-ditch effort to avoid discovery, Bright Data has filed a Motion to Certify Appeal of the Court's Personal Jurisdiction Order (the "Motion" or "Motion for Appeal"), wherein it asks this Court to certify a piecemeal interlocutory appeal of this Court's denial of its Rule 12(b)(2) motion to dismiss. To justify this extraordinary remedy, Bright Data suggests district courts are in disarray after the Ninth Circuit's recent ruling in *Shopify*. But district courts—including this one— have consistently applied the structure set forth in *Shopify* to assess the forum-specific contacts related to the respective claims. Bright Data's quarrel appears to be with this Court's **application** of *Shopify*; it does not justify certification of an appeal. Rather, Bright Data's Motion simply seeks to rehash the same arguments that this Court has already rejected and fails to satisfy any—much less all—of the statutory requirements for certification. Moreover, Bright Data does not seek reconsideration—only to delay discovery while a new audience reviews the same arguments this Court has already rejected. No exceptional circumstances justify the departure from the usual course governing appeals. Bright Data's request for certification should be rejected.

## II. LEGAL STANDARD

To certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), a district court must find that: (1) that there is a controlling question of law, (2) there are substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir.1982). Even if these three requirements are satisfied, a district court still has discretion in deciding whether or not to grant a party's motion for certification. *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1258 (N.D. Cal. 2008) (Alsup, J.). The party seeking certification for interlocutory appeal has the burden of showing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Id*. (quoting *In re Cement Antitrust Litigation,* 673 F.2d at 1026). Interlocutory review under Section 1292(b) is an extraordinary remedy generally limited to instances where immediate appeal might avoid protracted and expensive litigation. *Robbins Co. v. Lawrence Mfg. Co.*, 482 F.2d 426, 429–30 (9th Cir. 1973).

### III. ARGUMENT

Bright Data's recycled arguments regarding personal jurisdiction should be rejected. Bright Data fails to meet the statutory requirements for certification and does not even attempt to identify exceptional circumstances that would justify certification of an interlocutory appeal.

#### A. Bright Data's Motion merely rehashes its rejected argument that *Shopify* requires dismissal.

In its Motion for Appeal,[1] Bright Data spends 10 pages rehashing its rejected argument that the jurisdictional analysis in *Shopify* means it is not subject to personal jurisdiction in California (or any other U.S. state).[2] X Corp. does not believe a further substantive response to this argument is necessary since X Corp. already responded to the exact same argument when it was made in Bright Data's Motion to Dismiss (and subsequent Reply), and the Court already rejected it.[3] Briefly, Bright Data's Motion for Appeal suggests that this Court misinterpreted—or ignored—*Shopify*.[4] But this Court properly applied *Shopify*, which requires a court to consider only the jurisdictional contacts that are relevant to the claims at issue. This Court did just that, finding that Bright Data had "undertaken numerous intentional acts" aimed at this district which related to X Corp.'s tort claims.[5] Far from ignoring *Shopify*, this Court specifically cited the case and its central holding in its Order: "Here, there is a 'strong, direct connection between the defendant's forum-related activities and the plaintiff's claims.'"[6]

#### B. Bright Data fails to meet the statutory requirements for certification.

Bright Data does not meet any of the statutory requirements for certification, because it fails to demonstrate that the issue it raises is a controlling question of law, that there are substantial

---

[1] Dkt. 73.
[2] Dkt. 73, Motion at 1–11.
[3] Bright Data's arguments regarding *Shopify* appear at Dkt. 42, Mot. to Dismiss at 9–15, and Dkt. 49, Reply In Support of Mot. to Dismiss at 6–12. X Corp.'s arguments regarding *Shopify* appear at Dkt. 48, Opp. to Mot. to Dismiss at 13–19. X Corp. incorporates its prior arguments by reference rather than restating them here.
[4] Dkt. 73, Motion at 2 ("Respectfully, we believe the Court did not read *Shopify* as imposing a new jurisdictional test.")
[5] Dkt. 67, Order Re Personal Jurisdiction, at 4.
[6] Dkt. 67, Order Re Personal Jurisdiction, at 4 (quoting *Shopify*, 87 F.4th at 419–420).

grounds for differences of opinion, and that an immediate appeal will materially advance the termination of this litigation. Even if Bright Data could meet these requirements, Bright Data does not even attempt to identify exceptional circumstances that would justify an interlocutory appeal. Each of these failures is fatal to Bright Data's Motion for Appeal.

