Colin R. Kass (*pro hac vice*)
PROSKAUER ROSE LLP
1001 Pennsylvania, Ave., N.W.
Washington, D.C. 20004
(202) 416-6890
ckass@proskauer.com

David A. Munkittrick (*pro hac vice*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
dmunkittric@proskauer.com

*Attorneys for Defendant Bright Data Ltd.*
*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| X. Corp., <br><br> Plaintiff, <br><br> v. <br><br> BRIGHT DATA LTD. <br><br> Defendant. | Case No. 3:23-CV-03698-WHA <br><br> Hon. William H. Alsup <br> Courtroom 12 – 19th Floor <br> April 11, 2024, 1:30 p.m. |

### BRIGHT DATA'S SECOND STATEMENT OF RECENT DECISION

In the two weeks since Bright Data filed its last Statement of Recent Decision (ECF 76), there have been two more diversity cases applying *Shopify* to global or internet service providers. Exs. 1, 2. In its opposition to Bright Data's Motion for Interlocutory Appeal, X argued district courts have uniformly applied *Shopify* in such cases. But if the Court is keeping score, the tally is now 5 to 1 in favor of no personal jurisdiction over such web-based platforms. This demonstrates, unequivocally, a distinct difference of opinion.

A.     *Zarif v. Hwareh.com, Inc. ("Healthwarehouse.com")*, 2024 WL 1268167 (S.D. Cal. Mar. 25, 2024).

In *Healthwarehouse.com*, the defendant allegedly installed a Facebook Pixel into its website that tracked website visitors' behavior and collected consumers' personal medical information.  The defendant was a Delaware corporation based in Missouri, did business "throughout the United States," was licensed in California as a non-resident pharmacy, marketed its products directly to California consumers, shipped goods into California, partnered with a California medical provider, contracted for the use of California-based servers, and nominated a California resident to its Board of Directors.  2024 WL 1268167, at *1.  Despite all these contacts, the court found jurisdiction lacking, following *Briskin v. Shopify*'s two-part framework.

The court first "applie[d] *Briskin*" to "narrow[] Defendant's alleged forum contacts to those sharing a nexus with [its] website and browser tracking activity."  *Healthwarehouse.com*, at *4.  In doing so, it excluded from consideration "Defendant's license as a non-resident pharmacy, Defendant's partnership with MedLion to deliver medications, [and] Defendant's nomination of Alan Howe to its board of directors" because such acts did not bear a sufficient "causal relationship" to plaintiffs' privacy claims.  *Id*.  The court also excluded from consideration any shipping of pharmaceuticals to California residents for the same reason.

"Having eliminated Defendant's non-relevant forum contacts," the court then went on to analyze whether the remaining forum-contacts exhibit sufficient California prioritization to satisfy *Shopify*'s second prong.  *Id*.  The court, however, held that "direct[ing] advertising toward California residents" does not show that it expressly "aimed its ***website activities*** at the forum." *Id*.  As the court explained, there was no evidence that the "Defendant prioritized or treated the California market differently in the way it structured its business," and – though it specifically "registered as an independent pharmacy in California" the plaintiff "fail[ed] to distinguish this registration from how Defendant operates *in every other state* or identify how Defendant specifically focused on the California pharmaceutical market."  *Id*.  The court similarly rejected the argument that contracting with server farms in California demonstrated the requisite forum

prioritization. As the court explained, the location of servers is "random" or "fortuitous" and "insufficient to establish specific personal jurisdiction." *Id*., at *5.

**B.     *Moore v. Carhartt, Inc.,* 2024 WL 1337899 (S.D. Cal. Mar. 28, 2024).**

In *Carhartt*, the defendant allegedly incorporated spyware into its website, "tapping and recording" private information from website visitors. 2024 WL 1337899, at *1. Applying the second prong of *Shopify*, the court concluded that personal jurisdiction was lacking because the website operated the same way everywhere, and was "accessible from anywhere." *Id*., at *3. "It is not relevant," the court explained, that the plaintiff "resided in California, accessed Defendant's website while in California, and sustained his privacy-based injuries in California" because the allegations "do not indicate that California was the focal point of the privacy intrusive and data collection activity." *Id*., at *2. Nor was it relevant that the defendant used "its website to direct California customers to order products for shipping to California." *Id*., at *3.

| | |
|---|---|
| Dated: April 3, 2024 | Respectfully submitted,<br><br>*/s/ Colin R. Kass*<br>Colin R. Kass*<br>PROSKAUER ROSE LLP<br>1001 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004<br>(202) 416-6890<br>ckass@proskauer.com<br><br>David A. Munkittrick*<br>PROSKAUER ROSE LLP<br>Eleven Times Square<br>New York, New York 10036<br>(212) 969-3000<br>dmunkittrick@proskauer.com<br><br>Robert C. Goodman (Bar No. 111554)<br>Lauren Kramer Sujeeth (Bar No. 259821)<br>ROGERS JOSEPH O'DONNELL, PC<br>311 California Street, 10th Floor<br>San Francisco, CA 94104<br>(415) 956-2828<br>rgoodman@rjo.com<br>lsujeeth@rjo.com<br><br>Sehreen Ladak (Bar No. 307895)<br>PROSKAUER ROSE LLP<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA 90067-3010<br>(310) 284-5652<br>sladak@proskauer.com<br><br>*Attorneys for Defendant Bright Data Ltd.*<br>*\*Admitted pro hac vice* |