# EXHIBIT 1

2024 WL 1268167
Only the Westlaw citation is currently available.
United States District Court, S.D. California.

SHAHNAZ ZARIF, Plaintiff,
v.
HWAREH.COM, INC., Defendant.

Case No. 23-cv-0565-BAS-DEB
|
Filed 03/25/2024

### ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND (ECF No. 21)

Hon. Cynthia Bashant United States District Jude

 **\*1** Pending before the Court is Defendant Hwareh.com, Inc.'s Motion to Dismiss. (ECF No. 21.) Defendant moves under Federal Rule of Civil Procedure ("Rule") 12(b)(2) and Rule 12(b)(6) and argues, *inter alia*, that the Court lacks personal jurisdiction over Defendant. The Court agrees and **GRANTS** Defendant's Motion. (ECF No. 21.) The Court further **GRANTS** Plaintiff leave to amend her Second Amended Complaint. Because the Court finds personal jurisdiction is lacking, it does not reach Defendant's other arguments in support of its Motion.

### I. Background

Plaintiff alleges Defendant violated various state and federal wiretapping and privacy statutes. (SAC, ECF No. 18.) Defendant operates a website called Healthwarehouse.com which sells various pharmaceutical medications online. (*Id.* at ¶ 93.) On or about March 7, 2023, Plaintiff visited Defendant's website on her personal computer while in San Diego, California. (*Id.* at ¶¶ 95–96.) Unbeknownst to Plaintiff, Defendant's website contained Facebook Pixel software in its source code which surreptitiously relayed information about Plaintiff and her searches for her and her family's medical needs to Facebook and other third parties. (SAC at ¶ 98.) Plaintiff filed her First Amended Complaint on June 12, 2023, alleging privacy violations connected to Defendant's use of Facebook Pixel among other browsing activity tracking. (ECF No. 9.)

Defendant is a Delaware corporation with its principal place of business in St. Louis, Missouri. (SAC at ¶ 19.) Defendant does business throughout the United States and is licensed in California as a non-resident pharmacy. (*Id.* at ¶ 22.) In response to Plaintiff's First Amended Complaint, Defendant filed a motion to dismiss claiming personal jurisdiction was lacking. (ECF No. 14.) The Court agreed, granted Defendant's motion to dismiss, and granted Plaintiff leave to amend on August 15, 2023. (ECF No. 17.) On September 4, 2023, Plaintiff filed her Second Amended Complaint. On September 18, 2023, Defendant filed the instant motion to dismiss arguing personal jurisdiction was again lacking. (ECF No. 21.)

### II. Legal Standard

When raised as a defense by motion, Rule 12(b)(2) authorizes the dismissal of an action for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). When a dispute between the parties arises concerning whether personal jurisdiction over a defendant is proper, "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Will Co. v. Lee*, 47 F.4th 917, 921 (9th Cir. 2022). When the defendant's motion is based on written materials, and no evidentiary hearing is held, the court will evaluate only whether the plaintiff demonstrates a prima facie showing of personal jurisdiction based on the plaintiff's pleadings and affidavits. *Id.* The court must take unchallenged allegations in the complaint as true, and conflicts between the parties over statements within any affidavits must be resolved in favor of the plaintiff. *Id.*

The general rule provides personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). For due process to be satisfied, a defendant must have "minimum contacts" within the forum state such that asserting jurisdiction over the defendant would not "offend traditional notions of fair play and substantial justice." *Id.* at 1155 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)). Both California and federal long-arm statutes require compliance with due process requirements. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).

 **\*2** There are two types of personal jurisdiction: general and specific. *Id.* at 118. General jurisdiction allows a court to hear cases unrelated to the defendant's forum activities

and exists if the defendant has "substantial" or "continuous and systematic" contacts with the forum state. *Fields v. Sedgewick Assoc. Risk, Ltd.*, 769 F.2d 299, 301 (9th Cir. 1986). Specific jurisdiction permits the court to exercise jurisdiction over a defendant who has availed itself through forum-related activities that gave rise to the action before the court. *Bancroft & Masters, Inc. v. August Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), *overruled on other grounds in part by* *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006).

**III. Analysis**

Defendant challenges Plaintiff's assertion of personal jurisdiction. In response, Plaintiff alleges she has adequately pled specific jurisdiction and cites as evidence of Defendant's purposeful availment: (1) Defendant's license with the state of California as a non-resident pharmacy; (2) Defendant's marketing of physical products via its website to California residents; (3) Defendant's sale of physical products to California residents; (4) Defendant's delivery of physical products to California residents; (5) Defendant's partnership with MedLion, a primary care provider in Monterrey, California; (6) Defendant's choice to host its website servers in California in partnership with Cloudflare; and (7) Defendant's nomination of Alan Howe ("Howe"), a California resident, to its board of directors. Plaintiff does not claim general jurisdiction applies to Defendant in California.

