# EXHIBIT 2

2024 WL 1337899
Only the Westlaw citation is currently available.
United States District Court, S.D. California.

GREGORY MOORE, Plaintiff,
v.
CARHARTT, INC., Defendant.

Case No.: 23cv0145-L-DEB
|
Filed 03/28/2024

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

Hon. M. James Lorenz United States District Judge

**\*1** Pending before the Court in this putative class action alleging online privacy violations is Defendant's motion to dismiss for lack of personal jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(2) and (6). [1] (ECF No. 16.) Plaintiff opposed and Defendant replied. (ECF Nos. 18, 19.) The Court decides the matter on the papers submitted without oral argument. *See* Civ. L. R. 7.1(d.1). For the reasons stated below, the motion is granted with leave to amend.

Based on the operative first amended complaint (ECF No. 11, "Compl."), Defendant licensed "session replay" software from Quantum Metric ("Quantum") and embedded it in its website, carhartt.com. Session replay allowed Quantum to tap and record visitors' activity on Defendant's website as if looking over their shoulder, including pages and content viewed, and information given to the website, such as search terms, contact information, orders, and credit card information. Quantum used this information to view in real time the visitors' entire visits to the website, analyze the information, and use it for its own business purposes.

Plaintiff visited Defendant's website from his mobile phone to shop for products. Every time someone visited Defendant's website, session replay deployed onto their mobile phone to watch and record their interactions. Session replay deployed the moment the user visited the website and was active on Defendant's entire website. The Plaintiff was unaware that his session was watched and recorded by Quantum and did not give his consent.

Plaintiff alleged that Defendant violated his privacy rights under California Invasion of Privacy Act, Cal. Pen. Code §§ 631, 632.7, by aiding Quantum in its unauthorized tapping and recording of his visits to Defendant's website on his mobile phone. He filed this action on behalf of himself and similarly situated persons in California. Defendant filed a motion to dismiss, arguing that personal jurisdiction is lacking in California and that Plaintiff failed to state a claim. The Court has diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), as Plaintiff alleges that Defendant is a Michigan corporation with a principal place of business in Michigan, and Plaintiff is a California resident.

Defendant argues that it is not subject to personal jurisdiction in California. A complaint may be dismissed for lack of personal jurisdiction under Rule 12(b)(2). It "is the plaintiff's burden to establish the court's personal jurisdiction over a defendant." *Doe v. Unocal*, 248 F.3d 915, 922 (9th Cir. 2001) (abrogated on other grounds). [2] To withstand a Rule 12(b)(2) motion to dismiss, the plaintiff need only demonstrate facts that, if true, would support jurisdiction over the defendant. *Id.* Although the plaintiff cannot "simply rest on the bare allegations of the complaint," uncontroverted allegations contained in the complaint must be taken as true. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Defendant has not filed any affidavits to controvert Plaintiff's allegations. The Court therefore looks to the Complaint for relevant facts.

**\*2** "Personal jurisdiction over a nonresident defendant is tested by a two-part analysis. First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute. Second, the exercise of jurisdiction must comport with federal due process." *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404–05 (9th Cir. 1994). California's long-arm statute provides that a court "may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. This statute allows courts to exercise personal jurisdiction within the limits of due process. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 863 (9th Cir. 2003). Accordingly, in California, compliance with due process satisfies both parts of the personal jurisdiction test.

Due process demands that a nonresident defendant have "certain minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). This "minimum contacts" requirement can be satisfied by establishing either general or specific jurisdiction. *Schwarzenegger*, 374 F.3d at 801–02. Plaintiff contends that Defendant is subject to specific jurisdiction.

The Ninth Circuit employs a three-part test to determine whether a party is subject to specific jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). If the plaintiff satisfies the first two parts, the burden shifts to the defendant to present a compelling case on the third part, *i.e.*, that the exercise of jurisdiction would not be reasonable. *Schwarzenegger*, 374 F.3d at 802. The three parts of the test are:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Boschetto*, 539 F.3d at 1016.

The first part "refers to both purposeful direction and purposeful availment." *Mavrix Photo, Inc. v. Brand Technol., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). Violation of privacy laws, as alleged here, is "analyzed under the purposeful direction framework." *Briskin v. Shopify, Inc.*, 87 F.4th 404, 412 (9th Cir. 2023). This framework "focuses on whether the effects of the defendant's actions were felt in the forum state" and is comprised of three elements – whether the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* The Court focuses on the second element, express aiming, as it is dispositive.

To determine whether a defendant expressly aimed its activities toward California, the claim "must be one that *arises out of or relates to* the defendant's forum-related activities." *Briskin*, 87 F.4th at 413 (emphasis in original). "This is a claim-tailored inquiry that requires [the court] to examine the plaintiff's specific injury and its connection to the forum-related activities in question." *Id.* Plaintiff's claim is based on Defendant's aid in Quantum's unauthorized tapping and recording of Plaintiff's activity on Defendant's website.

