# HAYNES BOONE

April 5, 2024

*Via ECF and U.S. Mail*

Judge William H. Alsup
Phillip Burton Federal Building & U.S. Courthouse
450 Golden Gate Avenue, 16th Floor Clerk's Office
San Francisco, CA 94102

Re: *X Corp. v. Bright Data*, 3:23-cv-03698 (N.D. Cal.) Letter Motion to Compel Discovery Responses

Dear Judge Alsup:

Pursuant to paragraph 34 of this Court's Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases, X Corp. submits this letter to alert the Court regarding Bright Data's continued refusal to produce evidence relevant to X Corp.'s claims. X Corp. and Bright Data met and conferred on January 23, 2023 to discuss Bright Data's discovery deficiencies. Thereafter, Bright Data served supplemental responses on February 1, 2024. The parties again met and conferred on March 26, 2024. As no resolution could be reached as to the issues raised herein, X Corp. submits this letter. In short, Bright Data: (1) improperly limits its search to a timeframe of July 26, 2019 to September 25, 2023, (2) improperly limits its responses to some Requests to California customers only, (3) improperly limits its responses to other Requests to "marketing materials" only, and (4) improperly refuses to produce *any* documents in response to a third set of Requests. Each of Bright Data's positions is improper. Attached as Exhibit A are excerpts of Bright Data's responses and objections to the Requests.

## Relevant Background

On November 13, 2023, X Corp. served its first set of Requests for Production ("Requests"). One month later—on December 13—Bright Data filed a Motion to Stay Discovery (Dkt. 43) and served responses to the Requests, refusing to produce information based on its Motion to Stay. Nearly two months later, on January 10, the Court denied Bright Data's Motion to Stay and declared that discovery was "wide open" with "no limitation." Dkt. 59 at 53:5. More than three weeks after that ruling, on February 1, Bright Data served supplemental responses, where it refused to produce numerous categories of responsive documents. Despite X Corp.'s efforts to meet and confer (and the Court's admonition), Bright Data continues to stand on its objections.

## Legal Standard

Parties may obtain discovery regarding any "nonprivileged matter" that is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly[]." *Gonzales v. Google, Inc*., 234 F.R.D. 674, 679-80 (N.D. Cal. 2006).

1

# HAYNES BOONE 

**Bright Data Cannot Limit Its Search to Its Unilaterally Chosen Timeframe**

Bright Data first attempts to narrow the scope of discovery by announcing that, "absent Court order or further agreement of the parties, Bright Data will not search for or produce documents dated prior to July 26, 2019 and after September 25, 2023." But the Requests seek information and documents regarding Bright Data's conduct, whether or not it took place in the timeframe Bright Data unilaterally decided it had a contract with X Corp. This objection should not be allowed to stand.

**Bright Data Cannot Limit Its Search and Production to California Customers**

Bright Data next attempts to narrow the scope of discovery by limiting its search to its California customers. *See* Ex. A pp. 1-4. In a General Objection, Bright Data asserts that it is not required to produce documents "unrelated to any Bright Data conduct expressly aimed at California," including "use of Bright Data's services by non-California customers" (General Objection 2). Ex. A p. 1. Specifically, Bright Data states that it will limit its production to information related to its California customers for the following Requests:

- Bright Data's awareness of, and compliance with, X Corp.'s Terms (RFP 11);
- Documents/communications exchanged with current/former/prospective customers regarding data obtained from the X platform (RFP 12);
- use of the X platform by Bright Data's customers (RFP 15);
- contracts, agreements, communications related to X platform data (RFP 17, 20),
- scraping tools that could be used to scrape the X platform (RFP 18 and 21),
- proxies used to collect data from the X platform (RFP 19 and 22), and
- sales, revenues, and profit information customers (RFP 24–28).

Ex. A pp. 1-4.

This objection misunderstands the relationship between personal jurisdiction and discovery. Because this Court already found Bright Data subject to personal jurisdiction in California on all of X's Corp.'s claims, Bright Data must produce all potentially relevant information related to those claims. *See Americans for Prosperity Found. v. Harris*, No. CV 14-9448-R, 2015 WL 12859225, at *1 (C.D. Cal. Oct. 13, 2015) ("relevant discovery cannot be assumed to be reasonably limited to California specific material when allegations include activity outside California"). X Corp.'s claims—which include breach of contract and tortious interference—are not limited to California conduct, but include activities and customers outside of California. Bright Data is required to produce all relevant information related to its customers and activities, regardless of where those activities occurred or where those customers reside.

