DAVID H. HARPER*
david.harper@haynesboone.com
JASON P. BLOOM*
jason.bloom@haynesboone.com
**HAYNES AND BOONE, LLP**
2801 N. Harwood Street, Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
*Admitted Pro Hac Vice*

JASON T. LAO, SBN 288161
jason.lao@haynesboone.com
ANDREA LEVENSON, SBN 323926
andrea.levenson@haynesboone.com
**HAYNES AND BOONE, LLP**
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Telephone: (949) 202-3000
Facsimile: (949) 202-3001

*Attorneys for Plaintiff
X Corp.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X CORP., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BRIGHT DATA LTD., an Israeli corporation,<br><br>Defendant. | Case No. 3:23-cv-03698-WHA<br><br>**X-CORP.'S RESPONSE TO BRIGHT DATA'S SECOND STATEMENT OF RECENT DECISION**<br><br>Date:  April 11, 2024<br>Time:  1:30 p.m.<br>Ctrm:  12 |

Bright Data's Second Statement of Recent Decision (Dkt. 78) should be rejected as an improper sur-reply in violation of Civil L.R. 7-3(d)(2), and because it introduces inapposite authority that has no bearing on the pending Motion for Interlocutory Appeal (Dkt. 73). Contrary to Bright Data's argument, the two decisions it submits do not illustrate a split among courts over how to apply the Ninth Circuit's decision in *Briskin v. Shopify, Inc.* 87 F.4th 404 (9th Cir. 2023).

In each of the cases, as in *Shopify*, the consumer plaintiffs asserted the defendants were subject to personal jurisdiction for data privacy claims by virtue of having websites accessible in California.[1] That is not what is alleged here. X Corp. is not a consumer of Bright Data's services and does not base its claims on its ability to access Bright Data's website from California. Rather, this case is about Bright Data's intentional scraping of X Corp.'s data from X Corp.'s servers—including those in California—and selling tools enabling companies—including California companies—to do so. Bright Data conducted its business out of a California office and continues to have several California employees. And, unlike the cases Bright Data cites, Bright Data contracted with X Corp. in California and agreed to a broad California forum selection clause that applies to both breach of contract and tort claims. As this Court correctly explained when it denied Bright Data's motion to dismiss, "Bright Data has done 'something more' than passively operate a website accessed by California residents, as required." Dkt. 67 at 4:17-19.

Neither of the cases Bright Data cites are relevant to the jurisdictional analysis in this case. The Court correctly held that Bright Data is subject to personal jurisdiction based on its extensive, intentional California contacts, and Bright Data's continuing efforts to change that outcome with citations to inapposite authority should be disregarded.

/ / /

/ / /

/ / /

---

[1] *See Zarif v. Hwareh.com, Inc.*, 2024 WL 1268167 at *4 (S.D. Cal. Mar. 25, 2024) ("Here, the gravamen of Plaintiff's complaint is an alleged invasion of privacy by Defendant's website through collection of her consumer data."); *Moore v. Carhartt, Inc.*, 2024 WL 1337899, at *2 (S.D. Cal. Mar. 28, 2024) (identifying claim as "putative class action alleging online privacy violations" based on "unauthorized tapping and recording of Plaintiff's activity on Defendant's website").

| | |
|---|---|
| Dated: April 8, 2024 | Respectfully submitted, |
| | **HAYNES & BOONE LLP** |
| | By: /s/Jason T. Lao |
| | David H. Harper* |
| | david.harper@haynesboone.com |
| | Jason P. Bloom* |
| | jason.bloom@haynesboone.com |
| | 2801 N. Harwood Street, Suite 2300 |
| | Dallas, Texas 75201 |
| | Telephone: (214) 651.5000 |
| | Telecopier: (214) 651.5940 |
| | *Admitted Pro Hac Vice* |
| | |
| | Jason T. Lao |
| | jason.lao@haynesboone.com |
| | Andrea Levenson |
| | andrea.levenson@haynesboone.com |
| | 600 Anton Boulevard, Suite 700 |
| | Costa Mesa, California 92626 |
| | Telephone: (949) 202-3000 |
| | Facsimile: (949) 202-3001 |
| | |
| | *Attorneys for Plaintiff X Corp.* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, a true and correct copy of the foregoing document was served by filing the same via the Court's CM/ECF system, which will provide notice of the filing of same to all counsel of record.

Date:  April 8, 2024                             /s/Jason T. Lao
                                                          Jason T. Lao