QUINN EMANUEL URQUHART & SULLIVAN, LLP
Andrew Schapiro (*Pro Hac Vice*)
*andrewschapiro@quinnemanuel.com*
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Telephone: (312) 705-7400

David Eiseman (Bar No. 114758)
davideiseman@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: 415-875-6600
Fax: 415-875-6700

Stefan Berthelsen (*Pro Hac Vice*)
stefanberthelsen@quinnemanuel.com
51 Madison Ave 22nd floor
New York, NY 10010
Telephone: (212) 849-7014

*Attorneys for Plaintiff*
*X Corp.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X CORP., a Nevada corporation,<br><br>　　　　Plaintiff,<br>　　vs.<br><br>BRIGHT DATA LTD., an Israeli corporation,<br><br>　　　　Defendant. | Case No. 3:23-cv-03698-WHA<br><br>**PLAINTIFF X CORP.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS MOTION FOR LEAVE TO AMEND COMPLAINT AND EXHIBITS THERETO** |

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff X Corp. ("X") submits this Administrative Motion to File Under Seal portions of its Motion for Leave to Amend Complaint (the "Motion") and Exhibits A (Proposed Second Amended Complaint) and B (Redline between First Amended Complaint and Proposed Second Amended Complaint). This motion is based on the points and authorities herein and the accompanying Declaration of Stefan Berthelsen in Support of this Administrative Motion (the "Berthelsen Declaration").

Plaintiff requests that portions of the Motion and Exhibits A and B thereto identified in the chart below be sealed, as they contain Plaintiff's confidential business information. In making this request, Plaintiff has carefully considered the legal standard in determining which information would be the subject of the present request to seal. Plaintiff makes this request with the good faith belief that the information sought to be sealed consists Plaintiff's confidential information and information that could cause competitive harm if publicly disclosed. Plaintiff's request is narrowly tailored to only those portions of these documents containing this sensitive information.

| Document | Portion Sought to be Sealed | Basis for Sealing |
| --- | --- | --- |
| Plaintiff's Motion for Leave to Amend Complaint | Portions highlighted in blue | Berthelsen Declaration ¶¶ 6, 7. |
| Exhibit A (Proposed Second Amended Complaint) | Portions highlighted in blue | Berthelsen Declaration ¶¶ 6, 7. |
| Exhibit B (Redline between First Amended Complaint and Proposed Second Amended Complaint) | Portions highlighted in blue | Berthelsen Declaration¶¶ 6, 7. |

I.   **LEGAL STANDARD**

Civil Local Rule 79-5(c) provides that a party seeking to file its own documents under seal must file an administrative motion that articulates the applicable legal standard and reasons for keeping a document under seal, includes evidentiary support from a declaration where necessary, and provides a proposed order that is narrowly tailored to seal only the sealable material.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447

F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  In the Ninth Circuit, two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard.  *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)).  "To seal records in connection with a 'dispositive' motion or a motion that 'more than tangentially relate[s] to the merits of a case,' 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure' are required." *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (quoting *Kamakana*, 447 F.3d at 1178-79).

## II. THE COURT SHOULD SEAL PLAINTIFF'S CONFIDENTIAL INFORMATION

The confidential information sought to be sealed meets the "compelling reasons" standard.  As explained in the accompanying Berthelsen Declaration, the confidential information that Plaintiff seeks to redact is narrowly tailored and comprises sensitive business and commercial information, including the details of the design of Plaintiff's microservices architecture, internal statistics related provisioning it servers, inauthentic or anomalous web traffic statistics to those servers, the effect of this web traffic on Plaintiff's services, the effect this inauthentic or anomalous web traffic has on Plaintiff's services, and the costs related with maintaining these systems.

Plaintiff considers this type of business and commercial information to be highly sensitive and does not and would not generally share this type of information publicly.  If such information were made public, it would harm Plaintiff's competitive standing and create a risk of injury for two reasons.  First, bad actors could use this information to further degrade Plaintiff's systems, raise Plaintiff's costs, and/or evade Plaintiff's safety and privacy controls.  Second, if the information were public, it would provide Plaintiff's competitors with information and insight relating to Plaintiff's business operations and technological details that Plaintiff does not have similar access to about its competitors, allowing the competitors to gain a competitive advantage in the marketplace, including by releasing same or similar products and to compete with Plaintiff with an

unfair advantage. Accordingly, if this information were made public, Plaintiff's competitive standing would be harmed.

In compliance with Civil Local Rule 79-5(d), unredacted versions of the below listed documents accompany this Administrative Motion:

## III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Administrative Motion to File Under Seal.

Respectfully submitted,

DATED:  June 6, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By     /s/ Andrew H. Schapiro

Andrew H. Schapiro (*Pro Hac Vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Telephone: (312) 705-7400

David Eiseman (Bar No. 114758)
davideiseman@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: 415-875-6600
Fax: 415-875-6700

Stefan Berthelsen (*Pro Hac Vice*)
stefanberthelsen@quinnemanuel.com
51 Madison Ave 22nd floor
New York, NY 10010
Telephone: (212) 849-7014

*Attorneys for Plaintiff X Corp*