QUINN EMANUEL URQUHART & SULLIVAN, LLP
Andrew H. Schapiro (*Pro Hac Vice*)
*andrewschapiro@quinnemanuel.com*
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Telephone: (312) 705-7400

David Eiseman (Bar No. 114758)
davideiseman@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: 415-875-6600
Fax: 415-875-6700

Stefan Berthelsen (*Pro Hac Vice*)
*stefanberthelsen@quinnemanuel.com*
51 Madison Ave 22nd floor
New York, NY 10010
Telephone: (212) 849-7014

*Attorneys for Plaintiff*
*X Corp.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| X CORP., a Nevada corporation, | Case No. 3:23-cv-03698-WHA |
| Plaintiff, | **DECLARATION OF STEFAN BERTHELSEN IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| vs. | |
| BRIGHT DATA LTD., an Israeli corporation, | |
| Defendant. | |

I, Stefan Berthelsen, declare and state as follows:

1. I am an attorney licensed to practice in the State of New York and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Plaintiff X Corp. ("Plaintiff" or "X") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Plaintiff's Administrative Motion to File Under Seal ("Administrative Motion"). If called as a witness, I could and would testify competently to the information contained herein.

3. I understand that requests for sealing in the context of dispositive motions are analyzed under the "compelling reasons" standard. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Material should be sealed under the heightened "compelling reasons" standard to prevent "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets" (*id.*), as well as to prevent court records from becoming "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

4. I understand that requests for sealing in the context of non-dispositive motions are analyzed under the "good cause" standard of the Federal Rule of Civil Procedure 26(c). *Kamakana*, 447 F.3d at 1180 (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)). Federal Rule of Civil Procedure 26(c) provides in relevant part that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure . . . ; . . . (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed . . . ." Fed. R. Civ. P. 26(c)(1) (emphases added).

5. I understand Plaintiff requests to seal portions of its Motion for Leave to Amend Complaint (the "Motion") and Exhibits A (Proposed Second Amended Complaint) and B (Redline between First Amended Complaint and Proposed Second Amended Complaint) identified in the chart below:

| Document | Portion Sought to be Sealed |
|---|---|
| Plaintiff's Motion for Leave to Amend Complaint | Portions highlighted in blue |
| Exhibit A (Proposed Second Amended Complaint) | Portions highlighted in blue |
| Exhibit B (Redline between First Amended Complaint and Proposed Second Amended Complaint) | Portions highlighted in blue |

6. The above-identified portions should be sealed because they contain X's sensitive business and commercial information, including the details of the design of Plaintiff's microservices architecture, internal statistics related provisioning it servers, inauthentic or anomalous web traffic statistics to those servers, the effect of this web traffic on Plaintiff's services, the effect this inauthentic or anomalous web traffic has on Plaintiff's services, and the costs related with maintaining these systems. I understand that X considers and treats this information as confidential and does not disclose this information publicly. I understand the public disclosure of this information would harm the competitive standing that X has earned through years of innovation and dedication and create a risk of injury. This risk of injury is two-fold. First, bad actors could use this information to further degrade X's systems, raise X's costs, and/or evade X's safety and privacy controls. Second, it would provide X's competitors insight into X's business operations and technical details that X does not have similar access to about its competitors. I understand that, if X's competitors gain access to this information, it will allow them to gain a competitive advantage in the market place, including by releasing same or similar products and to compete with X with an unfair advantage.

7. Accordingly, if information identified in the chart above were made public, X's competitive standing would be harmed.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct.

Executed on June 6, 2024 in Chattanooga, Tennessee.

By: /s/ Stefan Berthelsen
Stefan Berthelsen