Colin R. Kass (*pro hac vice*)
PROSKAUER ROSE LLP
1001 Pennsylvania, Ave., N.W.
Washington, D.C. 20004
(202) 416-6890
ckass@proskauer.com

David A. Munkittrick (*pro hac vice*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
dmunkittrick@proskauer.com

*Attorneys for Defendant Bright Data Ltd.*
*Additional counsel listed on signature page*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X Corp., | |
| Plaintiff, | Case No.  23-cv-03698-WHA |
| v. | Hon. William H. Alsup |
| | Courtroom 12 – 19th Floor |
| BRIGHT DATA LTD., | |
| Defendant. | |

## BRIGHT DATA'S ADMINISTRATIVE MOTION TO
## EXPEDITE ITS DISQUALIFICATION MOTION AND STAY THE CASE REMAINDER

"Hurry up and wait" is rarely desirable.  But here, it is necessary to address Quinn's violation of the Rules of Professional Conduct.  On June 10, 2024, Bright Data filed a motion to disqualify its prior law firm, Quinn Emanuel Urquhart & Sullivan, LLP, from representing X in this case.  To prevent aggravation of Quinn's transgression, Bright Data now asks this Court to expedite Bright Data's Motion to Disqualify and stay the remainder of the case pending resolution of the Disqualification Motion.  On June 11, 2024, X confirmed that it does not oppose the request to expedite the Disqualification Motion (as long as it gets a "reasonable time" to file its Opposition), but that it takes "no position" on the stay.

As a practical matter, a stay just means postponing briefing on X's Motion for Leave to Amend the Complaint for a few weeks.  Doing so will promptly resolve whether Quinn may continue representing X in the matter before Quinn becomes further entrenched and takes additional actions directly adverse to its former client, Bright Data.  It will also cause no prejudice to X, given that there is no operative complaint in the case, no scheduled deadlines, and no other pending motions or activity.  As such, the balance of interests weighs in favor of a short stay.

**Bright Data's Disqualification Motion Raises Serious Questions Concerning Quinn's Ethical Violations and Its Ability to Continue Representing X**.  Bright Data will not rehash the points and evidence presented in support of its Disqualification Motion.  The facts are straight-forward, and the ethical violation is clear.

**A Stay is Necessary to Prevent Quinn from Continuing to Commit Further Ethical Violations**.  If the Rules of Professional Conduct preclude Quinn from representing X in this matter, as Bright Data asserts, a stay of further proceedings is necessary to prevent further harm from the ongoing ethical violation.  *IPVX Pat. Holdings, Inc. v. 8X8, Inc.*, 2013 WL 6000590, *2 (N.D. Cal. 2013) (a stay "is appropriate to prevent Plaintiff's counsel from obtaining technical and financial information about Defendant before a determination is made as to whether Plaintiff's counsel may continue to represent Plaintiff in this action."); *Testone v. Barlean's Organic Oils, LLC*, 2020 WL 2838689, *2 (S.D. Cal. 2020) ("[T]he interests of the Parties and the orderly course of justice favor a brief stay pending resolution of Defendant's pending Disqualification Motion."); \*Nat'l Grange of Ord. of Patrons of Husbandry v. Cal. Guild*, 2017 WL 1397242, *2 (E.D. Cal. 2017)   (granting stay pending resolution of disqualification motion based on successive representations).

A stay is particularly important because X's Motion for Leave to Amend the Complaint is on the immediate horizon.  As the Sixth Circuit explained,

> A district court must rule on a motion for disqualification of counsel prior to ruling on a dispositive motion because the success of a disqualification motion has the potential to change the proceedings entirely.…  [I]f counsel has a conflict from previously representing the party seeking disqualification, … there is a risk that confidential information could be used in preparing or defending the motion.

*Bowers v. Ophthalmology Grp.*, 733 F.3d 647, 654 (6th Cir. 2013).  Here, Bright Data's opposition to this motion is currently due on June 20, 2024.  Once served, X will have one week to respond, meaning Quinn will continue to act adversely to its former client, Bright Data, on the central question of whether X has a viable claim against Bright Data.  The only way to protect Bright Data's right to loyal counsel that does not switch sides on substantially related matters is to stay briefing on Bright Data's Disqualification Motion (or at least prevent Quinn's involvement with the Reply) pending resolution of the Disqualification Motion.

> ***A Stay will Not Prejudice X.***  Because there is no operative complaint or other ongoing activities in this case beyond the Motion for Leave to Amend, X will not be prejudiced by a short stay.  X's motion will not be heard until August 15, 2024.  In contrast, briefing on Bright Data's Disqualification Motion will be completed by July 1, 2024, leaving plenty of time to resolve that motion and recommence briefing on X's Motion for Leave without needing to move the noticed hearing date.  And, if there were any concerns about staying on track, it can be addressed by expediting the briefing on the Disqualification Motion and setting an earlier hearing date for it.

> Accordingly, this Court should expedite Bright Data's Disqualification Motion and Stay the remainder of the case pending its resolution.

Dated: June 12, 2024

Respectfully submitted,

/s/ *Colin R. Kass*

Colin R. Kass*
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 416-6890
ckass@proskauer.com

David A. Munkittrick*
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
dmunkittrick@proskauer.com

Robert C. Goodman (Bar No. 111554)
Lauren Kramer Sujeeth (Bar No. 259821)
ROGERS JOSEPH O'DONNELL, PC
311 California Street, 10th Floor
San Francisco, CA 94104
(415) 956-2828
rgoodman@rjo.com
lsujeeth@rjo.com

Sehreen Ladak (Bar No. 307895)
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
(310) 284-5652
sladak@proskauer.com

*Attorneys for Defendant Bright Data Ltd.*
*Admitted Pro Hac Vice*