JOSHUA D. BRANSON*
jbranson@kellogghansen.com
DANIEL V. DORRIS*
ddorris@kellogghansen.com
BETHAN R. JONES*
bjones@kellogghansen.com
MATTHEW D. READE*
mreade@kellogghansen.com
TIBERIUS T. DAVIS*
tdavis@kellogghansen.com
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
* Admitted Pro Hac Vice

ADRIAN SAWYER, State Bar No. 203712
sawyer@sawyerlabar.com
SAWYER & LABAR LLP
1700 Montgomery Street, Suite 108
San Francisco, California 94111
Telephone: (415) 262-3820

*Counsel for Plaintiff
X Corp.*

Colin R. Kass (*pro hac vice*)
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 416-6890
ckass@proskauer.com

David A. Munkittrick (*pro hac vice*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
dmunkittrick@proskauer.com

*Attorneys for Bright Data Ltd.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| X CORP., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BRIGHT DATA LTD., an Israeli corporation,<br><br>Defendant. | Case No. 3:23-cv-03698-WHA<br><br>**SECOND JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: October 23, 2024<br>Time: 2:00 p.m.<br>Courtroom: 12, 19th Floor<br><br>Hon. William Alsup |

The parties to the above-entitled action submit this Joint Case Management Statement and (Proposed) Order pursuant to Fed. R. Civ. P. 26(f), the Standing Order for All Judges of the Northern District of California, and Civil Local Rule 16-9.

### 1. Jurisdiction and Service

On September 25, 2023, Bright Data Ltd. ("Bright Data") filed an executed Waiver of Service of Summons. ECF 17. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 over the causes of action alleged in the Complaint because complete diversity exists, and the amount in controversy exceeds $75,000. Proposed Second Am. Compl. ¶ 11. Bright Data disputes that this Court has personal jurisdiction over X's state law claims. The Court previously denied Bright Data's motion to dismiss for lack of personal jurisdiction, though Bright Data's motion for interlocutory appeal of that decision remains pending. ECF 67, 73.

### 2. Facts

*X Corp.'s Statement of Facts*

X Corp. owns and operates the social media platform X. While certain content is available to users who are not logged into X's service, X requires that individuals register and log into an account to post and interact with content, and to view much of the content on X. X likewise limits automated access to its site to prevent misuse of user data and to protect users' privacy and experience on the platform, including through X's terms, robots.txt, and technological safeguards. Despite knowing and agreeing to X's limits on automated access, Bright Data breaches those limits by scraping and selling millions of records from X and by selling tools enabling its customers to do the same. Bright Data and its customers scrape vast amounts of public and nonpublic data from X's platform—evading accountability, harming users' privacy, and depriving X of the revenue it would earn from legitimate access through its designated Application Programming Interfaces. This scraping also inflicts a substantial technological and financial burden on X, which must purchase extra server capacity to mitigate the impacts of scrapers' unauthorized access. X seeks injunctive relief to halt Bright Data's unlawful conduct and damages to remedy its consequences.

*Bright Data's Statement of Facts*[1]

Bright Data offers a suite of technologies and services to help Fortune 500 companies, academic institutions, and small businesses retrieve and synthesize vast amounts of ***public*** information.  Shortly after Elon Musk purchased Twitter and changed its name to X, X sued Bright Data, seeking to prevent Bright Data and its customers from scraping public information users posted to X, and thereby, improperly attempting to create an information monopoly.

**3.     Legal Issues**

The principal legal issues in this dispute are:

*X Corp's Statement of Legal Issues*

- Whether Bright Data's conduct constitutes a breach of X Corp.'s Terms.
- Whether Bright Data's conduct tortiously interfered with X Corp.'s contractual relations with its users.
- Whether Bright Data's conduct constitutes a trespass to chattels.
- Whether Bright Data is liable for violating Cal. Bus. & Prof. Code § 17200, et seq.
- Whether Bright Data is liable for unjust enrichment.
- Whether Bright Data is liable for misappropriation.
- Whether Bright Data's conduct violates the Digital Millennium Copyright Act.
- Whether Bright Data's conduct violates the Computer Fraud and Abuse Act.
- Whether Bright Data's conduct violates California's Computer Data Access and Fraud Act.
- Whether X Corp. is entitled to the relief sought in the Complaint.

