UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X CORP., <br>     Plaintiff, <br>   v. <br> BRIGHT DATA LTD., <br>     Defendant. | No. C 23-03698 WHA <br><br> **ORDER RE MOTIONS TO SEAL** |

This order resolves all motions to seal (Dkt. Nos. 89, 117, 120, 128, 157) related to the second amended complaint (Dkt. No. 90, 118) and answer (Dkt. No. 158).

1. **THE LEGAL STANDARD.**

The public enjoys the right to know to whom the public courts provide relief (or not). *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). So, filings "more than tangentially related to the merits" may be sealed only for "compelling reasons." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir.), *cert. denied*, 580 U.S. 815 (2016). And, even filings unrelated to the merits may be sealed only for "good cause." *Id.* at 1097. Because most filings relate to the merits, the "'compelling reasons' standard applies to *most* judicial records." *Id.* at 1098 (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010), *cert. denied sub nom. Experian Info. Sols., Inc. v. Pintos*, 562 U.S. 1134 (2011)).

Parties seeking to seal filings in this district must follow basic rules. Above all, they must "narrowly tailor" requests to seal "only the sealable material." Civil L.R. 79-5(c)(3). A

party must list each passage it proposes to redact (or document to seal), and for each specify: (1) the legitimate interests that warrant redaction; (2) the injury that will result should redaction be denied; and (3) why fewer redactions won't do. *Id.* at (c)(1). The party's assertions must be supported. *See id.* at (c)(2), (f)(3). For pleadings and briefs, the party must also file an unredacted copy and a redacted one, and in the unredacted copy highlight proposed redactions. *Id.* at (e). Rule violations and unreasonable requests reveal lack of cause to seal, and risk total rejection. *See id.* at (f)(3), (f)(6), (g)(2).

Redactions may be warranted where publication "could result in infringement upon trade secrets." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), *cert. denied*, 566 U.S. 986 (2012). So too where publishing "business information" might "harm a litigant's competitive standing," particularly where the public has minimal interest in that information. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). And, in general, redaction will be proper where publication would turn "court files [into] a vehicle for improper purposes," *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598), such as "to gratify private spite, promote public scandal, [or] circulate libelous statements," *ibid.*

But "vague boilerplate language or nebulous assertions of potential harm" won't do. *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019). Nor will mere "[r]eference to a stipulation or protective order." Civil L.R. 79-5(c); *see also Kamakana*, 447 F.3d at 1180. "A party seeking to seal a judicial record [ultimately] bears the burden of overcoming th[e] strong presumption" of public access. *Kamakana*, 447 F.3d at 1178. The final decision is "left to the sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon,* 435 U.S. at 599).

    **2.    THE MOTIONS TO SEAL STEMMING FROM THE MOTIONS FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT.**

X Corp. moved for leave to file a second amended complaint (Dkt. No. 90). Denied (Dkt. No. 105), it moved again (Dkt. No. 118), prompting an opposition (Dkt. No. 121) and reply (Dkt. No. 129). Those filings were accompanied by motions to seal (Dkt. Nos. 89, 117, 120, 128). But not all the sealing motions were accompanied by supporting statements from

the designating party, which is where this order starts:

When Bright Data Ltd. filed its opposition (Dkt. No. 121), it moved to seal X Corp.'s material therein (Dkt. No. 120), and served the same on X Corp. (Dkt. No. 122). Bright Data filed its motion to seal "to afford X the opportunity to file any support of sealing it deems necessary in accordance with [Local Rule] 79-5(f)(3)" (Dkt. No. 120 at 1). That rule provides:

> Within 7 days of the motion's filing, the Designating Party *must* file a statement and/or declaration as described in subsection (c)(1). A failure to file a statement or declaration may result in the unsealing of the provisionally sealed document *without further notice* to the Designating Party.

Civil L.R. 79-5(f)(3) (emphases added). X Corp. never filed a statement supporting sealing.

