UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

X CORP., INC.,

    Plaintiff,

v.

BRIGHT DATA LTD.,

    Defendant.

No. C 23-03698 WHA

**ORDER RE DISCOVERY DISPUTES**

    Bright Data shall respond to X Corp.'s discovery disputes (Dkt. Nos. 197, 199) by **NOON ON TUESDAY, FEBRUARY 25, 2025.** Bright Data need not address anything raised or referenced beyond the first twelve pages of attachments in each letter brief.

    Both sides shall appear to argue the issues at **11:00 A.M. ON THURSDAY, FEBRUARY 27, 2025, IN COURTROOM 12, SAN FRANCISCO.**

    Separately, X Corp.'s discovery letter briefs and accompanying administrative motions to seal violated court orders. *First*, the discovery-letter briefs surpass page limits. As paragraph 35 of the undersigned's standing order states: "Up to twelve pages of attachments may be added." Supp. Order to Order Setting Initial Case Mgmt. Conf. in Civil Cases Before Judge William Alsup ¶ 35 (Aug. 27, 2024). That paragraph goes on to say that the "letter should be

electronically-filed in the official file along with the discovery-dispute requests and responses" (*ibid.*). X Corp.'s letter briefs cite this rule, but then add 104 and 37 pages of attachments, respectively, once sealed pages are included (*see* Dkt. Nos. 197–98, 199–200). X Corp. explains its largess by construing that the "12-page limit on attachments [applies only to those] that are not 'discovery-dispute requests and responses'" (Dkt. No. 197-1 at 5 (capitalization altered)). *Second*, the administrative motions to seal do not reproduce the "entire substantive filing" (Dkt. No. 138 ¶ 4), leaving parties and court to puzzle together X Corp.'s package. *Third*, this is not the first time X Corp. appears to have not read or followed the rules governing this case (*see, e.g.*, Dkt. No. 164 at 3).

Therefore, X Corp. is **ORDERED TO DO AS FOLLOWS:**

**1.** Provide a declaration from the person(s) at the firm who cite-checked these letter briefs, if any, and from Joshua Branson, who signed both, attesting to whether they believed in good faith and with candor that the undersigned's standing order contained the novel loophole.

**2.** Provide a declaration from the person at the firm responsible for ensuring that local rules and standing orders are followed across all jurisdictions to explain how these failures have come to pass, and explaining corrective measures to ensure they will not result in the future in this case or in other cases.

These declarations shall be filed by **9:00 A.M. ON THURSDAY, FEBRUARY 27, 2025,** and any person signing such a declaration shall appear at the hearing at 11:00 a.m. that same day.

**IT IS SO ORDERED.**

Dated: February 20, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE