UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

X. Corp.,

        Plaintiff/Counter-Defendant,

v.

BRIGHT DATA LTD.,

        Defendant/Counter-Plaintiff.

Case No. 23-cv-03698-WHA

[PROPOSED] ORDER APPOINTING SPECIAL MASTER FOR DISCOVERY PURPOSES

Pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), and for good cause shown, the Court hereby appoints Harold J. McElhinny to serve as a Special Master to assist in the management and resolution of discovery issues in this case that "cannot be effectively and timely addressed by" the District Court Judge or a Magistrate Judge of the District.

### A. Scope of the Referral

1. The Special Master shall have authority to hear and resolve any party or non-party discovery matters that would otherwise be raised in accordance with Paragraph 35 of this Court's Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup ("Standing Order").

### B. Duties of the Special Master

2. The Special Master shall have authority to:

    a. Review, oversee, and issue Orders, Reports, and Recommendations to resolve all discovery-related motions within the Scope of the Referral, as set forth in Paragraph 1.

    b. Establish procedures, and conduct hearings or conferences, as necessary to resolve such disputes.

    c. Enforce compliance with discovery orders.

    d. Order any non-contempt sanction provided by Rules 37 or 45 against a party.

      e.    Recommend, but not Order, a contempt sanction against a party or a contempt or non-contempt sanction against a non-party.

    3.    Notwithstanding Paragraph 2 hereto, the Special Master shall not have authority to:

      a.    Address any issues that do not fall within Scope of the Referral.

      b.    Alter or modify any discovery ruling of the District Judge of this Court.

      c.    Alter or modify any provision of the Standing Order, except that the Special Master may increase, decrease, or alter any limits on the number or scope of depositions (including 30(b)(6) depositions), interrogatories, or other discovery devices provided for under the Federal Rules of Civil Procedure or the Standing Order.

      d.    Order any extension of any Court-Ordered deadline, except that the Special Master may recommend that any such deadline be extended. Any such recommended extension must be specifically approved by the Court prior to becoming effective.

      e.    Issue any Order pursuant to Federal Rule of Civil Procedure 16 that resolves any arguments or disputes regarding the admissibility of evidence at trial under the Federal Rules of Evidence, unless both parties consent in writing. Notwithstanding the foregoing, and for the avoidance of doubt, the Special Master may make discovery rulings regarding what evidence what may be available for use at trial (including rulings of preclusion), but may not make binding relevance or admissibility determinations under the Federal Rules of Evidence, absent consent.

      f.    Engage in *ex parte* communications with any of the parties unless all parties have provided prior written consent.

**C.    Procedures Relating to the Special Master's Orders, Reports, and Recommendations.**

    4.    Nothing in this Order shall constitute a waiver of (or require any party to waive) any right provided by Rule 53 to object to, appeal, or move to modify or enforce any Order, Report, or Recommendation of the Special Master to this Court (collectively, referred to as an "Objection").[1] Notwithstanding the foregoing, it is the Court's expectation that most Orders shall

---

[1] ~~X Corp. would have preferred to omit this Section C but will accept it as an accommodation if the Court approves it. The parties' positions on this section are set forth in the accompanying cover letter.~~

be final, and that any appeals or objections to any such Orders to this Court shall be limited to matters of significant importance for which the appealing or objecting party believes, in good faith, that the Special Master's Ruling was erroneous. Accordingly, the following procedures shall govern the issuance of, and any Objection to, any Order, Report, or Recommendation of the Special Master:

    a. Any party or non-party may raise a discovery issue within the Scope of this Referral Order by filing a three-page letter in accordance with Paragraph 35 of the Standing Order, except that attachments may be separately served on the Special Master rather than filed, and may exceed 12 pages.

    b. To facilitate review and limit the focus of potential appeals, the Special Master shall file a separate Order, Report, or Recommendation for each discrete issue decided (*i.e.*, no omnibus Orders). Each Order, Report, or Recommendation shall specify in reasonable detail the reasons for it and the facts and law on which it is based.

    c. Prior to issuing an Order, the Special Master shall require the parties (or non-parties, as applicable) to state in writing whether or not they consent to the mutual non-appealability of the Special Master's ruling with respect to that specific issue; and the Order shall state whether such mutual consent has been given. In the absence of mutual consent, such Orders are appealable to this Court. For avoidance of doubt, this Paragraph applies only to Orders, and not to Reports or Recommendations.

    d. Except for any Order for which the parties (or non-parties, as applicable) have consented to non-appealability,

        (i) A party or non-party may file an Objection to any Order, Report, or Recommendation within 7 days after its filing, unless the Special Master or the Court provides for a different time.

        (ii) Any Objection shall be raised by letter of no more than three pages, and attaching no more than 12 pages of exhibits (not including the Special Master's Order, which need not be attached). The other party (or non-party) may file a response letter of no more than three pages, and 12 pages of exhibits, within 3 Court days. The Court shall then direct whether any additional briefing is required.

        (iii) If an Objection is timely asserted to any Order, Report, or Recommendation, Rule 53(f)(1), (3), (4), and 5) shall govern its resolution.

  e. If the parties (or non-parties) have consented to the non-appealability of an Order (or no timely Objection has been filed), such Order shall be deemed to have been final and effective upon its initial filing and shall constitute an Order of the Court. Absent consent to non-appealability, the Order of the Special Master is effective upon service of the Order, but either party (or non-party) may request that the Court stay the Special Master's Order pending resolution of an Objection. If a party or non-party seeks a stay of an Order of the Special Master, pursuant to this provision, within three court days of its filing, such Order shall be stayed until the Court rules on the stay application before it.

  f. A Report or Recommendation of the Special Master is effective upon an Order by this Court adopting or otherwise ruling upon such Report or Recommendation. A party or non-party objecting to a Report or Recommendation may do so using the same procedure set out in subsection (d) above. If no objection has been filed within 7 days, unless the Court or Special Master provides for a different time, the Report or Recommendation shall be deemed adopted by the Court.

  g. A Report, Recommendation, or Order by the Special Master that has become final and non-appealable (whether by consent to its non-appealability or otherwise) shall constitute an Order of this Court, which shall be subject to the same appellate rights as any other Order of the Court.

### D. Costs

5. The Special Master shall be compensated at a rate of $300 per hour, to be paid in equal parts by each party.

6. The Special Master has the authority to reallocate his fees, if circumstances warrant, to the more culpable party.

### E. Term

7. The appointment shall remain in effect until the earlier of the conclusion of discovery in this matter, or further Order of the Court.

The above being furthermore pursuant to parties' joint proposal (Dkt. No. 270),

IT IS SO ORDERED.

Dated: May 12, 2025.

By: _____
Hon. William Alsup
United States District Judge