UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

X CORP., INC.,

    Plaintiff,

v.

BRIGHT DATA LTD.,

    Defendant.

No. C 23-03698 WHA

**ORDER ON MOTION TO SET A SUBSTANTIAL COMPLETION DATE (DKT. NO. 334)**

    Defendant Bright Data served Requests for Production on Plaintiff X Corp. on December 27, 2024. X Corp.'s production in response to those requests is not yet substantially complete. Bright Data moves for an Order setting a substantial completion deadline of June 27, 2025 (Dkt. No. 334). X Corp. argues that production cannot possibly be complete before July 31. It also points out that in my recent Order compelling Bright Data to produce additional documents I gave that company 45 days to complete production (Dkt. No. 340 (citing Dkt. No. 337)). This Motion is not complex and does not require a hearing.

    Three factors inform the decision on this Motion. *First*, much of my career was spent in the "rocket dockets" of the International Trade Commission, the Eastern District of Virginia, and the Eastern District of Texas. I know from that experience that discovery in even the most complex of cases can be completed promptly given a sufficient allocation of resources. *Second*, there are many discovery motions that should be resolved in the meet and confer process in order to avoid the risk of an unwanted result. This motion is probably one of them. *Third*, as a Special Master, my "client" is the District Court. My "assignment" is to present the

Court with a case in which all fact discovery has been completed by the deadlines the Court has ordered. We are not going to put the Court in a position where it is compelled to grant extensions because discovery has not been completed.

Applying these factors, I am going to grant this Motion as modified. Under the current schedule, fact discovery must be complete, and Summary Judgments must be filed by September 30. Responses to these requests were due in January. In order to meet our deadlines, discovery must shift into high gear.

I am not convinced by X Corp.'s comparison to the Order I issued compelling production by Bright Data. Bright Data filed legitimate objections, X Corp.'s Motion to Compel was decided promptly, and my ruling requires Bright Data to do substantial new searches. It is entitled to a reasonable time to complete that task. On the other hand, X Corp.'s searches should have begun in December and been completed long before now. Bright Data should be aware, however, that my 45 day deadline is a hard deadline. Absent a stay from the District Court, Bright Data must complete its searches and be prepared to produce its documents no later than the 45th day. Even if Bright Data chooses to appeal my order, it must complete the searches so that its documents can be produced, if necessary, on the day the District Court rules.

Wherefore, Bright Data's Motion to set a date for substantial completion of X Corp.'s production of documents is **GRANTED AS MODIFIED.** X Corp. shall substantially complete its production of documents in response to Bright Data's Third Set of Requests for Production on or before Monday, July 7, 2025.

The parties are free to move the dates mentioned herein by a written stipulation.

The parties having waived their right to appeal this Order to the District Court, this Order is the Final Order of the Court on this issue.

**IT IS SO ORDERED.**

Dated: June 16, 2025.

*/s/ Harold J. McElhinny*
HAROLD J. MCELHINNY
SPECIAL MASTER