### 1. The application of *Shopify* to the facts of this case is not a controlling question of law.

Bright Data seeks review of this Court's application of *Shopify*, but application of law to the facts does not present a controlling question of law. A question of law is controlling if "resolution of the issue on appeal could materially affect the outcome of the litigation." *In re Cement Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). The controlling question of law in an interlocutory appeal generally is a purely legal one that can be resolved quickly without delving into a particular case's facts. *See Steering Comm. v. United States*, 6 F.3d 572, 575-76 (9th Cir. 1993). In contrast, a "mixed question of law and fact or the application of law to a particular set of facts" by itself is not appropriate for permissive interlocutory review. *Johnson v. Serenity Transp., Inc.*, No. 15-CV-02004-JSC, 2017 WL 3168491, at *1 (N.D. Cal. July 26, 2017) (quoting *Chehalem Physical Therapy, Inc. v. Coventry Health Care, Inc.*, 2010 WL 952273, at *3 (D. Or. March 10, 2010); *see also Allen v. Conagra Foods, Inc.*, 2013 WL 6000456, at *3 (N.D. Cal. Nov. 12, 2013) (denying § 1292(b) certification because proposed appeal involved application of the relevant facts to a regulation).

Here, Bright Data's Motion never identifies the purely legal question that would constitute a controlling issue in this case. Instead, Bright Data requests appellate review of this Court's application of *Shopify* to the particular facts of this case, at best raising a mixed question of law and fact. But courts reject certification when—as here—the relevant facts cannot be extricated from discussion of a legal question. *See Allen*, 2019 WL 1466889, at *2 (denying certification because defendant's "attempts to articulate a purely legal question make clear that, however formulated, it is not possible to separate the facts of this case from any question it wants the Ninth Circuit to answer"); *Serenity Transp.*, 2017 WL 3168491, at *1 (denying certification because it requires "application of the statute's words to the actual facts"). Because Bright Data seeks review

of this Court's application of the law to the facts, Bright Data has not presented an issue of controlling law, and its Motion may be rejected on that basis alone.

### 2. There are not substantial grounds for differences of opinion regarding the application of *Shopify*.

There are also not substantial grounds for differences of opinion regarding the application of *Shopify*. To assess this factor, courts "must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Courts may find substantial grounds "where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id*. "That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id*.

Bright Data attempts to manufacture substantial grounds for a difference of opinion by suggesting that district courts are in disarray over the application of *Shopify*.[7] But lower courts have consistently applied the Ninth Circuit's guidance, including in the cases cited by Bright Data in its Motion. Like this case, each of the cases raised by Bright Data evaluated the claims-related conduct of the defendants in the forum. In *Sessa v. Ancestry.com Operations Inc.*, the District Court reconsidered its ruling that had been issued prior to *Shopify*. No. 2:20-cv-02292-GMN-BNW, 2024 WL 195995 (D. Nev. Jan. 17, 2024). Unlike here, the *Sessa* court conceded that its earlier order "did not evaluate whether Plaintiffs alleged a forum-specific focus," and instead "relied on cases involving advertisements and the shipment of products into the forum state." *Id*. at *3. In the wake of *Shopify*, the *Sessa* court limited itself to the defendant's forum-specific contacts related to the data-privacy claims at issue in that case. *Id*. Similarly, in *Kauffman v. Home Depot, Inc*., the court declined to consider the shipment of a physical good to the forum state because *Shopify* instructed courts not to consider such contacts when evaluating a data-privacy claim. No. 23-CV-0259-AGS-AHG, 2024 WL 221434, at *2 (S.D. Cal. Jan. 19, 2024) (holding shipment of goods no longer supports personal jurisdiction for "privacy-related claims" after *Shopify*). In *Doe v. FullStory, Inc*., the court found that an Arkansas-based plaintiff could not bring

---

[7] Dkt. 73 at 1 (suggesting a "growing split among the District Courts").

data-privacy claims in California against a Georgia-based company, simply because that company processed data for a California-based merchant. No. 23-CV-00059-WHO, 2024 WL 188101 (N.D. Cal. Jan. 17, 2024) at *11.

As shown above, and contrary to Bright Data's argument, there is no difference of opinion between those courts and this Court with regard to the legal standard outlined in *Shopify*. In each case—including this one—the courts evaluated the claims-related conduct of the defendants for a forum-specific focus. The outcome was different in the cases cited by Bright Data—not because these courts performed different analyses—but because those cases involved data-privacy claims (just as *Shopify* did) and the specific facts in those cases did not support personal jurisdiction with respect to those claims. In this case, X Corp. brings tort claims that—as this Court found—are directly related to Bright Data's numerous forum-specific contacts. *See Ji v. Naver Corp.*, No. 21-cv-05143-HSG, 2024 WL 251402, at *2 (N.D. Cal. Jan. 23, 2024) ("That district courts may reach different conclusions when applying … standards to unique factual scenarios is unremarkable, and does not necessitate an immediate appeal."). Because Bright Data has not identified any cases that conflict with this Court's approach under *Shopify*, there are no grounds for a difference of opinion. *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (rejecting certification of an appeal where "defendants have not provided a single case that conflicts with the district court's construction or application" of the relevant statute).