The Ninth Circuit put forth a three-pronged test for specific jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden of proving the first two prongs and, if successful, the burden shifts to the defendant on the third prong to prove that jurisdiction is unreasonable. *Id.* If any prong is not satisfied, then jurisdiction in the forum would deprive the defendant of due process of law. *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020).

Respecting prong one, for claims sounding in tort, such as this one, courts look to whether a defendant purposefully directed its activities at the forum state. *Yahoo!*, 433 F.3d at 1206. To assess this question, courts apply the "effects" test from *Calder v. Jones*, 465 U.S. 783 (1984). The *Calder* "effects" test asks "whether the defendant: '(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.' " *Will Co.*, 47 F.4th at 922 (quoting *Schwarzenegger*, 374 F.3d at 803). *See also* *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S.Ct. 1017, 1026 (2021). All three components must be met for a defendant to have purposefully directed activities to the forum state. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 577 (9th Cir. 2018).

**\*3** The first component of the *Calder* effects test requires that the defendant has committed an intentional act. *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 980 (9th Cir. 2021). A defendant acts intentionally when it acts with an "intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *AMA*, 970 F.3d at 1209 (quoting *Schwarzenegger*, 374 F.3d at 806). The Ninth Circuit has stated the operation of a website is an intentional act for the purposes of the *Calder* effects test. *Id.* Plaintiff here alleges "Defendant used its Healthwarehouse.com website as a storefront to make product sales." (SAC at ¶ 36.) Accordingly, the "intentional act" prong is satisfied.

As to the second element of the *Calder* effects test, Plaintiff must sufficiently allege Defendant "expressly aimed" its intentional act at the forum. *See Ayla*, 11 F.4th at 980. She has not. "Not all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every state in which it is accessed." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011). But where "a website with national viewership and scope appeals to, and profits from, an audience in a particular state, the site's

operators can be said to have 'expressly aimed' at that state." *Id.*

In two recent decisions the Ninth Circuit has clarified "express aiming" in the context of interactive websites. First, for trademark infringement claims, the online sale and shipment of a product to the target forum constitutes express aiming. In *Herbal Brands, Inc. v. Photoplaza, Inc.*, Herbal Brands sold health products to consumers directly or through authorized sellers online. Photoplaza, Inc. and other defendants allegedly sold Herbal Brands's products through two Amazon storefronts without [Herbal Brands's permission. 72 F.4th 1085, 1089 (9th Cir. 2023)](). Herbal Brands sued for trademark infringement and interference of contract. The Ninth Circuit held for a trademark infringement suit the defendants' sale and shipment of a physical product established sufficient aiming at the target forum. *[Id.* at 1092–95]()* (comparing online sale and shipment of a product to ordering from a print catalogue). Because Herbal Brands's claims of trademark infringement and interference with contract "clearly arise out of and relate to Defendants' conduct of selling those same products to Arizona residents," specific jurisdiction was proper. *[Id.* at 1096]().

In a subsequent decision, however, the Ninth Circuit made plain this holding is limited to claims arising from a "defendant's sale of a physical product to a consumer in the forum state via an interactive website" and not claims arising from "the extraction of consumer data." *[Briskin v. Shopify, Inc.*, 87 F.4th 404, 422 (9th Cir. 2023)]()*. In *Briskin v. Shopify, Inc.*, Brandon Briskin sued Shopify for privacy violations for obtaining his personal data without his permission for use by Shopify's merchant and business partners. *[Id.* at 409–10](). In support of his argument for specific jurisdiction, Briskin cited Shopify's brick-and-mortar store in Los Angeles, its California fulfillment center, and its contracts with California merchants as activity directed at the forum. *[Id.* at 413](). The Ninth Circuit, however, found these activities were not relevant to its analysis because "Briskin's injuries are based on Shopify's extraction and processing of his personal information" and "have nothing to do with Shopify's brick-and-mortar operations in the state" or Shopify's contracts with California merchants. *[Id.* at 414](). Because "Briskin would have suffered the same injury regardless of whether he purchased items from a California merchant or was physically present in California when he did

so," only Shopify's collection, retention, and use of Briskin's data was relevant to the court's personal jurisdiction analysis. *[Briskin](), 87 F.4th at 415*.

**\*4** Having disregarded Shopify's broader business contact with California, the Ninth Circuit then assessed whether Shopify as an interactive website purposefully targeted California. Specifically, the court applied its express aiming tests for interactive websites and asked whether Shopify's payment platform had a "forum specific focus," appealed to a California audience, or actively targeted California. *[Id.* at 422](). See also [AMA](), 970 F.3d at 1210; *[Mavrix Photo](), 647 F.3d at 1231*; *[Will Co.](), 47 F.4th at 923*. The Ninth Circuit found Shopify's online platform lacked this focus such that it did not actively target California and personal jurisdiction was therefore lacking. *[Briskin](), 87 F.4th at 423*.