In analyzing Defendant's contacts, "the relationship between a defendant and the forum state must arise out of contacts that the defendant *himself* creates with the forum," *id.* at 415-16 (emphasis in original), and it is not relevant to Defendant's express aiming that Plaintiff resided in California, accessed Defendant's website while in California, and sustained his privacy-based injuries in California, *see id.* at 416. This is so even if Defendant knows, through the data it collects and the tracking tools it uses, the whereabouts of the persons who access its website. *Id.* Defendant "did not expressly aim its conduct toward California simply because it allegedly directed its conduct at plaintiffs whom it knew had California connections." *Id.* (citing *Walden v. Fiore*, 571 U.S. 277, 289 (2014)). Further, "the fact that a broadly accessible web platform knowingly profits from consumers in the forum state is not sufficient to show that the defendant is expressly aiming its intentional conduct there." *Briskin*, 87 F.4th at 419.

**\*3** Accordingly, "operation of an interactive website does not, by itself, establish express aiming." *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1091 (9th Cir. 2023). "But operating a website 'in conjunction with something more—conduct directly targeting the forum—is sufficient to satisfy the express aiming prong." *Id.*

Presumably, like other online consumer retailers, Defendant's website is accessible from anywhere. Based on the allegations in the Complaint, the Court cannot reasonably infer any other jurisdictional contact between Defendant and California than the fact that Plaintiff accessed Defendant's website from California. In such cases, the jurisdictional "analysis turns on whether the site had a forum-specific focus or the defendant

exhibited an intent to cultivate an audience in the forum." *Briskin*, 87 F.3d at 418, *see also id.* at 419-20.

> What is needed ... is some prioritization of the forum state, some differentiation of the forum state from other locations, or some focused dedication to the forum state which permits the conclusion that the defendant's suit-related conduct creates a substantial connection with the forum. And that "substantial connection" must be something substantial beyond the baseline connection that the defendant's internet presence already creates with every jurisdiction through its universally accessible platform.

*Id.* at 420 (quoting *Walden*, 571 U.S. at 284).

Plaintiff argues for personal jurisdiction in California because "Defendant uses its website to direct California customers to order products for shipping to California" (Opp'n at 21; *see also* Compl. ¶ 34), suggesting that the Court should analyze this case as if it involved the sale of physical goods through an interactive website. *See Herbal Brands*, 72 F.4th at 1094-95 (defendant's sale of a physical product to a consumer in the forum state via an interactive website constitutes conduct expressly aimed at a forum). Because Plaintiff's claim is not based on sale and shipment of physical goods to the forum, the standard established in *Herbal Brands* does not apply. *See Briskin*, 87 F.4th at 422.

Plaintiff also suggests that Defendant has undertaken "coordinated efforts to maximize sales revenue in California," and that "the interceptive action of software embedded on the website [is directed] towards communications emanating from California." (Opp'n at 21.) These arguments, however, are not supported by allegations in the Complaint. Even if they were, they do not indicate that California was the focal point of the privacy intrusive and data collection activity. *See id.* at 422 (data collection activity based on the consumer's location in a specific forum).

Finally, without more, Plaintiff's allegation that "Defendant included California-specific provisions in its privacy policy" (Compl. ¶ 35) is not sufficient. *See Briskin*, 87 F.4th at 418-19 (discussing *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1210-12 (9th Cir. 2020) (terms-of-service agreements with U.S. customers included on a website with international audience not sufficient without showing United States as the "focal point" of the website)).

Based on the allegations in the Complaint, the Court cannot reasonably infer that Defendant's alleged privacy violations were focused on California or that Plaintiff would not have suffered the same injury had he accessed Defendant's website from another state.

**\*4** For the foregoing reasons, Defendant's motion to dismiss is granted for lack of personal jurisdiction. The Court therefore need not address Defendant's alternative arguments that Plaintiff failed to state a claim under Rule 12(b)(6).

Plaintiff requests leave to amend. Rule 15 advises leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Because it may be possible for Plaintiff to allege sufficient facts in support of personal jurisdiction in California, leave to amend is granted. Should Plaintiff file an amended complaint, he must address the relationship between Defendant and Quantum, a third party to this action, in the personal jurisdiction allegations. *See Briskin*, 87 F.4th at 420 ("Actions of third parties that

the defendant does not control, even those of the defendant's contractors, tend to be less reflective of defendant's own express aiming[.]).

If Plaintiff chooses to file an amended complaint, he must do so no later than **April 30, 2024**. Defendant shall file a response to the amended complaint, if any, no later than the time set forth in Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2024 WL 1337899

---

**Footnotes**

1  All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

2  Unless stated otherwise, internal ellipses, brackets, citations, and quotation marks are omitted from citations.

---

**End of Document**   © 2024 Thomson Reuters. No claim to original U.S. Government Works.