**Bright Data May Not Restrict Its Production to "Marketing Materials"**

Bright Data next attempts to limit its production to "marketing materials" in response to several Requests. *See* Ex. A pp. 5-6. But the Requests are not so limited; specifically:

- RFPs 2–5 seek ***all*** documents related to Bright Data's scraping tools—their features, functionality, operation—including requirements, design specifications, architecture, blueprints and testing documentation, along with all documents used to describe these tools to employees, customers, and investors. Ex. A pp. 5-6.
- RFP 12 seeks documents/communications between Bright Data and customers regarding data Bright Data obtained from the X platform. Ex. A p. 6.

# HAYNES BOONE

Bright Data cannot unilaterally narrow its production to "marketing materials" because the full scope and functionality of its scraping services is central to X Corp.'s claims—namely, that Bright Data breached its contract with X through automated collection, and subsequent sale, of X's data. Similarly, Bright Data's internal and external communications—not just "marketing materials"—are necessary to prove X Corp.'s tort claims, including its claim for tortious interference. These Requests easily meet the standard for relevance and proportionality, and the Court should order Bright Data to produce documents responsive to these Requests.

**Bright Data Cannot Refuse Requests for Relevant Information**

Bright Data also refuses to produce documents in response to numerous Requests related to Bright Data's development and testing of scraping tools, including:

- techniques to circumvent X Corp.'s safeguards (RFP 6);
- use of proxies and scraping tools to avoid X's access and data limits (RFP 8);
- storage of X Corp.'s data (RFP 13);
- collection of data from, or access to, web pages with access restrictions (RFP 16);
- relationship between Bright Data Ltd. and Bright Data, Inc. (RFP 42–44).

Bright Data also refuses to produce any documents related to its:

- California agents, third parties, or subsidiaries (RFP 39-40),
- California advertising and marketing (RFP 45-46),
- persons identified in initial disclosures (RFP 49, 52),
- document-retention policies (RFP 51), and
- settlement agreements (RFP 53).

*See* Ex. A pp. 7-9.

This refusal to produce *any* documents for *any* of the above categories is completely without merit. Requests 6, 8, 11, 13, and 16 seek discoverable information related to Bright Data's breach of its contract with X Corp, including the means and extent to which Bright Data accessed the X platform through automated means and its collection and sale of X's data. Requests 39-44 seek information related to entities closely related to Bright Data, which is relevant to means and extent of Bright Data's liability and X Corp.'s damages. The same is true for Requests 45-46, which seek the extent of Bright Data's marketing, advertising, and budget for the same, in California. And Requests 49 and 51-53 seek basic data relating to persons with responsive information, the testimony of Bright Data's witnesses, document retention policies, and settlement agreements relating to the products at issue. This information is not only relevant and proportional, but essential to X Corp.'s prosecution of its claims.

**Relief Sought**

This Court should reject Bright Data's continued efforts to abuse the discovery process and order Bright Data to produce all relevant documents in response to the above Requests.

Sincerely,

*Jason T. Lao*
Attorney for Plaintiff X Corp.

# Exhibit A

## LIMITING TO CALIFORNIA CUSTOMERS

Bright Data improperly limits its production as to Request Nos. 11, 12, 15, 17–22 and 24–28 to California customers only. Bright Data's General Objection No. 2 and response to Request No. 11 is shown immediately below. For the remaining Requests, objections have been omitted due to space limitations. X Corp. can provide its Requests in their entirety, along with Bright Data's complete responses and objections, upon request by the Court.

## GENERAL OBJECTIONS

………

2. *Third-Party Scraping by Non-California Customers.* Even if the Court has personal jurisdiction over certain aspects of X's non-contract claims (Counts II-VI), such jurisdiction would not extend to claims unrelated to any Bright Data conduct expressly aimed at California. This would include, at minimum, any use of Bright Data's services by non-California customers. Accordingly, absent Court order or further agreement of the parties, Bright Data will not respond to the Requests with information relating to scraping by third parties outside California.