*Bright Data's Statement of Legal Issues*

- Whether X Corp's post-termination browser-wrap contract claim fails for lack of mutual assent and lack of consideration.
- Whether X's attempt to use its Terms to prevent public search is unconscionable or

---

[1] Unless otherwise noted, Bright Data's separate statements focus on X's Proposed Second Amended Complaint.  To the extent Bright Data asserts counterclaims, additional facts and legal questions may arise, which may require additional discovery and motions, and may require revisiting the schedule.

- otherwise unreasonably restrains trade.
- Whether claims under any of the laws sued upon fail because none outlaw the search of information that the website operator or its users have made publicly available.
- Whether X's claims are pre-empted by the Copyright Act.
- Whether X's claims must be dismissed for lack of any alleged injury.
- Whether the Court lacks personal jurisdiction over Bright Data with respect to X's state law claims.

### 4. **Motions**

*Pending Motions*

On August 16, 2024, X moved to Amend the Complaint.  ECF 118 (Opening Brief); ECF 120 (Opposition); ECF 128 (Reply).  The hearing is scheduled for October 23, 2024.

Additionally, currently pending before the Court are:  Bright Data's Motion for Interlocutory Appeal (ECF 73 (Opening Brief), ECF 74 (Opposition), ECF 75 (Reply)); X's Letter Motion to Compel Discovery Responses (ECF 79 (Motion), ECF 80 (Response)); and the parties' Joint Notice Regarding Proposed Protective Orders (ECF 71).  After the resolution of X's Motion to Amend, the parties intend to meet and confer as to the status of the pending motions, and will submit a further Joint Status Report or stipulation regarding each of these matters.

*X Corp.'s Anticipated Motions*

Upon the filing of X's Second Amended Complaint, and depending on the course of discovery, X Corp. will consider whether to file an early motion for summary judgment on all elements of its breach-of-contract claim besides damages.  That limited motion, if X Corp. files it, would not impact X's ability to file other summary judgment motions as appropriate.

*Bright Data's Anticipated Motions*

Upon the filing of any Amended Complaint, Bright Data anticipates that it will seek to move to dismiss one or more of any asserted claims pursuant to Rule 12.  In particular, Bright Data intends to move to dismiss all claims because none of them make the access or scraping of public information unlawful.  Bright Data also intends to move to stay discovery pending resolution of the anticipated motion to dismiss.  Bright Data also intends to renew its motion for summary

judgment on the forward-looking contract claim in the event leave to amend that claim is granted. *See* Order, ECF 83 at 6 (denying ECF 62 as moot, in light of the dismissal of X's contract claims for failure to state a claim).  Bright Data will further confer with X and propose a schedule for any threshold summary judgment motions, and their respective positions on whether such motion should or should not preclude subsequent summary judgment motion practice on the same or similar elements of any such claim.

### 5. Amendment of Pleadings

On August 16, 2024, X Corp. moved to amend its complaint.  ECF 118.

Bright Data has not yet filed any pleadings, but it expects to file an Answer, which may include counterclaims, following a ruling on its anticipated Motion to Dismiss.

### 6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding preservation of discoverable information, and each party has taken steps it believes are reasonable and proportionate to preserve evidence relevant to the issues reasonably evident in this action.

### 7. Disclosures

Bright Data served Initial Disclosures on November 22, 2023.  X Corp. served its Initial Disclosures on January 3, 2024.

### 8. Discovery

Prior to the dismissal of the First Amended Complaint, the parties served and partially responded to discovery requests.  The parties also had discussions relating to a proposed Protective Order.  After resolution of X's Motion to Amend, the parties will further meet and confer and expect to present any stipulations or disputes to the Court as soon as reasonably practicable.  The parties otherwise expect that discovery will be guided by the Federal Rules of Civil Procedure and Local Rules of this Court.  Bright Data also intends to move to stay discovery pending its forthcoming motion to dismiss the Second Amended Complaint.  X opposes that motion and believes that discovery should restart immediately upon the filing of the Second Amended Complaint.

**9.     Class Actions**

This case is not a prospective class action.

**10.    Related Cases**

There are no currently-pending related cases.

**11.    Relief**

As set forth in the Complaint, X Corp. seeks damages, injunctive relief, and other equitable relief including accounting and disgorgement and reasonable costs and fees. Bright Data has not yet filed any counterclaims and associated claims for relief.

**12.    Settlement and ADR**

The parties have conferred regarding ADR options and anticipate that they will elect private mediation at an appropriate time.

**13.    Other References**

The parties do not believe a referral to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation is necessary.

**14.    Narrowing of Issues**

The parties will discuss issues that could be narrowed at trial or resolved through stipulation or motion practice at the appropriate time, if necessary.