The proposed redactions became subject to immediate disclosure without notice; they are denied. *See ibid.* No statement from another party or in another place changes this calculus under the rule or caselaw: Bright Data's provisional statement that another party "designated [the information as] 'confidential'" (Dkt. No. 120 at 1) is an inadequate basis for sealing pleadings and related briefing. Civil L.R. 79-5(c); *Kamakana*, 447 F.3d at 1180. Nor does allusion to another party's statement of support for redacting similar (or the same) material in another place suffice for redacting the material in this place (if anyplace, for reasons below). The district court and its staff are not the designating party's scavengers, searching the docket for scraps to support its sealing — much less when the fact that a search is needed suggests that the thing sought, credible support for sealing, won't be found. *Kamakana*, 447 F.3d at 1182 ("This proposed approach is upside down."); *Total Recall Techs. v. Luckey*, No. 21-15590, 2021 WL 5401664, at *1 (9th Cir. Nov. 18, 2021) (mem.) (citing *Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 488 (9th Cir. 2010)). X Corp.'s failure to follow even the simple rule served upon it embarrasses the claim that this corporation with its pack of counselors had compelling reasons to seal what is presumptively public. X Corp. "ha[d] a chance to show 'compelling reasons' and squandered it." *Kamakana*, 447 F.3d at 1181.

The unsupported motion to seal X Corp.'s material within Bright Data's opposition (Dkt. No. 120 (moving to seal Dkt. No. 121)) is **DENIED.**

3

This failure undercuts the credibility of and rationale for the sealing motions X Corp. does attempt to support. Those motions fail also on their own terms, and are taken in turn:

### A.   THE FIRST MOTION TO FILE THE AMENDED COMPLAINT.

When X Corp. first moved for leave to file a second amended complaint (Dkt. No. 90), it also moved to seal its materials therein (Dkt. No. 89): The proposed redactions are overbroad, supported by boilerplate, and rejected in toto.

*First*, X Corp. asks the district court to redact here what X Corp. published elsewhere. For example, the very first term X Corp. proposes to redact is "microservice architecture" (Dkt. No. 89-3 at 3:10). But it published that term when soliciting the Court's approval to seal still other terms (Dkt. No. 128 at 3:19). Such shifts sap confidence in everything X Corp. says about sealing. *See Apple v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 4718104, at *3 (N.D. Cal. Sept. 28, 2012) (Judge Lucy H. Koh). Relatedly, there is no compelling reason to redact here information X Corp. failed to support above.

*Second*, X Corp. then supports reaching only one result for all its proposed redactions, as its sworn declaration and proposed order do not make finer distinctions. Yes, X Corp. highlights proposed redactions rather than request that each filing be sealed in entirety. But X Corp. nonetheless asks the district court to search for its "highlight[s]" (*see* Dkt. No. 89-1 ¶ 5) across the entirety: 22 pages of briefing, 35 pages of redlined complaint, and 174 pages of complaint plus exhibits (*see* Dkt. Nos. 89-3, 89-5, 89-4). Assuming the district court finds the proposed redactions, X Corp. then asks that it approve them all for one reason: They "contain X's sensitive business and commercial information," which bad actors and rivals could use to harm X Corp. (Dkt. No. 89-1 ¶ 6). This approach further saps X Corp.'s credibility: A party with compelling reasons to seal does not leave to chance that the district court will pick through its mine run, perhaps not find, and reject by mistake any purported nuggets. *See* Civil L.R. 79-5(c), (e); *cf. Christian Legal Soc'y*, 626 F.3d at 488. And, the approach limits the results possible: Generic rationales invite general rejection. *See* Civil L.R. 79-5(c), (f)(6), (g)(2); *Kamakana*, 447 F.3d at 1182. An order to seal must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1182 (quoting

4

*Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). So, assuming this order finds all "highlight[s]," it cannot *seal* some but not others without conjuring distinctions that X Corp.'s boilerplate — like its all-or-nothing proposed order (Dkt. No. 89-2 at 2) — does not provide.