### 3. **An immediate appeal will not materially advance the termination of this litigation.**

To justify certification, an appeal must also be "likely to materially speed the termination of the litigation." *Ambrosio v. Cogent Commc'ns, Inc.*, No. 14-cv-02182-RS, 2016 WL 777775, at *3 (N.D. Cal. Feb. 29, 2016). "Where a substantial amount of litigation remains in the case regardless of the correctness of the Court's ruling … arguments that interlocutory appeal would advance the resolution of the litigation are unpersuasive." *Heaton v. Soc. Fin., Inc.*, No. 14-CV-05191-TEH, 2016 WL 232433, at *7 (N.D. Cal. Jan. 20, 2016).

In this case, Bright Data has only sought dismissal of X Corp.'s tort claims on personal jurisdiction grounds. Even if (i) this Court granted certification, (ii) the Ninth Circuit accepted

Bright Data's appeal, and (iii) the Ninth Circuit reversed this Court's ruling, X Corp.'s breach of contract claim would still proceed. As such, the certification of an interlocutory appeal would not materially advance the termination of this litigation. *See, e.g., Taylor v. City of Oakland*, No. C 06-05169-WHA, 2007 WL 3287843, at *2 (N.D. Cal. Nov. 5, 2007) (Alsup, J.) ("Particularly since a trial is necessary in this action anyway, an interlocutory appeal at this time would not materially advance the termination of this litigation.").

### C. No exceptional circumstances exist to justify interlocutory appeal.

Even if Bright Data could satisfy the requirements of § 1292(b)—which it cannot—this case does not present any exceptional circumstances justifying interlocutory appeal. A district court retains discretion to decide whether or not to certify an interlocutory appeal even when the statutory requirements are met. *See Ibrahim v. Dep't of Homeland Sec.*, No. C 06-00545 WHA, 2009 WL 10677242, at *2 (N.D. Cal. Oct. 7, 2009) (Alsup, J.). The party requesting certification bears the burden of showing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Id.*

Bright Data has not met this burden. In fact, Bright Data has not even tried; Bright Data's Motion never mentions any exceptional circumstances that would justify appeal at this stage of the proceedings. That is because none exist. Bright Data simply disagrees with this Court's jurisdictional ruling. Allowing an interlocutory appeal from this Court's Order would depart from the rule that interlocutory appeals are "generally disfavored" and should not be routinely certified. *In re Cameron*, No. C, 13-02018 SI, 2014 WL 1028436, at *4 (N.D. Cal. Mar. 17, 2014); *see also Siegler v. Sorrento Therapeutics, Inc.*, No. 3:18-cv-01681-GPC-NLS, 2019 WL 2549248, at *2 (S.D. Cal. June 20, 2019) (Section 1292(b) was not intended to "open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation."). In the absence of exceptional circumstances, this Court should exercise its discretion to deny interlocutory review of its personal jurisdiction order.

**D. Bright Data's Motion for Appeal should also be denied for failing to seek reconsideration.**

Ultimately, Bright Data's Motion amounts to a disagreement with this Court's ruling. But disagreement is not enough to support certification of an appeal. *Id.* ("A party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'"). If Bright Data believed the Court committed clear error, it should have sought reconsideration—not certification—but it failed to do so. *See Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir.2004) ("Reconsideration is appropriate if the district court ... committed clear error."). Bright Data's failure to seek reconsideration demonstrates its true intent—to delay discovery while a new audience reviews the same arguments this Court has rejected. The fact that Bright Data did not bother to seek reconsideration counsels against granting certification for an interlocutory appeal. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 689 (9th Cir. 2011) ("That [defendant] did not find the district court's alleged error on these rulings so plain as to seek reconsideration counsels against our reviewing them on interlocutory appeal.")

## IV. CONCLUSION

This Court should deny Bright Data's Motion for Appeal because Bright Data fails to satisfy the statutory requirements for an interlocutory appeal and also fails to identify any exceptional circumstances that would justify such an extraordinary remedy.

| | |
|---|---|
| Dated: March 7, 2024 | Respectfully submitted, |
| | **HAYNES AND BOONE LLP** |
| | By: /s/Jason T. Lao |
| | David H. Harper* |
| | david.harper@haynesboone.com |
| | Jason P. Bloom* |
| | jason.bloom@haynesboone.com |
| | 2801 N. Harwood Street |
| | Suite 2300 |
| | Dallas, Texas 75201 |
| | Telephone: (214) 651.5000 |
| | Telecopier: (214) 651.5940 |
| | *Admitted Pro Hac Vice* |
| | |
| | Jason T. Lao |
| | jason.lao@haynesboone.com |
| | Andrea Levenson |
| | andrea.levenson@haynesboone.com |
| | 600 Anton Boulevard, Suite 700 |
| | Costa Mesa, California 92626 |
| | Telephone: (949) 202-3000 |
| | Facsimile: (949) 202-3001 |
| | |
| | *Attorneys for Plaintiff X Corp.* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, a true and correct copy of the foregoing document was served by filing the same via the Court's CM/ECF system, which will provide notice of the filing of same to all counsel of record.

Date: March 7, 2024            /s/ *Jason T. Lao*
                                                      Jason T. Lao