Here, the gravamen of Plaintiff's complaint is an alleged invasion of privacy by Defendant's website through collection of her consumer data. (SAC at ¶¶ 210–281.) The Court then applies *Briskin* and narrows Defendant's alleged forum contacts to those sharing a nexus with Defendant's website and browser tracking activity. There is no causal relationship between Plaintiff's privacy claims and Defendant's license as a non-resident pharmacy, Defendant's partnership with MedLion to deliver medications, or Defendant's nomination of Alan Howe to its board of directors. (SAC at ¶¶ 28, 29, 33, 34.) To the extent Howe's nomination or Defendant's partnership with MedLion "lit the fuse" for Defendant to eventually inflict privacy harms on Plaintiff in California, such a theory is too diffuse and expansive to satisfy due process. See *[Ford](), 141 S.Ct. at 1026*.

Similarly, Plaintiff's claims do not arise from Defendant's sale of physical products to California residents or Defendant's delivery of physical products to California residents. *See [Briskin](), 87 F.4th at 415*. Plaintiff has not alleged she ordered any products from Defendant's website, and even if she did, the harm she suffered was not premised on the sale or delivery of a product. Rather, her mere browsing and use of Defendant's website is the basis for her complaint. Other district courts have similarly found selling and delivering physical products via a website did not establish personal jurisdiction for alleged privacy violations. *See [Kauffman v. Home Depot, Inc.](), No. 23-CV-0259-AGS-AHG, 2024 WL 221434, at \*3 (S.D. Cal. Jan. 19, 2024)* (finding the

court lacked personal jurisdiction over Home Depot for personal data tracking through Home Depot's website and online purchasing system); *Doe v. FullStory, Inc.*, No. 23-CV-00059-WHO, 2024 WL 188101, at \*11 (N.D. Cal. Jan. 17, 2024) (holding "something more" was needed in assessing whether a data processing company directed its activity toward California); *Ruth Martin v. Outdoor Network LLC*, No. 2:23-CV-09807-AB-AJR, 2024 WL 661173, at \*4 (C.D. Cal. Jan. 31, 2024) (holding the plaintiff's privacy claims failed to involve purchase or shipment of products).

Having eliminated Defendant's non-relevant forum contacts, the Court turns to Plaintiff's remaining bases for specific jurisdiction. First, Plaintiff contends Defendant directed advertising toward California residents such that it expressly aimed its website activities at the forum. (SAC at ¶ 28.) Internet advertisements alone are insufficient "to subject the advertiser to jurisdiction in the plaintiff's home state." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997). Instead, "something more" is necessary to subject the advertiser to jurisdiction. *Id.* Courts look to a variety of factors to assess whether a defendant has done "something more" for the purposes of jurisdiction: the interactivity of the website, the geographic scope of the defendant's business, and whether the defendant "individually targeted" the plaintiff. *Mavrix Photo*, 647 F.3d at 1229. Here, Plaintiff has not alleged that Defendant specifically targets California in its advertising, that California customers constitute a large percentage of Defendant's business, or that Defendant prioritized or treated the California market differently in the way it structured its business. *See Briskin*, 87 F.4th at 419–420. *See also AMA*, 970 F.3d at 1210; *Mavrix Photo*, 647 F.3d at 1231; *Will Co.*, 47 F.4th at 923. While Defendant is registered as an independent pharmacy in California, Plaintiff fails to distinguish this registration from how Defendant operates in every other state or identify how Defendant specifically focused on the California pharmaceutical market.

\*5 Second, Plaintiff claims Defendant purposefully availed itself to this forum by choosing to host its website on Cloudflare, which locates its servers in California. (SAC at ¶¶ 31–32.) A defendant does not target a forum merely because it targets a third party that does business in that forum. Cloudflare, not Defendant, chose to locate its servers in California. Absent a showing Defendant selected Cloudflare to enable faster website service to California customers, the location of Defendant's website servers was merely "random" or "fortuitous" and not targeted. *See 42 Ventures, LLC v. Mav*, No. 20-17305, 2021 WL 5985018, at \*1 (9th Cir. Dec. 16, 2021). Other courts have similarly found the location of a website host's servers is insufficient to establish specific personal jurisdiction. *See Alhathloul v. DarkMatter Grp.*, No. 3:21-CV-01787-IM, 2023 WL 2537761, at \*7 (D. Or. Mar. 16, 2023) (collecting cases). Further, Plaintiff's theory would significantly expand personal jurisdiction such that each firm whose website is hosted in California could be haled into court.

Plaintiff has not sufficiently alleged "something more" required for express aiming and therefore fails the *Calder* effects test. Accordingly, Plaintiff fails to show purposeful direction and fails to establish personal jurisdiction. The Court need not address Defendant's motion to transfer or remaining bases to dismiss because they are moot.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. (ECF No. 21.) The Court also **GRANTS** Plaintiff leave to amend her Second Amended Complaint. If Plaintiff wishes to file an Amended Complaint, she must do so by **April 22, 2024**.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2024 WL 1268167

---