**REQUEST NO. 11:**

*All Documents and Communications concerning X Corp's Terms, including All Documents and Communications regarding compliance with the Terms.*

**Response to Request No. 11:** Bright Data objects to this Request to the extent it seeks communications with in-house or outside counsel concerning X Terms or this Case on grounds of privilege (GO 10). Bright Data objects to this request to the extent it seeks information unrelated to the Relevant Scraping Services (GO 4). Bright Data objects to this Request on grounds of relevance because X's Terms are contracts of adhesion, which must be construed against X, rendering Bright Data's subjective intent irrelevant. Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Custodian Search for non-privileged documents that discuss X's Terms. Bright Data will also conduct a Targeted Search of its CRM database for ==responsive documents relating to California customers== who used a Relevant Scraping Service to scrape information hosted on X.

**REQUEST NO. 12:**

*All Documents and Communications You distributed, published, or made available to current, prospective, or former Customers regarding Data or information obtained from the X Platform.*

**Response to Request No. 12:**

Bright Data will also conduct a Targeted Search of its CRM database for ==responsive documents relating to California customers== who used a Relevant Scraping Service to scrape information hosted on X.

**REQUEST NO. 15:**

*All Documents and Communications related to any current, prospective, or former Customers' use of the X Platform.*

**Response to Request No. 15:** Subject to and without waiving these objections and its General Objections, Bright Data will also conduct a Targeted Search of its CRM database for responsive documents relating to California customers who used a Relevant Scraping Service to scrape information hosted on X.

**REQUEST NO. 17:**

*All contracts and agreements between You and any current or former Customer related to any Data or Datasets from the X Platform.*

**Response to Request No. 17:** Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for responsive contracts with California customers who used a Relevant Scraping Service to scrape information hosted on X.

**REQUEST NO. 18:**

*All contracts and agreements between You and any current or former Customer related to Your Scraping Tools that were, are, or could be used for scraping Data from the X Platform.*

**Response to Request No. 18:** Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for responsive contracts with California customers who used a Relevant Scraping Service to scrape information hosted on X.

**REQUEST NO. 19:**

*All contracts and agreements between You and any current or former Customer related to Your Proxies that were, are, or could be used to collect Data from the X Platform.*

**Response to Request No. 19:** Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for responsive contracts with California customers who used a Relevant Scraping Service to scrape information hosted on X.

**REQUEST NO. 20:**

*All Communications between You and any current or former Customer related to any Data or Datasets from the X Platform.*

**Response to Request No. 20:** Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search of Bright Data's CRM database for responsive documents relating to California customers who used a Relevant Scraping Service to Scrape information hosted on X.

**REQUEST NO. 21:**

*All Communications between You and any current or former Customer related to Your Scraping Tools that were, are, or could be used for scraping Data from the X Platform.*

**Response to Request No. 21:**

Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search of Bright Data's CRM database for responsive documents relating to California customers who used a Relevant Scraping Service to Scrape information hosted on X.

**REQUEST NO. 22:**

*All Communications between You and any current or former Customer related to Your Proxies that were, are, or could be used to collect Data from the X Platform.*

**Response to Request No. 22:**

Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search of Bright Data's CRM database for responsive documents relating to California customers who used a Relevant Scraping Service to Scrape information hosted on X.

**REQUEST NO. 24:**

*All Documents showing Your sales, revenues, profits, losses, costs, cash-flow, and operating and capital expenditures on a monthly basis, including without limitation, invoices to Customers.*

**Response to Request No. 24:**

Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for information sufficient to show the aggregate revenue Bright Data received from California customers who used a Relevant Scraping Service to scrape information hosted on X.

**REQUEST NO. 25:**

*Documents sufficient to show the amount of revenues You attribute to X Platform Data broken down by Customer and by month.*

**Response to Request No. 25:**

Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for information sufficient to show the aggregate revenue Bright Data received from California customers who used a Relevant Scraping Service to scrape information hosted on X.