**15.    Expedited Trial Procedure**

The parties do not believe that this case is appropriate for Expedited Trial Procedure of General Order No. 64, Attachment A.

**16.    Scheduling**

The Parties have proposed one schedule with differing start dates for discovery.

   a.    Parties' Proposal

| Action | X Corp.'s Proposed Deadline | Bright Data's Proposed Deadline |
|---|---|---|
| Bright Data's Motion to Dismiss | Two weeks after the filing of the Second Amended | |

|  | Complaint[2] |  |
|---|---|---|
| Start of Discovery | Date of filing of the Second Amended Complaint | Upon resolution of Bright Data's Motion to Dismiss |
| Deadline to seek to amend pleadings | 3 months after commencement of discovery | |
| Non-expert discovery cutoff | 9 months after commencement of discovery | |
| Initial expert disclosures | 30 days after close of fact discovery | |
| Rebuttal expert disclosures | 60 days after initial reports | |
| Expert discovery cutoff | 60 days after rebuttal reports | |
| Dispositive and *Daubert* motion cutoff | 30 days after close of expert discovery (filing) 45 days after filing (opposition) 30 days after opposition (reply) | |
| Pre Trial Conference | 45 days after *Daubert* motion cutoff | |
| Trial | 30 days after pre-trial conference | |

### 17. **Trial**

X Corp. has demanded a trial by jury and expects the trial to last five to seven days.

Bright Data expects the trial to last two to three weeks, or about 10 full trial days. Bright Data believes this case largely concerns equitable relief (as X has not alleged any actual damages), and therefore, the case is not triable by jury. Bright Data reserves the right to seek a trial by jury for any counterclaim it may assert in its Answer.

### 18. **Disclosure of Non-Party Interested Entities or Persons**

The parties have filed certifications required by Civil Local Rule 3-15 and the Federal Rules of Civil Procedure. ECF 2, 21. The parties certify that as of the date of this filing, other than the named parties, there is no such interest to report.

### 19. **Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

---

[2] By including a deadline for the filing of Bright Data's motion to dismiss, X does not agree that the motion would be procedurally proper or that it should be filed at all.

**20.** **Opportunities for Junior Lawyers**

The parties are mindful of the Court's encouragement to involve junior lawyers in the action. The parties anticipate providing opportunities for each of these junior lawyers, as well as other junior lawyers who may later appear in the case, to argue discovery and evidentiary motions, depose fact and expert witnesses or defend such depositions, and/or to examine witnesses at any trial. At this time, X anticipates that such junior lawyers will include Tiberius Davis and Matthew Reade (both admitted *pro hac vice*). Bright Data anticipates that such junior lawyers will include: Reut Samuels (*pro hac vice* forthcoming) and Timothy Burroughs (*pro hac vice* forthcoming). At this stage of the litigation, the parties believe it is premature to attempt to identify such motions, depositions, or witnesses with greater specificity.

DATED:  October 22, 2024

Respectfully submitted,

**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**

By:      */s/ Joshua D. Branson*
    JOSHUA D. BRANSON*
    jbranson@kellogghansen.com
    DANIEL V. DORRIS*
    ddorris@kellogghansen.com
    BETHAN R. JONES*
    bjones@kellogghansen.com
    MATTHEW D. READE*
    mreade@kellogghansen.com
    TIBERIUS T. DAVIS*
    tdavis@kellogghansen.com
    1615 M Street NW, Suite 400
    Washington, DC 20036
    Telephone: 202.326.7900
    * *Pro Hac Vice*

Adrian Sawyer, State Bar No. 203712
SAWYER & LABAR LLP
1700 Montgomery Street, Suite 108
San Francisco, California 94111
Telephone: 415.262.3820
sawyer@sawyerlabar.com

*Attorneys for Plaintiff X Corp.*

By:      */s/ David A. Munkittrick*
Colin R. Kass*
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 416-6890
ckass@proskauer.com

David A. Munkittrick*
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
dmunkittrick@proskauer.com

*Attorneys for Defendant Bright Data Ltd.*
*Admitted pro hac vice

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the e-filing attorney hereby attests that concurrence in the content of the foregoing document and authorization to file the foregoing document has been obtained from the other signatories, as indicated by a conformed signature (/s/) within the foregoing e-filed document.

DATED: October 22, 2024            Respectfully submitted,

SAWYER & LABAR LLP

By: ___/s/ *Adrian Sawyer*___
    Adrian Sawyer

*Attorney for Plaintiff X Corp.*