*Finally*, X Corp.'s proposed redactions surpass even the broad rationale it offers, and impinge on public understanding of X Corp.'s basic case and broader public concerns. For instance, X Corp. proposes to redact the fact that scraping can degrade user experiences (Dkt. No. 89-3 at 3:12–13). Such a generic fact may not please X Corp. (or it wouldn't be in court). But it cannot plausibly empower bad actors or unfairly advantage rivals. And, it is basic to public interests in the case and beyond: "The third-party effects that justify the subsidy of the judicial system also justify making records and decisions as open as possible." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) (Judge Frank Easterbrook). Those effects include the benefits from guiding future litigants, and from exposing "matters of acute public concern" to consumers, market participants, and policymakers who might do something about them. *Cf. Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 834 (7th Cir. 2013) (Judge Richard Posner). Here, X Corp. suggests that social media platforms are socially important (*see, e.g.*, Dkt. No. 117-3 at 17–19). But then it barely tries to explain why information salient to this case and to broader society should be sealed, when even irrelevant information is presumptively sunlit. *Cf. Goesel*, 738 F.3d at 835; Supp. Order to Order Setting Initial Case Mgmt. Conf. in Civil Cases Before Judge William Alsup ¶ 14 (May 15, 2024).

X Corp.'s motion to seal its material within its first motion for leave to amend (Dkt. No. 89 (moving to seal Dkt. No. 90)) is **DENIED**.

    **B.**    **THE SECOND MOTION TO FILE THE AMENDED COMPLAINT.**

        **(i)**    **X Corp.'s Opening Brief.**

When X Corp. again moved for leave to file a newly amended complaint (Dkt. No. 118), it also moved to seal its material therein (Dkt. No. 117). The proposed redactions are rejected.

*First*, X Corp. again asks to redact here what X Corp. disclosed elsewhere (*compare* Dkt. No. 117-3 at 5 (proposing to redact "scrapers were submitting 800,000 requests per second"), *with* Dkt. No. 118–2 ¶ 88 (publishing "scrapers were submitting 800,000 requests per

5

second"); *compare also* Dkt. No. 117-3 at 7 (proposing to redact "scraping generally produces about a million times more requests to X servers than normal user activity"), *with* Dkt. No. 90-2 at ¶ 59 (publishing "scraping generally entails about a million times more requests to X servers than a normal X user would make"); *compare also, e.g.*, Dkt. No. 117-4 ¶ 89 (proposing to redact that its "microservices architecture" means "X allocates specific server capacity to [redacted]"), *with* Dkt. No. 128 at 3 (publishing "microservices architecture"), *and* Dkt. No. 129 at 3 ("X allocates specific server capacity to certain uses of its service")). *Apple*, 2012 WL 4718104, at *3. Relatedly, X Corp.'s claimed compelling need to seal here is undercut by its failure to support sealing similar (sometimes the same) information elsewhere.

*Second*, X Corp. again gives no reason why different redactions merit different results. This time, X Corp. helpfully provides ranges in its motion. But "[a]lthough [X Corp. now] propose[s] specific redactions, it [still] justifie[s] them by invoking general categories of privileges without elaboration." *Kamakana*, 447 F.3d at 1183. X Corp. supports all three filings to be sealed (and all ranges "flagged" within them) with common boilerplate (Dkt. No. 117-1 ¶ 6). The approach fails. *See* Civil L.R. 79-5; *Kamakana*, 447 F.3d at 1182. Overbroad redactions cast doubt upon the common rationale: X Corp. lumps into its ranges information that it disclosed elsewhere or that is so generic the statements could not plausibly harm X Corp. if disclosed (*see, e.g.*, Dkt. No. 117-1 ¶ 4 (flagging, e.g., Dkt. No. 117-4 ¶¶ 87-90 (one range redacting jumble of disclosed, generic, and seemingly particular information with one rationale))). Erratic inclusions and exclusions also confound sealing based on one rationale: X Corp., for example, seeks to redact some but not all service fees (*see* Dkt. No. 117-4 ¶¶ 46–47). It provides no reason for this different treatment of apparently similar things (*see* Dkt. No. 117-1 ¶ 4 (addressing Dkt. No. 117-4 ¶ 47)). This order needs "articulable facts" — not the party's arbitrary choice or this order's conjecture — to make distinctions as to what to seal. *See Kamakana*, 447 F.3d at 1181. Otherwise, "public access prevails." *Id.* at 1182.

*Finally*, X Corp.'s proposed redactions again surpass even its purported rationale and impinge upon the public interest:

Proposed redactions again might protect X Corp. from displeasure, but not plausibly from the security or competitive concerns it generically invokes. As one example, X Corp. publishes that the "use of IP proxies" by scrapers can make their activity hard to block without "false positives" (Dkt. No. 117-4 ¶ 94). But X Corp. then proposes to redact one such false positive (*ibid.*), even though the passage discloses nothing more about X Corp.'s "business operations [or] technical details" that purportedly merit sealing (*see* Dkt. No. 117-1 ¶ 6).