**REQUEST NO. 26:**

*All Documents showing revenue You have collected from Customers in exchange for Datasets You scraped from the X Platform, including the amounts, payment methods, and frequency of payments.*

3

**Response to Request No. 26:**

Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for information sufficient to show the aggregate revenue Bright Data received from California customers who used a Relevant Scraping Service to scrape information hosted on X.

**REQUEST NO. 27:**

*All Documents showing revenue You have collected from Customers in exchange for any Scraping Tool You have offered to license or sell, including the amounts, payment methods, and frequency of payments.*

**Response to Request No. 27:**

Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for information sufficient to show the aggregate revenue Bright Data received from California customers who used a Relevant Scraping Service to scrape information hosted on X.

**REQUEST NO. 28:**

*All Documents showing revenue You have collected from Customers in exchange for any Proxy You have offered to license or sell, including the amounts, payment methods, and frequency of payments.*

**Response to Request No. 28:**

Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for information sufficient to show the aggregate revenue Bright Data received from California customers who used a Relevant Scraping Service to scrape information hosted on X.

## LIMITING TO MARKETING MATERIALS

Bright Data improperly limited is production as to Request Nos. 2–5 and 12 to "marketing materials," even though the Requests seek broader categories of information. Bright Data's response to Request No. 2 is shown below. For the remaining Requests, objections have been omitted due to space limitations. X Corp. can provide its Requests in their entirety, along with Bright Data's responses and objections, upon request by the Court.

**REQUEST NO. 2:**

*All Documents describing Your Scraping Tools, their features, functionality, and operation, including product requirements documentation, design specifications or mockups, engineering architecture documents, service blueprints or journey maps, and testing documentation.*

**Response to Request No. 2:** Bright Data objects to this Request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4). Bright Data objects to this Request to the extent it seeks production of Bright Data's Source Code (GO 5). Bright Data objects to this Request to the extent it seeks information relating to public search mechanics (GO 6). Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information. Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search ==for responsive marketing materials== sufficient to describe the features of the Relevant Scraping Services. Bright Data will additionally conduct a Targeted Search for exemplar snapshots sufficient to show Bright Data's Code as it existed on December 4, 2022, and May 16, 2023. Bright Data will then meet and confer with X concerning whether any additional snapshots or code excerpts may be required.

**REQUEST NO. 3:**

*All Documents used to describe Your Scraping Tools to employees responsible for selling or marketing them or providing customer support for them.*

**Response to Request No. 3:** Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search ==for responsive marketing materials== sufficient to describe the features of the Relevant Scraping

**REQUEST NO. 4:**

*All Documents used to describe Your Scraping Tools, their features, functionality, and operation to Customers, including marketing materials, installation or onboarding documentation, and support documentation.*

**Response to Request No. 4:**

5

Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for responsive marketing materials sufficient to describe the features of the Relevant Scraping Services.

**REQUEST NO. 5:**

*All Documents used to describe Your Scraping Tools, their features, functionality, and operation to Investors.*

**Response to Request No. 5:**

Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for responsive marketing materials sufficient to describe the features of the Relevant Scraping Services.

**REQUEST NO. 12:**

*All Documents and Communications You distributed, published, or made available to current, prospective, or former Customers regarding Data or information obtained from the X Platform.*

**Response to Request No. 12:**

Subject to and without waiving these objections and its General Objections, Bright Data will conduct a Targeted Search for responsive marketing materials sufficient to describe the features of the Relevant Scraping Services.

**REFUSING TO PRODUCE ANY DOCUMENTS**

Bright Data improperly refused to produce any documents in response to Request Nos. 6, 8, 13, 16, 39, 40 , 42–46, 49, and 51–53.  Bright Data's response to Request No. 6 is shown below.  For the remaining Requests, objections have been omitted due to space limitations.  X Corp. can provide its Requests in their entirety, along with Bright Data's complete responses and objections, upon request by the Court.