Indeed, were sealing motions granted as freely as X Corp. supposes, X Corp.'s substantive motion would find perplexing redactions where it now finds helpful examples from past cases. Recall that "the third-party effects that justify the subsidy of the judicial system also justify making records and decisions as open as possible." *Union Oil*, 220 F.3d at 568. Here, X Corp.'s briefing points to past cases for benchmarks. It asserts that *hiQ Labs, Inc. v. LinkedIn Corp.* involved "millions of unauthorized requests" per day, and that *eBay, Inc. v. Bidder's Edge, Inc.* involved "80,000 to 100,000 requests" per day (Dkt. No. 117-3 at 6 (first citing No. 17-cv-03301-EMC, 2021 WL 1531172, at *10 (N.D. Cal. Apr. 19, 2021) (Judge Edward M. Chen), then citing 100 F. Supp. 2d 1058, 1071 (N.D. Cal. 2000) (Judge Ronald M. Whyte))). But, having drawn value from the caselaw, X Corp. would prefer not to contribute back in kind with similar facts (*see* Dkt. No. 117-1 ¶ 4 (addressing Dkt. No. 117-4 ¶¶ 82–83, 87–90)). That's not how the public courts work. If every litigant got a free ride, no party would be served well (nor the public). *See Union Oil*, 220 F.3d at 567–68.

Each of the requested redactions is undercut by at least one of the above reasons, and X Corp. in any case readies its request for an all-or-nothing result (*see* Dkt. No. 117-1 ¶¶ 5–6 (common reasoning); Dkt. No. 117-2 (common result)). This order finds that X Corp. has not met its burden to show compelling reasons to seal its proposed redactions, which are overbroad and backed only by boilerplate. And, this result is reinforced by X Corp.'s failure to do even the minimum to support sealing much of the same information elsewhere.

X Corp.'s motion to seal its material within its opening brief, proposed complaint with exhibits, and redline (Dkt. No. 117 (moving to seal Dkt. No. 118)) is **DENIED.**

*(ii)* **X Corp.'s Reply Brief.**

X Corp. replied (Dkt. No. 129) to Bright Data's opposition, and moved to seal its material therein (Dkt. No. 128): Nothing proposed for redaction here was not already rejected above.* The same reasoning applies. X Corp.'s motion to seal material within its reply (Dkt. No. 128 (moving to seal Dkt. No. 129)) is **DENIED**.

3.  **THE MOTION TO SEAL STEMMING FROM THE ANSWER AND COUNTERCLAIMS.**

When Bright Data Ltd. answered (Dkt. No. 158) X Corp.'s second amended complaint, it moved to seal X Corp.'s material therein (Dkt. No. 157), and served the same on X Corp. (Dkt. No. 159). Bright Data again cited Civil Local Rule 79-5(f)(3) (Dkt. No. 157 at 1). X Corp. again did not meet that rule's minimum requirement: It did not file a statement supporting the proposed redactions, and so subjected them to immediate disclosure. Civil L.R. 79-5(f)(3). And, there is no reason why redactions unwarranted in the complaint should become warranted where quoted in the answer.

The unsupported motion to seal X Corp.'s material within Bright Data's answer and counterclaim (Dkt. No. 157 (moving to seal Dkt. No. 158)) is **DENIED**.

### CONCLUSION

The pending administrative motions to seal (Dkt. Nos. 89, 117, 120, 128, 157) are **DENIED**. Parties shall re-file documents conforming with this order **BY JANUARY 24, 2025.**

**IT IS SO ORDERED.**

Dated: January 12, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

* *Compare, e.g.*, Dkt. No. 128-3 at 1:6, 2:12; *id.* at 3:21, 3:22, 4:2, 4:5–8; *and id.* at 4:13–16; *with, respectively*, Dkt. No. 120-2 at 6:20–21, 6:16; *id.* at 6:27–28, 4:25, 4:25–26, 5:4–9, Dkt. No. 89-4 ¶ 70–71; *and* Dkt. No. 117-4 ¶ 88, Dkt. No. 118-2 ¶ 88.

8