**REQUEST NO. 6:**

*All Documents concerning the development and testing of Your Scraping Tools, including documentation describing the development and testing of any methods, technology, or techniques to circumvent X Corp's anti-scraping measures, authentication requirements, IP blockers, and rate limits.*

**Response to Request No. 6:**  Bright Data objects to this request to the extent it seeks information unrelated to X (GO 3) or the Relevant Scraping Services (GO 4). Bright Data objects to this Request to the extent it seeks production of Bright Data's Source Code (GO 5). Bright Data objects to this Request to the extent it seeks information relating to public search mechanics (GO 6). Bright Data objects to this Request to the extent it seeks "all documents," rather than documents sufficient to show, specified information. Bright Data objects to this Request because the "development and testing" of Bright Data's scraping tools is not relevant or proportional. ==Bright Data will not produce documents in response to this Request.==

**REQUEST NO. 8:**

*All Documents and Communications regarding the use of Your Proxies or Scraping Tools to avoid access or data limits of the X Platform.*

**Response to Request No. 8:**
==Bright Data will not produce documents in response to this Request.==

**REQUEST NO. 13:**

*Documents sufficient to show how Data obtained from the X Platform is stored by You, including documents sufficient to identify the identity, location, and structure of All databases in which You store Data obtained from the X Platform.*

**Response to Request No. 13:**
==Bright Data will not produce documents in response to this Request.==

**REQUEST NO. 16:**

*All Documents and Communications related to the collection of Data from, or access to, web pages with access and use restrictions including a password, log-in requirement, rate limiter, IP blockers, or other restriction.*

**Response to Request No. 16:**
==Bright Data will not produce documents in response to this Request.==

**REQUEST NO. 39:**

Documents sufficient to identify All current and former agents or third-party companies located in California hired or contracted by You.

**Response to Request No. 39:**

Bright Data will not produce documents in response to this Request.

**REQUEST NO. 40:**

Documents sufficient to identify any of Your subsidiaries located in California.

**Response to Request No. 40:**

Bright Data will not produce documents in response to this Request.

**REQUEST NO. 42:**

Documents sufficient to show any transfer of funds and/or other payments between any bank account owned or operated by Bright Data, Ltd. and any bank account owned or operated by any affiliate or related entity, including without limitation, Bright Data, Inc.

**Response to Request No. 42:**

Bright Data will not produce documents in response to this Request.

**REQUEST NO. 43:**

Documents sufficient to show the corporate relationship between Bright Data Ltd. and any affiliate or related entity, including without limitation Bright Data, Inc., including any agreements between Bright Data Ltd. and Bright Data, Inc.

**Response to Request No. 43:**

Bright Data will not produce documents in response to this Request.

**REQUEST NO. 44:**

Documents sufficient to show the officers and directors of Bright Data Ltd. and any affiliate or related entity, including without limitation Bright Data, Inc.

**Response to Request No. 44:**

Bright Data will not produce documents in response to this Request.

**REQUEST NO. 45:**

Documents sufficient to show any of Your advertising or marketing or strategy budget spent, directed, earmarked, targeted, or related to advertising or marketing in California.

**Response to Request No. 45:**

Bright Data will not produce documents in response to this Request.

**REQUEST NO. 46:**

Documents sufficient to show any of Your advertising or marketing or strategy budget spent, directed, earmarked, targeted, or related to any Customer or prospective Customer in California.

**Response to Request No. 46:**

Bright Data will not produce documents in response to this Request.

**REQUEST NO. 49:**

All Documents concerning a Person or Document referred to in Your initial disclosures under Fed. R. Civ. P. 26(a)(1) or considered by You in preparing Your disclosures.

**Response to Request No. 49:**

Bright Data will not produce documents in response to this Request.

**REQUEST NO. 51:**

All Documents concerning Your document creation, document maintenance, document retention, or document destruction policies and practices from 2017 to the present.

**Response to Request No. 51:**

Bright Data will not produce documents in response to this Request.

**REQUEST NO. 52:**

Transcripts of all trial or deposition testimony ever given in a proceeding by a person You identified in Your initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) or whom You expect to call as a witness in connection with this Action.

**Response to Request No. 52:**

Bright Data will not produce documents in response to this Request.

**REQUEST NO. 53:**

All Documents concerning any settlement agreement (including without limitation release agreements, settlement agreements, and covenants not to sue) with any Person concerning Your products and services (including Scraping Tools, Datasets, and Proxies).

**Response to Request No. 53:**

Bright Data will not produce documents in response to this Request.